

**CHRISTOPHER M. BURKE**

Writer's Direct Dial Number
(619) 798-5300

Writer's Direct Email Address
cburke@scott-scott.com

January 23, 2014

**Via ECF**

The Honorable Lorna G. Schofield
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

Re: *Oklahoma Firefighters Pension & Ret. Sys. v. Barclays Bank PLC, et al.*, No. 13-cv-9080 ("*Oklahoma*"); *City of Haverhill Ret. Sys. v. Barclays Bank PLC, et al.*, No. 13-cv-7789 ("*Haverhill*"); *Simmtech Co., Ltd. v. Barclays Bank PLC, et al.*, No.13-cv-7953 ("*Simmtech*"); *Employees' Ret. Sys. of the Gov't of the Virgin Islands v. Barclays Bank PLC, et al.,* No. 13-cv-9125 ("*Virgin Islands*"); *Prudent Forex Fund I LLC, et al. v. Barclays Bank PLC, et al.,* No. 13-cv-9237 ("*Prudent Forex*"); *U.F.C.W. Union and Participating Food Industry Employers Tri-State Pension Fund v. Barclays Bank PLC,* No. 14-cv-350 ("*UFCW*")

Dear Judge Schofield:

The Court's Order of January 23, 2014, adopting the Case Management Plan entered by Judge Berman, requires plaintiffs in the above-referenced actions to file consolidated complaints on February 27, 2014. The parties have further been ordered to confer with defendants on Fed. R. Civ. P. 16 subjects and to jointly submit a proposed Civil Case Management Plan. Plaintiffs Oklahoma, Haverhill, and Virgin Islands (collectively, "Plaintiffs") request a pre-motion conference on February 7, 2014, or as soon as the Court is available, to allow motions to consolidate and coordinate the above-referenced actions, and any subsequently filed tagalong actions, and for appointment of Interim Lead Counsel. The consolidation and coordination of the actions and the appointment of Interim Lead Counsel prior to the March 3, 2014 Initial Pretrial Conference will benefit the parties by preserving resources and streamlining these processes.

***Consolidation and Coordination.*** Fed. R. Civ. P. 42(a) vests the Court with broad discretion to determine whether consolidation is appropriate in cases sharing a common question of law or fact. *Johnson v. Celotex Corp.*, 899 F.2d 1281, 1284–85 (2d Cir. 1990). "In the exercise of discretion, courts have taken the view that considerations of judicial economy favor consolidation." *Id.* at 1285. Accordingly, "so long as any confusion or prejudice does not outweigh efficiency concerns, consolidation will generally be appropriate." *Primavera Familienstiftung v. Askin*, 173 F.R.D. 115, 129 (S.D.N.Y. 1997).

The Honorable Lorna G. Schofield
January 23, 2014
Page 2

These actions all share both factual and legal issues in common, and the consolidation and coordination of the actions will prevent unnecessary expense and delay. The first-filed case, *Haverhill*, has been pending since November 1, 2013. Each of the actions brings antitrust and related claims based on allegations that defendants conspired to manipulate the foreign exchange ("FX") market. The *Oklahoma*, *Haverhill*, *Virgin Islands*, *Prudent Forex*, and *UCFW* actions are brought on behalf of substantially similar classes of persons who transacted with a defendant in the United States. The *Simmtech* complaint alleges a different class of persons who transacted with a defendant in the Republic of Korea. Each of the actions names similar defendants and raises overlapping fact issues concerning defendants' conduct in the FX market. Proceeding with separate cases would entail a substantial duplication of effort and expense.

As discussed at the January 7, 2014 Rule 16 conference before Judge Berman, the actions brought on behalf of persons who transacted in the United States should be consolidated into a single complaint and discovery in the consolidated U.S. action should be coordinated with the separate *Simmtech* action brought on behalf of persons who transacted in the Republic of Korea. *See* Transcript of Proceedings, January 7, 2014; Case No. 13-cv-7953, Dkt. No. 17. We understand Plaintiff Simmtech supports coordination of its action, and its counsel, Kim & Bae, P.C., intends to move for Interim Lead Counsel for the Republic of Korea action.

***Organization of Counsel.*** Plaintiffs request that the Court appoint Robbins Geller Rudman & Dowd LLP ("RGRD") and Scott+Scott, Attorneys at Law, LLP ("S+S") as Interim Lead Counsel for the consolidated U.S. action. The Court's selection of Interim Lead Counsel is governed by Fed. R. Civ. P. 23(g)(3), which provides that "[t]he court may designate interim counsel to act on behalf of a putative class before determining whether to certify the action as a class action." In cases such as this, involving multiple class actions, designation of interim class counsel is "encouraged, and indeed is probably essential for efficient case management." *In re Air Cargo Shipping Services Antitrust Litig.,* 240 F.R.D. 56, 57 (E.D.N.Y. 2006).

In these actions brought against a dozen of the world's largest and most sophisticated financial institutions, which are represented by the world's largest law firms, Plaintiffs respectfully submit that the U.S. class will be best served by their counsel's joint appointment as Interim Lead Counsel. In complex antitrust cases brought against multiple defendants, such as this case, courts routinely appoint co-leadership organizational structures.[1] Further, decision making necessary for efficient management of the process of preparing a consolidated complaint will be enhanced by appointment of Interim Lead Counsel.

When appointing Interim Lead Counsel, courts generally look to the same factors used to determine the adequacy of class counsel under Rule 23(g)(1)(A), which directs courts to consider counsel's work to investigate the claims, counsel's experience in class actions, complex litigation, and the applicable law, and the resources counsel will commit to representing the class. *See, e.g., In re Bear Stearns Cos., Inc., Sec., Derivative, & Employee Ret. Income Sec. Act. Litig.,* MDL No. 1963, 2009 WL 50132, at *11 (S.D.N.Y. Jan. 5, 2009). RGRD and S+S bring to bear unparalleled experience and resources, and the firms are willing and able to prosecute complex cases such as this through trial. RGRD and S+S are best suited to represent the interests of the class.

---

[1] *See, e.g.*, *Air Cargo*, 240 F.R.D. at 58 (appointing multiple firm lead counsel structure); *In re Payment Card Interchange Fee & Merchant Discount Antitrust Litig.*, No. 1:05-md-1720, 2006 WL 2038650, at *5 (E.D.N.Y. Feb. 24, 2006) (appointing multiple firm lead counsel structure).

The Honorable Lorna G. Schofield
January 23, 2014
Page 3

RGRD is the nation's largest plaintiffs' complex and class action litigation firm specializing in antitrust and securities litigation. The firm has been appointed as lead or co-lead counsel in landmark class actions, including *In re NASDAQ Market-Makers Antitrust Litig.*, 187 F.R.D. 465 (S.D.N.Y. 1998) ($1.027 billion recovery); *In re Payment Credit Card Interchange Fee & March. Disc. Antitrust Litig.*, MDL No. 1720 (E.D.N.Y) ($7.25 billion recovery); and *In re Currency Conversion Fee Antitrust Litig.*, MDL No. 1409 (S.D.N.Y.) ($336 million recovery). In approving an antitrust class action settlement in which RGRD served as co-lead counsel, the Court praised counsel for providing "extraordinarily high-quality representation" and for litigating with "enormous attention to detail and unflagging devotion to the cause." *In re Currency Conversion Fee Antitrust Litig.*, 263 F.R.D. 110, 129 (S.D.N.Y. 2009).

S+S specializes in class action and complex litigation and has recovered billions of dollars for its corporate and public clients. Based on its early investigation, S+S filed the first two U.S. cases in these matters. S+S has extensive experience in S.D.N.Y. and other New York courts, including recently serving as co-trial counsel in a five-week antitrust class action trial. *See Ross v. Bank of America N.A.*, No. 05-cv-7116 (S.D.N.Y.) and *Ross v. American Express Co.*, No. 04-cv-5723 (S.D.N.Y.) (bench trial, decision pending). The Supreme Court of the State of New York stated about S+S's work in litigation related to the Madoff Ponzi scheme, "It is this Court's position that Scott+Scott did a superlative job in its representation . . . . They have possessed a knowledge of the issues presented and this knowledge has always been used to the benefit of all investors." *New York University v. Ariel Fund Ltd.*, No. 603803/08, slip. op. at 9-10 (N.Y. Sup. Ct. Feb. 22, 2010).

Plaintiffs respectfully submit that RGRD's and S+S's pre-suit investigation of the class' claims sets them apart from other counsel who may seek leadership.[2] The *Haverhill* action was the first-filed action, and all the actions that followed it bring virtually identical allegations. RGRD and S+S each independently investigated the potential claims in these actions by speaking with market participants and FX traders and by consulting and retaining economists and other experts in the foreign exchange market. We continue to work with experts to identify economic and statistical evidence of defendants' manipulation of the FX market and develop an economic model for, among other things, analyzing the relationship between defendants' conduct and resulting damages to class members. RGRD and S+S have incurred substantial out-of-pocket expenses for this work, which will directly inure to the benefit of the class. Each firm has substantial resources and is well-known in the Southern District community.

                                    Respectfully submitted,

SCOTT+SCOTT, ATTORNEYS       ROBBINS GELLER RUDMAN
   AT LAW, LLP                           & DOWD LLP


s/Christopher M. Burke               s/Patrick J. Coughlin
Counsel for Oklahoma and Haverhill    Counsel for Virgin Islands

---

[2]    *See Damassia v. Duane Reade, Inc.*, 250 F.R.D. 152, 165 (S.D.N.Y. 2008) (work done to investigate claims is an important factor in selection of class counsel).

CERTIFICATE OF SERVICE

I hereby certify that on January 23, 2014, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such fling to the e-mail addresses denoted on the Electronic Mail Notice List, and I hereby certify that I caused to be mailed the foregoing document or paper via the United States Postal Service to the non-CM/ECF participants indicated on the Manual Notice List.

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.  Executed on January 23, 2014.

    s/Christopher M. Burke
CHRISTOPHER M. BURKE (*pro hac vice*)
SCOTT+SCOTT, ATTORNEYS AT LAW, LLP
707 Broadway, Suite 1000
San Diego, CA 92101
Telephone:  619/233-4565
619/233-0508 (fax)
E-mail:  cburke@scott-scott.com