

**CHRISTOPHER M. BURKE**

**Writer's Direct Dial Number**
(619) 798-5300

**Writer's Direct Email Address**
cburke@scott-scott.com

February 10, 2014

<u>**VIA ECF**</u>

The Honorable Lorna G. Schofield
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

      Re:    *City of Haverhill Ret. Sys. v. Barclays Bank PLC*, No. 13-cv-7789 ("*Haverhill*"); *Oklahoma Firefighters Pension & Ret. Sys. v. Barclays Bank PLC*, No. 13-cv-9080 ("*Oklahoma*"); and Related Actions[1] (collectively, the "FX Actions")

Dear Judge Schofield:

      Pursuant to the Court's Order dated January 28, 2014 (Dkt. No. 76[2]), Plaintiffs Haverhill and Oklahoma (collectively, "Plaintiffs") submit this letter proposing:  (1) appointment of Scott+Scott, Attorneys at Law, LLP ("S+S") and Hausfeld LLP ("Hausfeld") as interim class counsel under Fed. R. Civ. P. 23(g)(3); and (2) consolidation or coordination of the FX Actions pursuant to Fed. R. Civ. P. 42(a).

      ***INTERIM CLASS COUNSEL.***  A case of this magnitude and complexity requires the organization of counsel so that the case is effectively and efficiently managed.[3]  In complex antitrust cases brought against multiple defendants, courts routinely appoint co-lead firms to

---

[1] The Related Actions to date are:  *Simmtech Co., Ltd. v. Barclays Bank PLC*, No. 13-cv-7953; *Employees' Ret. Sys. of the Gov't of the Virgin Islands v. Barclays Bank PLC*, No. 13-cv-9125; *Prudent Forex Fund I L.L.C. v. Barclays Bank PLC*, No. 13-cv-9237; *U.F.C.W. Union and Participating Food Industry Employers Tri-State Pension Fund v. Barclays Bank PLC*, No. 14-cv-350; *State-Boston Ret. Sys. v. Barclays Bank PLC*, No. 14-cv-475; *Five Star Forex, L.P. v. Barclays Bank PLC*, No. 14-cv-494; *Newport News Employees' Ret. Fund v. Barclays Bank PLC*, No. 14-cv-752; *City of Providence v. Barclays Bank PLC*, No. 14-cv-787; and *Aureus Currency Fund, L.P. v. Barclays Bank PLC*, No. 14-cv-825.
[2] All Dkt. No. references are to the low-numbered *Haverhill* docket, No. 13-cv-7789.
[3] *See* MANUAL FOR COMPLEX LITIGATION (FOURTH) ("MANUAL"), §§10.22, 21.11; *In re Air Cargo Shipping Servs. Antitrust Litig.*, 240 F.R.D. 56, 57 (E.D.N.Y. 2006).

CALIFORNIA    SCOTT+SCOTT, ATTORNEYS AT LAW, LLP    619 233-4565 VOICE
CONNECTICUT    707 BROADWAY    619 233-0508 FAX
NEW YORK    SUITE 1000    SCOTTLAW@SCOTT-SCOTT.COM
OHIO    SAN DIEGO, CA 92101    WWW.SCOTT-SCOTT.COM

represent the class.[4]  However, courts disfavor larger leadership structures because of their potential for inefficiencies.[5]  Plaintiffs respectfully submit that the U.S. class will be best served by S+S and Hausfeld's joint appointment as interim class counsel because they have shown their ability to apply the resources necessary to efficiently litigate this case.

S+S and Hausfeld meet all of the criteria set forth in Fed. R. Civ. P. 23(g)(1)(A), which identifies four factors that courts are to consider in appointing class counsel: (i) the work that counsel has done in investigating potential claims in the action; (ii) counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in this action; (iii) counsel's knowledge of the applicable law; and (iv) the resources that counsel will commit to representing the class.

*Investigation of the claims (Fed. R. Civ. P. 23(g)(1)(A)(i)).*  S+S's pre-suit investigation of the class's claims and active prosecution of the FX Actions to date sets its application for interim lead counsel apart from other firms seeking lead.  S+S filed the first of the FX Actions on November 1, 2013, two months before another firm filed a U.S. action.  S+S independently investigated these claims and allegations by interviewing market participants and traders and consulting with leading experts who have written well-known books on the FX market.  S+S has continued to prosecute the action by negotiating a scheduling and service stipulation (entered by Judge Ramos) and in moving the cases toward discovery.  S+S handled argument for all plaintiffs at the first status conference in the FX Actions, during which Judge Berman set a Case Management Plan that was later entered by this Court.  In addition, S+S was the first to request a pre-motion conference to resolve the consolidation and leadership issues in advance of the filing of consolidated amended complaints due February 27, 2014 and the Initial Pretrial Conference set for March 3, 2014.  S+S was also the first to oppose Defendants' request for a discovery stay.  Finally, S+S and Hausfeld continue to work with experts to identify economic and statistical evidence of defendants' manipulation of the FX market for inclusion in the consolidated amended complaint.

*Experience in antitrust class actions (Fed. R. Civ. P. 23(g)(1)(A)(ii)-(iii)).*  A substantial portion of S+S's practice is devoted to antitrust class actions within the financial services industry, and the firm has been lead counsel in cases of similar size and complexity.  For example, S+S is one of the lead counsel in *Dahl v. Bain Capital Partners, LLC*, No. 07-cv-12388 (D. Mass.), an antitrust class action alleging collusion in the private equity industry by several of the same defendants in the FX Actions.  S+S has extensive experience in New York courts, including recently serving as co-trial counsel in a five-week antitrust class action trial in S.D.N.Y.[6]  The Supreme Court of the State of New York stated about S+S's work in litigation related to the Madoff Ponzi scheme, "It is this Court's position that Scott+Scott did a superlative job in its representation . . . . They have possessed a knowledge of the issues presented and this knowledge has always been used to the benefit of all investors."[7]  S+S's complete biography is at http://www.scott-scott.com/our-practice.html#antitrust4.

---

[4] *See, e.g.*, *In re Municipal Derivs. Antitrust Litig.*, 252 F.R.D. 184, 187 (S.D.N.Y. 2008) (appointing co-lead firms as interim class counsel) ("*MDs*"); *Air Cargo*, 240 F.R.D. at 58 (same); *In re Payment Card Interchange Fee & Merchant Discount Antitrust Litig.*, No. 1:05-md-1720, 2006 WL 2038650, at *5 (E.D.N.Y. Feb. 24, 2006) (same).

[5] *See* MANUAL, §10.221 (most important factor in appointing organizational structure is "achieving efficiency and economy without jeopardizing fairness to the parties").

[6] *See Ross v. Bank of America N.A.*, No. 05-cv-7116 (S.D.N.Y.) and *Ross v. American Express Co.*, No. 04-cv-5723 (S.D.N.Y.) (bench trial, decision pending).  The attorneys at S+S that will primarily lead this matter are Christopher Burke, the head of the firm's antitrust practice, and partners Joseph Guglielmo, Walter Noss, and Kristen Anderson.

[7] *New York University v. Ariel Fund Ltd.*, No. 603803/08, slip. op. at 9-10 (N.Y. Sup. Ct. Feb. 22, 2010).

     Hausfeld's U.S. competition/antitrust litigation experience is unmatched; it is lead or co-lead counsel in over 35 class actions, several of which (*e.g.*, those concerning Municipal Derivatives and LIBOR) are pending in this district and involve complex financial markets.[8] In the last five years, federal judges have lauded Hausfeld's accomplishments and expertise.[9] Recognizing the firm's antitrust prowess, the *Global Competition Review* has noted that "*The Hausfeld team has established themselves as one of – if not the – top Plaintiffs' antitrust firm in the US.*" The Legal 500 likewise consistently ranks Hausfeld among the top five firms in the U.S. for antitrust litigation, and the *National Law Journal* has repeatedly named the firm to the "Plaintiffs' Hot List." During the calendar year of 2012 to June 2013, Hausfeld played a role in coordinating more than $1 billion in verdicts and settlements – an accomplishment reached by only a handful of other firms. Hausfeld's complete biography is at www.hausfeldllp.com.

     *Resources that counsel will commit (Fed. R. Civ. P. 23(g)(1)(A)(iv))*. S+S and Hausfeld bring outstanding resources to this litigation. S+S is a nationally recognized law firm with thirty-four attorneys in four offices throughout the country, including New York. S+S specializes in class actions and complex litigation and has recovered billions of dollars for its corporate and public clients. Hausfeld, with twenty-five attorneys based in the U.S., is widely recognized as one of the nation's leading plaintiffs' class action law firms. Internationally, Hausfeld has eleven solicitors practicing in its sister London firm, Hausfeld & Co. LLP ("H&Co."), which is devoted to litigating claims in the United Kingdom and mainland Europe. In October of 2013, H&Co. was named as the "most innovative law firm in dispute resolution" at the *Financial Times*' FT Innovative Lawyers Awards 2013. In the past eighteen months, H&Co. has recovered more than €100 million for clients. Access to counsel at H&Co. offers a substantial benefit to the class, as a large number of witnesses and evidence will be located in London and Europe.[10]

     ***CONSOLIDATION AND COORDINATION.*** For the reasons stated in Plaintiffs' January 23, 2014 letter brief (Dkt. No. 74), Plaintiffs propose that all U.S. actions be consolidated pursuant to Fed. R. Civ. P. 42(a). We do not believe that consolidation of the U.S. actions with the *Simmtech* Korean action is appropriate; however, discovery in *Simmtech* should be coordinated.

                                                          Respectfully submitted,

| | |
|---|---|
| SCOTT+SCOTT, ATTORNEYS<br>   AT LAW, LLP | HAUSFELD LLP |
| | |
| s/Christopher M. Burke | s/Michael D. Hausfeld<br>(*pro hac vice application forthcoming*) |

---

[8] Hausfeld is also currently litigating issues involving deceptive foreign exchange practices by the Bank of New York in *In Re Bank of New York Mellon Corp. Foreign Exchange Transactions Litig.*, No. 1:12-md-02335-LAK-JLC (S.D.N.Y.). The attorneys at Hausfeld that will primarily lead this matter are drawn from the firm's antitrust and financial services group and include the firm's chairman, Michael Hausfeld, and partners William Butterfield, Chris Lebsock, and Hilary Scherrer.

[9] *See e.g.*, *In re Aftermarket Auto. Lighting Prods. Antitrust Litig.*, 276 F.R.D. 364, 373 (C.D. Cal. 2011); *MDs*, 252 F.R.D. at 186; *In re Vitamin C Antitrust Litig.*, No. 06-MD-1738, 2013 WL 6858853, at *1 (E.D.N.Y. Dec. 30, 2013); *Four In One Co., Inc. v. SK Foods, L.P.*, No. 08-cv-03017, 2009 WL 747160, at *3 (E.D. Cal. Mar. 20, 2009); *In re Int'l Air Transp., Inc. Surcharge Antitrust Litig.*, No. M:06-cv-01793, MDL No. 1793 (N.D. Cal.).

[10] *See, e.g., In re LIBOR-Based Fin. Instruments Antitrust Litig.*, No. 11-md-2262 (NRB), 2011 WL 5980198, at *3 (S.D.N.Y. Nov. 29, 2011).