SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

FOUR TIMES SQUARE

NEW YORK 10036-6522

TEL: (212) 735-3000
FAX: (212) 735-2000
www.skadden.com

DIRECT DIAL
312-407-0508
DIRECT FAX
312-827-9320
EMAIL ADDRESS
PATRICK.FITZGERALD@SKADDEN.COM

FIRM/AFFILIATE OFFICES
-----
BOSTON
CHICAGO
HOUSTON
LOS ANGELES
PALO ALTO
SAN FRANCISCO
WASHINGTON, D.C.
WILMINGTON
-----
BEIJING
BRUSSELS
FRANKFURT
HONG KONG
LONDON
MOSCOW
MUNICH
PARIS
SÃO PAULO
SHANGHAI
SINGAPORE
SYDNEY
TOKYO
TORONTO
VIENNA

February 24, 2014

The Honorable Lorna G. Schofield
United States District Court
for the Southern District of New York
40 Foley Square
New York, New York 10007

> RE: *In re Foreign Exchange Benchmark Rates Antitrust Litigation*, 13-cv-7789; *Simmtech Co., Ltd. v. Barclays Bank PLC, et al.*, 13-cv-7953

Dear Judge Schofield:

Pursuant to Your Honor's Orders dated January 15, 2014 and February 13, 2014, the parties in the above-referenced actions respectfully submit this joint letter to provide the Court with the following information:

1. ***Statement of the nature of the case, principal claims and defenses.***

   *a.   Plaintiffs' Position:*

Plaintiffs allege that defendants shared sensitive market information to execute a variety of strategies to manipulate foreign exchange rates. The key foreign exchange rates at issue are known as the WM/Reuters Closing Spot Rates, which are set at 4 p.m. London time and are based on actual trades and order rates recorded by Reuters during a one-minute fix period. Reuters then calculates the benchmark using the median of the reported trades and orders. Plaintiffs allege that defendants' manipulation of the WM/Reuters Closing Spot Rates affected the pricing of trillions of dollars' worth of financial transactions in the United States and elsewhere. Plaintiffs allege that defendants' conduct violated Section 1 of the Sherman Act, 15 U.S.C. §1 ("Section 1").

   *b.   Defendants' Position:*

Defendants deny that plaintiffs have stated a claim under Section 1. Defendants also anticipate that they will have multiple defenses to the action.

The Honorable Lorna G. Schofield
February 24, 2014
Page 2

2.  ***Statement of subject matter jurisdiction and venue.***

a.  *Plaintiffs' Position:*

The Court has subject matter jurisdiction pursuant to Sections 4 and 16 of the Clayton Act, 15 U.S.C. §§15 and 26(a), and under 28 U.S.C. §§1331 and 1337. Venue is proper in this District pursuant to Sections 4, 12, and 16 of the Clayton Act, 15 U.S.C. §§15, 22, and 26, and 28 U.S.C. §1391(b), (c), and (d). Plaintiff Simmtech states that it pleads facts that bring its claim outside the exclusions of the Foreign Trade Antitrust Improvements Act ("FTAIA") and further that the FTAIA does not present a question of subject matter jurisdiction. *Minn-Chem, Inc. v. Agrium, Inc.*, 683 F.3d 845, 851-53 (7th Cir. 2012).

b.  *Defendants' Position:*

Defendants do not anticipate challenging subject matter jurisdiction and venue in the consolidated case, but reserve all rights until they have an opportunity to review the Consolidated Amended Class Action Complaint. With respect to the *Simmtech* action, defendants anticipate that they will challenge subject matter jurisdiction and venue under the FTAIA. *See Filetech S.A. v. France Telecom S.A.*, 157 F.3d 922, 931 (2d Cir. 1998).

3.  ***Description of proposed motions.***

a.  *Defendants' Position:*

Although plaintiffs have not yet served their Consolidated Amended Class Action Complaint, based upon the allegations in the various individual complaints, defendants anticipate that they will move to dismiss the Consolidated Amended Class Action Complaint on several grounds, including (i) the failure of the Consolidated Amended Class Action Complaint to allege sufficient facts "to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); (ii) the failure of the Consolidated Amended Class Action Complaint to allege sufficient facts to support a claim that plaintiffs suffered antitrust injury as a result of the alleged conspiracy, *Brunswick Corp. v. Pueblo Bowl-O-Mat, Inc.*, 429 U.S. 477 (1977); and (iii) the failure of the Consolidated Amended Class Action Complaint to allege that plaintiffs have standing to pursue their antitrust claims, *Associated General Contractors of Cal. v. California State Council of Carpenters*, 459 U.S. 519 (1983); *Illinois Brick Co. v. Illinois*, 431 U.S. 720 (1977). The allegations in the individual complaints are conclusory, merely reiterate statements in press reports, and lump defendants together as a group without any specific allegations of any particular conduct by any particular defendant. Such allegations are insufficient to draw a reasonable inference that particular defendants conspired with respect to any particular foreign exchange rates at any particular time – much less that any such purported conduct injured plaintiffs. Defendants reserve the right to seek dismissal on additional grounds once they have an opportunity to review the Consolidated Amended Class Action Complaint.

In *Simmtech*, defendants anticipate that, in addition to the foregoing grounds for dismissal, defendants will move to dismiss on the grounds that plaintiffs cannot establish subject matter jurisdiction under the FTAIA.

The Honorable Lorna G. Schofield
February 24, 2014
Page 3

### b. *Plaintiffs' Position*:

Defendants' conduct is the subject of a proliferation of global government investigations, including by the U.S. Department of Justice, Antitrust Division. Numerous defendants have suspended or terminated top-level personnel in charge of their foreign exchange trading as a result of these investigations. The number of investigations and terminations indicates serious wrongdoing by defendants. Based on the information available to plaintiffs and economic analysis undertaken, plaintiffs will successfully plead standing, antitrust injury, and otherwise state a valid claim for relief.

### c. *Briefing Schedule for Motions to Dismiss*

In conjunction with Rules III.A and III.C.2 of Your Honor's Individual Rules and Procedures for Civil Cases, the parties respectfully propose that defendants be permitted to file their motions to dismiss sixty days after the filing of the Consolidated Amended Class Action Complaint, that plaintiffs' opposition to the motions be filed sixty days after the filing of defendants' motions to dismiss, and that defendants' reply briefing be completed thirty days after the filing of plaintiffs' opposition.

4. ***Description of discovery.*** No discovery has yet taken place. The parties have briefed the issue of a stay of discovery,[1] which, as Your Honor indicated on February 13, would be addressed at the March 3 conference. (Feb. 13, 2014 Hearing Tr. at 45-48.)

### a. *Defendants' Position:*

For the reasons set forth in defendants' January 27 letter, defendants request that discovery be stayed in the consolidated case and the *Simmtech* action. Both the fatal shortcomings of the current complaints, as well as defendants' belief that those shortcomings will likely be perpetuated in the Consolidated Amended Class Action Complaint, strongly support the exercise of this Court's discretion to stay discovery.[2] The lack of clarity about whether named plaintiffs – who allege a conspiracy (or multiple conspiracies) covering exchange rates for more than 150 separate currencies – were affected by any, let alone all, of those rates further counsels exercise of the Court's discretion to stay discovery. Moreover,

---

[1] *See* Letter from *Haverhill/Simmtech* defendants to The Honorable Lorna G. Schofield, dated Jan. 27, 2014; Letter from non-*Haverhill/Simmtech* defendants to The Honorable Lorna G. Schofield, dated Jan. 27, 2014; Letter from Christopher M. Burke and Patrick J. Coughlin to The Honorable Lorna G. Schofield, dated Jan. 28, 2014; Letter from John D. Rue to The Honorable Lorna G. Schofield, dated Jan. 28, 2014; Letter from Daniel Brockett and Gregory S. Asciolla to The Honorable Lorna G. Schofield, dated Jan. 29, 2014; Letter from Vincent Briganti to The Honorable Lorna G. Schofield, dated Jan. 30, 2014.

[2] Defendants also note that three judges in this district, hearing cases related to LIBOR and TIBOR -- cases which similarly involved attempts to plead antitrust claims based on alleged manipulation of benchmark rates -- ordered stays of discovery pending the resolution of motions to dismiss. This includes Judge Buchwald in the U.S. Dollar LIBOR multidistrict litigation proceeding, Judge Gardephe in a U.S. Dollar LIBOR case filed by an individual plaintiff, and Judge Daniels in a separate case relating to Euroyen TIBOR.

The Honorable Lorna G. Schofield
February 24, 2014
Page 4

not only are plaintiffs' discovery requests very broad, but they inaccurately assume that discovery of materials previously produced to regulators (many of which are not antitrust authorities) eliminates competing legal requirements or complex questions of relevance. Defendants could not simply produce all documents previously produced to government authorities without incurring the substantial burden of re-reviewing those documents for antitrust relevance, competitive sensitivity, and compliance with various bank secrecy and privacy laws. Until plaintiffs' antitrust claims are clarified by the Consolidated Amended Class Action Complaint and the resolution of the contemplated motions to dismiss, any discovery would be inappropriate.[3]

### b. *Plaintiffs' Position:*

The parties intend to conduct discovery within the scope of Rule 26(b), and at this early stage of the case, it is not possible to describe what portion of that discovery is likely to be admissible under the Federal Rules of Evidence and material to proof of the claims and defenses raised in the pleadings.

Plaintiffs seek limited non-burdensome Rule 34 discovery during the pendency of defendants' motions to dismiss. Plaintiffs note that there are approximately ten regulatory and criminal investigations ongoing regarding the conduct at issue in this case – including by antitrust enforcement in the United States and Europe. To the extent that defendants have produced documents and information in those investigations, plaintiffs do not believe it to be burdensome for defendants to produce the same documents and information in this case.[4] Plaintiffs also note that such discovery would advance the efficient prosecution of this matter and is contemplated by the Pilot Project Regarding Case Management Techniques for Complex Civil Cases in the Southern District of New York. *See* Standing Order In re Pilot Project, ECF No. 2 at §II.A.

Plaintiffs believe that it would be efficient for the parties to conduct Rule 26(f) conferences while motions to dismiss are pending. Given the complexity of these issues and the iterative process necessary to address them, plaintiffs suggest that it is efficient for the parties to begin the process now so that discovery can commence quickly should the Court deny defendants' motion(s) to dismiss. Plaintiffs will seek relief from Rule II.A.1. of Your Honor's Individual Rules and Procedures for Civil Cases concerning limitations on the number

---

[3] Defendants understand that the Court removed this case from the Pilot Project Regarding Case Management Techniques for Complex Civil Cases in the Southern District of New York.

[4] Judge Forrest recently allowed discovery to proceed pending the resolution of motions to dismiss in *In re: Aluminum Warehousing Antitrust Litigation*, No. 1:13-md-02481, Scheduling Order, ECF No. 154 at 1 (S.D.N.Y. Feb. 6, 2013) and Hearing Transcript at 37:5-12 (S.D.N.Y. Feb. 6, 2013). *See also In re Lithium Ion Batteries Antitrust Litig.*, No. 13-MD-02420, 2013 WL 2237887 (N.D. Cal. May 21, 2013) (ordering production of documents previously produced to DOJ or any grand jury); *In re Static Random Access Memory (SRAM) Antitrust Litig.*, 580 F. Supp. 2d 896, 899-900 (N.D. Cal. 2008) (ordering production of documents previously produced to DOJ); *In re Platinum and Palladium Commodities Litigation*, No. 1:10-cv-03617, Order, ECF No. 59 (S.D.N.Y. Nov. 30, 2010) (ordering production of documents previously produced to CFTC).

The Honorable Lorna G. Schofield
February 24, 2014
Page 5

of custodians, the five year limitation on searches for ESI, and the number of hours spent collecting and reviewing of ESI for production in this action. Additionally, plaintiffs propose to follow the procedure set forth in Rule 26(b)(2)(B) regarding information that is not reasonably accessible.

5. ***Computation of each category of damages claimed.*** Plaintiffs are unable to provide a computation of each category of damages claimed at this early time.

6. ***Description of settlement discussions.*** No settlement discussions have yet occurred. The parties will meet and confer following receipt of the Consolidated Amended Class Action Complaint and will advise the Court if they believe a settlement conference would be constructive at that time.

7. ***Additional Information.*** Following the receipt of the Consolidated Amended Class Action Complaint, the parties will advise the Court of any other information that may assist the Court in resolving the action.

8. ***Civil Case Management Plan.*** The parties have met and conferred regarding the Court's Civil Case Management Plan and respectfully submit that completion of that plan would be premature until at least the filing of the Consolidated Amended Class Action Complaint.

Respectfully submitted,

For plaintiffs:

*/s/ Christopher M. Burke /pjf/*
Christopher M. Burke

For defendants:

*/s/ Patrick Fitzgerald /pjf/*
Patrick Fitzgerald