

October 15, 2014

<u>**Via ECF**</u>

Honorable Lorna G. Schofield
Courtroom 1106
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007

      Re:   *In re Foreign Exchange Benchmark Rates Antitrust Litigation*
                Case No. 1:13-cv-07789-LGS (S.D.N.Y.)

Dear Judge Schofield:

      Plaintiffs' counsel write to provide the Court with a status report on the parties' progress in addressing the initial discovery matters the Court raised at the March 3, 2014 initial pretrial conference.  Hearing Tr. at 23:19-25:12.  To date, counsel have held four group conferences on issues common to all parties and individual conferences on Defendant-specific issues.  While Defendants initially agreed to submit a joint status report, Defendants changed their position, refusing to participate until after the Court decides the motion to dismiss.  Plaintiffs provided Defendants a draft of this letter to give them an opportunity to correct any representations of their positions.  In response, Defendants reiterated their view that the report is premature.[1]

      ***Discussions with Department of Justice***.  At the March 3 conference, the Court "encourage[d] the plaintiffs to begin discussions with the Department of Justice" in an effort to "begin discovery promptly after the motion to dismiss without stepping on their toes but also without delaying this case any further."  Hearing Tr. at 24:24-25:3.  Plaintiffs' counsel met with DOJ twice.  At these meetings, Plaintiffs' counsel proposed ways they might be able to seek discovery in the case without interfering with DOJ's investigation.  *The New York Times* reported on October 6, 2014 that DOJ expects guilty pleas soon.[2]  Plaintiffs inquired of Defendants as to the status of negotiations with DOJ, but they refused to provide any information.

---

[1]    A status report is not premature.  The parties have been engaged in discussions of initial discovery matters for seven months and have not reached agreement on many of the topics the Court asked the parties to address.  If progress continues to proceed at this pace, the parties will not be ready to promptly begin discovery after the motion to dismiss.  Plaintiffs' counsel believes, based on their experience in other matters, *e.g.*, *In re Payment Card Interchange Fee and Merchant Discount Antitrust Litigation*, No. 05-MD-1720(JG)(JO) (E.D.N.Y.), that periodic status reports assist the parties in reaching timely resolution of discovery issues.

[2]    Ben Protess & Jessica Silver-Greenberg, *Big Banks Face Another Round of U.S. Charges*, NEW YORK TIMES DEALBOOK (Oct. 6, 2014).

SCOTT+SCOTT, ATTORNEYS AT LAW, LLP • 707 Broadway, Suite 1000, San Diego, CA 92101 • Tel: 619-233-4565
CALIFORNIA • CONNECTICUT • NEW YORK • OHIO      www.scott-scott.com • Fax: 619-233-0508

Honorable Lorna G. Schofield
October 15, 2014
Page 2

*Defendants' Preservation Efforts.* Counsel for Plaintiffs and Defendants made disclosures regarding their clients' preservation efforts. Plaintiffs believe there are gaps in Defendants' preservation efforts that pose a risk that relevant information will be destroyed.

First, recently reported information regarding Defendants' use of a messaging platform known as "Snapchat" has cast Defendants' preservation of communications into doubt. On September 15, 2014, *Bloomberg* reported that "[s]ome traders also are communicating with clients and counterparts at other firms via Snapchat, a mobile-phone application that sends messages that then disappear, to circumvent their company's controls, according to a person with knowledge of the practice."[3] Plaintiffs asked Defendants to provide information regarding use of Snapchat, but they have not responded.

Second, Defendants are refusing to preserve potentially relevant information created prior to January 1, 2003. To the extent not already destroyed before a litigation-hold obligation was triggered, Plaintiffs believe that three categories of pre-2003 documents need to be preserved: (1) inter-Defendant communications prior to 2003, as the class period is subject to change; (2) analyses of the susceptibility of the WM/Reuters rates to collusion, as the rates were introduced in 1994; and (3) pre-class period transactional data, which will be of importance in modeling damages in this case. Plaintiffs informed Defendants of the basis of the request, but counsel for most Defendants have represented that their clients will neither investigate nor take any action to preserve information pre-dating January 1, 2003.

Third, Plaintiffs are concerned that Defendants are not taking adequate steps to preserve relevant information from former and departing employees. This week *Bloomberg* reported that JPMorgan dismissed Richard Usher and HSBC dismissed two more traders as part of their efforts to settle with the U.K. Financial Conduct Authority.[4] To ensure that potentially relevant information is being preserved, Plaintiffs requested that Defendants provide them with the names of former and departing employees so that Plaintiffs can send them preservation subpoenas. In the alternative, Plaintiffs requested that Defendants provide former and departing employees with a preservation notice. Defendants rejected both proposals. Plaintiffs continue to seek something more substantial than assurances that Defendants are adequately preserving key evidence in the hands of former employees, but to date, the parties have not agreed on any additional disclosures.

*Next Steps.* Plaintiffs' counsel intend to continue to discuss these and other initial discovery matters with defense counsel. To the extent agreement cannot be reached by the next status conference, these issues may require judicial intervention at that conference.

Respectfully submitted,

s/ Christopher M. Burke

cc:  All Counsel via ECF          SCOTT+SCOTT, ATTORNEYS AT LAW, LLP

---

[3] Julia Verlaine & Gavin Finch, *Biggest Banks Said to Overhaul FX Trading After Scandals*, BLOOMBERG (Sept. 16, 2014).

[4] Suzi Ring & Gavin Finch, *FX Traders Said to Leave JPMorgan, HSBC as FCA Deal Looms*, BLOOMBERG (Oct. 14, 2014).

Honorable Lorna G. Schofield
October 15, 2014
Page 3

                    Christopher M. Burke
Walter W. Noss
Kristen M. Anderson
707 Broadway, Suite 1000
San Diego, CA 92101
Telephone: 619-233-4565
cburke@scott-scott.com
wnoss@scott-scott.com
kanderson@scott-scott.com

David R. Scott
Joseph P. Guglielmo
Donald A. Broggi
SCOTT+SCOTT, ATTORNEYS AT LAW, LLP
The Chrysler Building
405 Lexington Avenue, 40th Floor
New York, NY 10174
Telephone: 212-223-6444
david.scott@scott-scott.com
jguglielmo@scott-scott.com
dbroggi@scott-scott.com

Michael D. Hausfeld
William P. Butterfield
Reena A. Gambhir
Timothy S. Kearns
Nathaniel C. Giddings
HAUSFELD LLP
1700 K Street, NW, Suite 650
Washington, DC 20006
Telephone: 202-540-7143
mhausfeld@hausfeldllp.com
wbutterfield@hausfeldllp.com
rgambhir@hausfeldllp.com
tkearns@hausfeldllp.com
ngiddings@hausfeldllp.com

Michael Lehmann
Christopher Lebsock
HAUSFELD LLP
44 Montgomery Street, Suite 3400
San Francisco, CA 94104
Telephone: 415-633-1949
mlehmann@hausfeldllp.com
clebsock@hausfeldllp.com

*Interim Co-lead Counsel*
*Attorneys for the Plaintiffs and the Class*