**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

--------------------------------------------------- x
                                :

IN RE FOREIGN EXCHANGE      :
BENCHMARK RATES ANTITRUST  :   No. 1:13-cv-07789-LGS
LITIGATION                    :
                                :
                                :
                                :
                                :
--------------------------------------------------x

**[PROPOSED] CIVIL CASE MANAGEMENT**
**PLAN AND SCHEDULING ORDER**

       This Civil Case Management Plan is submitted by the parties in accordance with Fed. R. Civ. P. 26(f)(3).

       **1.**    **Lack of Consent to Magistrate**.  All parties do not consent to conducting all further proceedings before a United States Magistrate Judge.

       **2.**    **Meet and Confer Obligation**.  The parties have conferred pursuant to Fed. R. Civ. P. 26(f).  That process is ongoing.

       **3.**    **Applicability of Special Rules**.  None applicable.

       **4.**    **Alternative Dispute Resolution/Settlement**.  To date, one settlement agreement has been reached between Plaintiffs and JPMorgan Chase & Co. and JPMorgan Chase Bank, N.A. (collectively, "JPM").  Plaintiffs moved for preliminary approval of the settlement with JPM on January 30, 2015.  ECF Nos. 245-248.  Pursuant to the Court's Order of February 6, 2015, counsel for Plaintiffs will "inform the Court . . . of the status of any settlement discussions with each of the remaining Defendants" via *ex parte* letter no later than February 16, 2015.  ECF No. 252.  At this time, no mediation process has been discussed.  Based on past experience, the parties believe that mediation efforts in a case of this nature are most likely to be effective if they

are conducted under the auspices of a private mediator but that it is premature to set a schedule for a formal mediation process at this time.

The parties agree that the use of any alternative dispute resolution mechanism does not stay or modify any date in this Order unless otherwise agreed by the Parties.

**5.** **Joinder of Additional Parties**.

*Plaintiffs' Position*:

No additional parties may be joined after the close of fact discovery without leave of Court.

*Defendants' Position*:[1]

No additional parties may be joined without leave of Court.

**6.** **Amended Pleadings**.

*Plaintiffs' Position*:

Amended pleadings may be filed without leave of Court until the close of fact discovery.

*Defendants' Position*:

No further amended pleadings may be filed without leave of Court.

**7.** **Initial Disclosures**. *See* paragraph 8(b) below.

**8.** **Fact Discovery**.

*Plaintiffs' Position*:

a.      Discovery in this matter presents unique complexities, including the production of voluminous transaction data, the number of parties, and the need to conduct

---

[1] Defendants JPMorgan Chase & Co. and JPMorgan Chase Bank, N.A. (collectively "JPMorgan") have entered a settlement agreement with plaintiffs and the class, which (if approved by the Court) would stay all proceedings against JPMorgan, except as may be necessary to implement the settlement or comply with its terms. Accordingly, JPMorgan takes no position on the issues in dispute in the competing case management proposals submitted by the plaintiffs and the non-settling defendants.

certain discovery overseas. Accordingly, subject to: (1) resolution of any request by the U.S. Department of Justice that discovery in this action be stayed, or (2) resolution with one or more Defendants pursuant to settlement agreements, fact discovery shall be completed in a period not to exceed twenty-four (24) months. Document and data discovery shall occur in three phases, as follows:

    i.    Phase I – Initial Production of Unstructured Data. The first phase shall constitute the production of documents pursuant to Fed. R. Civ. P. 34, to the extent the documents responsive to these requests are drawn from materials already provided to U.S. government or other regulatory authorities in connection with those authorities' investigations of foreign exchange trading. The Defendants shall produce these documents within sixty (60) days of the service of Plaintiffs' initial requests for production pursuant to Fed. R. Civ. P. 34; these initial requests for production shall be served no later than thirty (30) days from the date of this Order.

    ii.    Phase II – Structured Data and Additional Unstructured Data – The second phase of fact discovery shall begin no earlier than ninety (90) days after the start of discovery. Phase II document discovery shall consist of (a) the production of structured data for the period 2003 to the present, (b) production of documents and data from non-parties, and (c) production of unstructured data by Defendants that have not produced any unstructured data to U.S. government or other regulatory authorities in connection with those authorities' investigations of foreign exchange trading. Phase II production shall be completed by no later than six (6) months after the

service of Plaintiffs' Phase II requests for production, with productions made on a rolling basis.

  iii. Phase III – Clean-up – Beginning no earlier than one (1) year after the date of this Order, the final phase of fact discovery shall consist of remaining documents and data not produced in Phases I and II above that is reasonably necessary to proving claims or defenses.  This third phase will be completed within twenty-four (24) months of the date of this Order.

  b. Initial disclosures pursuant to Fed. R. Civ. P. 26(a)(1)(A)(i), (ii), and (iv) shall be completed no later than forty-five (45) days from the date of this Order.

  c. Within thirty (30) days, the parties shall confer and exchange information pertaining to preservation, search and review, and production, as set forth in Exhibit B to this District's Pilot Project Regarding Case Management Techniques for Complex Civil Cases.  Specifically, the parties will confer and exchange:  information concerning a data preservation plan, including identification of potentially relevant data, disclosure of the programs and manner in which data is maintained, identification of computer systems utilized, and identification of the individual(s) responsible for data preservation (s*ee* Exhibit B, Section 5); search and review, including production protocols for the search and review of electronically stored information, as well as techniques to be used (*see* Exhibit B Section 6); and sources of electronically stored information and limitations on production (*see* Exhibit B, Section 7).

  d. Interrogatories pursuant to Fed. R. Civ. P. 33 (other than contention interrogatories), shall be served no earlier than four (4) months after the commencement of fact discovery and no later than four (4) months prior to the close of fact discovery.

e.     Depositions pursuant to Fed. R. Civ. P. 30 and/or 31 shall be completed no later than the close of fact discovery.

f.     Requests to admit pursuant to Fed. R. Civ. P. 36 shall be served no earlier than two (2) weeks prior to the close of fact discovery.

g.     Except as specifically provided in Paragraph 8(a)(i) & (ii), the deadline for substantial completion of document production shall be six (6) months after service of the parties' requests for production; however, documents shall be produced on a rolling basis wherever practicable.  The parties shall produce privilege logs within sixty (60) days following the deadline for substantial completion of a document production.

h.     Any of the deadlines in paragraph 8(b)-(g) may be extended by the written consent of all parties without application to the Court, provided that all fact discovery is completed by the date set forth in paragraph 8(a).

i.     The parties shall coordinate the preparation and service of joint discovery requests on an adverse party to the extent practicable to avoid unnecessary duplication.

*Defendants' Position*:

a.     Subject to resolution of any request by the U.S. Department of Justice that discovery in this action be stayed, fact discovery shall proceed in two phases in order to ensure that class certification issues are resolved at "an early practicable time."  Fed. R. Civ. P. 23(c)(1)(A).  The first phase ("Phase 1") shall commence on the date of this Order, shall be completed in a period not to exceed twelve (12) months and shall be subject to certain limitations, as set forth herein.  During Phase 1, requests for the production of documents pursuant to Fed. R. Civ. P. 34, to the extent the requests are directed to a defendant, shall be limited to (1) documents drawn from materials already

provided to U.S. government or regulatory authorities in connection with those authorities' investigations of foreign exchange trading), and (2) transactional data from the past six years.  After the completion of Phase 1, plaintiffs will submit a motion for class certification, pursuant to the schedule set out in Paragraph 8B below.  After a decision is entered on plaintiffs' motion for class certification, the parties will meet and confer and will submit to the Court a proposed schedule for any remaining discovery ("Phase 2") to be completed in advance of trial.

b.      Initial disclosures pursuant to Fed. R. Civ. P. 26(a)(1)(A)(i), (ii), (iii) and (iv) shall be completed no later than sixty (60) days from the date of this Order, unless otherwise agreed by the parties.

c.      Initial requests for the production of documents pursuant to Fed. R. Civ. P. 34 shall be served no later than thirty (30) days from the date of this Order, unless otherwise agreed by the parties.

d.      During Phase 1, interrogatories pursuant to Fed. R. Civ. P. 33 shall be served no earlier than two (2) months after the commencement of Phase 1 and no later than two (2) months prior to the close of Phase 1, unless otherwise agreed by the parties.

e.      During Phase 1, depositions pursuant to Fed. R. Civ. P. 30 and/or 31 shall be completed no later than the close of Phase 1, unless the parties agree otherwise.

f.      Requests to admit pursuant to Fed. R. Civ. P. 36 shall not be served during Phase 1, unless the parties agree otherwise.

g.      The deadline for substantial completion of initial document production shall be six (6) months after service of the parties' initial requests for production; however, documents shall be produced on a rolling basis wherever practicable.

Following the deadline for substantial completion of initial document production, the parties shall meet and confer to agree upon a schedule for the production of privilege logs.

h.      Any of the deadlines in paragraph 8(b)-(g) may be extended by the written consent of all parties without application to the Court, provided that all Phase 1 discovery is completed in accordance with the schedule forth in paragraph 8(a).

i.      The parties shall coordinate the preparation and service of joint discovery requests on an adverse party to the extent practicable to avoid unnecessary duplication.

**8A.    Changes to Limitations on Discovery**.

*Plaintiffs' Position*:

a.      This case shall be exempted from Judge Schofield's Rule II.A.1, which imposes specified limits on electronic discovery.

b.      This case shall be exempted from Fed. R. Civ. P. 30(a)(2)(A), limiting the number of depositions, without leave of Court, to ten (10) depositions.  Within 30 days after the later of a) service of initial disclosures pursuant to Fed. R. Civ. P. 26(a)(1)(A), or b) a Rule 16(f) conference regarding the custodians who authored, received, or manage relevant documents or structured data, the parties shall meet and confer concerning the appropriate number of party and non-party fact depositions.  To the extent the parties cannot reach an agreement within (30) days, the parties shall submit to the Court a joint letter setting forth the basis for the parties' disagreement(s).

c.      The limit of twenty-five (25) interrogatories that may be served by or on any "party" under Fed. R. Civ. P. 33(a) shall be deemed to apply to the aggregate number

of interrogatories that (i) all defendants, collectively, may serve on any one plaintiff; and that (ii) all plaintiffs, collectively, may serve on any one defendant.

d.     There shall be no contention interrogatories.  Accordingly, this case shall not be governed by Local Civil Rule 33.3(c).

*Defendants' Position*:

a.     Rule II.A.1 of the Court's Individual Rules and Procedures for Civil Cases, which imposes specified limits on electronic discovery, shall apply to discovery during Phase 1.  Following the close of Phase 1 discovery and the Court's ruling on class certification, the parties shall meet and confer regarding the application of the Court's Individual Rules and Procedures for Civil Cases to discovery during Phase 2, if any.

b.     This case shall be exempted from Fed. R. Civ. P. 30(a)(2)(A), limiting the number of depositions, without leave of Court, to ten (10) depositions.

i.     Other than for good cause shown, during Phase 1, Plaintiffs, collectively, will be limited to depositions of two (2) fact witnesses from each Defendant and five (5) non-party fact witnesses.  Defendants, collectively, will be limited to depositions of two (2) fact witnesses from each Plaintiff, including any named Plaintiffs, and five (5) non-party fact witnesses.  Any party may petition the Court for permission to take additional depositions, for good cause shown.

ii.     Following the close of Phase 1 and the Court's ruling on class certification, the parties shall meet and confer concerning the number of additional depositions, if any, of fact witnesses to be conducted during Phase 2.

c.     During Phase 1, the limit of twenty-five (25) interrogatories that may be served by or on any "party" under Fed. R. Civ. P. 33(a) shall be deemed to apply to the

aggregate number of interrogatories that (i) all defendants, collectively, may serve on any one plaintiff; and that (ii) all plaintiffs, collectively, may serve on any one defendant.

**8B.** **Schedule**.

*Plaintiffs' Position*:

The following schedule shall apply for class certification and expert discovery.

| | |
|---|---|
| Motion for class certification and supporting affidavits or reports filed (expert depositions to occur within 45 days of filing of supporting affidavits or reports) | 60 days after close of fact discovery |
| Class certification opposition and any supporting affidavits or reports filed (expert depositions to occur within 45 days of filing of supporting affidavits or reports) | 60 days after motion filed |
| Class certification reply and any supporting reply affidavits or reports filed (expert depositions to occur within 45 days of filing of supporting affidavits or reports) | 60 days after opposition filed |
| Plaintiffs' opening merits expert reports served | 60 days after class certification briefing completed |
| Defendants' merits expert reports served | 60 days after plaintiffs' opening reports |
| Plaintiffs' reply merits expert reports served | 60 days after defendants' reports |
| Deadline for completion of expert depositions on merits reports | 30 days after plaintiffs' reply reports |

*Defendants' Position*:

The following schedule shall apply for class certification and related expert discovery. Following the close of Phase 1 and the Court's ruling on class certification, the parties shall meet and confer regarding and submit a proposed order concerning the schedule for and scope of additional fact or expert discovery, if any, to be conducted during Phase 2.

| | |
|---|---|
| Motion for class certification and supporting affidavits or reports filed (expert depositions to occur within 45 days of filing of supporting affidavits or reports) | 60 days after close of Phase 1 discovery |
| Class certification opposition and any supporting affidavits or reports filed (expert depositions to occur within 45 days of filing of supporting affidavits or reports) | 90 days after motion filed |

| Class certification reply and any supporting reply affidavits or reports filed (expert depositions to occur within 45 days of filing of supporting affidavits or reports) | 60 days after opposition filed |
|---|---|

**8C.**     **<u>E-discovery Protocol</u>**.  The parties shall agree on a written e-discovery protocol within ninety (90) days of the date of this Order.  To the extent the parties cannot agree on specific terms of the protocol, within ninety (90) days of the date of this Order, the parties shall jointly submit a document that clearly identifies each side's respective position together with a joint letter setting forth the basis for the parties' disagreement(s).

**8D.**     **<u>Protective Order and Non-Waiver Agreement</u>**.   The parties shall submit proposed forms of protective and non-waiver/clawback agreements (and any proposed forms of order) within thirty (30) days of the date of this Order.  To the extent the parties cannot agree on specific terms of the protective and non-waiver/clawback agreements (and any proposed forms of order), within thirty (30) days of the date of this Order, the parties shall jointly submit a document that clearly identifies each side's respective position together with a joint letter setting forth the basis for the parties' disagreement(s).

**9.**     **<u>Expert Discovery</u>**.

*<u>Plaintiffs' Position</u>*:

a.     Expert discovery shall be completed in accordance with the schedule set forth in paragraph 8B above.

b.     By no later than one month before the deadline for the completion of fact discovery, the parties shall meet and confer on matters pertaining to expert discovery, including the production of materials relied on by experts and scheduling of expert depositions.

*<u>Defendants' Position</u>*:

a. Expert discovery with respect to class certification shall be completed in accordance with the schedule set forth in paragraph 8B above.

b. By no later than one month before the deadline for the completion of Phase 1, the parties shall meet and confer on matters pertaining to expert discovery, including the production of materials relied on by experts and scheduling of expert depositions.

**10.** **Trial by Jury**. Plaintiffs have demanded a jury trial. Defendants reserve all their rights on this issue.

**11.** **Estimated Length of Trial**. Due to the complexity and number of issues requiring resolution in this action, the parties believe it is premature at this time to estimate the length of trial.

**12.** **Other Issues**. Other issues to be addressed at the Initial Pretrial Conference, including those set forth in Fed. R. Civ. P. 26(f)(3), are set forth herein.

**13.** **Status Letters and Conferences**.

*Plaintiffs' Position*:

a. The Court will schedule bimonthly status conferences during the fact discovery period. Seven (7) days prior the conference, the parties shall submit a joint status letter explaining what discovery has taken place, what discovery remains, any disputes, how the parties are acting diligently to meet the discovery deadline, and other scheduling or discovery issues. If a status conference is not needed, the parties shall so advise the Court in their joint letter.

b. By ninety (90) days after the date established for the substantial completion of document productions, all counsel must confer to discuss settlement jointly

and jointly advise the Court in writing whether or not they request a referral for settlement discussions as provided in paragraph 4 above.

c. On _____ __, 2015 at __:__ _., the Court shall hold a case management conference, which shall serve either as a pre-motion conference for any party intending to file a summary judgment motion, or a scheduling conference for trial.

   i. A party wishing to file a summary judgment motion shall file a pre-motion letter, and any party wishing to oppose also shall file a letter at the times and in the form provided in the Court's Individual Rule III.A.1. The Court will set the briefing schedule at the conference. The Court will set a firm trial date after a decision on any summary judgment motion.

   ii. If no pre-motion letters are timely filed, at the Case Management Conference, the Court will set dates for a final pre-trial order, other trial submissions, a final pre-trial conference and trial. The trial date will be firm.

*Defendants' Position*:

a. Status conferences shall be scheduled at the Court's discretion. Seven (7) days prior to any status conference, the parties shall submit a joint status letter explaining what discovery has taken place, what discovery remains, any disputes, how the parties are acting diligently to meet the discovery deadline, and other scheduling or discovery issues. If a status conference is not needed, the parties shall so advise the Court in their joint letter.

b. After a decision is entered on plaintiffs' motion for class certification, the parties will meet and confer and will submit to the Court a proposed schedule for the remainder of the case, which shall include a proposed date by which all counsel must

meet and confer to discuss settlement and jointly advise the Court in writing whether or not they request a referral for settlement discussions as provided in Paragraph 4 above.

c.       After a decision is entered on plaintiffs' motion for class certification, the parties will meet and confer and will submit to the Court a proposed schedule for the remainder of the case, which shall include a proposed date by which a case management conference shall be held. The conference will serve either as a pre-motion conference for any party seeking to file a summary judgment motion, or a scheduling conference for trial.

i.       A party wishing to file a summary judgment motion shall file a pre-motion letter, and any party wishing to oppose also shall file a letter at the times and in the form provided in the Court's Individual Rule III.A.1. The Court will set the briefing schedule at the conference. The Court will set a firm trial date after a decision on any summary judgment motion.

ii.       If no pre-motion letters are timely filed, at the Case Management Conference, the Court will set dates for a final pre-trial order, other pretrial submissions, a final pre-trial conference and trial. The trial date will be firm.

Except as provided in paragraph 8(h) above, this Order may not be modified or the dates herein extended, except by further Order of this Court. Any application to modify or extend the dates herein (except as provided in paragraph 8(h) above), shall be made in a written application in accordance with the Court's Individual Rules and shall be made no less than two (2) business days prior to the expiration of the date sought to be extended.

The Clerk of the Court is directed to enter the dates under paragraphs 8, 8B, 8C, 8D, 9, and 13 into the Court's calendar.

**SO ORDERED**:

Dated: _____
New York, New York

_____
Hon. Lorna G. Schofield
United States District Judge

  s/ Christopher M. Burke
SCOTT+SCOTT, ATTORNEYS AT LAW, LLP
CHRISTOPHER M. BURKE (*pro hac vice*)
WALTER W. NOSS (*pro hac vice*)
KRISTEN M. ANDERSON (*pro hac vice*)
707 Broadway, Suite 1000
San Diego, CA 92101
Telephone: 619-233-4565
Facsimile:  619-233-0508
cburke@scott-scott.com
wnoss@scott-scott.com
kanderson@scott-scott.com

        -and-

SCOTT+SCOTT, ATTORNEYS AT LAW, LLP
DAVID R. SCOTT (DS-8053)
WILLIAM C. FREDERICKS (WF-1576)
JOSEPH P. GUGLIELMO (JG-2447)
DONALD A. BROGGI (DB-9661)
SYLVIA SOKOL (SS-0317)
THOMAS K. BOARDMAN (TB-0530)
The Chrysler Building
405 Lexington Avenue, 40th Floor
New York, NY 10174
Telephone: 212-223-6444
Facsimile:  212-223-6334
david.scott@scott-scott.com
jguglielmo@scott-scott.com
dbroggi@scott-scott.com
ssokol@scott-scott.com
tboardman@scott-scott.com

HAUSFELD LLP
MICHAEL D. HAUSFELD
WILLIAM P. BUTTERFIELD
REENA ARMILLAY GAMBHIR
TIMOTHY S. KEARNS
NATHANIEL C. GIDDINGS
1700 K Street, NW, Suite 650
Washington, DC 20006
Telephone: 202-540-7143
Facsimile: 202-5407201
mhausfeld@hausfeldllp.com
wbutterfield@hausfeldllp.com
rgambhir@hausfeldllp.com
tkearns@hausfeldllp.com
ngiddings@hausfeldllp.com

 -and-

HAUSFELD LLP
MICHAEL LEHMAN
CHRISTOPHER LEBSOCK
44 Montgomery Street, Suite 3400
San Francisco, CA 94104
Telephone: 415-633-1949
Facsimile: 415-693-0770
mlehman@hausfeldllp.com
clebsock@hausfeldllp.com

*Interim Co-Lead Counsel*

SHEARMAN & STERLING LLP
ADAM F. HAKKI
RICHARD F. SCHWED
JEFFREY J. RESETARITS
599 Lexington Avenue
New York, NY 10022
Telephone: (212) 848-4000
ahakki@shearman.com
rschwed@shearman.com

*Attorneys for Defendant Bank of America Corporation and Bank of America, N.A.*

SULLIVAN & CROMWELL LLP
YVONNE S. QUINN
DAVID H. BRAFF
JEFFREY T. SCOTT
125 Broad Street
New York, NY 10004
Telephone:  (212) 558-4000
quinny@sullcrom.com
braffd@sullcrom.com
scottj@sullcrom.com

*Attorneys for Defendant Barclays Bank PLC and Barclays Capital Inc.*

ALLEN & OVERY LLP
DAVID C. ESSEKS
BRIAN DE HAAN
1221 Avenue of the Americas
New York, NY 10020
Telephone:  (212) 610-6300
david.esseks@allenovery.com
brian.deHaan@allenovery.com

JOHN TERZAKEN
110 1 New York Avenue
Washington, DC 20005
Telephone:  (202) 683-3800
john.terzaken@allenovery.com

*Attorneys for Defendant BNP Paribas*

COVINGTON & BURLING LLP
ANDREW A. RUFFINO
The New York Times Building
620 Eighth Avenue
New York, NY 10018
Telephone: (212) 841-1000
aruffino@cov.com

ALAN M. WISEMAN
THOMAS A. ISAACSON
ANDREW D. LAZEROW
850 Tenth Street N.W.
Washington, DC 20001
Telephone: (202) 662-6000
awiseman@cov.com
tisaacson@cov.com
alazerow@cov.com

*Attorneys for Defendants Citibank, N.A., Citigroup Inc., and Citigroup Forex, Inc.*

CAHILL GORDON & REINDEL LLP
DAVID G. JANUSZEWSKI
HERBERT S. WASHER
ELAI KATZ
JASON M. HALL
80 Pine Street
New York, NY 10005
Telephone: (212) 701-3000
Facsimile: (212) 269-5420
djanuszewski@cahill.com
hwasher@cahill.com
ekatz@cahill.com
jhall@cahill.com

*Attorneys for Defendants Credit Suisse Securities (USA) LLC and Credit Suisse Group AG*

KIRKLAND & ELLIS LLP
JOSEPH SERINO, JR., P.C.
ERIC F. LEON, P.C.
601 Lexington Avenue
New York, NY 10022
Telephone :  (212) 446-6425
Facsimile :  (212) 446-6460
joseph.serino@kirkland.com
eric.leon@kirkland.com

ROBERT KHUZAMI
G. PATRICK MONTGOMERY
655 Fifteenth Street, N.W.
Washington, DC 20005-5793
Telephone :  (202) 879-5000
Facsimile :  (202) 879-5200
robert.khuzami@kirkland.com
patrick.montgomery@kirkland.com

*Attorneys for Defendant Deutsche Bank AG*

CLEARY GOTTLIEB STEEN & HAMILTON LLP
THOMAS J. MOLONEY
VICTOR L. HOU
ELIZABETH VICENS
ANDREW DARCY
One Liberty Plaza
New York, NY 10006
Telephone:  (212) 225-2000
Facsimile:  (212) 225-3999
tmoloney@cgsh.com
vhou@cgsh.com
evicens@cgsh.com
adarcy@cgsh.com

*Attorneys for Defendants The Goldman Sachs Group, Inc. and Goldman, Sachs & Co.*

LOCKE LORD LLP
EDWIN R. DEYOUNG
GREGORY T. CASAMENTO
3 World Financial Center
New York, NY 10281
Telephone: (212) 812-8325
Fax: (212) 812-8385
edeyoung@lockelord.com
gcasamento@lockelord.com

*Attorneys for Defendants HSBC HOLDINGS PLC and HSBC BANK PLC*

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
PETER E. GREENE
BORIS BERSHTEYN
PETER S. JULIAN
Four Times Square
New York, New York 10036
Telephone: (212) 735-3000
Facsimile: (212) 735-2000
peter.greene@skadden.com
boris.bershteyn@skadden.com
peter.julian@skadden.com

PATRICK FITZGERALD
155 N. Wacker Drive
Suite 2700
Chicago, Illinois 60606
Telephone: (312) 407-0508
Facsimile: (312) 407-0411
patrick.fitzgerald@skadden.com

*Attorneys for Defendants JPMorgan Chase & Co. and JPMorgan Chase Bank, N.A.*

WACHTELL, LIPTON, ROSEN & KATZ
JONATHAN M. MOSES
KEIA D. COLE
51 West 52nd Street
New York, NY 10019
Telephone: (212) 403-1000
Fax: (212) 403-2000
JMMoses@wlrk.com
KDCole@wlrk.com

*Attorneys for Defendant Morgan Stanley*

DAVIS POLK & WARDWELL LLP
ARTHUR J. BURKE
GREG D. ANDRES
CHARLES SHIOLENO
450 Lexington Avenue
New York, NY 10017
Telephone:  (212) 450-4000
Facsimile:  (212) 450-4800
arthur.burke@davispolk.com
greg.andres@davispolk.com
charles.shioleno@davispolk.com

*Attorneys for Defendant The Royal Bank of Scotland Group plc*

GIBSON, DUNN & CRUTCHER LLP
JOEL S. SANDERS
555 Mission Street
San Francisco, CA 94105
Telephone:  (415) 393-6268
Facsimile (415) 374-8439
jsanders@gibsondunn.com

PETER SULLIVAN
RACHEL A. LAVERY
200 Park Avenue
New York, NY 10166
Telephone:  (212) 351-4000
Facsimile:  (212) 351-6370
psullivan@gibsondunn.com

JOSHUA H. SOVEN
1050 Connecticut Avenue, N.W.
Washington, DC 20036
Telephone:  (202) 955-8503
Facsimile:  (202) 530-9518
jsoven@gibsondunn.com

*Attorneys for Defendants UBS AG*
*and UBS Securities, LLC*