

February 20, 2015

<u>**VIA ECF**</u>

Honorable Lorna G. Schofield
U.S. District Court,
Southern District of New York
Thurgood Marshall Courthouse
40 Foley Square
New York, NY 10007

      Re:    *In re Foreign Exchange Benchmark Rates Antitrust Litigation*
              Case No. 1:13-cv-07789-LGS (S.D.N.Y.)

Dear Judge Schofield:

      Plaintiffs write to respond to the blanket discovery stay requested by the U.S. Department of Justice ("DOJ"). Plaintiffs propose a limited, staged stay of the civil proceedings, which would allow for attorney proffers from any settling Defendants, development of e-discovery protocols and other foundational discovery stipulations, production of transaction data from all Defendants, and review of any further extension of a limited stay in three months instead of six. Plaintiffs do not believe this proposal would interfere with the integrity of DOJ's investigation. The proposal will, however, allow Plaintiffs' case to proceed in an efficient and orderly fashion, materially advancing the final resolution of Plaintiffs' claims. Accordingly, Plaintiffs respectfully request that the Court modify DOJ's requested discovery stay as set forth below.

      First, during the three-month stay, the Court should allow settling Defendants to provide agreed-upon cooperation, limited specifically to attorney proffers and transaction data. Notably, attorney proffers and the production of transaction data pursuant to settlement agreement cooperation provisions have already commenced with DOJ's knowledge and without prejudice to DOJ's investigation. To that end, Plaintiffs and JPMorgan are scheduled to meet in the coming weeks to continue discussions of data issues.

      Depriving Plaintiffs of access to settlement cooperation will prejudice the Class. Plaintiffs negotiated extensive settlement cooperation provisions with the understanding that early-stage cooperation would provide substantial benefits to the Class. A blanket stay blocking this information would largely negate this critical settlement consideration. The stay would also prolong the settlement process because access to proffers and transactional data is necessary for the development of the Plan of Distribution and notice program. Without a settling Defendant's transaction data, the Plan of Distribution, notice, and distribution of economic relief to the Class will be delayed.

      Moreover, access to settlement cooperation improves Plaintiffs' understanding of Defendants' conduct and therefore strengthens Plaintiffs' ability to negotiate more valuable settlements for the Class. Information in proffers would also be integral to the drafting of any amended complaint. Furthermore, access to cooperation allows Plaintiffs to streamline their

February 20, 2015
Page 2

future litigation efforts, including discovery, once the stay is lifted. Denying Plaintiffs access to cooperation would also frustrate, if not foreclose, other settlements during the term of the stay because cooperation is often a critical component of antitrust settlements. In sum, a blanket stay would inhibit settlement discussions and the prosecution of Plaintiffs' claims.

Second, the Court should allow the parties to negotiate appropriate foundational stipulations, such as an e-discovery protocol and protective order. The negotiation of foundational stipulations in no way impacts DOJ's investigation. While DOJ's request for a stay does not appear to encompass stopping such negotiations, Plaintiffs request that the Court clarify that such activities should proceed.

Third, the Court should narrow the scope of the requested stay by permitting Plaintiffs to take discovery of transaction data from Defendants. Transaction data, which provides volume and pricing information, would not implicate the concerns raised in DOJ's letter. However, negotiating and producing transaction data in this case will be a time-consuming task. Given the transaction data's importance to proving key elements of Plaintiffs' civil claims, especially impact and damages, and the length of time required to obtain and analyze such data, Plaintiffs request that the Court order that discovery of transaction data may begin now.

Finally, the Court should limit the discovery stay to three months (rather than six months), subject to a further extension by DOJ for compelling reasons. Since the first complaint in this consolidated action was filed on November 1, 2013, no discovery has occurred for more than 15 months despite the fact that Plaintiffs have stated a valid claim for relief under Section 1 of the Sherman Act. DOJ's requested stay would extend the period of no discovery to almost two years.

Plaintiffs understand DOJ's concerns regarding the secrecy of its investigation. In response, Plaintiffs agree to postpone obtaining production of other documents, witness interviews, and testimony pursuant to any settlement agreements and in discovery until the end of DOJ's stay.

Plaintiffs respectfully submit that these proposed modifications balance DOJ's need for a secure investigation with Plaintiffs' need to prosecute their case in a timely fashion in order to obtain relief for the victims of Defendants' conduct.

Very truly yours,

| HAUSFELD LLP | SCOTT+SCOTT, ATTORNEYS AT LAW, LLP |
|---|---|
| /s/Michael D. Hausfeld | /s/Christopher M. Burke |
| Michael D. Hausfeld | Christopher M. Burke |
| 1700 K Street, NW, Suite 650 | 707 Broadway, Suite 1000 |
| Washington, DC 20006 | San Diego, CA 92101 |
| Telephone: 202-540-7143 | Telephone: 619-233-4565 |
| mhausfeld@hausfeldllp.com | cburke@scott-scott.com |

*Interim Co-Lead Class Counsel*

February 20, 2015
Page 3

cc (via email): U.S. Department of Justice, Antitrust Division, New York Office
  Benjamin Sirota, Trial Attorney
  Carrie A. Syme, Trial Attorney
    U.S. Department of Justice, Fraud Section, Criminal Division
      Gary A. Winters, Trial Attorney