

**CHRISTOPHER M. BURKE**

**Writer's Direct Dial Number**
**(619) 798-5300**

**Writer's Direct Email Address**
**cburke@scott-scott.com**

June 12, 2015

<u>**VIA ECF**</u>

The Honorable Lorna G. Schofield
United States District Court
Southern District of New York
40 Foley Square
New York, New York 10007

      Re:    *In re Foreign Exchange Benchmark Rates Antitrust Litigation*
             No. 13-cv-7789 (S.D.N.Y.)

Dear Judge Schofield,

      Pursuant to Section III.A(1) of Your Honor's Individual Rules and Procedures For Civil Cases, Plaintiffs respectfully request a pre-motion conference to seek leave to file a motion to file a Second Consolidated Amended Class Action Complaint ("Second Amended Complaint"). Plaintiffs seek to (1) conform allegations to evidence that has been provided pursuant to cooperative obligations with settling Defendants, in guilty pleas obtained by the U.S. Department of Justice, and in findings by other government regulators; (2) to update other allegations; (3) to name additional parties (including both plaintiffs and defendants); and (4) to add claims under the Commodity Exchange Act ("CEA"). These amendments are largely based on information that only became available *after* the filing of the Consolidated Amended Class Action Complaint (the "Complaint"). Because the proposed amendments are timely, not unduly prejudicial to Defendants, and meet all applicable pleading standards, leave to amend should be granted upon Plaintiffs' motion.

      Federal Rule of Civil Procedure 15(a)(2) permits a plaintiff to amend its complaint "with the opposing party's written consent or the court's leave." "The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). "The purpose of Rule 15 is to provide maximum opportunity for each claim to be decided on its merits rather than on procedural technicalities." *Slayton v. Am. Express Co.*, 460 F.3d 215, 228 (2d Cir. 2006) (internal quotations omitted). Also, "judicial efficiency weighs in favor of allowing" amendments. *A.V.E.L.A., Inc. v. Estate of Marilyn Monroe*, 34 F. Supp. 3d 311, 318 (S.D.N.Y. 2014). To the extent that a proposed amendment would add new parties, the motion is governed by Federal Rule of Civil Procedure 21, which provides that "[o]n motion or on its own, the court may at any time, on just terms, add or drop a party." *See FTP Corp. v. Banker's Trust Co.*, 954 F. Supp.

The Honorable Lorna G. Schofield
June 12, 2014
Page 2

106, 109 (S.D.N.Y. 1997) (adding a proper party "would further the policy of judicial efficiency.").

A motion to amend should only be denied for good reasons such as "undue delay, bad faith, futility of the amendment, and perhaps most important, the resulting prejudice to the opposing party." *State Teachers Ret. Bd. v. Fluor Corp.*, 654 F.2d 843, 856 (2d Cir. 1981); *see Block v. First Blood Assocs.*, 988 F.2d 344, 350 (2d Cir. 1993) ("[T]he rule in [the Second] Circuit has been to allow a party to amend its pleadings in the absence of a showing by the nonmovant of prejudice or bad faith."). An amendment would be prejudicial to a nonmoving party if "the new claim would: (i) require the opponent to expend significant additional resources to conduct discovery and prepare for trial; (ii) significantly delay the resolution of the dispute; or (iii) prevent the plaintiff from bringing a timely action in another jurisdiction." *Id*.

Plaintiffs' request to amend is timely and is made in good faith. As mentioned above, Plaintiffs seek to amend to include new allegations based on information that was unavailable to them at the time they filed the operative complaint. As Plaintiffs have advised the Court, JPMorgan, UBS, Bank of America, Citigroup, and other Defendants ("Settling Defendants") have settled the litigation. As part of these settlements, the Settling Defendants have begun to provide vital information that explains the full import of Defendants' conduct in the FX market.

Based upon information received from Settling Defendants, as well as information in the plea agreements, Plaintiffs can now plausibly allege that the Defendants conspired to fix FX prices through collusion with respect to key benchmark rates (including, but not limited to, the WM/Reuters Closing Spot Rates) and bid/ask spreads on multiple currency pairs throughout the trading day. These proposed new allegations will set forth both direct and strong circumstantial evidence of Defendants' FX conspiracy.

Plaintiffs also seek to add additional Defendants and other corporate subsidiaries of previously named Defendants as defendants in this litigation. Information received from cooperating Defendants shows that these additional defendants participated in the conspiracy, and are jointly and severally liable for the unlawful conduct.

In addition, Plaintiffs propose to add new claims under the CEA, 7 U.S.C. §§1, *et seq.*, for, among other things, manipulating FX Futures prices. These counts include allegations that Defendants unlawfully and artificially manipulated FX spot currency prices, which had effects not only impacting spot trading, but also the prices of FX instruments traded on centralized exchanges. As a result, various members of the existing Class and additional Plaintiffs who would be named in the amended complaint transacted FX exchange-traded futures and options at artificial and unlawful prices and were damaged by Defendants' violations of the CEA.

The proposed allegations readily meet the standard for proper pleading under Federal Rule of Civil Procedure 8 and plainly state claims under the antitrust laws. *See, e.g., In re Elec. Books Antitrust Litig.*, 859 F. Supp. 2d 671, 680-81 (S.D.N.Y. 2012). Moreover, the proposed amendments meet the pleading requirements of a claim for relief under the CEA, including the specificity required by Federal Rule of Civil Procedure 9(b). Significantly, this Court already

The Honorable Lorna G. Schofield
June 12, 2014
Page 3

entirely denied Defendants' motion to dismiss the operative complaint on January 28, 2015; the proposed amendments will simply serve to enhance the merits of the case and will likewise survive on any renewed motion to dismiss by Defendants. *See Ricciuti v. N.Y.C. Transit Auth.*, 941 F.2d 119, 123 (2d Cir. 1991) (noting that futility is assessed under the standard for a Rule 12(b)(6) motion to dismiss.).

The proposed amendments are not unduly prejudicial to Defendants as full fact discovery has been stayed until at least September 23, 2015. *See Scott v. Chipotle Mexican Grill, Inc.*, 300 F.R.D. 193, 200 (S.D.N.Y. 2014) (noting that a court is more likely to find an amendment prejudicial if discovery has closed). There will be no need to reschedule depositions, change existing discovery schedules, or expend significant additional resources to conduct discovery. *See, e.g., State Farm Mut. Auto. Ins. Co. v. CPT Med. Servs., P.C.*, 246 F.R.D. 143, 149 (E.D.N.Y. 2007) (concluding that the proposed amendments created no prejudice where "the only discovery that has been completed was conducted in an effort to determine the proper parties to this action, and significant discovery on the merits has yet to commence"); *AEP Energy Servs. Gas Holding Co. v. Bank of America, N.A.*, 626 F.3d 699, 725-26 (2d Cir. 2010) (finding no prejudice where amendments would not require parties to expend "significant additional resources to conduct discovery and prepare for trial.") (internal quotations omitted). Accordingly, Defendants will have sufficient time and opportunity to respond to the additional allegations pled by Plaintiffs.

As further evidence that the proposed amendments are not unduly prejudicial, each of the Defendants either does not oppose the filing of the Second Amended Complaint (Defendants The Goldman Sachs Group, Inc., JPMorgan Chase & Co., UBS AG, Royal Bank of Scotland Group PLC, Citigroup, Inc., Bank of America Corporation, and Barclays Bank PLC) or has taken no position with respect to its filing (Defendants HSBC Holdings PLC, BNP Paribas Group, Credit Suisse Group AG, Deutsche Bank AG, and Morgan Stanley).

In stark contrast, Plaintiffs would be prejudiced if the Court denied leave to amend here when considering the significant facts that have come to light since the Complaint was filed in March 2014 and after obtaining critical information from Settling Defendants. This is the rare civil case where Settling Defendants have not only confirmed what Plaintiffs originally pled, but have provided information far beyond. To deny Plaintiffs the opportunity to plead this new information so that they might maximize their recovery from Defendants' unlawful conspiracy, would cause substantial prejudice to injured class members. *See In re Enron Corp. Sec., Deriv. & ERISA Litig.*, 2011 U.S. Dist. LEXIS 93223, at *77 (S.D. Tex. Aug. 9, 2011) (prejudice occurs when plaintiffs are "never given the opportunity to test their claims.").

Under these circumstances, the addition of new factual allegations, additional defendants, and new statutory counts will have no undue prejudicial effect on Defendants. Accordingly, Plaintiffs will respectfully request that the Court grant Plaintiffs leave to amend the Complaint at the pre-motion conference.

The Honorable Lorna G. Schofield
June 12, 2014
Page 4

Very truly yours,

| HAUSFELD LLP | SCOTT+SCOTT, ATTORNEYS AT LAW, LLP |
|---|---|
| */s/*Michael D. Hausfeld | */s/*Christopher M. Burke |
| Michael D. Hausfeld | Christopher M. Burke |
| 1700 K Street, NW, Suite 650 | 707 Broadway, Suite 1000 |
| Washington, DC 20006 | San Diego, CA 92101 |
| Telephone: 202-540-7143 | Telephone: 619-233-4565 |
| mhausfeld@hausfeldllp.com | cburke@scott-scott.com |

*Interim Co-Lead Class Counsel*