June 19, 2015

Via ECF

The Honorable Lorna G. Schofield
United States District Judge
Southern District of New York
40 Foley Square
New York, New York  10007

   Re: *In re Foreign Exchange Benchmark Rates Antitrust Litigation*, 13 Civ. 7789
     (LGS)

Dear Judge Schofield:

   Pursuant to Section III.A(1) of Your Honor's Individual Rules and Procedures for Civil
Cases, defendants Credit Suisse, Deutsche Bank and Morgan Stanley (the "Non-Settling
Defendants") write in response to Plaintiffs' letter dated June 12, 2015 (Dkt. No. 297), which
seeks permission to move for leave to amend the Consolidated Amended Class Action
Complaint in the above matter.  As a threshold matter, it is difficult to address Plaintiffs' request
because we have not yet seen the proposed amended complaint.  Thus, for purposes of this letter,
we are forced to rely on Plaintiffs' description of their proposed amendments in Dkt. Nos. 296
and 297.  We address herein some of the issues we have identified based on Plaintiffs'
description, but we reserve the right to identify additional issues once a proposed complaint is
provided.

   Under Federal Rule of Civil Procedure 15(a)(2), leave to amend shall be freely given
absent "futility, bad faith, undue delay, or undue prejudice to the opposing party."
*TechnoMarine SA v. Giftports, Inc.*, 758 F.3d 493, 505 (2d Cir. 2014) (quoting *McCarthy v. Dun
& Bradstreet Corp.*, 482 F.3d 184, 200 (2d Cir. 2007)).  Based on Plaintiffs' description in Dkt.
Nos. 296-297 of their proposed pleading, Plaintiffs' request to amend their complaint would be
exposed as futile on a motion to dismiss and, thus, contravene Rule 15(a)(2).[1]

   <u>First</u>, Plaintiffs' proposal to add a series of claims under the anti-manipulation rules of the
Commodity Exchange Act ("CEA") for allegedly "manipulating FX Futures prices" is futile
because those claims fail on their face.  (Dkt. No. 297 at 2.)  For example, whether the new CEA
claims are for price manipulation, manipulative device, or both, a strong inference of scienter is
required.  *See In re Amaranth Natural Gas Commodities Litig.*, 730 F.3d 170, 183 (2d Cir.
2013).  In addition, because all of these CEA claims sound in fraud, Plaintiffs must meet the
heightened pleading requirements of Federal Rule of Civil Procedure 9(b).  *See In re LIBOR-*

---

[1] Plaintiffs' statement that the Non-Settling Defendants have taken no position with respect to an amended
complaint does not accurately reflect our position.  The Non-Settling Defendants informed Plaintiffs that we
could not take a position with respect to amendment before seeing the proposed amended complaint.  This is
particularly so with respect to Plaintiffs' expressed intention to add claims pertaining to the bid-ask spreads
offered all day by all defendants in all markets; it is impossible to gauge the prejudice or futility of such an
amendment without seeing it.

*Based Fin. Instruments Antitrust Litig.*, 935 F. Supp. 2d 666, 713-14 (S.D.N.Y. 2013).  Plaintiffs acknowledge this heightened burden (*see* Dkt. No. 297 at 2), but note that "this Court already entirely denied Defendants' motion to dismiss the operative complaint on January 29, 2015," (*id*). Of course, that operative complaint, which did not include CEA claims, was not subject to Rule 9(b) scrutiny.

In addition, the operative complaint focused on defendants who have since reportedly entered into proposed settlements of this consolidated case, settled with worldwide regulators for billions of dollars, and pled guilty to criminal conspiracy.  Plaintiffs cannot possibly rely on allegations concerning these settling defendants to establish scienter or meet their heightened pleading burden with respect to the Non-Settling Defendants.  Significantly, none of the Non-Settling Defendants is alleged to have participated in any of the notorious chat rooms referenced in the complaint, including "The Mafia," "The Cartel" or the "The Bandits' Club."  None of the Non-Settling Defendants has settled FX issues with any regulatory entity.  And none of the Non-Settling Defendants has pled guilty to a criminal charge of collusion or conspiracy relating to the FX market.  No proposed amended pleading can change these dispositive facts.

<u>Second</u>, as we understand the proposed amendment, Plaintiffs seek to broaden their existing Sherman Act Section 1 claim to add new plaintiffs and to expand their putative class to encompass not only those parties who traded directly with defendants in the FX spot market, but also those parties who traded FX futures contracts and options over various centralized exchanges with non-defendants.  (*See* Dkt. No. 296 at 1-2; Dkt. No. 297 at 2 ("[A]dditional Plaintiffs who would be named in the amended complaint transacted FX exchange-traded futures and options.").)  This proposed amendment would be futile for at least two reasons.

To begin, by definition these new parties lack antitrust standing, which is a prerequisite to any claim under Section 1 of the Sherman Act.  *Gatt Commc'ns Inc. v. PMC Assocs., L.L.C.*, 711 F.3d 68, 75-76 (2d Cir. 2013).  In order to have antitrust standing, a party must show that it (a) suffered an antitrust injury, and (b) is an efficient enforcer of the federal antitrust laws.  *Id.* at 76. Plaintiffs' counsel in this consolidated case commenced this action, on behalf of a putative class that allegedly dealt directly with defendants in the FX spot market, back on November 1, 2013. The fact that it has taken counsel, which this Court has found to be both competent and sophisticated, more than 20 months to seek to assert claims on behalf of this new class of FX players suggests that these new plaintiffs are not the most efficient enforcers of the antitrust laws.[2]  This Court had no reason to consider these efficient enforcer issues in its prior motion to dismiss ruling as to the "direct dealing" plaintiffs, much less the proposed "exchange trading" plaintiffs.  (Dkt No. 242 at 20 n. 10.)[3]

Next, due to the lack of direct evidence or plausible circumstantial allegations linking these specific Non-Settling Defendants—as opposed to the settling defendants—to the alleged

---

[2]   It is also noteworthy that Plaintiffs are seeking leave to expand the putative class and add Commodity Exchange Act claims several months after the first futures complaint, including similar allegations, was filed.

[3]   While this point is for another day, it should be noted that the proposed amendments will make it that much harder for Plaintiffs to deal with the already challenging class certification issues here.

worldwide conspiracy, if Plaintiffs are granted leave to amend, this Court will likely need to revisit, at motion to dismiss, the more narrow question of whether the new amended complaint contains specific factual allegations of a contract, combination, or conspiracy in restraint of trade involving these Non-Settling Defendants. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007); *see also* 15 U.S.C. § 1.[4]

*          *          *

For the reasons set forth above, Plaintiffs' request for leave to amend their complaint yet again, in order to add parties, expand the putative class definition, broaden the scope of the Sherman Act conspiracy allegations and assert CEA claims for the first time, should be denied as futile.  Regardless, the Non-Settling Defendants should be given an opportunity to review the proposed complaint and oppose the proposed amendment and/or move to dismiss at that time. Respectfully submitted on behalf of the undersigned:

| | |
|---|---|
| CAHILL GORDON & REINDEL LLP | KIRKLAND & ELLIS LLP |
| By:  /s/ David G. Januszewski | By:  /s/ Joseph Serino, Jr. |
| David G. Januszewski | Robert Khuzami |
| Herbert S. Washer | Joseph Serino, Jr., P.C. |
| Elai Katz | Eric F. Leon, P.C. |
| Jason M. Hall | 601 Lexington Avenue |
| 80 Pine Street | New York, New York 10022 |
| New York, New York 10005 | Telephone: (212) 446-4800 |
| Telephone: (212) 701-3000 | Facsimile: (212) 446-4900 |
| Facsimile: (212) 269-5420 | robert.khuzami@kirkland.com |
| djanuszewski@cahill.com | joseph.serino@kirkland.com |
| hwasher@cahill.com | eric.leon@kirkland.com |
| ekatz@cahill.com | |
| jhall@cahill.com | G. Patrick Montgomery (*pro hac vice*) |
| | 655 Fifteenth Street, N.W. |
| *Attorneys for Defendants Credit Suisse* | Washington, D.C. 20005-5793 |
| *Group AG, Credit Suisse AG, and Credit* | Telephone: (202) 879-5000 |
| *Suisse Securities (USA) LLC* | Facsimile: (202) 879-5200 |
| | patrick.montgomery@kirkland.com |
| | |
| | *Attorneys for Defendant Deutsche Bank AG* |

---

[4]    There is also a risk that the proposed amendment could unfairly prejudice the Non-Settling Defendants, particularly in the current context, where the other defendants have all entered into proposed settlements with the Plaintiffs.  The Non-Settling Defendants cannot fully assess the extent of this risk at this time, however, and thus reserve all of their rights in regard to this issue.

3

WACHTELL, LIPTON, ROSEN & KATZ

By: /s/ Jonathan M. Moses

Jonathan M. Moses
Bradley R. Wilson
51 West 52nd Street
New York, NY 10019
Telephone:  (212) 403-1000
Facsimile:  (212) 403-2000
JMMoses@wlrk.com
BRWilson@wlrk.com
KDCole@wlrk.com

*Attorneys for Defendants Morgan Stanley
and Morgan Stanley & Co. LLC*