1211 Avenue of the Americas  212 755 0100
New York, New York 10036   graisellsworth.com

GRAIS & ELLSWORTH LLP

Ross Wallin
212 755 7876
RWallin@graisellsworth.com

June 23, 2015

*By ECF*

The Honorable Lorna G. Schofield
United States District Court
Southern District of New York
40 Foley Square
New York, NY 10007

    *In re Foreign Exchange Benchmark Rates Antitrust Litigation, 13 Civ. 7789 (LGS) ("Consolidated Action"); Allen, et al. v. Bank of America Corporation, et al., 15 Civ. 04285 (LGS) ("Allen")*

Dear Judge Schofield:

    The *Allen* ERISA plaintiffs write to address briefly the coordination of discovery in the *Allen* action and the *Consolidated Action*.

    The ERISA plaintiffs are not aware of any party who affirmatively opposes coordination of discovery. But plaintiffs in the *Consolidated Action* urge the Court to defer deciding whether to coordinate discovery until the Court rules on any motions to dismiss in the *Allen* action. Credit Suisse, Morgan Stanley, and Deutsche Bank do not oppose coordination "if the *Allen* action survives a motion to dismiss."[1] The *ERISA* plaintiffs believe that discovery should be coordinated now for the following reasons.[2]

    The purposes of coordination are to promote efficiency for the parties and the Court and to ensure fairness. Shutting out the ERISA plaintiffs from discovery now would frustrate these purposes, disadvantage the ERISA plaintiffs, and hamper the ability of ERISA plaintiffs to fully advise the court of their position in other litigations, including the *Consolidated Action*.

---

[1] The plaintiffs in the *Consolidated Action* agree with the ERISA plaintiffs that the two actions should <u>not</u> be consolidated. Credit Suisse, Morgan Stanley, and Deutsche Bank echoed that sentiment. No party spoke in favor of consolidation.

[2] The Court consolidated individual antitrust actions before any motion to dismiss was filed in order to improve efficiency. Docket Nos. 73, 74, 76, 83, and 96. No antitrust plaintiff or defendant opposed this consolidation.

The Hon. Lorna G. Schofield
June 23, 2015
Page 2

GRAIS & ELLSWORTH LLP

If there is a motion to dismiss the *Allen* action and it is denied, there is likely to be repetitive discovery, which can be avoided by coordination now. Moreover, based on the experience of counsel for the ERISA plaintiffs in other FX litigation, including in this district, defendants are likely to ask that discovery be limited to issues that relate specifically to the motion to dismiss. Experience suggests that piecemeal discovery of this sort would be highly inefficient for the Court and the parties.

Coordination of discovery is warranted also because of the proposed settlement with JP Morgan – and likely other settlements that have not appeared yet in the public record. Plaintiffs in the *Consolidated Action* have proposed that the Court approve a settlement with JP Morgan with a release and permanent injunction that would purport to release and forever bar claims in the *Allen* action.[3] If the release and permanent injunction are not altered, the ERISA plaintiffs likely will have to bring their objections to the Court's attention. Coordinating discovery now will provide a salutary measure of both adversity and interparty communication that may result in modifications to the proposed settlement with JP Morgan and other likely settlements.[4] The likely result will be to minimize the Court having to decide otherwise avoidable disputes, while ensuring that any settlement is fair to all parties under Rule 23 of the Federal Rules of Civil Procedure.

While coordination of discovery would promote efficiency, separate representation of the *Allen* ERISA class is warranted because of the unique statutory framework of ERISA. The violations of ERISA fiduciary duties and prohibited transactions alleged by the ERISA plaintiffs, for instance, should be considered within ERISA's distinct burden shifting framework. For example, once the ERISA plaintiffs establish a *per se* violation of ERISA's prohibited transaction rules (*e.g.,* a fiduciary acting in any transaction involving the ERISA plan on behalf of a party whose interests are adverse to plan participants),[5] the burden will shift to the defendants to establish that the transaction was structured to meet one of the very specific statutory or regulatory

---

[3] Docket No. 247-1.

[4] The ERISA plaintiffs have already brought to the Court's attention that plaintiffs in the *Consolidated Action* do not have standing to settle ERISA claims. Docket No. 307.

[5] 29 U.S.C. §1106.

GRAIS & ELLSWORTH LLP

The Hon. Lorna G. Schofield
June 23, 2015
Page 3

"prohibited transaction exemptions."[6] The ERISA plaintiffs should be represented by ERISA counsel who can conduct discovery to build their case within the unique ERISA framework, and to fairly evaluate and apprise the Court of any settlement that could release and bar ERISA claims.

And finally, if there is no Court decision on coordination now, the ERISA plaintiffs should be given access to all confirmatory discovery, and if ERISA claims are to be released, promulgate their own discovery related to the proposed settlement between the plaintiffs in the *Consolidated Action* and JP Morgan, so that they can evaluate and knowledgeably discuss with non-coordinated parties the effect of that settlement on the ERISA plaintiffs and the putative ERISA class.

Sincerely,

*Ross Wallin*

Ross Wallin

---

[6] *Forgione v. Gaglio*, No. 13 CIV. 9061 KPF, 2015 WL 718270, at *11-12 (S.D.N.Y. Feb. 13, 2015), *citing Lowen v. Tower Asset Mgmt., Inc.*, 829 F.2d 1209, 1215 (2d Cir. 1987). Plaintiffs expect to meet that initial burden, especially given the various government investigations of manipulation of the foreign currency markets, and subsequent fines, consent orders, and plea agreements, some of which the Court already has taken judicial notice of in the *Consolidated Action*. Docket No. 242 (January 28, 2015) pp. 13-14.