

J. Douglas Richards<br>
(212) 838-7797<br>
drichards@cohenmilstein.com

July 24, 2015

**VIA ECF**

Honorable Lorna G. Schofield
United States District Judge
United States District Court
Southern District of New York
500 Pearl Street
New York, New York  10007

    Re:    *Bakizada v. Bank of America Corp., et al.*,
               Case No. 15-cv-4230-LGS

Dear Judge Schofield:

      We represent Plaintiff Nasser Bakizada in the above-captioned matter and write concerning the refusal of Scott + Scott, Attorneys at Law LLP and Hausfeld LLP (collectively, "Scott/Hausfeld") to provide us, under any conditions, the settlement agreements at issue in their pending motion to consolidate and appoint interim co-lead counsel.  One of the core issues in this motion is whether Scott/Hausfeld created a structural conflict in their negotiation of settlements which prevents them from representing the Futures Class.  S*ee National Super Spuds, Inc. v. New York Mercantile Exchange,*660 F.2d 9 (2d Cir. 1981); Scott/Hausfeld Br. at 13-18.  Moreover, in their brief, Scott/Hausfeld rely heavily on undisclosed settlements to support their motion for leadership of the Forex Futures Class.[1]  In fact, Scott/Hausfeld disparage

---

[1] *See, e.g.*, Scott/Hausfeld Br. at 1 (Scott/Hausfeld "accomplishments include… negotiating settlements with substantial monetary value and extensive cooperation provisions…"); 2 ("settlement cooperation provisions negotiated by [Scott/Hausfeld] required settling defendants to provide information [allowing Scott/Hausfeld to] negotiate[] additional settlements"); 14 ("during the earliest negotiations, Lead Counsel negotiated on behalf of the OT Class that included thousands of Exchange Class members"); 15 ("[t]here are separate settlement funds, neither of which is in any way dependent on the other"); 15 (Scott/Hausfeld "worked to structure an independent and settlement fund on behalf of persons who traded FX instruments on

Cohen Milstein Sellers & Toll PLLC   88 Pine Street    14th Floor    New York, NY  10005
t 212.838.7797    f 212.838.7745    www.cohenmilstein.com

*2025919.1*

Honorable Lorna G. Schofield
July 24, 2015
Page 2

counsel in the Futures Actions for misinterpreting these undisclosed settlements, stating Futures Counsel "contend, based on uninformed speculation, that the settlements release claims without compensation, but they misstate the facts." Scott/Hausfeld Br. at 3.

In a move reminiscent of Nixon's solicitation of votes based on his "secret plan" to end the Vietnam war, however, Scott/Hausfeld flatly refuse to share these settlement papers with Futures Counsel – even on an "attorneys' eyes only" basis, thereby hamstringing our ability to respond to their motion and allowing them to characterize the settlement agreements in their favor. This is both unfair and improper. *See, e.g.*, *In re Grand Jury Proceedings*, 219 F.3d 175, 182 (2d Cir. 2000) ("A party cannot partially disclose privileged communications or affirmatively rely on privileged communications to support its claim or defense and then shield the underlying communications from scrutiny by the opposing party."); *Ozawa v. Orsini Design Associates, Inc.*, No. 13-CV-1282 JPO, 2015 WL 1055902, at *12 (S.D.N.Y. Mar. 11, 2015) (same). We respectfully request that the Court order Scott/Hausfeld to produce the settlement agreements to the Futures Counsel, on an attorneys' eyes only basis, as Your Honor previously did with respect to their latest Complaint, along with the *ex parte* communications with this Court concerning the settlements that they reference in their brief, within sufficient time to permit Futures Counsel an adequate opportunity to respond in the papers due on August 5, 2015. With the Court's permission we would, of course, file any references to the confidential settlement papers under seal. At a bare minimum, even if the Court does not order Scott/Hausfeld to produce the papers, we respectfully request that the Court review them *in camera* to make a fully informed decision about the conflict.

Respectfully submitted,

/s/ J. Douglas Richards

J. Douglas Richards

JDR/tag

---

exchanges"), 16 ("[U]nlink the separate settlement funds that Lead Counsel have negotiated in this matter, the settlement fund in *Literary Works*…"); 17 ("settlements reached by [Scott/Hausfeld] do not give rise to a conflict."); ("in any event, the settlements reached by Lead Counsel do not rise to a conflict…"), 18 (The Court should allow [Scott/Hausfeld] to retain control [as Hausfeld/Scott have negotiated] … lucrative settlements").

*2025919.1*