

July 27, 2015

<u>**VIA ECF**</u>

Honorable Lorna G. Schofield
United States District Judge
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

      Re:    *In re Foreign Exchange Benchmark Rates Antitrust Litigation*
                Case No. 1:13-cv-07789-LGS (S.D.N.Y.)

Dear Judge Schofield:

      In order to respond to Plaintiffs' Motion to Consolidate, ECF No. 348, Plaintiff Bakizada contends that he needs Lead Counsel to "produce the settlement agreements to the Futures Counsel, on an attorneys' eyes only basis . . . along with the *ex parte* communications with this Court concerning the settlements . . . ." ECF No. 356.  At this time, the stipulations of settlement are in the end stages of being finalized.  Because the materials requested are still in draft form, they are protected from disclosure as attorney work product.  *See N.V. Organon v. Elan Pharm., Inc*. No. 99-cv-11674(JGK), 2000 WL 520622 (S.D.N.Y. May 1, 2000).  Moreover, none of the requested materials are necessary for Bakizada to respond to the Motion to Consolidate.  The Court should deny his request.[1]

      Bakizada incorrectly contends that Lead Counsel placed the settlement agreements and *ex parte* letters at issue by addressing the settlements in their briefs. Lead Counsel was correcting numerous unfounded assertions by Futures Actions plaintiffs about alleged structural conflicts in the settlements.[2]  Their premature speculation as to conflicts cannot, by requiring a response from Lead Counsel to correct the record, entitle Bakizada to discovery of settlement materials.[3]

      The settlement materials are irrelevant to the Motion to Consolidate's question of

---

[1]    If requested by the Court, Plaintiffs will provide settlement materials for *in camera* review.

[2]    *See, e.g.,* ECF No. 306 (claiming the JPMorgan settlement created structural conflict with FX futures purchasers); ECF No. 323 (claiming Lead Counsel released futures claims for no compensation).

[3]    Bakizada's first accusation of structural conflict (ECF No. 306) stemmed not from an undisclosed agreement, but from the JPMorgan settlement, which has been publicly filed. ECF No. 247-1. The JPMorgan settlement also details the extensive cooperation negotiated by Co-Lead Counsel.  *Id.*

SCOTT+SCOTT, ATTORNEYS AT LAW, LLP • 707 Broadway, Suite 1000, San Diego, CA 92101 • Tel: 619-233-4565
CALIFORNIA • CONNECTICUT • NEW YORK • OHIO          www.scott-scott.com • Fax: 619-233-0508

Honorable Lorna G. Schofield
July 27, 2015
Page 2

whether the actions involve a common question of law or fact.  *See* ECF No. 331.  Under Rule 42(a), the Court determines whether a common question exists and then weighs any confusion or prejudice against efficiencies.  *Johnson v. Celotex Corp.*, 899 F.2d 1281, 1284-85 (2d Cir. 1990).

The settlement materials also have no bearing on whether separate counsel should be appointed for a Futures Class if the actions are consolidated.  *See* ECF No. 331.  Resolution of this issue turns on whether there is a fundamental conflict between the classes going to "to the very heart of the litigation," *see Charron v. Wiener*, 731 F.3d 241, 250 (2d Cir. 2013) (internal quotations omitted), such as one group of class members having interests antagonistic to other class members, and not, whether the settlement agreements create a structural conflict.  Here, everyone alleges a conspiracy to fix FX spot pricing, which, in turn, affects all other FX instruments.  Defendants' alleged misconduct renders them equally accountable to all class members, no matter how they traded FX instruments.

Whether a structural conflict exists can be answered only after the class has had notice of settlement and the terms are before the Court.  *See, e.g.*, *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 625 (1997) (evaluating arguments of a structural conflict as an adequacy issue under Rule 23(a)(4)).  Here, the settlements are not yet before the Court for approval because the parties are working through final details.[4]

Disclosure of the details of the settlement agreements and *ex parte* letters are also unnecessary to determine who should represent the classes going forward.  *See* ECF No. 331.  That analysis focuses on the factors set forth in Rule 23(g)(1), such as counsel's investigation, experience, and resources.  Lead Counsel referred to their work in this matter in their Motion to Consolidate, including obtaining substantial cooperation and monetary relief from settling Defendants, as the best indicator of who should continue to lead the case on behalf of all class members.

Very truly yours,

| */s/ Christopher M. Burke* | */s/ Michael D. Hausfeld* |
|---|---|
| SCOTT+SCOTT, ATTORNEYS AT LAW, LLP | HAUSFELD LLP |
| Christopher M. Burke | Michael D. Hausfeld |
| 707 Broadway, Suite 1000 | 1700 K Street, NW, Suite 650 |
| San Diego, CA 92101 | Washington, DC 20006 |
| Telephone: 619-233-4565 | Telephone: 202-540-7143 |
| cburke@scott-scott.com | mhausfeld@hausfeld.com |

*Interim Co-Lead Counsel*

---

[4] The law disfavors the production of settlement-related documents to class members while litigation is ongoing, only providing these documents where the moving party "lays a foundation by adducing from other sources evidence indicating that the settlement may be collusive.'"  *Grant Thornton v. Syracuse Sav. Bank*, 961 F.2d 1042, 1046 (2d Cir. 1992) (quoting *Mars Steel Corp. v. Continental Illinois Nat'l Bank & Trust Co. of Chicago,* 834 F.2d 677, 684 (7th Cir. 1987)).