1211 Avenue of the Americas          212 755 0100
New York, New York 10036             graisellsworth.com

## GRAIS & ELLSWORTH LLP

Ross Wallin
212 755 7876
RWallin@graisellsworth.com

July 29, 2015

*By ECF*

The Honorable Lorna G. Schofield
United States District Court
Southern District of New York
40 Foley Square
New York, NY 10007

*In re Foreign Exchange Benchmark Rates Antitrust Litigation, 13 Civ. 7789 (LGS)*
*("Consolidated Action"); Allen, et al. v. Bank of America Corporation, et al., 15 Civ.*
*04285 (LGS) ("Allen")*

Dear Judge Schofield:

I write on behalf of the plaintiffs in the *Allen* action to request clarification of one point in the Court's Order dated June 29, 2015. In that Order, the Court directed that the *Allen* action be "consolidated with 13 Civ. 7789 for discovery purposes only." Brian McTigue and I recently met and conferred with counsel for the plaintiffs in the *Consolidated Action*, William P. Butterfield of Hausfeld LLP and Bill Fredericks of Scott + Scott, to discuss implementation of the Court's Order. Those discussions revealed that the plaintiffs in the *Consolidated Action* and the *Allen* plaintiffs have an irreconcilable disagreement as to the scope of the Court's Order.

Counsel for plaintiffs in the *Consolidated Action* contends that the Court's Order applies only to discovery in response to formal requests under the FRCP. It is no secret that plaintiffs in the *Consolidated Action* have received informal discovery from settling defendants. An earlier Order of the Court, dated March 23, 2015 (which endorsed a letter from the DOJ dated March 9, 2015), contemplated such discovery. Likewise, Mr. Burke submitted a declaration on January 30, 2015 (Docket No. 247) in support of a motion for preliminary approval of a settlement with JP Morgan that described informal discovery that plaintiffs in the *Consolidated Action* were to receive under cooperation provisions in the settlement agreement.

But when we asked for access to this information, Mr. Butterfield and Mr. Fredericks refused to confirm whether plaintiffs in the *Consolidated Action* had received any such informal discovery, or even describe the discovery in a general way, except to say that plaintiffs had received "confidential" attorney proffers.  More specifically, they

**GRAIS & ELLSWORTH LLP**

refused to comment on (i) what information, if any, plaintiffs had requested; (ii) which defendants had provided information (though we assume JPMorgan was one of them); (iii) the volume of any such information; or (iv) the form of any such information (emails, hard copy documents, structured data, access to current or former employees of the defendants, etc.).

In short, counsel for plaintiffs in the *Consolidated Action* interpret the Court's Order of June 29 as covering only formal discovery. They are not willing to share, or even discuss, any other type of discovery.

The *Allen* plaintiffs did not understand the Court in its Order of June 29, or in the conference that led to the Order, to be distinguishing between formal and informal discovery. Rather, we understood that the Court had consolidated all discovery, whether formal or informal. We note also that the Court's Order of March 23, 2015, treats attorney proffers on designated topics as an "exception" to the Court's stay of discovery. If attorney proffers are an "exception" to a stay of discovery, then logically they are covered by the Court's June 29 Order consolidating discovery.

While we do not believe that the Court's June 29 Order was unclear, we respectfully ask that the Court direct the plaintiffs in the *Consolidated Action* to share all discovery with the *Allen* plaintiffs, whether formal or informal.

Sincerely,

Ross Wallin

Ross Wallin

cc: Brian McTigue
    William C. Fredericks
    William P. Butterfield