

July 31, 2015

**VIA ECF**

Honorable Lorna G. Schofield
United States District Court
Southern District of New York
Thurgood Marshall U.S. Courthouse
40 Foley Square
New York, New York 10007

      Re:    *In re Foreign Exchange Benchmark Rates Antitrust Litigation*
               Case No. 1:13-cv-07789-LGS (S.D.N.Y.)

Dear Judge Schofield:

      We respond to the July 29, 2015 letter (ECF No. 361) in *Allen* (Case No. 1:15-cv-04285-LGS), which asks the Court to "direct the plaintiffs in the *Consolidated Action* to share all discovery with the *Allen* plaintiffs, whether formal or informal." Allen does not, however, seek discovery. There has been none. Allen seeks information provided by settling defendants pursuant to bargained-for cooperation as well as Lead Counsel's attorney work product. The Court should deny this request.

      Pursuant to the Court's March 23, 2015 Order, and at the request of the U.S. Department of Justice ("DOJ"), all discovery (except for transaction data) has been stayed until at least September 2015. ECF No. 274. The stay prohibits, among other things, the production of documents from all defendants. *Id.* As a result, Lead Counsel has not obtained any documents or information (including transaction data) from Defendants in discovery. Accordingly, there is no discovery to share.

      What Allen seeks is not discovery, *i.e.*, information obtained under Fed. R. Civ. P. 26-37. Rather, Allen seeks confidential settlement communication and cooperation materials and Lead Counsel's attorney work product.

      Lead Counsel cannot disclose the settlement cooperation materials to Allen at this time. Those materials were provided by settling defendants in the context of settlement discussions, or as partial consideration for the releases agreed to in their respective settlements. All such materials were provided subject to confidentiality agreements that do not, at this time, allow Lead Counsel to share them with plaintiffs in other actions without the settling defendant's consent. *See*, *e.g.*, JPMorgan Settlement, ¶14(a). We are informed that settling defendants who have provided cooperation object to the disclosure of the settlement cooperation materials without a concomitant release from the receiving party as consideration for those materials.

      Moreover, most of the information obtained to date is contained in Lead Counsel's notes from oral proffers. This material is attorney work product. *See S.E.C. v. Treadway*, 229 F.R.D. 454, 455-56

Hon. Lorna G. Schofield
July 31, 2015
Page 2

(S.D.N.Y. 2005) (declining, under work product doctrine, to order production of SEC attorneys' notes from proffer session because they "reflect[] the thought processes of counsel") (internal citation omitted).  Allen does not attempt to show a substantial need for access to Lead Counsel's work product.  In addition, certain oral proffers (and related written materials) provided by certain settling defendants are also protected from discovery under Fed. R. Evid. 408.  Again, Allen makes no effort to show why Fed. R. Evid. 408 should not apply.

Allen also incorrectly argues that the Court's March 23, 2015 Order, which carved out attorney proffers from the scope of the discovery stay, means that such proffers must be considered part of discovery under the Court's June 29, 2015 Order consolidating the cases for discovery purposes (ECF No. 332).  The point of the carve-out was simply to clarify that, in connection with the DOJ's efforts to limit inquiries that might interfere with its ongoing, criminal investigation, the DOJ did not object to attorney proffers, subject to specified limitations.  Plaintiffs believe their position in this letter is consistent with the DOJ's ongoing interest in limiting dissemination of materials that may impact their investigation.  Further, disclosing the settlement cooperation materials to Allen would discourage other defendants from settling and providing similar cooperation.

For the foregoing reasons, Allen's request should be denied.

Very truly yours,

HAUSFELD LLP                                      SCOTT+SCOTT, ATTORNEYS AT LAW LLP

/s/ Michael D. Hausfeld                           /s/ Christopher M. Burke
Michael D. Hausfeld                               Christopher M. Burke
1700 K Street, NW, Suite 650                      707 Broadway, Suite 1000
Washington, DC 20006                              San Diego, CA 92101
Telephone: 202-540-7143                           Telephone: 619-233-4565
mhausfeld@hausfeld.com                            cburke@scott-scott.com

*Interim Co-Lead Counsel*

cc:     All counsel of record