August 6, 2015

<u>Via ECF</u>

The Honorable Lorna G. Schofield
United States District Judge
Southern District of New York
40 Foley Square
New York, New York  10007

      Re:    *In re Foreign Exchange Benchmarks Antitrust Litigation*, 13 Civ. 7789 (LGS) (the "FX Benchmark Action"); *Taylor, et al.* v. *Bank of America Corporation, et al.*, 15 Civ. 1350 (LGS) ("*Taylor*"); *Sterk, et al.* v. *Bank of America Corporation, et al.*, 15 Civ. 2705 (LGS) ("*Sterk*"); *Bakizada* v. *Bank of America Corporation, et al.*, 15 Civ. 4230 (LGS) ("*Bakizada*" and together with *Taylor* and *Sterk*, the "FX Futures Actions"); *Allen* v. *Bank of America Corporation, et al.*, 15 Civ. 04285 (LGS) ("*Allen*")

Dear Judge Schofield:

      On behalf of the undersigned defendants in the above-referenced matters, we respectfully file this letter in response to Your Honor's order of June 29, 2015 and to the FX Benchmark plaintiffs' memorandum of law filed on July 16, 2015 regarding consolidation of the above-referenced cases.

      With the recent filing of a Second Amended Complaint, the FX Benchmark Action now purports to bring claims on behalf of both an "OTC Class" comprised of plaintiffs who traded directly with defendants and an "Exchange Class" comprised of plaintiffs who traded FX instruments on an exchange.  The FX Benchmark plaintiffs propose consolidating all current FX Futures Actions with the FX Benchmark Action and argue that the requests for appointment of separate interim lead counsel for the Exchange Class or a consolidated FX Futures Action should be denied.[1]

      Given the filing of the Second Amended Complaint and its addition of exchange-based allegations, claims and plaintiffs, all of which additions significantly overlap with those in the FX Futures Actions, the undersigned defendants do not object at this time to consolidation of all FX Futures Actions with the FX Benchmark Action.  While the undersigned defendants continue to dispute their involvement in any conspiracy alleged in any of the above-referenced actions, we believe that the exchange-based claims advanced in the FX Benchmark Action and those in the FX Futures Actions should be tested together at the pleadings stage.  Undersigned defendants would thus strongly oppose the inclusion of exchange-based claims in the FX

---

[1] In addition to the FX Futures Actions referenced above, FX Benchmark plaintiffs also request the consolidation of *Teel* v. *Bank of America Corporation, et al.*, 15 Civ. 04436 (LGS) and *Robert Charles Class A, L.P.* v. *Bank of America Corporation, et al.*, 15 Civ. 04926 (LGS) — two actions that also seek to bring futures-based claims against defendants which do not include the undersigned.

Benchmark Action if those same claims were to be advanced in a separately consolidated FX Futures action; such a scenario would lead to multiple, potentially redundant filings and thus would be inefficient and create the risk of inconsistent rulings on common issues of law or fact.

The undersigned defendants reserve their rights and intend to move the Court to dismiss, in all respects, the Second Amended Complaint and the FX Futures Actions regardless of whether these actions are consolidated. Further, by not objecting to consolidation, the undersigned defendants do not intend to indicate that the broad putative classes put forth in the above-referenced actions are proper; indeed, it appears that the classes as alleged, which essentially seek to group together all U.S.-based FX traders for a decade regardless of with whom they traded, when they traded and which currency pair they traded, pose significant issues. We reserve all rights in this regard and expect to challenge those putative classes, and the extent to which class certification is proper altogether, at the appropriate time.

The undersigned defendants take no position on the selection of interim lead counsel in any of the above referenced actions but reserve their rights as to this issue.

*   *   *

The foregoing letter is respectfully submitted on behalf of:

| CAHILL GORDON & REINDEL LLP | KIRKLAND & ELLIS LLP |
|---|---|
| By:  /s/ David G. Januszewski<br>David G. Januszewski<br>Herbert S. Washer<br>Elai Katz<br>Jason M. Hall<br>80 Pine Street<br>New York, New York 10005<br>Telephone: (212) 701-3000<br>Facsimile: (212) 269-5420<br>djanuszewski@cahill.com<br>hwasher@cahill.com<br>ekatz@cahill.com<br>jhall@cahill.com<br><br>*Attorneys for Defendants Credit Suisse Group AG, Credit Suisse AG, and Credit Suisse Securities (USA) LLC* | By:  /s/ Joseph Serino, Jr.<br>Robert Khuzami<br>Joseph Serino, Jr., P.C.<br>Eric F. Leon, P.C.<br>601 Lexington Avenue<br>New York, New York 10022<br>Telephone: (212) 446-4800<br>Facsimile: (212) 446-4900<br>robert.khuzami@kirkland.com<br>joseph.serino@kirkland.com<br>eric.leon@kirkland.com<br><br>G. Patrick Montgomery (*pro hac vice*)<br>655 Fifteenth Street, N.W.<br>Washington, D.C. 20005-5793<br>Telephone: (202) 879-5000<br>Facsimile: (202) 879-5200<br>patrick.montgomery@kirkland.com<br><br>*Attorneys for Defendant Deutsche Bank AG* |

WACHTELL, LIPTON, ROSEN & KATZ

By:  /s/ Jonathan M. Moses
Jonathan M. Moses
Bradley R. Wilson
51 West 52nd Street
New York, NY 10019
Telephone:  (212) 403-1000
Facsimile:  (212) 403-2000
JMMoses@wlrk.com
BRWilson@wlrk.com

*Attorneys for Defendants Morgan Stanley and Morgan Stanley & Co. LLC*

3