

September 11, 2015

**VIA ECF**

Honorable Lorna G. Schofield
United States District Court
Southern District of New York
Thurgood Marshall U.S. Courthouse
40 Foley Square
New York, New York 10007

    Re:   *In re Foreign Exchange Benchmark Rates Antitrust Litigation*
           Case No. 1:13-cv-07789-LGS (S.D.N.Y.)

Dear Judge Schofield:

    On September 1, 2015, Plaintiffs and the Department of Justice ("DOJ") jointly requested that the discovery stay be extended until March 23, 2016.  ECF No. 445.  Plaintiffs also requested that the Court modify the stay as laid out in the Court's March 23, 2015 Order (ECF No. 274) to allow the Settling Defendants to provide documents to Plaintiffs pursuant to their cooperation obligations under the settlement agreements.  (ECF No. 445).  The DOJ took no position on whether such production by Settling Defendants should commence, or, if so, which parties should then receive copies of the Settling Defendants' documents.  *Id.*

    On September 2, 2015, Non-Settling Defendants Credit Suisse, Deutsche Bank, and Morgan Stanley stated that they assumed any documents produced to Plaintiffs pursuant to cooperation obligations would also be produced to them.  ECF No. 446.  Alternatively, they stated that in a conclusive fashion that it would be "manifestly unjust and unfairly prejudicial to their rights" to permit Plaintiffs to obtain documents from the Settling Defendants without allowing the Non-Settling Defendants to have copies of such materials.  *Id.*

    As an initial matter, the cooperation materials are not discovery.  They will not be produced pursuant to the Federal Rules of Civil Procedure.  *See American Bank v. City of Menasha*, 627 F.3d 261, 265 (7th Cir. 2010) ("Much of the information gathering that litigants do is not 'discovery' as the term is understood in the law."); *Advent Electronics, Inc. v. Buckman*, No. 95 C 0305, 1997 WL 43225, at *5 (N.D. Ill. Jan. 27, 1997) (noting discovery is when a party avails itself of "the compulsory processes of the rules of civil procedure").  Plaintiffs' right to receive cooperation pursuant to settlement agreements, including the production of documents, is a contractual right arising from those settlement agreements.  The Non-Settling Defendants are not parties to these agreements and cannot assert such rights.

SCOTT+SCOTT, ATTORNEYS AT LAW, LLP • 707 Broadway, Suite 1000, San Diego, CA 92101 • Tel: 619-233-4565
CALIFORNIA • CONNECTICUT • NEW YORK • OHIO       www.scott-scott.com • Fax: 619-233-0508

Hon. Lorna G. Schofield
September 11, 2015
Page 2

      Nevertheless, after the Court issued its September _, 2015 Order (ECF No.  ), Plaintiffs again conferred with the DOJ.  The DOJ has informed Plaintiffs that it now does not oppose modifying the stay to allow document discovery.  The DOJ requests that the stay continue as to depositions, interrogatories, and requests for admissions.  Plaintiffs agree to such a stay.

      Given the DOJ's position, Plaintiffs respectfully request that the Court modify the stay to allow document discovery as to the parties in the Consolidated Action.[1]  The Court has already ruled that Plaintiffs have stated a legal claim for relief under the Sherman Act.  Allowing document discovery to proceed will advance the Consolidated Action towards resolution while still protecting the DOJ's investigation.  It will also provide the Non-Settling Defendants the opportunity to request documents produced pursuant to settlements through discovery under the Federal Rules of Civil Procedure, subject to any applicable objections or limitations.

      Very truly yours,

| HAUSFELD LLP | SCOTT+SCOTT, ATTORNEYS AT LAW, LLP |
|---|---|
| /s/ Michael D. Hausfeld | /s/ Christopher M. Burke |
| Michael D. Hausfeld | Christopher M. Burke |
| 1700 K Street, NW, Suite 650 | 707 Broadway, Suite 1000 |
| Washington, DC 20006 | San Diego, CA 92101 |
| Telephone: 202-540-7143 | Telephone: 619-233-4565 |
| mhausfeld@hausfeld.com | cburke@scott-scott.com |

*Interim Co-Lead Counsel*

cc:    Benjamin Sirota, Esq.
        U.S. Department of Justice

---

[1] Plaintiffs respond to Allen's request in a separate letter.