

September 11, 2015

**VIA ECF**

Honorable Lorna G. Schofield
United States District Court
Southern District of New York
Thurgood Marshall U.S. Courthouse
40 Foley Square
New York, New York 10007

>       Re:     *In re Foreign Exchange Benchmark Rates Antitrust Litigation*
>               Case No. 1:13-cv-07789-LGS (S.D.N.Y.)

Dear Judge Schofield:

Plaintiffs respond to the September 3, 2015 letter (ECF No. 452) in *Allen* (Case No. 1:15-cv-04285-LGS), which renews Allen's request that the Court order Plaintiffs to share information provided by Settling Defendants pursuant to bargained-for cooperation provisions in settlement agreements.  Allen also seeks an order directing that any documents produced to Plaintiffs by Settling Defendants pursuant to settlement agreements be produced to all parties.  Finally, Allen seeks to take discovery on the fairness of the settlements.

As set forth in Plaintiffs' September 11, 2015 letter responding to Non-Settling Defendants' letter (ECF No. 458), what Allen seeks is not discovery (*i.e*., information obtained through the Federal Rules of Civil Procedure).  Allen concedes this point through her characterization of the materials as informal discovery.  (ECF No. 452 at 2).  Plaintiffs' right to receive settlement cooperation, including documents, arises from their settlement agreements.  Allen does not have any such contractual rights.

Moreover, as set forth in Plaintiffs July 31, 2015 letter, most of the information provided by settling Defendants to date constitutes attorney work product for which Allen has not shown a substantial need.  (ECF No. 367 at 1-2).

Plaintiffs take no position on whether document discovery in *Allen* should proceed at this time.  If and when the Court orders that discovery may proceed in *Allen*, then Allen may request the documents to be provided by Settling Defendants through discovery under the Federal Rules of Civil Procedure, subject to any applicable objections or limitations.

Finally, Allen seeks to lift the discovery stay in order to take discovery on "the fairness of any settlements."  ECF No. 452 at 2.  Allen's request is premature.  As a foundational matter, no settlements are currently before the Court, so their fairness is not at issue.  The proper and customary recourse is to file an objection once the Court's approval process is underway.

SCOTT+SCOTT, ATTORNEYS AT LAW, LLP • 707 Broadway, Suite 1000, San Diego, CA 92101 • Tel: 619-233-4565

CALIFORNIA  •  CONNECTICUT  •  NEW YORK  •  OHIO          www.scott-scott.com  •  Fax: 619-233-0508

Hon. Lorna G. Schofield
September 11, 2015
Page 2

    Not only is the request premature, but Allen makes no factual showing that discovery concerning the settlements is warranted.  At the approval stage, objectors are afforded the opportunity to seek further discovery, provided that they first make a factual showing that the class representatives did not conduct sufficient discovery to fully apprise themselves of the merits of the case, do not sufficiently represent the interests of the objectors, or otherwise did not negotiate a fair, reasonable, and adequate settlement.  *See, e.g.*, *Charron v. Wiener*, 731 F.3d 241, 248 (2d Cir. 2013), *cert. denied sub nom. Suarez v. Charron*, 134 S. Ct. 1941 (2014) ("Objectors to a settlement have no automatic right to discovery or an evidentiary hearing in order to substantiate their objections. …  Instead, where objectors raise cogent factual objections to the settlement, … we instruct district courts to exercise particular care to see to it that [the objecting party] has had a full opportunity to develop the basis for his objection.") (internal quotations and citations omitted); *City of Detroit v. Grinnell Corp.*, 495 F.2d 448, 464 (2d Cir. 1974), *abrogated on other grounds*, *Goldberger v. Integrated Res., Inc.*, 209 F.3d 43 (2d Cir. 2000) ("To allow the objectors to disrupt the settlement on the basis of nothing more than their unsupported suppositions would completely thwart the settlement process.").

    For the foregoing reasons, Allen's requests should be denied.


                                         Very truly yours,


HAUSFELD LLP                              SCOTT+SCOTT, ATTORNEYS AT LAW, LLP


/s/ Michael D. Hausfeld                   /s/ Christopher M. Burke
Michael D. Hausfeld                       Christopher M. Burke
1700 K Street, NW, Suite 650              707 Broadway, Suite 1000
Washington, DC 20006                      San Diego, CA 92101
Telephone: 202-540-7143                   Telephone: 619-233-4565
mhausfeld@hausfeld.com                    cburke@scott-scott.com


                        *Interim Co-Lead Counsel*


cc:    All counsel of record