

October 13, 2015

**VIA ECF**

Honorable Lorna G. Schofield
United States District Court
Southern District of New York
Thurgood Marshall Courthouse
40 Foley Square
New York, NY 10007

   Re: *In re Foreign Exchange Benchmark Rates Antitrust Litigation*
     Case No. 1:13-cv-07789-LGS (S.D.N.Y.); *Allen, et al. v. Bank of America*
     *Corporation, et al.*, 15 Civ. 04285 (LGS) (S.D.N.Y.)

Dear Judge Schofield:

  We write jointly on behalf of plaintiffs in the Consolidated Action (13-cv-7789) ("Consolidated Plaintiffs"),[1] Plaintiffs in the *Allen* Action (15-cv-4285) ("*Allen* Plaintiffs"), and Defendants Deutsche Bank, Credit Suisse, Morgan Stanley (collectively, the "Non-Settling Legacy Defendants"), Bank of America, BNP Paribas, Barclays, Citi, Goldman Sachs, HSBC, JPMorgan, RBS, UBS (collectively, the "Settling Legacy Defendants," and with the Non-Settling Legacy Defendants, "Legacy Defendants"), Bank of Tokyo-Mitsubishi, Royal Bank of Canada, Société Générale, and Standard Chartered (collectively, the "New Defendants," and with the Legacy Defendants, "Defendants") pursuant to the Court's August 17, 2015 order requiring counsel to submit a joint letter and proposed order "about how they wish to proceed with discovery."  ECF No. 413.

  Counsel for the above parties met on September 21, 2015 to discuss discovery and motion practice in the Consolidated Action and the *Allen* Action.[2]  In particular, the parties discussed: (1) Consolidated Plaintiffs' requests for production of data and documents; (2) the New Defendants' position on a discovery stay in the Consolidated Action; (3) a proposed briefing schedule and page limits for motions to dismiss in the Consolidated Action; (4) any further amendments to the complaints in the Consolidated Action; (5) motion practice and

---

[1] As used herein, the term "Consolidated Plaintiffs" refers solely to the plaintiffs in the antitrust and Commodity Exchange Act cases consolidated under case number 13-cv-7789.  Likewise, the term "Consolidated Action" refers solely to the antitrust and Commodity Exchange Act cases consolidated under case number 13-cv-7789.

[2] The parties did not discuss what information the Settling Legacy Defendants have provided, or will provide, to the Consolidated Plaintiffs under settlement agreements.  As described in more detail in Sections 1 and 5 below, the parties continue to disagree about whether such information constitutes "discovery" for the purpose of the Court's Order of June 29.  *See* ECF No. 332.

SCOTT+SCOTT, ATTORNEYS AT LAW, LLP • 707 Broadway, Suite 1000, San Diego, CA 92101 • Tel: 619-233-4565
CALIFORNIA • CONNECTICUT • NEW YORK • OHIO  www.scott-scott.com • Fax: 619-233-0508

discovery in the *Allen* Action; (6) the negotiation of a protective order; and (7) the next steps in both actions. The parties' respective positions on (1) through (7) are set forth below.

1. **Document and Data Requests in the Consolidated Action**

Consolidated Plaintiffs served structured data requests on the Non-Settling Legacy Defendants and the New Defendants, and plan on serving unstructured data requests in the next several weeks. The Non-Settling Legacy Defendants do not oppose these requests as premature but reserve their right to object to the requests for any other reason. The Non-Settling Legacy Defendants and Consolidated Plaintiffs intend to meet and confer regarding any objections the Non-Settling Legacy Defendants may have regarding the structured and unstructured data requests.

The Non-Settling Legacy Defendants have served discovery requests on Consolidated Plaintiffs and the Settling Legacy Defendants. Consolidated Plaintiffs will oppose any effort by the Non-Settling Legacy Defendants, the New Defendants, or the *Allen* Plaintiffs to seek discovery of materials provided pursuant to settlement agreements. As set forth previously, Consolidated Plaintiffs take the position that these materials, to the extent they have been or will be provided, are not discovery materials but documents provided pursuant to contractual agreements to which the Non-Settling Legacy Defendants, the New Defendants, or the *Allen* Plaintiffs are not parties. *See* ECF Nos. 367, 458, 459.

2. **Discovery Stay as to New Defendants in the Consolidated Action**

As indicated in their September 16 letter to the Court (ECF No. 464), the New Defendants believe the stay of discovery is still in place as to them and that the stay should remain in effect until their motions to dismiss the SCAC are resolved. The New Defendants believe that a stay of discovery is appropriate because the SCAC does not make out a prima facie case for personal jurisdiction as to at least three of the four New Defendants, and they will be moving to dismiss the SCAC on that basis. *See, e.g.*, *Gucci Am., Inc. v. Weixing Li*, 768 F.3d 122, 141, n. 20 (2d Cir. 2014) ("[A] party must make out a prima facie case for personal jurisdiction' in order to take any discovery – even jurisdictional discovery – from a foreign corporation") (internal citations and quotations omitted); *Xiu Feng Li v. Hock*, 371 Fed. Appx. 171, 174–75 (2d Cir. 2010) (affirming denial of jurisdictional discovery where plaintiff failed to establish a prima facie case of personal jurisdiction). The New Defendants further believe that a stay of discovery is also justified in a complex case such as this because the New Defendants have not yet had an opportunity to bring motions to dismiss under Rule 12(b)(6) and test whether the SCAC adequately states claims against them under either the Commodity Exchange Act or the Sherman Act. To the extent the Court has any doubt as to whether discovery as to the New Defendants should be stayed for these reasons, the New Defendants are prepared promptly to file a motion for a protective order with regard to Consolidated Plaintiffs' recently-served structured data requests.

Consolidated Plaintiffs believe that document and data discovery in the Consolidated Action should proceed as to the New Defendants. First, nothing in the Court's September 14, 2015 Order prohibits Consolidated Plaintiffs from seeking document and data discovery from the New Defendants. *See* ECF No. 463. Second, the Court has already determined that Consolidated Plaintiffs have adequately alleged an antitrust conspiracy, ECF No. 242, and

Consolidated Plaintiffs believe the SCAC adequately alleges that the New Defendants were members of this conspiracy under the same standards. Third, the existence of a personal jurisdiction defense is not, in and of itself, a basis to stay discovery. *See Ross v. Thomas*, No. 09 CIV. 5631(SAS), 2009 WL 3698024, at *5 (S.D.N.Y. Nov. 5, 2009). At a minimum, discovery into the personal jurisdiction defense is appropriate. *See Gandler v. Nazarov*, No. 94 CIV. 2272 (CSH), 1995 WL 363814, at *8 (S.D.N.Y. June 19, 1995). Accordingly, Consolidated Plaintiffs should be permitted to seek documentary discovery from the New Defendants.

The *Allen* Plaintiffs note that the New Defendants in the Consolidated Action are not defendants in the *Allen* Action. Thus, the discussion about whether discovery should be stayed as to the New Defendants is inapplicable to the *Allen* Action.

**3.      Motions to Dismiss Briefing Schedule and Page Limits in the Consolidated Action**

The Consolidated Plaintiffs, Non-Settling Legacy Defendants, and New Defendants have agreed to the following proposed briefing schedule for the motions to dismiss the SCAC pursuant to 12(b)(2) and 12(b)(6):

- Motions to Dismiss: November 30, 2015

- Opposition to Motions to Dismiss: January 29, 2016

- Replies to Motions to Dismiss: February 29, 2016

Consolidated Plaintiffs, Non-Settling Legacy Defendants, and New Defendants have been unable to reach agreement on page limitations for the motions to dismiss the SCAC.

In light of the addition of the four new defendants, three of which intend to move for lack of personal jurisdiction, as well as entirely new claims under both the Commodity Exchange Act and Sherman Act, the Non-Settling Legacy Defendants and the New Defendants propose the following page limitations:

- Opening Briefing: A *total* of no more than 100 pages (to be allocated among the Non-Settling Legacy Defendants and New Defendants as they see fit);

- Opposition Briefing: A *total* of no more than 100 pages;

- Reply Briefing: A *total* of no more than 45 pages (also to be allocated among the Non-Settling Legacy Defendants and New Defendants as they see fit).

The Non-Settling Legacy Defendants and New Defendants will coordinate with each other to streamline and consolidate briefing on common issues as much as possible. The Non-Settling Legacy Defendants and New Defendants note that although their proposal would result in total briefing of up to 245 pages, it will allow them to minimize the number of separate briefs. Plaintiffs' proposal will result in up to 240 pages of briefing (not 160 as Plaintiffs contend below) and maximize the number of separate briefs. The Non-Settling Legacy Defendants and New Defendants also note that Plaintiffs' focus on the number of pages allowed by the Court for

initial motions to dismiss ignores the dramatically expanded scope of the case brought about by the Second Amended Complaint. Motions directed to the new complaint must address an entirely new antitrust theory (based not on the fixing rate but rather spreads throughout the trading day), a much expanded class (all U.S. trades in FX instruments regardless of time or product as compared to trading at or around a fixing rate), an entirely new subclass trading not directly with defendants but on exchanges (traders in FX futures), and entirely new claims under the Commodity Exchange Act. Given these additional claims and the fact that four of the defendants did not participate in the initial round of briefing, the Non-Settling Legacy Defendants and New Defendants believe their proposal is appropriate and respectfully request that the Court approve it.

Consolidated Plaintiffs believe that the motion to dismiss briefing can be accomplished much more efficiently. This is because (1) the Non-Settling Legacy Defendants have already once moved to dismiss the antitrust claims, (2) the New Defendants' personal jurisdiction defenses lack merit, (3) the Non-Settling Legacy Defendants and New Defendants are requesting **more than double** the page limits used for the first round of motion to dismiss briefing, ECF No. 180, and (4) the Non-Settling Legacy Defendants and New Defendants are requesting **more than quadruple** the page limits set forth in Your Honor's Individual Rules of Practice, Individual Rule III-B-1. The Consolidated Plaintiffs propose the following page limitations:

- Joint Brief: 40 Pages
- Individual Issues Briefs: 8 Pages (each)
- Joint Opposition: 40 Pages
- Individual Issues Oppositions: 8 Pages (each)
- Joint Reply: 20 Pages
- Individual Issues Replies: 4 Pages (each)

The Consolidated Plaintiffs' proposal would result in 160 pages of briefing[3] whereas the New Defendants and Non-Settling Legacy Defendants' proposal would result in up to 245 pages of briefing.

**4.  Further Amendments to the SCAC in the Consolidated Action**

Consolidated Plaintiffs may seek to amend the complaint in the future. Any motion to amend would be governed by Fed. R. Civ. P. 15(a)(2), which provides that "the court should freely give leave when justice so requires." *See also Manning v. Utilities Mut. Ins. Co.*, 254 F.3d

---

[3] The New Defendants and the Non-Settling Legacy Defendants' position that Consolidated Plaintiffs' proposal would result in 240 pages of briefing is incorrect. As noted in Section 2 of this letter, only three of the four New Defendants intend to move to dismiss on personal jurisdiction grounds, and the Non-Settling Legacy Defendants have waived any personal jurisdiction defense under Federal Rule of Civil Procedure 12(g)(2). Thus, Consolidated Plaintiffs' math works out as follows: 64 pages for all initial briefs, 64 pages for all opposition briefs, and 32 pages for all replies. The Non-Settling Legacy and New Defendants do not agree that individual issue briefs need be limited to personal jurisdiction and did not understand Consolidated Plaintiffs' proposal to be so limited. These Defendants also note that there was no such limitation on making requests for a separate brief in the scheduling order for the initial motion to dismiss. The Legacy Non-Settling Defendants also disagree that any personal jurisdiction defense has been waived.

387, 402 (2d Cir. 2001) ("The interests of justice noted by Rule 15(a) strongly favor allowing plaintiff an opportunity to re-plead his complaint to attempt to specifically and sufficiently allege a claim").

The Non-Settling Legacy Defendants and New Defendants believe that permitting Consolidated Plaintiffs leave to amend yet again would be inappropriate, especially in light of the time that has passed since this action was commenced and the fact that the operative complaint has already been amended twice, the latter time incorporating excerpts from various chats that presumably came from the Settling Defendants or some other source.

**5.     Motion to Dismiss and Discovery in the *Allen* Action**

At the September 21 meeting, the *Allen* Plaintiffs stated that they intend to file an amended complaint that adds new named plaintiffs.[4]  The parties propose to meet and confer after the *Allen* Plaintiffs file their amended complaint.

The Court stayed discovery in the *Allen* Action pending resolution of outstanding motions to consolidate and appoint lead counsel in the Consolidated Action. *See* ECF No. 369. Those motions have been resolved, and the *Allen* Plaintiffs believe that they should be allowed to go forward with document and data discovery in the *Allen* Action subject to the usual requirements of the Federal Rules of Civil Procedure. The *Allen* Plaintiffs oppose any request for a stay of document and data discovery. The Court consolidated the *Allen* Action and the Consolidated Action for discovery purposes to promote efficiency and minimize duplicative discovery. The *Allen* Plaintiffs believe that staying discovery in the *Allen* Action would frustrate those goals.

The question of whether the Court in its Order of June 29 (*see* ECF No. 332) limited the coordination of discovery in the Consolidated Action and the *Allen* Action to formal discovery requests under the Federal Rules remains open. The parties discussed this issue at the meeting on September 21 but did not resolve it. As the *Allen* Plaintiffs explained in earlier letter submissions to the Court (*see* ECF Nos. 361 and 452), because the *Allen* Action has been consolidated for discovery purposes with the Consolidate Action, the *Allen* Plaintiffs believe that they should be given access to documents produced pursuant to provisions in settlement agreements regarding "settlement discovery" and allowed to participate in any negotiations about what documents will be produced.

The *Allen* Plaintiffs have not seen any of the settlement agreements that the Settling Legacy Defendants refer to below and thus cannot opine on the effect of the terms in those agreements (*e.g.*, whether they extinguish some or all of the *Allen* Plaintiffs' claims against the Settling Legacy Defendants) or the adequacy of the consideration to ERISA plans that may be members of the class in the Consolidated Action. The *Allen* Plaintiffs do not believe that it is appropriate for the Settling Legacy Defendants to request, or for the Court to order, either a stay or limitations on the coordination of discovery based on material that is not in evidence and that is available only to other plaintiff and defendant parties (*e.g.*, settlement agreements that have

---

[4]     The *Allen* Plaintiffs will add trustees of an ERISA defined-benefit plan and several participants in ERISA 401(k) plans as new plaintiffs. These plans entered into FX transactions with defendants in the *Allen* Action, including the settling defendants.

not been filed). To limit discovery in the *Allen* Action based on information that the *Allen* Plaintiffs have never seen would be fundamentally unfair.

The Settling and Non-Settling Legacy Defendants believe it is premature to address motion practice and discovery in the *Allen* Action and request that the Court continue the stay of discovery imposed by the Court's Order dated July 31, 2015. As matters stand now, an amended complaint in the *Allen* Action remains to be filed and settlement agreements by the Settling Legacy Defendants in the Consolidated Action will be filed with the Court shortly. Moreover, it is the Settling Legacy Defendants' position that the *Allen* Plaintiffs' claims will be extinguished by these settlements, if the Court grants them final approval – and that the same will likely be true of the claims that the *Allen* Plaintiffs will make in their forthcoming amended complaint. Any discovery with respect to Settling Legacy Defendants will therefore be moot, and Settling Legacy Defendants should not be put in the position of undertaking discovery in the *Allen* Action to defend claims that are being extinguished by an agreement pending approval in a litigation that is being coordinated with the *Allen* Action. For those reasons, the Settling Legacy Defendants continue to believe that it is premature to address motion practice and discovery in the *Allen* Action, which should be stayed while this Court conducts procedures related to settlement approval and notice to members of the proposed settlement classes.

The Settling Legacy Defendants also believe that the *Allen* Plaintiffs should not receive any materials provided by Settling Legacy Defendants to Consolidated Plaintiffs pursuant to the cooperation provisions of the settlement agreements. The Consolidated Plaintiffs and their counsel are the only parties entitled to receive such cooperation materials under the terms of the agreements.

The New Defendants are not named as defendants in the *Allen* Action and therefore express no views at this time.

### 6. The Protective Order

Consolidated Plaintiffs and the Legacy Defendants have been negotiating a protective order for months and are addressing final issues. Consolidated Plaintiffs have shared a draft of the protective order with the New Defendants and the *Allen* Plaintiffs. The parties anticipate that they will be able to submit an agreed-upon protective order to the Court within the next several weeks. The parties have agreed that any participation by the New Defendants in these negotiations should not be construed as a waiver of their defense of lack of personal jurisdiction.

### 7. Next Steps

Consolidated Plaintiffs, Legacy Non-Settling Defendants and New Defendants request that the Court enter an order establishing a briefing schedule and setting page limitations for the upcoming motions to dismiss. Because the Court allowed document discovery to proceed in the Consolidated Action (ECF No. 463) and any testamentary discovery is stayed, Consolidated Plaintiffs believe that no further orders on discovery are required at this time.

The *Allen* Plaintiffs believe that the dispute described above about the coordination of discovery in the *Allen* Action and the Consolidated Action requires resolution by the Court. The *Allen* Plaintiffs do not believe that any additional orders on discovery are required at this time.

Honorable Lorna G. Schofield
October 13, 2015
Page 7

 

      As indicated above, the New Defendants believe the stay of discovery is currently and should remain in effect as to them until their motions to dismiss are resolved.  The New Defendants are, however, prepared promptly to file a motion for a protective order if necessary.

      Finally, the Settling and Non-Settling Legacy Defendants request that the Court continue the stay of discovery in the *Allen* Action that was imposed by the Court's Order dated July 31, 2015, at least as to the Settling Legacy Defendants, and extend that stay to motion practice, for the reasons discussed in Section 5, above.

      Very truly yours,

| | |
|---|---|
| */s/ Christopher M. Burke* | */s/ Michael D. Hausfeld* |
| SCOTT+SCOTT, ATTORNEYS AT LAW LLP | HAUSFELD LLP |
| | |
| Christopher M. Burke | Michael D. Hausfeld |
| 707 Broadway, Suite 1000 | 1700 K Street, NW, Suite 650 |
| San Diego, CA 92101 | Washington, DC 20006 |
| Telephone: 619-233-4565 | Telephone: 202-540-7143 |
| cburke@scott-scott.com | mhausfeld@hausfeld.com |

*Interim Co-Lead Counsel*