UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

|  |  |  |
|---|---|---|
| IN RE FOREIGN EXCHANGE BENCHMARK RATES ANTITRUST LITIGATION | ) ) ) ) ) | No. 1:13-cv-07789-LGS |

**PRELIMINARY OBJECTIONS AND COMMENTS OF THE NON-SETTLING DEFENDANTS TO PLAINTIFFS' MOTION FOR PRELIMINARY APPROVAL OF SETTLEMENT AGREEMENTS WITH BANK OF AMERICA, BARCLAYS, BNP PARIBAS, CITIGROUP, GOLDMAN SACHS, HSBC, JPMORGAN, RBS, AND UBS**

Pursuant to the Court's Order of October 22, 2015 (ECF 487), Defendants Credit Suisse, Deutsche Bank, Morgan Stanley, The Bank of Tokyo-Mitsubishi UFJ, Royal Bank of Canada, Société Générale, and Standard Chartered PLC (collectively, the "Non-Settling Defendants") respectfully submit their preliminary objections and comments to Class Plaintiffs' Motion for Preliminary Approval of Settlement Agreements With Bank of America, Barclays, BNP Paribas, Citigroup, Goldman Sachs, HSBC, JPMorgan, RBS, and UBS (the "Preliminary Approval Motion") (ECF 479).[1]  In so doing, the Non-Settling Defendants elaborate upon the issues raised in their October 26, 2015 letter (ECF No. 485), which is attached as Exhibit A hereto. As provided in the Court's order, these objections and comments are without prejudice to any later submission in regard to the proposed settlement and the Non-Settling Defendants reserve all rights in that regard.

The Preliminary Approval Motion requests that the Court enter an order that would, among other things, preliminarily approve the settlements, preliminarily and conditionally certify settlement-only classes, and appoint class counsel and representatives for the settlement classes.  The proposed order would also stay the action as to Bank of America, Barclays, BNP Paribas, Citigroup, Goldman Sachs, HSBC, JPMorgan, RBS, and UBS (collectively, the "Settling Defendants"). Plaintiffs do not submit a plan of distribution with their preliminary approval order, stating that they will submit one for the Court's approval at a later date and only at that point will notice be sent to purported settlement class members.  While the Non-Settling Defendants recognize the low threshold required for obtaining preliminary approval of a class settlement (see *In re Nasdaq Mkt.-Makers Antitrust Litig.*, 176 F.R.D. 99, 102 (S.D.N.Y. 1997)

---

[1] The Bank of Tokyo Mitsubishi UFJ, Société Générale, and Standard Chartered PLC will file a motion to dismiss for lack of personal jurisdiction on November 23, 2015.  These Defendants join these Objections and Comments subject to that motion and without waiver of any defense.

(stating that preliminary approval is proper absent "obvious deficiencies")), the Non-Settling Defendants respectfully request that the Court make certain amendments to the proposed order as set forth below and as indicated in the mark-up of the order attached as Exhibit B.

**I.      The Preliminary Approval Order Should Make Clear that Approval of a Settlement Class is Without Prejudice to the Non-Settling Defendants' Ability to Challenge Certification of a Litigation Class.**

Plaintiffs seek to certify a settlement class that is extraordinary in scope, covering every currency pair and every FX-related instrument traded over the course of ten years. The Non-Settling Defendants expect to vigorously challenge certification of any similar litigation class in this proceeding. Accordingly, for the avoidance of doubt regarding the Non-Settling Defendants' rights to challenge certification of a litigation class, the Court should add the following language to any order concerning preliminary approval of the proposed settlements:

> The Court's [preliminary] certification of the Settlement Class [and appointment of Plaintiffs as Class Representatives,] as provided herein is without prejudice to, or waiver of, (i) the rights of any defendant [other than the Settling Defendants] to contest certification of any other class proposed in these consolidated actions; or (ii) the rights and/or arguments asserted by any defendant in a motion to dismiss. The Court's findings in this [Preliminary] Order shall have no effect on the Court's ruling on any motion to certify any class in these actions or on the Court's rulings concerning any defendant's motion to dismiss; and no party may cite or refer to the Court's [preliminary] approval of the Settlement Class as persuasive or binding authority with respect to any motion to certify any such class or any defendant's motion to dismiss.

This language is based on the preliminary approval order entered by Judge Gleeson in *In re Air Cargo Shipping Services Antitrust Litigation*, 2008 WL 5958061, at *1 (E.D.N.Y. Sept. 26, 2008), and is virtually identical to that used in *In re Packaged Ice Antitrust Litigation*, 2010 WL 3070161, at *5 (E.D. Mich. Aug. 2, 2010). *See also Columbus Drywall & Insulation, Inc. v. Masco Corp.*, 258 F.R.D. 545, 552-53 (N.D. Ga. 2007) (reiterating that prelim-

inary approval of a settlement class in no way limits defendants' ability to challenge a litigation class); *Gates v. Rohm & Haas Co.*, 248 F.R.D. 434, 436 n.2 (E.D. Pa. 2008) (noting that court's preliminary approval of settlement class "is without prejudice to the non-settling defendants' right to challenge class certification").

**II.     Discovery of the Settling Defendants Should Not Be Stayed.**

The preliminary approval order should also make clear that any stay of the proceedings as to the Settling Defendants does not stay discovery of them.  There currently is one pending discovery request of the Settling Defendants that seeks documents, data and communications related to any potential settlement, and the Non-Settling Defendants anticipate further requests. As the settlement papers make clear, Plaintiffs intend to seek and obtain extensive documentation from the Settling Defendants—in fact, Plaintiffs justify seeking preliminary approval now prior to their having formulated a Plan for Distribution and Notice Plan as necessary to "trigger critical settlement cooperation." (ECF No. 480 at 3).   Those cooperation provisions are set out in a section of the settlement agreements entitled "Confirmatory Discovery and Cooperation Obligations" and include "confirmatory discovery" as requested by Plaintiffs, production of "transaction data," production of documents produced to governmental bodies, production of additional documents and data, oral presentations by counsel, interviews, and depositions. (*See, e.g.,* ECF 481-1 at 38-48)

It would be highly unfair for the Non-Settling Defendants to be denied the opportunity to seek discovery as well from the Settling Defendants.  Such information is indispensable to determining the scope of and participants in the alleged conspiracy at the heart of Plaintiffs' complaint.   This is not just speculation.  For example, the guilty pleas by the Settling Defendants cited in Plaintiffs' operative complaint expressly acknowledge that the now infamous chat

rooms—*e.g.*, "the Cartel" and "the Mafia"—were "*exclusive* electronic chat room[s]" and that "[p]articipation" in each chat room was "*limited to specific EUR/USD traders*." *See, e.g.*, *U.S.A. v. JPMorgan Chase & Co.*, Plea Agreement, ¶4(h) (D. Conn. May 20, 2015) (emphasis added). Yet Plaintiffs, who have already had access to cooperation from some of the Settling Defendants, continue to advance the contrary theory that *all* financial institutions engaged in a single worldwide conspiracy that lasted for more than a decade. Indeed, the existence of such a conspiracy is at the heart of their justification for class certification (ECF No. 480 at 31). The preliminary approval order should therefore make clear that any stay of the action as to the Settling Defendants will not bar discovery of them by the Non-Settling Defendants.[2] *See* MANUAL FOR COMPLEX LITIGATION (4th) § 21.651 (2004) ("Partial settlements containing provisions that might interfere with further proceedings, such as those attempting to limit further discovery, should rarely be approved."); *In re Auto. Refinishing Paint Antitrust Litig.*, 2003 WL 23316645, at *4 (E.D. Pa. Sept. 5, 2003) (partial settlement approval should take into account the parties' "continuing need for discovery").

### III. The Preliminary Approval Order Should Make Clear that the Non-Settling Defendants "Set-Off" Rights Will Not Be Prejudiced.

The Non-Settling Defendants also urge the Court to include language in the preliminary approval order making clear that the Non-Settling Defendants' setoff rights will not be affected as a result of the settlement agreements. In their current form, the settlement agreements provide: "The purchase, sale, and trading of FX Instruments and FX-Traded Instruments by [Settling Defendants] shall . . . remain in the case against the other current or future defendants . . . as a basis for damage claims and shall be part of any joint and several liability" against

---

[2] All discovery is currently stayed as to The Bank of Tokyo-Mitsubishi UFJ, Royal Bank of Canada, Société Générale, and Standard Chartered PLC (collectively, the "New Defendants") and the New Defendants do not intend to seek the document discovery discussed above at this time.

the Non-Settling Defendants. (*See, e.g.,* ECF 481-1 at 49). This provision obscures antitrust defendants' well established right of setoff. *See Auwood v. Harry Brandt Booking Office, Inc.*, 850 F.2d 884, 894 (2d Cir. 1988); *Hydrolevel Corp. v. Am. Soc. of Mech. Engineers, Inc.*, 635 F.2d 118, 130 (2d Cir. 1980), *aff'd,* 456 U.S. 556 (1982). Indeed, the Plaintiffs fail to submit a plan of distribution with their preliminary approval order, much less specify how any setoff will be calculated and applied if Plaintiffs are only able to prove discrete instances of improper conduct related to specific currency pairs as opposed to the global conspiracy they currently allege.

To cure this deficiency, the Non-Settling Defendants respectfully request that the Court incorporate language to protect the right of setoff. For example, the district court in *In re Atmel Corp. Derivative Litig.*, 2010 WL 9525643, at *8 (N.D. Cal. Mar. 31, 2010), clarified that preliminary approval of the settlement agreements "shall not be construed as precluding a non-settling defendant from enforcing any judgment reduction, credit or setoff right otherwise available" under applicable law. *See also In re Phenylpropanolamine (PPA) Products Liab. Litig.*, 227 F.R.D. 553, 568 (W.D. Wash. 2004). Doing the same here will ensure that the Non-Settling Defendants' rights are not unfairly prejudiced as a result of the settlement agreements.

The Non-Settling Defendants may seek further relief in this regard upon reviewing the eventual proposed plan of distribution and notice to potential class members. Among other things, the Non-Settling Defendants note that one justification Plaintiffs offer for approval of the settlement is the fact that they may seek from the Non-Settling Defendants any damages not recovered by the settlement's terms under the doctrine of joint and several liability. (ECF 480 at 17). Of course, Plaintiffs' ability to do so depends on proving that the Non-Settling Defendants participated in a conspiracy with the Settling Defendants, a conclusion that is completely inconsistent with the aforementioned guilty pleas by certain of the Settling Defendants.

IV.   **The Non-Settling Defendants Reserve All Rights In Connection With the Fairness Hearing.**

Consistent with the Court's Order of October 22, 2015 (ECF 487), the Non-Settling Defendants reserve all rights to object to the settlement or seek other appropriate relief in connection with the process leading up to the fairness hearing, including as to whether and to what extent that process should be coordinated with the overall litigation of this matter in regard to class certification or otherwise.  In this regard, the Non-Settling Defendants note that there has been no discovery of Plaintiffs or the Settling Defendants and no plan of distribution filed with the Court.

### *Conclusion*

For the foregoing reasons, any order preliminarily approving the settlement agreements should incorporate the above-referenced amendments.

Dated: November 13, 2015

Respectfully submitted,

| CAHILL GORDON & REINDEL LLP | KIRKLAND & ELLIS LLP |
|---|---|
| By: /s/ David G. Januszewski | By: /s/ Joseph Serino, Jr. |
| David G. Januszewski | Robert Khuzami |
| Herbert S. Washer | Joseph Serino, Jr., P.C. |
| Elai Katz | Eric F. Leon, P.C. |
| Jason M. Hall | 601 Lexington Avenue |
| 80 Pine Street | New York, New York  10022 |
| New York, New York  10005 | Telephone: (212) 446-4800 |
| Telephone: (212) 701-3000 | Facsimile: (212) 446-4900 |
| Facsimile: (212) 269-5420 | robert.khuzami@kirkland.com |
| djanuszewski@cahill.com | joseph.serino@kirkland.com |
| hwasher@cahill.com | eric.leon@kirkland.com |
| ekatz@cahill.com | |
| jhall@cahill.com | G. Patrick Montgomery (*pro hac vice*) |
| | 655 Fifteenth Street, N.W. |
| *Attorneys for Defendants Credit Suisse Group AG, Credit Suisse AG, and Credit Suisse Securities (USA) LLC* | Washington, D.C.  20005-5793 |
| | Telephone:  (202) 879-5000 |
| | Facsimile:  (202) 879-5200 |
| | patrick.montgomery@kirkland.com |

*Attorneys for Defendant Deutsche Bank AG*

WACHTELL, LIPTON, ROSEN & KATZ

By: /s/ Jonathan M. Moses
Jonathan M. Moses
Bradley R. Wilson
51 West 52nd Street
New York, NY 10019
Telephone: (212) 403-1000
Facsimile: (212) 403-2000
JMMoses@wlrk.com
BRWilson@wlrk.com

MARINO, TORTORELLA & BOYLE, P.C.
Kevin H. Marino
John D. Tortorella
437 Southern Boulevard
Chatham, NJ  07938
Telephone:  (973) 824-9300
Facsimile: (973) 824-8425
kmarino@khmarino.com
jtortorella@khmarino.com
*Attorneys for Defendants Morgan Stanley
and Morgan Stanley & Co. LLC*

| | |
|---|---|
| LINKLATERS LLP | MOORE & VAN ALLEN, PLLC |
| By: /s/ James R. Warnot, Jr.<br>James R. Warnot, Jr.<br>Patrick C. Ashby<br>1345 Avenue of the Americas<br>New York, New York  10105<br>Telephone: (212) 903-9000<br>Facsimile: (212) 903-9100<br>james.warnot@linklaters.com<br>patrick.ashby@linklaters.com<br><br>*Attorneys for Defendant Société Générale* | By: /s/ James P. McLoughlin, Jr.<br>James P. McLoughlin, Jr.<br>Neil T. Bloomfield<br>100 North Tryon Street, Suite 4700<br>Charlotte, North Carolina  28202<br>Telephone: (704) 331-1000<br>Facsimile: (704) 331-1159 jimmcloughlin@mvalaw.com<br>neilbloomfield@mvalaw.com<br><br>*Attorneys for Defendant RBC Capital Markets, LLC* |
| PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP | SIDLEY AUSTIN LLP |
| By: /s/ Andrew C. Finch<br>Andrew C. Finch<br>Kenneth A. Gallo<br>Michael E. Gertzman<br>1285 Avenue of the Americas<br>New York, New York 10019<br>Telephone: (212) 373-3000<br>Facsimile: (212) 757-3990<br>afinch@paulweiss.com<br>kgallo@paulweiss.com<br>mgertzman@paulweiss.com<br><br>*Attorneys for Defendant The Bank of Tokyo-Mitsubishi UFJ, Ltd.* | By: /s/ Andrew W. Stern<br>Andrew W. Stern<br>Nicholas P. Crowell<br>Alan M. Unger<br>787 Seventh Avenue<br>New York, New York  10019<br>Telephone: (212) 839-5300<br>Facsimile: (212) 839-5599<br>astern@sidley.com<br>ncrowell@sidley.com<br>aunger@sidley.com<br><br>*Attorneys for Standard Chartered PLC* |