# SULLIVAN & CROMWELL LLP

TELEPHONE: 1-212-558-4000
FACSIMILE: 1-212-558-3588
WWW.SULLCROM.COM

*125 Broad Street*
*New York, NY 10004-2498*

LOS ANGELES • PALO ALTO • WASHINGTON, D.C.
FRANKFURT • LONDON • PARIS
BEIJING • HONG KONG • TOKYO
MELBOURNE • SYDNEY

December 2, 2015

Via ECF

The Honorable Lorna G. Schofield
United States District Court
Southern District of New York
40 Foley Square
New York, NY 10007

      Re:   *In re Foreign Exchange Benchmark Rates Antitrust Litig.*,
            13 Civ. 7789 (LGS)

Dear Judge Schofield:

      I write on behalf of defendants Barclays Bank PLC and Barclays Capital Inc. (together, "Barclays") in response to the November 30, 2015 supplemental letter filed by the Allen Plaintiffs in support of their opposition to Plaintiffs' motion for preliminary approval of the settlement agreements in the above-captioned action ("Settlement Agreements"). In their letter, the Allen Plaintiffs contend that Barclays' November 17, 2015 agreement with the New York State Department of Financial Services ("DFS") concerning Barclays' Last Look program shows that certain of the Allen Plaintiffs' claims have not been extinguished by the Settlement Agreements, because the Allen Plaintiffs' complaint alleges non-collusive misconduct, such as that concerning Barclays' Last Look, in addition to the collusive conduct covered by the consolidated complaint in the above-captioned action.

      Of the over 25 plaintiffs that originally filed claims against defendants concerning foreign exchange activity, the Allen Plaintiffs are the only ones that oppose preliminary approval of the Settlement Agreements, which provide over $2 billion to the class and require the settling defendants to engage in certain cooperation with plaintiffs concerning the remainder of the above-captioned action. Like their other attempts to oppose preliminary approval, the Allen Plaintiffs' latest arguments lack merit.

      *First*, as shown in the Settling Defendants' response to the Allen Plaintiffs' objections to preliminary approval of the Settlement Agreements, the Allen Plaintiffs' claims are focused almost exclusively on *collusive* conduct and, in any event, the Settlement Agreements may also, as a matter of law, cover claims concerning non-

The Honorable Lorna G. Schofield                                                                                                -2-

collusive conduct. (ECF No. 511 at 6-11.) Indeed, the reference to "Last Look" in the Allen Plaintiffs' letter is somewhat baffling, as neither the words "Last Look" nor any allegation concerning such claim appears in their complaint.

       *Second*, and more fundamentally, as the Allen Plaintiffs are forced to concede, claims concerning Barclays' Last Look are specifically *excluded* from the settlement agreement with Barclays. (*See* ECF. No. 481-4 at § 2(nn) ("Released Claims do not include: (i) 'last look' claims related to possible delays built into Barclays' algorithmic or electronic trading platforms that resulted in Barclays declining spot orders or requests to trade, including trading on electronic communications networks, that were submitted based upon prices Barclays quoted or displayed in over-the-counter FX markets, notwithstanding anything to the contrary herein").) Accordingly, nothing in the Settlement Agreements ever precluded a plaintiff from bringing claims concerning Last Look,[1] and Barclays has never claimed otherwise. Thus, Barclays' agreement with the DFS is irrelevant to the question of preliminary approval here.

                                         Sincerely,

                                           Matthew A. Schwartz

---

[1] Any plaintiffs bringing claims concerning Last Look, however, are unlikely to be the Allen Plaintiffs, who have never alleged that either they or the ERISA pension plans they purport to represent ever used Last Look. Accordingly, the Allen Plaintiffs have failed to demonstrate the standing required to bring claims concerning Last Look.