USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 12/15/2015

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------- x
                                                        :
IN RE FOREIGN EXCHANGE                                  :
BENCHMARK RATES ANTITRUST       :   No. 1:13-cv-07789-LGS
LITIGATION                                              :
                                                        :
                                                        :
                                                        :
                                                        :
                                                        :
------------------------------------------------------- x

**ORDER PRELIMINARILY APPROVING SETTLEMENTS, CONDITIONALLY
CERTIFYING THE SETTLEMENT CLASSES, AND
APPOINTING CLASS COUNSEL AND CLASS REPRESENTATIVES FOR
THE SETTLEMENT CLASSES**

WHEREAS, the Action[1] is pending before this Court;

WHEREAS, Class Plaintiffs[2] have entered into and executed Stipulations and Agreements of Settlement that have been attached as Exhibits 1 to 9 of the Declaration of Christopher M. Burke and Michael D. Hausfeld in Support of Class Plaintiffs' Motion for Preliminary Approval of Settlement Agreements (ECF No. 481) and listed on Exhibit 1 hereto (each a "Settlement Agreement" and collectively, the "Settlement Agreements") with Bank of America Corporation, Bank of America, N.A., Merrill Lynch, Pierce, Fenner & Smith Inc.; Barclays Bank PLC and Barclays Capital Inc.; BNP Paribas Group, BNP Paribas North America Inc., BNP Paribas Securities Corp., and BNP Prime Brokerage, Inc.; Citigroup Inc., Citibank, N.A., Citicorp, and Citigroup Global Markets Inc.; The Goldman Sachs Group, Inc. and Goldman, Sachs & Co.; HSBC Holdings PLC, HSBC Bank PLC, HSBC North America Holdings Inc., HSBC Bank USA,

---

[1] As defined in the Settlement Agreements, the "Action" means *In re Foreign Exchange Benchmark Rates Antitrust Litigation*, 13 Civ. 7789, which is currently pending in the United States District Court for the Southern District of New York, and includes all actions filed in or transferred to the United States District Court for the Southern District of New York and consolidated thereunder and all actions that may be so transferred and consolidated in the future, including: *Taylor v. Bank of America Corp. et al.* (15 Civ. 1350), *Sterk v. Bank of America Corp. et al.* (15 Civ. 2705), *Bakizada v. Bank of America Corp. et al.* (15 Civ. 4230), *Teel v. Bank of America Corp. et al.* (15 Civ. 4436), and *Robert Charles Class A, L.P. v. Bank of America Corp. et al.* (15 Civ. 4926).

[2] As defined in the Settlement Agreements, "Class Plaintiffs" are: Aureus Currency Fund, L.P.; the City of Philadelphia, Board of Pensions and Retirement; Employees' Retirement System of the Government of the Virgin Islands; Employees' Retirement System of Puerto Rico Electric Power Authority; Fresno County Employees' Retirement Association; Haverhill Retirement System; Oklahoma Firefighters Pension and Retirement System; State-Boston Retirement System; Syena Global Emerging Markets Fund, LP; Systrax Corporation; Tiberius OC Fund, Ltd.; United Food and Commercial Workers Union and Participating Food Industry Employers Tri-State Pension Fund; and Value Recovery Fund L.L.C. (collectively, "Direct Class Plaintiffs"); J. Paul Antonello; Marc G. Federighi; Thomas Gramatis; Doug Harvey; Izee Trading Company; John Kerstein; Michael Melissinos; Mark Miller; Robert Miller; Richard Preschern d/b/a Preschern Trading; Peter Rives; Michael J. Smith; Jeffrey Sterk; and Kimberly Sterk (collectively, "Exchange-Only Class Plaintiffs").

N.A., and HSBC Securities (USA) Inc.; JPMorgan Chase & Co. and JPMorgan Chase Bank, N.A.; The Royal Bank of Scotland Group PLC, The Royal Bank of Scotland PLC, and RBS Securities Inc.; and UBS AG, UBS Group AG, and UBS Securities LLC (collectively, the "Settling Defendants," and together with Class Plaintiffs, the "Settling Parties"), which, if finally approved by the Court, will result in the settlement of all claims against Settling Defendants;

WHEREAS, in full and final settlement of the claims asserted against them in this Action, the Settling Defendants have individually agreed to pay amounts which in the aggregate total $2,009,075,000 (the "Aggregate Settlement Funds"), and to provide reasonable cooperation in the continued prosecution of the Action as set forth in the Settlement Agreements (the "Cooperation Provisions");

WHEREAS, Class Plaintiffs, having made application pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, (i) for an order preliminarily approving the Settlement Agreements, each of which sets forth the terms and conditions of the settlement of the Action against each Settling Defendant and (ii) for dismissal of the Action against each Settling Defendant with prejudice upon the terms and conditions set forth in the Settlement Agreements;

WHEREAS, Class Plaintiffs have sought, and the Settling Defendants have agreed not to object to, the certification of the Settlement Classes (as defined below) solely for settlement purposes;

WHEREAS, Class Lead Counsel have requested that they be appointed as settlement class counsel for the Settlement Classes pursuant to Rule 23(g) of the Federal Rules of Civil Procedure;

WHEREAS, Class Plaintiffs have requested that they be appointed class representatives of the Settlement Classes;

WHEREAS, the Settling Parties have agreed to the entry of this Preliminary Approval Order (the "Order");

WHEREAS, the Court has considered the Settlement Agreements and other documents submitted in connection with Class Plaintiffs' Motion for Preliminary Approval of Settlement Agreements, certification of the Settlement Classes, and appointment of settlement class counsel and class representatives for the Settlement Classes, and good cause appearing therefor;

NOW, THEREFORE, IT IS HEREBY ORDERED:

1. All terms in initial capitalization used in this Order shall have the same meanings as set forth in the Settlement Agreements, unless otherwise defined herein.

## I. PRELIMINARY APPROVAL OF SETTLEMENT AGREEMENTS

2. Upon review of the record, the Court finds that the Settlement Agreements resulted from arm's-length negotiations between highly experienced counsel and fall within the range of possible approval. Therefore, the Settlement Agreements are hereby preliminarily approved, subject to further consideration at the Fairness Hearing described below. The Court preliminarily finds that the settlements encompassed by the Settlement Agreements raise no obvious reasons to doubt their fairness and provide a reasonable basis for presuming that the Settlement Agreements satisfy the requirements of Rules 23(c)(2) and 23(e) of the Federal Rules of Civil Procedure and due process so that an appropriate notice of the Settlement Agreements should be given, subject to the Court's approval of a notice plan as provided in this Order.

## II.   CERTIFICATION OF THE SETTLEMENT CLASSES

3. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Court preliminarily certifies, solely for purposes of effectuating the settlements set forth in the Settlement Agreements, the following "Settlement Classes":

**The Direct Settlement Class**: All Persons who, between January 1, 2003 and the date of the Preliminary Approval Order, entered into an FX Instrument directly with a Defendant, a direct or indirect parent, subsidiary, or division of a Defendant, a Released Party, or co-conspirator where such Persons were either domiciled in the United States or its territories or, if domiciled outside the United States or its territories, transacted FX Instruments in the United States or its territories. Specifically excluded from the Direct Settlement Class are Defendants; Released Parties; co-conspirators; the officers, directors, or employees of any Defendant, Released Party, or co-conspirator; any entity in which any Defendant, Released Party, or co-conspirator has a controlling interest; any affiliate, legal representative, heir, or assign of any Defendant, Released Party, or co-conspirator and any person acting on their behalf; provided, however, that Investment Vehicles shall not be excluded from the definition of the Direct Settlement Class. Also excluded from the Direct Settlement Class are any judicial officer presiding over this action and the members of his/her immediate family and judicial staff, and any juror assigned to this Action.

**The Exchange-Only Settlement Class**: All Persons who, between January 1, 2003 and the date of the Preliminary Approval Order, entered into FX Exchange-Traded Instruments where such Persons were either domiciled in the United States or its territories or, if domiciled outside the United States or its territories, entered into FX Exchange-Traded Instruments on a U.S. exchange. Specifically excluded from the Exchange-Only

4

Settlement Class are Defendants; Released Parties; co-conspirators; the officers, directors, or employees of any Defendant, Released Party, or co-conspirator; any entity in which any Defendant, Released Party, or co-conspirator has a controlling interest; any affiliate, legal representative, heir, or assign of any Defendant, Released Party, or co-conspirator and any person acting on their behalf; provided, however, that Investment Vehicles shall not be excluded from the definition of the Exchange-Only Settlement Class.  Also excluded from the Exchange-Only Settlement Class are: (i) any judicial officer presiding over this action and any member of his/her immediate family and judicial staff, and any juror assigned to this Action; and (ii) any Person who, between January 1, 2003 and the date of the Preliminary Approval Order, entered into an FX Instrument directly with a Defendant, a direct or indirect parent, subsidiary, or division of a Defendant, a Released Party, or co-conspirator, where such Person was either domiciled in the United States or its territories or, if domiciled outside the United States or its territories, transacted FX Instruments in the United States or its territories.

4. Solely for purposes of the settlements set forth in the Settlement Agreements, the Court preliminarily finds that the requirements of Federal Rules of Civil Procedure 23(a) and 23(b)(3) have been satisfied, as follows: (a) the members of the Settlement Classes are so numerous that joinder of all Class Members in the Action is impracticable; (b) there are questions of law and fact common to the Settlement Classes, and these common questions predominate over any individual questions; (c) the claims of Class Plaintiffs are typical of the claims of the Settlement Classes; (d) Class Plaintiffs and Class Lead Counsel have fairly and adequately represented and protected the interests of the Settlement Classes; and (e) a class action is superior to other available methods for the fair and efficient adjudication of the controversy, considering (i) the interests of

the members of the Settlement Classes in individually controlling the prosecution of separate actions; (ii) the extent and nature of any litigation concerning the controversy already begun by members of the Settlement Classes; (iii) the desirability or undesirability of concentrating the litigation of these claims in this particular forum; and (iv) the likely difficulties in managing this Action as a class action.

5. If the Effective Date does not occur with respect to one or more of the Settlement Agreements because of the failure of a condition that affects such Settlement Agreement(s), this conditional certification of the Settlement Classes shall be deemed null and void as to the Parties subject to such Settlement Agreement(s) without the need for further action by the Court or any of the Settling Parties. In such circumstances, each of the Settling Parties shall retain their rights to seek or to object to certification of this litigation as a class action under Rule 23 of the Federal Rules of Civil Procedure, or under any other state or federal rule, statute, law, or provision thereof, and to contest and appeal any grant or denial of certification in this litigation or in any other litigation on any other grounds.

### III. CLASS COUNSEL AND CLASS REPRESENTATIVES

6. Pursuant to Rule 23(g) of the Federal Rules of Civil Procedure, and solely for settlement purposes, the following counsel are designated as settlement class counsel for the Settlement Classes:

| | |
|---|---|
| Christopher M. Burke | Michael D. Hausfeld |
| Scott+Scott, Attorneys at Law, LLP | Hausfeld LLP |
| 707 Broadway, Suite 1000 | 1700 K Street, NW, Suite 650 |
| San Diego, CA 92101 | Washington, DC 20006 |

7. Direct Class Plaintiffs will serve as class representatives on behalf of the Direct Settlement Class, and Exchange-Only Class Plaintiffs will serve as class representatives on behalf of the Exchange-Only Settlement Class.

**IV.     PLAN OF DISTRIBUTION, CLASS NOTICE, AND FAIRNESS HEARING**

8.     At a later date, Class Lead Counsel shall submit for the Court's approval a proposed Plan of Distribution of the Settlement Funds.

9.     At a later date, settlement class counsel shall submit for the Court's approval a notice plan and proposed form of notice for purposes of advising members of the Settlement Classes, among other things, of their right to object to the Settlement Agreements, their right to exclude themselves from the Settlement Classes, the procedure for submitting a request for exclusion, the time, date, and location of the Fairness Hearing, and their right to appear at the Fairness Hearing.

**V.     OTHER PROVISIONS**

10.     The Court approves the Settling Parties' designation of Kenneth Feinberg as the Settlement Administrator.  Absent further order of the Court, the Settlement Administrator shall have such duties and responsibilities as are set forth in the Settlement Agreements.

11.     The Court approves Class Lead Counsel's designation of The Garden City Group as Claims Administrator.  Absent further order of the Court, the Claims Administrator shall have such duties and responsibilities as are set forth in the Settlement Agreements.

12.     The Court approves the Class Lead Counsel's designation of Huntington National Bank as Escrow Agent.  Absent further order of the Court, the Escrow Agent shall have such duties and responsibilities in such capacity as are set forth in the Settlement Agreements.

13.     The Court approves the establishment of escrow accounts under the Settlement Agreements as Qualified Settlement Funds ("QSFs") pursuant to Internal Revenue Code §468B and the Treasury Regulations promulgated thereunder, and retains continuing jurisdiction as to any issue that may arise in connection with the formulation or administration of the QSFs.

14. All funds held by the Escrow Agent shall be deemed and considered to be in *custodia legis*, and shall remain subject to the jurisdiction of the Court, until such time as such funds shall be distributed pursuant to the Settlement Agreements **and** further order(s) of the Court.

15. All reasonable expenses incurred in identifying and notifying potential Class Members as well as administering the Aggregate Settlement Funds shall be paid as set forth in the Settlement Agreements up to the sum of $500,000. Any such expenses in excess of $500,000 may be paid only with the approval of the Court. In the event the Court does not approve the settlements set forth in one or more of the Settlement Agreements, or if one or more of the Settlement Agreements otherwise fails to become effective, neither Class Plaintiffs nor any of their counsel shall have any obligation to repay any amounts actually and *bona fide* incurred or disbursed pursuant to paragraph 10(b) of such Settlement Agreement(s).

16. If one or more of the settlements set forth in the Settlement Agreements is terminated pursuant to such Settlement Agreement, then solely with respect to any Party to such Settlement Agreement, such Settlement Agreement (including any amendment(s) thereto) and this Order shall be null and void, of no further force or effect, and without prejudice to any such Party, and may not be introduced as evidence or referred to in any actions or proceedings by any Person, and each such Party shall be restored to his, her, or its respective position as it existed prior to the execution of such Settlement Agreement.

17. Except as otherwise provided herein, in the event that one or more of the Settlement Agreements is terminated, vacated, not approved, or the Effective Date fails to occur for any reason, then the Parties to such Settlement Agreement shall be deemed to have reverted to their respective status in the Action as of the Execution Date, and, except as otherwise expressly provided herein, such Parties shall proceed in all respects as if such Settlement Agreement and any

related orders had not been entered, and any portion of the Settlement Fund previously paid by or on behalf of the respective Settling Defendant, together with any interest earned thereon (and, if applicable, re-payment of any Fee and Expense Award referred to in paragraph 9(a) of such Settlement Agreement), less Taxes due, if any, with respect to such income, and less costs of administration and notice actually incurred and paid or payable from the Settlement Fund (not to exceed the dollar limit set forth in each Settlement Agreement without the prior approval of the Court) shall be returned to such Settling Defendant within ten (10) business days from the date of the event causing such termination. At the request of such Settling Defendant's Counsel, the Escrow Agent shall apply for any tax refund owed on the Settlement Fund and pay the proceeds to such Settling Defendant.

18. None of the Settling Defendants, nor any of their counsel, nor any of the Released Parties (as defined in each of the Settlement Agreements) shall have any responsibility for, or liability whatsoever with respect to the notice procedures; the investment, administration, or distribution of any Settlement Fund or the Aggregate Settlement Funds; the Plan of Distribution; the determination, administration, calculation, or payment of any claims asserted against any Settlement Fund or the Aggregate Settlement Funds; or any funds held by the Escrow Agent; the payment or withholding of Taxes; any losses incurred in connection therewith; any application for attorneys' fees, service awards or expenses submitted by Class Plaintiffs or counsel for Class Plaintiffs; or any allocation of the Fee and Expense Award by settlement class counsel. Any such matters will be considered separately from the fairness, reasonableness, and adequacy of the settlements set forth in the Settlement Agreements.

19. At or after the Fairness Hearing, the Court will determine separately whether each Settlement Agreement, the proposed Plan of Distribution, any application for service awards, and

9

any application for attorneys' fees and/or expenses by counsel for Class Plaintiffs should be finally approved.

20. Each of the Settling Defendants has denied any liability, fault, or wrongdoing of any kind in connection with the allegations in the Action, and as such, neither the Settlement Agreements, nor any of their respective terms or provisions, nor any of the negotiations or proceedings connected with the Settlement Agreements shall be construed as an admission or concession of the truth of any of the allegations in the Action, or of any liability, fault, or wrongdoing of any kind by any of the Settling Defendants.

21. All proceedings in the Action with respect to the Settling Defendants are stayed until further order of the Court, except as may be necessary to implement the settlements set forth in the Settlement Agreements or comply with the terms thereof. Pending final determination of whether the settlements set forth in the Settlement Agreements should be approved, each Class Plaintiff and each Class Member, either directly, representatively, or in any other capacity, shall be enjoined from prosecuting in any forum any Released Claim against any of the Released Parties, and shall not sue any of the Released Parties on the basis of any Released Claims or assist any third party in commencing or maintaining any suit against any Released Party related in any way to any Released Claims.

22. The stay of proceedings in the Action with respect to the Settling Defendants entered by this Order shall not in any way stay matters related to discovery of the Settling Defendants in this Action by the Non-Settling Defendants. The parties' rights with respect to such discovery are otherwise reserved and shall remain subject to the Court's orders on discovery.

23. All Class Members shall be bound by all determinations and judgments in the Action concerning the settlements set forth in the Settlement Agreements, whether favorable or unfavorable to the Settlement Classes.

24. Any Class Member may enter an appearance in the Action, at his, her, or its own expense, individually or through counsel of his, her, or its own choice.  Any Class Member who does not enter an appearance will be represented by settlement class counsel.

25. The Court's preliminary certification of the Settlement Classes as provided herein is without prejudice to, or waiver of the rights of any defendant other than the Settling Defendants to contest certification of any other class proposed in the Action.  The Court's findings in this Order shall have no effect on the Court's ruling on any motion to certify any class in the Action, and no party may cite or refer to the Court's preliminary approval of the Settlement Classes as persuasive or binding authority with respect to any motion to certify any such class.  Further, no party may cite or refer to the Court's preliminary approval of the Settlement Classes to support or oppose a motion to dismiss.

IT IS SO ORDERED.

DATED:  December 15, 2015

LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE

# **EXHIBIT 1**

Stipulation and Agreement of Settlement with Bank of America Corporation, Bank of America, N.A., and Merrill Lynch, Pierce, Fenner & Smith Incorporated

Stipulation and Agreement of Settlement with Barclays Bank PLC and Barclays Capital Inc.

Stipulation and Agreement of Settlement with BNP Paribas Group, BNP Paribas North America Inc., BNP Paribas Securities Corp., and BNP Prime Brokerage, Inc.

Stipulation and Agreement of Settlement with Citigroup Inc., Citibank, N.A., Citicorp, and Citigroup Global Markets Inc.

Stipulation and Agreement of Settlement with The Goldman Sachs Group, Inc. and Goldman, Sachs & Co.

Stipulation and Agreement of Settlement with HSBC Holdings PLC, HSBC Bank PLC, HSBC North America Holdings Inc., HSBC Bank USA, N.A., and HSBC Securities (USA) Inc.

Stipulation and Amended Agreement of Settlement with JPMorgan Chase & Co. and JPMorgan Chase Bank, N.A.

Stipulation and Agreement of Settlement with The Royal Bank of Scotland Group PLC, The Royal Bank of Scotland PLC, and RBS Securities Inc.

Stipulation and Amended Agreement of Settlement with UBS AG, UBS Group AG, and UBS Securities LLC