**EXHIBIT 2**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE FOREIGN EXCHANGE BENCHMARK RATES ANTITRUST LITIGATION | No. 1:13-cv-07789-LGS |

**[PROPOSED] SUPERSEDING ORDER APPROVING THE FORM AND MANNER OF NOTICE OF SETTLEMENTS AND PRELIMINARILY APPROVING THE PLAN OF DISTRIBUTION**

WHEREAS, the Action[1] is pending before this Court;

WHEREAS, Class Plaintiffs[2] have entered into and executed Stipulations and Agreements of Settlement that ~~have been~~are attached as Exhibits 1 to ~~9~~5 to the accompanying Declaration of Christopher M. Burke and Michael D. Hausfeld in Support of Class Plaintiffs' Motion for Preliminary Approval of Settlement Agreements ~~(ECF No. 481) (each a "Settlement Agreement" and collectively, the "Settlement Agreements")~~, dated July 28, 2017, with The Bank of Tokyo-Mitsubishi UFJ, Ltd. ("BTMU"); Morgan Stanley, Morgan Stanley & Co. LLC, and Morgan Stanley & Co. International PLC ("Morgan Stanley"); RBC Capital Markets LLC ("RBC"); Société Générale ("Soc Gen"); and Standard Chartered Bank ("Standard Chartered");

WHEREAS Class Plaintiffs have entered into and executed Stipulations and Agreements of Settlement that are attached as Exhibits 1 to 9 of the Declaration of Christopher M. Burke and Michael D. Hausfeld in Support of Class Plaintiffs' Motion for Preliminary Approval of Settlement Agreements, dated October 22, 2015, ECF No. 481, with Bank of America Corporation, Bank of America, N.A., and Merrill Lynch, Pierce, Fenner & Smith Inc. ("Bank of

---

[1]     As defined in the Settlement Agreements, the "Action" means *In re Foreign Exchange Benchmark Rates Antitrust Litigation*, No. 1:13-cv-07789-LGS, which is currently pending in the United States District Court for the Southern District of New York, and includes all actions filed in or transferred to the U.S. District Court for the Southern District of New York, and consolidated thereunder, and all actions that may be so transferred and consolidated in the future, including:  *Taylor v. Bank of Am. Corp.*, No. 15 Civ. 1350; *Sterk v. Bank of Am. Corp.*, No. 15 Civ. 2705; *Bakizada v. Bank of Am. Corp.*, No. 15 Civ. 4230; *Teel v. Bank of Am. Corp.*, No. 15 Civ. 4436; and *Robert Charles Class A, L.P. v. Bank of Am. Corp.*, No. 15 Civ. 4926.

[2]     As defined in the Settlement Agreements, "Class Plaintiffs" are:  Aureus Currency Fund, L.P.; the City of Philadelphia, Board of Pensions and Retirement; Employees' Retirement System of the Government of the Virgin Islands; Employees' Retirement System of Puerto Rico Electric Power Authority; Fresno County Employees' Retirement Association; Haverhill Retirement System; Oklahoma Firefighters Pension and Retirement System; State-Boston Retirement System; Syena Global Emerging Markets Fund, LP; Systrax Corporation; Tiberius OC Fund, Ltd.; United Food and Commercial Workers Union and Participating Food Industry Employers Tri-State Pension Fund; Value Recovery Fund L.L.C.; J. Paul Antonello; Marc G. Federighi; Thomas Gramatis; Doug Harvey; Izee Trading Company; John Kerstein; Michael Melissinos; Mark Miller; Robert Miller; Richard Preschern d/b/a Preschern Trading; Peter Rives; Michael J. Smith; Jeffrey Sterk; and Kimberly Sterk.

America"); Barclays Bank PLC and Barclays Capital Inc. ("Barclays"); BNP Paribas Group, BNP Paribas North America Inc., BNP Paribas Securities Corp., and BNP Prime Brokerage, Inc. ("BNP Paribas"); Citigroup Inc., Citibank, N.A., Citicorp, and Citigroup Global Markets Inc. ("Citigroup"); The Goldman Sachs Group, Inc. and Goldman, Sachs & Co. ("Goldman Sachs"); HSBC Holdings PLC, HSBC Bank PLC, HSBC North America Holdings Inc., HSBC Bank USA, N.A., and HSBC Securities (USA) Inc. ("HSBC"); JPMorgan Chase & Co. and JPMorgan Chase Bank, N.A. ("JPMorgan"); The Royal Bank of Scotland Group PLC, The Royal Bank of Scotland PLC, and RBS Securities Inc. ("RBS"); and UBS AG, UBS Group AG, and UBS Securities LLC ("UBS") (collectively, the "Settling Defendants" and together with Class Plaintiffs, the "Settling Parties"), which, if granted final approval by the Court, will result in the settlement of all claims against the Settling Defendants;");

WHEREAS, on December 15, 2015, the Court entered an Order (OrdersECF No. 536) (the "Preliminary Approval OrderOrders") in which it preliminarily approved the fourteen Settlement Agreements and preliminarily certified the Direct Settlement Class and the Exchange-Only Settlement Class (together, the "Settlement Classes"), subject to further consideration thereof at the Fairness Hearing (defined below); and

WHEREAS, pursuant to the Preliminary Approval Order, Class Plaintiffs have applied to the Court for anthis Superseding Order Approving the Form and Manner of Notice of Settlements and Preliminarily Approving the Plan of Distribution (the "Order");

NOW, THEREFORE, IT IS HEREBY ORDERED AND FOUND:

1. All terms in initial capitalization used in this Order shall have the same meanings as set forth in the Settlement Agreements and the Preliminary Approval OrderOrders, unless otherwise defined herein.

2

2. This order supersedes the Court's Order Approving the Form and Manner of Notice of Settlements and Preliminarily Approving the Plan of Distribution, dated December 20, 2016. ECF No. 700.

2.3. If the Settlement isSettlements are finally approved, the Plan of Distribution (attached hereto as Exhibit 4), provides the terms by which the Claims Administrator would calculate the claims submitted by Settlement Class Members and distribute the Net Settlement Fund to Authorized Claimants. The Plan of Distribution is the product of analysis by the Settlement Administrator (Kenneth Feinberg) and his consultants with expertise in foreign exchange trading, mathematics and damage calculationsat Ankura Consulting, Allocation Counsel, and Class Counsel and their FX industry, economics, and damages consultants, including at the firmsfirm Velador Associates and LitiNomics, working under the direction of experienced Class Counsel with oversight from Lowey Dannenberg Cohen & Hart, P.C., on behalf of the Direct Settlement Class and Kirby McInerney LLP and Nussbaum Law Group, P.C., on behalf of the Exchange-Only Settlement Class.. The Plan of Distribution provides a "fair and adequate" means by which to distribute the Net Settlement Fund and has "a reasonable, rational basis"." *In re WorldCom, Inc. Sec. Litig.*, 388 F. Supp. 2d 319, 344 (S.D.N.Y. 2005). Therefore, the Plan of Distribution is hereby preliminarily approved, subject to further consideration thereof at the Fairness Hearing described below. The Plan of Distribution submitted for final approval shall include actual rather than illustrative figures for all variables, with an explanation of how they were determined and if unavailable, with an explanation why.

4. Class Plaintiffs shall file finalized Relative Damage Factors as referred to in the Plan of Distribution by October 1, 2017.

3.5.    The Court approves, as to form and content, the Notice of Class Action Settlements ("Mail Notice"), substantially in the form attached hereto as Exhibit 1, the Proof of Claim and Release ("Claim Form"), substantially in the form attached hereto as Exhibit 2, and the Summary Notice of Class Action Settlements ("Summary Notice"), substantially in the form attached hereto as Exhibit 3.

4.6.    The Claims Administrator shall translate the Mail Notice into French, German, Bahasa Indonesian, Japanese, Korean, Traditional Chinese, Simplified Chinese, Spanish, Russian, Portuguese, Romanian, Vietnamese, Polish, and such other languages that Class Plaintiffs and Settling Defendants agree are appropriate in light of the composition of the Settlement Classes. The Claims Administrator shall make such translated versionversions of the Mail Notice available on the Settlement Website.

5.7.    Settling Defendants shall make reasonable efforts, as soon as possible, to the extent not already completed, to identify and provide to the Claims Administrator, or an agent of the Settling Defendants (Rust Consulting),) the names and addresses of potential members of the Settlement Classes, who can be reasonably identified based on client records that Settling Defendants have in their respective possession, custody, or control, for purposes of the mailing of the Mail Notice and Claim Form referenced in ¶ 7(a)-(b),¶¶8-9, to the extent permitted by applicable laws. Settling Defendants will also make reasonable efforts, as soon as possible, to compile names and addresses of potential members of the Settlement Classes, who can be reasonably identified based on client records that the Settling Defendants have in their respective possession, custody, or control, to whom Settling Defendants will send the Mail Notice and Claim Form directly, as referenced in ¶ 7(b).9.

4

1.   Provided that names and addresses of potential members of the Settlement Classes, who can be reasonably identified based on client records that Settling Defendants have in their respective possession, custody or control, are provided and/or compiled pursuant to ¶ 5, theThe process of disseminating the Mail Notice and Claim Form shall begin by FebruaryOctober 1, 2017 ("Notice Date").  Mail Notice willshall be mailed by first class mail (or, for Mail Notice conducted within foreign countries, the corresponding class of postal delivery), postage prepaid, to each potential member of the Settlement Classes that can be identified through reasonable effort to the extent permitted by applicable laws.

2.   This paragraph amends ¶ 11 of the Preliminary Approval Order, which states, "Absent further order of the Court, the Claims Administrator [Garden City Group] shall have such duties and responsibilities as are set forth in the Settlement Agreements." The Settlement Agreements provide that the "Claims Administrator shall effectuate the notice plan approved by the Court in the Preliminary Approval Order and Notice Order." ECF No. 481-1, ¶ 7(b); *see also id.*, ¶ 2(d) (duty to "manage and administer the [notice] process"); *id.*, Exhibit B, ¶ 4 ("Class Lead Counsel shall cause copies of the Mail Notice to begin to be mailed"). Such duties are amended as follows:

6.8.   The Claims Administrator shall cause copies of the Mail Notice and Claim Form to be mailed to each of the following potential members of the Settlement Classes: (1) potential members of the Settlement Classes, whose names and addresses were provided by Settling Defendants to the Claims Administrator; (2) "large traders" of FX Exchange-Traded Instruments whose names were obtained by Class Plaintiffs pursuant to subpoenas to Chicago Mercantile Exchange ("CME") and Intercontinental Exchange, Inc. ("ICE"); (3) Futures Commission Merchants ("FCMs"), who were clearing members and cleared FX Exchange-Traded

5

Instruments on CME and ICE Futures U.S., whose names and addresses were obtained by Class Plaintiffs pursuant to subpoenas to the CME and ICE (such clearing firms shall be requested either to forward copies of the Mail Notice and Claim Form to their customers who transacted in FX Exchange-Traded Instruments during the Settlement Class Period, or to provide the names and addresses of such customers to the Claims Administrator).

7.9.    An agent of Settling Defendants (Rust Consulting) or, as determined in light of applicable foreign bank secrecy and/or data privacy laws, Settling Defendants directly, shall cause copies of the Mail Notice and Claim Form to be mailed to other potential members of the Settlement Class who have been identified by Settling Defendants in light of applicable foreign bank secrecy and/or data privacy laws.

8.10.    Subject to ¶ 7¶¶8-9 above, absent further order of the Court, the Claims Administrator shall have such duties and responsibilities as are set forth in the Settlement Agreements.

9.11.    As soon as practicable after the Notice Date, Class Counsel shall cause to be published the Summary Notice, which the Settling Parties intend to be the best notice practicable under the circumstances, and which shall be: (a) published once in *FX Week*, *The Wall Street Journal* (Global Edition), *Investor's Business Daily*, *Financial Times* (Worldwide Edition), *The New York Times* (International Edition), *The Guardian* (United Kingdom), *Globe and Mail* (Canadian National Edition), and *La Presse* (Montreal, in French); (b) published for four weeks on *eFXnews.com* and on the websites of the *Financial Times* (Global Edition) and *Bloomberg* (United States Edition); and (c) issued as a press release through Premier Global.  After the issuance of this Order, the settling partiesSettling Parties may agree to broaden this publication notice plan, in consultation with the Claims Administrator, without further order from the Court.

~~10.~~12. On or before the Notice Date, Class Counsel shall cause the Mail Notice (including translated versions~~) and~~ ), Claim Form, Summary Notice, and Plan of Distribution (including Relative Damage Factors) to be published on the Settlement Website.

~~11.~~13. Concurrent with Class Counsel's motion for final approval of the ~~settlement~~Settlements, and with any subsequent updates as necessary, Class Counsel shall file, or cause to be filed, a sworn statement attesting to the compliance with the provisions of ¶¶ ~~6,~~ 7(a), ~~9 10~~8, 11, and 12, and Settling Defendants shall file, or cause to be filed, declaration(s) attesting to compliance with the provisions of ¶¶ ~~6,~~ 7~~(b).~~, 9.

~~12.~~14. Any Person who transacted in FX Instruments or FX Exchange-Traded Instruments for the benefit of another Person (a "Beneficial Owner") during the Settlement Class Period shall be requested either to send the Mail Notice and Claim Form to all such Beneficial Owners within 25 days after receipt thereof or to send a list of the names and last known addresses of such Beneficial Owners to the Claims Administrator within 25 days of receipt thereof, in which event, the Claims Administrator shall promptly mail the Mail Notice and Claim Form to such Beneficial Owners.

~~13.~~15. The Court finds that the mailing of the Mail Notice and Claim Form and publication of the Summary Notice constitutes the best notice practicable under the circumstances, including individual notice to all members of the Settlement Classes~~,~~ who can be identified through reasonable effort, and constitutes valid, due, and sufficient process, complying fully with the requirements of Rule 23 of the Federal Rules of Civil Procedure and due process.

~~14.~~16. All fees, costs, and expenses incurred in identifying and notifying members of the Settlement Classes shall be paid as set forth in the Settlement Agreements. For the avoidance of doubt, this includes all fees, costs, and expenses of Settling Defendants' agent (Rust

Consulting),) with the exception that Settling Defendants shall pay any non-postage related costs of their agent (Rust Consulting) to the extent such costs exceed what the Claims Administrator would reasonably charge for such services and to the extent any costs of administration incurred by the Claims Administrator and Rust Consulting together exceed $2,000,000 (two million dollars). To the extent a Settling Defendant makes any mailings directly pursuant to ¶ 7(b)9 above, the Settling Defendant will bear its own costs other than out of pocket disbursements for postage. Except as otherwise provided in this Order or in the Settlement Agreements, in no event shall Settling Defendants bear any responsibility for fees, costs, or expenses incurred in identifying and notifying members of the Settlement Classes.

15.17. Any Person falling within the definition of one of the Settlement Classes may request to be excluded from the Settlement Class in which he, she, or it would otherwise be a member ("Request for Exclusion"). A Request for Exclusion must be: (a) in writing; (b) signed by the Person (defined as the individual or entity holding the claim) or his, her, or its authorized representative; (c) state the name, address, and phone number of that Person; (d) include proof of membership in either the Directa Settlement Class or; (e) include the claimant ID number(s) on the Exchange-Only Settlement Class, including documentation evidencing FX Trading during the Class PeriodPerson's Claim Form(s), if received; and (ef) include a signed statement that "I/we hereby request that I/we be excluded from the Settlements in the *In re Foreign Exchange Benchmark Rates Antitrust Litigation*" or the substantive equivalent. The request must be postmarked by June 29, 2017MONTH XX, 2018, and mailed to the Claims Administrator at: In re Foreign Exchange Benchmark Rates Antitrust Litigation, c/o GCG, P.O. Box 10239, Dublin, OH 43017-5739. Unless the Court orders otherwise, a Request for Exclusion that does not include all of the foregoing information, that does not contain the proper signature, that is sent to

8

an address other than the one designated in the Mail Notice and Summary Notice, or that is not sent within the time specified, shall be invalid. ~~The Person(s)~~ ~~filing~~submitting such an invalid request shall be a Settlement Class Member and shall be bound by the settlements set forth in the Settlement Agreements, if approved. All Persons who submit valid and timely Requests for Exclusion in the manner set forth in this paragraph shall be excluded from the Settlement Classes, shall have no rights under the Settlement Agreements, shall not share in the distribution of the Settlement Fund, shall not be bound by the Settlement Agreements or, if approved, any Final Judgment and Order of Dismissal approving the same.

~~16.~~18. Class Counsel shall provide counsel for the Settling Defendants copies of all Requests for Exclusion, together with all documents and information provided with such requests, and any written revocation of Requests for Exclusion within three business days of receipt by Class Counsel of that exclusion request or revocations thereof.

~~17.~~19. Any member of the Settlement Class who has not submitted a Request for Exclusion may object and state why the Settlement should not be finally approved as fair, reasonable, and adequate; why the Final Judgment and Order of Dismissal should not be entered; why the Plan of Distribution should not be approved; and/or why the requested attorneys' fees and litigation costs should not be awarded to counsel for Class ~~Plaintiff; and/or why Class Plaintiff should not receive the requested service award.~~Plaintiffs. In order to contest any of these matters, an objecting class member must submit a written objection that (i) identifies the name of the case (*In re Foreign Exchange Benchmark Rates Antitrust Litigation*, No. 13-cv-7789 (LGS)) and the Settlement Class member's name, address, telephone number, signature and, if applicable, the name, address, and telephone number of the attorney representing the member of the Settlement Class; (ii) states whether the objecting class member intends to appear at the Final

9

Fairness Hearing (though an appearance is not necessary for the Court to consider the objection); (iii) provides proof that the objecting class member is a member of either the Direct Settlement Class or the Exchange-Only Settlement Class, including documentation evidencing FX Trading during the Class Period; (iv) identifies the specific grounds for the objection, including whether the objecting class member wants to appear and be heard at the Final Fairness Hearing, as well as all documents for the Court to consider; and (v) is postmarked by ~~June 29, 2017~~MONTH XX, 2018, and mailed to the Claims Administrator at: In re Foreign Exchange Benchmark Rates Antitrust Litigation, c/o GCG, P.O. Box 10239, Dublin, OH 43017-5739.  As soon as practicable, Class Counsel shall cause all written objections to be filed with the Court. Any objecting class member that fails to object in substantially the manner set forth in this paragraph shall be deemed to have waived objections and will forever be barred from making any such objections in the Action, including, but not limited to, any objection to: (a) the fairness, reasonableness, or adequacy of the settlements set forth in such Settlement Agreement(s) or the Plan of Distribution; and (b) any award of attorneys' fees and/or costs and expenses to counsel for Class Plaintiffs.

~~18.~~20.   Unless the Court orders otherwise, all Claim Forms must be ~~postmarked by or before August 18, 2017~~submitted to the Claims Administrator so that they are postmarked by Month XX, 2018 or submitted online by 11:59 p.m. Eastern time on Month XX, 2018.

~~19.~~21.   Any and all distributions to eligible Settlement Class Members shall be made pursuant to the Plan of Distribution, as approved by the Court, to those Settlement Class Members who submit a valid Claim Form.  Settlement Class Members who wish to participate in the ~~settlements~~Settlements set forth in the Settlement Agreements must complete and submit a valid Claim Form, in accordance with the instructions contained therein.

20.22. Any Settlement Class Member who does not timely submit a Claim Form within the time provided shall be barred from sharing in the distribution of the proceeds of the Settlement Fund, unless otherwise ordered by the Court, but shall nevertheless be bound by any Final Judgment and Order of Dismissal entered by the Court regarding the settlements set forth in the Settlement Agreements. Notwithstanding the foregoing, Class Counsel shall have the discretion, but not the obligation, to accept late-submitted claims for processing by the Claims Administrator, so long as distribution of the proceeds of the Settlement Fund is not materially delayed. Class Counsel shall have no liability for failing to accept any late-submitted claims.

21.23. Any member of a Settlement Class may enter an appearance in the Action, at their own expense, individually or through counsel of their own choice. Any member of a Settlement Class who does not enter an appearance will be represented by Class Counsel.

22.24. "The Final Fairness Hearing" shall be held before this Court on October 18, 2017MONTH XX, 2018 at 11:00 a.__:__ .m., at the United States District Court for the Southern District of New York, Thurgood Marshall United States Courthouse, 40 Foley Square, New York, New York 10007, to determine: (i) whether the settlementsSettlements of the Action on the terms and conditions provided for in the Settlement Agreements are fair, reasonable, and adequate to the Settlement Classes and should be granted final approval by the Court; (ii) whether a Final Judgment and Order of Dismissal, as provided for in each of the Settlement Agreements, should be entered; (iii) whether the Plan of Distribution should be finally approved; (iv) the amount of any attorneys' fees and/or litigation costs and expenses to be awarded to counsel for Class Plaintiffs; (v) whether the Court should certify the Settlement Classes, but solely for settlement purposes pursuant to Fed. R. Civ. P. 23(a), (b)(3); and (vi) such other matters as the Court may deem appropriate.

~~23.~~25.  All papers in support of the motion for final approval and any application for attorneys' fees and/or costs and expenses shall be filed and served no later than ~~May 30, 2017~~MONTH XX, 2018, and any reply papers (which may include a response to objections, if any) shall be filed and served no later than ~~September 15, 2017~~MONTH XX, 2018.

~~24.~~26.  At or after the Fairness Hearing, the Court will determine separately whether each Settlement Agreement should be granted final approval, whether the Plan of Distribution should be granted final approval, and whether to approve the application for attorneys' fees and/or expenses by counsel for Class Plaintiffs.

~~25.~~27.  The Court reserves the right to adjourn the date of the Fairness Hearing without further notice except as published on the ~~court~~Court docket sheet for this case, and the Court retains jurisdiction to consider all further applications arising out of, or connected with, the ~~settlements~~Settlements set forth in the Settlement Agreements.  To the extent practicable, Class Counsel shall cause the Claims Administrator to cause notice of any Court-ordered changes of schedule or any modifications of deadlines to be published promptly on the Settlement Website. The Court may approve the ~~settlements set forth in~~ Plan of Distribution or the Settlement Agreements ~~or Plan of Distribution,~~ with such modifications as may be agreed to by the Settling Parties, if appropriate, without further notice to the Settlement Classes.

~~The Clerk of Court is respectfully directed to note the date of the Final Fairness Hearing as set forth in ¶ 22 above and to close the motion at Docket Number 653.~~

IT IS SO ORDERED.

~~DATED: December 20, 2016~~       _____

DATED: _____, 2017   _____
                                HON. LORNA G. SCHOFIELD
                                UNITED STATES DISTRICT JUDGE