# EXHIBIT 2

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE FOREIGN EXCHANGE BENCHMARK RATES ANTITRUST LITIGATION | No. 1:13-cv-07789-LGS |

### NOTICE OF CLASS ACTION SETTLEMENTS

**PLEASE READ THIS ENTIRE NOTICE CAREFULLY.  A UNITED STATES FEDERAL COURT AUTHORIZED THIS NOTICE.  YOUR RIGHTS MAY BE AFFECTED BY THE PROCEEDINGS IN THIS ACTION.  THIS NOTICE ADVISES YOU OF YOUR RIGHTS AND OPTIONS WITH RESPECT TO THIS ACTION, INCLUDING WHAT YOU MUST DO IF YOU WISH TO SHARE IN THE PROCEEDS OF THE SETTLEMENTS.  TO CLAIM YOUR SHARE OF THESE SETTLEMENTS, YOU MUST FILE A VALID PROOF OF CLAIM AND RELEASE POSTMARKED OR ELECTRONICALLY SUBMITTED ON OR BEFORE ~~MONTH XX~~MARCH 22, 2018.**

To: All Persons who, between January 1, 2003 and December 15, 2015, entered into:

1) one or more FX Instruments directly with a Defendant, Released Party, direct or indirect parent, subsidiary, or division of a Defendant, or co-conspirator, where such Persons were either domiciled in the United States or its territories or, if domiciled outside the United States or its territories, transacted one or more FX Instruments in the United States or its territories; OR

2) one or more FX Exchange-Traded Instruments, where such Persons were either domiciled in the United States or its territories or, if domiciled outside the United States or its territories, entered into one or more FX Exchange-Traded Instruments on a U.S. exchange.

The capitalized terms in these paragraphs, as well as other capitalized terms, are explained or defined below at Questions 3, 7, and 17.

**This Notice of Class Action Settlements ("Notice") is given pursuant to Rule 23 of the Federal Rules of Civil Procedure and an Order of the United States District Court for the Southern District of New York (the "Court").  It is not junk mail, an advertisement, or a solicitation from a lawyer.  You have not been sued.**

**This Notice has been translated into the following languages:  French, German, Bahasa Indonesian, Italian, Japanese, Korean, Polish, Traditional Chinese, Simplified Chinese, Spanish, Russian, Portuguese, Romanian, and Vietnamese.  Translated versions of this Notice are available at WWW.FXANTITRUSTSETTLEMENT.COM (the "Settlement Website").**

The purpose of this Notice is to inform you of the pending proposed class action lawsuit (the "Action") and of the settlements of the Action (the "Settlements" or "Settlement Agreements") with the following "Settling Defendants":

1. Bank of America Corporation, Bank of America, N.A., and Merrill Lynch, Pierce, Fenner & Smith Incorporated ("Bank of America");
2. The Bank of Tokyo-Mitsubishi UFJ, Ltd. ("BTMU");
3. Barclays Bank PLC and Barclays Capital Inc. ("Barclays");
4. BNP Paribas Group, BNP Paribas North America Inc., BNP Paribas Securities Corp., and BNP Prime Brokerage, Inc. ("BNP Paribas");
5. Citigroup Inc., Citibank, N.A., Citicorp, and Citigroup Global Markets Inc. ("Citigroup");
6. Deutsche Bank AG and Deutsche Bank Securities Inc. ("Deutsche Bank")
7. The Goldman Sachs Group, Inc. and Goldman, Sachs & Co. ("Goldman Sachs");
8. HSBC Holdings PLC, HSBC Bank PLC, HSBC North America Holdings Inc., HSBC Bank USA, N.A., and HSBC Securities (USA) Inc.  ("HSBC");
9. JPMorgan Chase & Co. and JPMorgan Chase Bank, N.A. ("JPMorgan");
10. Morgan Stanley, Morgan Stanley & Co., LLC, and Morgan Stanley & Co., International PLC ("Morgan Stanley");
11. RBC Capital Markets LLC ("RBC");
12. The Royal Bank of Scotland Group PLC, The Royal Bank of Scotland PLC, and RBS Securities Inc. ("RBS");
13. Société Générale ("Soc Gen");
14. Standard Chartered Bank ("Standard Chartered"); and
15. UBS AG, UBS Group AG, and UBS Securities LLC ("UBS").

You are receiving this Notice because records indicate that you may be a member of one of the Settlement Classes in this Action because you traded one or more FX Instruments or FX Exchange-Traded Instruments that qualify as eligible transactions under the Settlements.

The Court has appointed the lawyers listed below to represent you and the Settlement Classes in this Action:

<table>
<tr><td>Christopher M. Burke</td><td>Michael D. Hausfeld</td></tr>
<tr><td>Scott+Scott, Attorneys at Law, LLP</td><td>Hausfeld LLP</td></tr>
<tr><td>707 Broadway, Suite 1000</td><td>1700 K Street, NW, Suite 650</td></tr>
<tr><td>San Diego, CA 92101</td><td>Washington, DC 20006</td></tr>
<tr><td>Telephone: 619-233-4565</td><td>Telephone: 202-540-7200</td></tr>
<tr><td>cburke@scott-scott.com</td><td>mhausfeld@hausfeld.com</td></tr>
</table>

The Action alleges that Settling Defendants and Credit Suisse Group AG, Credit Suisse AG, and Credit Suisse Securities (USA) LLC ("Credit Suisse") and " or "Non-Settling Defendant," and collectively, Deutsche Bank AG and Deutsche Bank Securities Inc. ("Deutsche Bank") (Credit Suisse and Deutsche Bank, collectively, the "Non-Settling Defendants," and with Settling Defendants, the "Defendants"), conspired to fix prices in the foreign exchange ("FX") market in violation of Sections 1 and 3 of the Sherman Antitrust Act, 15 U.S.C. §§1, 3.  The Action also alleges that Defendants engaged in manipulation with respect to the FX market in violation of the Commodity Exchange Act, 7 U.S.C. §§1, *et seq.*  Defendants deny that the allegations made against them in the lawsuit have merit.

The Court has preliminarily approved Settlements with Bank of America, BTMU, Barclays, BNP Paribas, Citigroup, Deutsche Bank, Goldman Sachs, HSBC, JPMorgan, Morgan Stanley, RBC, RBS, Soc Gen, Standard Chartered, and UBS.  To resolve all Released Claims against all Released Parties, Settling Defendants have agreed to pay a total of $2,310,275,000.  The Settlement Amount, including any funds paid for the purposes of contributing to notice and administration costs, agreed to by each Settling Defendant is:

| Settling Defendant | Amount |
|---|---|
| BTMU | $10,500,000 |
| Bank of America | $187,500,000 |
| Barclays | $384,000,000 |
| BNP Paribas | $115,000,000 |
| Citigroup | $402,000,000 |
| Deutsche Bank | $190,000,000 |
| Goldman Sachs | $135,000,000 |
| HSBC | $285,000,000 |
| JPMorgan | $104,500,000 |
| Morgan Stanley | $50,000,000 |
| RBC | $15,500,000 |
| RBS | $255,000,000 |
| Soc Gen | $18,000,000 |
| Standard Chartered | $17,200,000 |
| UBS | $141,075,000 |
| **Total Settlements** | **$2,310,275,000** |

Settling Defendants have also agreed to provide reasonable cooperation, including confirmatory discovery, to the benefit of Class Plaintiffs and Settlement Class Members ("Cooperation Provisions").  Class Counsel believe that the Cooperation Provisions have and will continue to aid Class Plaintiffs in pursuing their claims in the Action against Non-Settling Defendants, which denies all allegations.  Settlement Class Members will not, by participating in the Settlements, be releasing their claims against Non-Settling Defendants.

The following chart contains a summary of your rights and options regarding the Settlements. More detailed information about your rights and options can be found in the Settlement

Agreements and Plan of Distribution, all of which are available at WWW.FXANTITRUSTSETTLEMENT.COM (the "Settlement Website").

| YOUR LEGAL RIGHTS AND OPTIONS IN THESE SETTLEMENTS | |
|---|---|
| **DO NOTHING** | You are automatically part of a Settlement Class if you fit one of the Settlement Class descriptions.  However, if you do not file a timely claim, you will not receive any payment from the Settlements.  You will be bound by past and any future Court rulings, including rulings on the Settlements, if approved, and settlement releases but will not be eligible to receive any payment from the Settlements.  See Question 18. |
| **FILE A CLAIM FORM** | You may be eligible to share in the Net Settlement Fund if you complete and file a valid Proof of Claim and Release ("Claim Form") by no later than ~~Month XX~~March 22, 2018.  If you file a Claim Form, you will remain in the Settlement Class if you are a Class Member. You will be bound by past and any future Court rulings, including rulings on the Settlements, if approved, and settlement releases.  If you do not file a Claim Form, you will not receive any payments under the Settlements.  See Question 13. |
| **EXCLUDE YOURSELF FROM THE SETTLEMENTS** | If you wish to exclude yourself from the Settlements, you must submit a written request by ~~Month XX~~February 7, 2018.  If you exclude yourself, you will not be bound by the Settlements, if approved, or settlement releases, and you will not be eligible for any payment from the Settlements.  See Questions 19-23. |
| **OBJECT TO THE SETTLEMENTS** | If you wish to object to the Settlements, you must submit a written objection to the Claims Administrator by ~~Month XX~~February 7, 2018. The Claims Administrator will provide your objection to Class Counsel, who will file it with the Court. You must be and remain within a Settlement Class in order to object.  See Questions 24 and 25. |
| **GO TO THE FAIRNESS HEARING** | You may ask the Court for permission to speak at the Fairness Hearing about the Settlements by including such a request in your written objection, which you must submit to the Claims Administrator by ~~Month XX~~February 7, 2018.  The Claims Administrator will provide your request to Class Counsel, who will file it with the Court.  The Fairness Hearing is scheduled for ~~Month XX~~May 23, 2018 at ~~__:__.~~4:00 p.m.  See Questions 28-30. |
| **APPEAR THROUGH AN ATTORNEY** | You may enter an appearance through your own counsel at your own expense.  See Questions 26, 29, and 30. |

These rights and options and the deadlines to exercise them are explained in this Notice.

****If you choose to submit a claim, you are consenting to the disclosure of, waiving any protections provided by applicable bank secrecy, data privacy law, or any similar confidentiality protections with respect to, and instructing the applicable Settling Defendant(s) to disclose your information and transaction data relating to you trades in FX Instruments with one or more of the Settling Defendant(s) and your trades in FX Exchange-Traded Instruments from January 1, 2003 through December 15, 2015, for use in the claims administration process.  If applicable, you are further consenting to the release of any and all documents reflecting your transactions or holdings in FX Exchange-Traded Instruments from January 1, 2003 through December 15, 2015, which may be obtained from third parties, including but not limited to brokerage firm(s), FCM(s), CME, and ICE for use in the claims administration process.  If you choose to object to or opt out of the Settlements, Court filings of objections and exclusions will publicly reveal your identity.****

## WHAT THIS NOTICE CONTAINS

### TABLE OF CONTENTS

Page

**BASIC INFORMATION**................................................................................................ 6

    1.   What is a class action lawsuit?............................................................................ 6

    2.   Why did I get this Notice? ................................................................................... 7

    3.   What are the definitions used in this Notice? ...................................................... 7

    4.   What is this Action about?................................................................................... 8

    5.   Why are there Settlements? ................................................................................. 9

    6.   How do the Settlements affect the claims against Non-Settling Defendants?................. 10

**WHO GETS MONEY FROM THE SETTLEMENT** ............................................. 10

    7.   How do I know if I am a Class Member? ......................................................... 10

    8.   Are there exceptions to being included in one of the Settlement Classes?...................... 11

    9.   What is the geographic scope of trading that is included in the Settlement? ................... 11

    10.  Can I be a member of both Settlement Classes?................................................ 12

    11.  I'm still not sure if I am included........................................................................ 12

**THE SETTLEMENT BENEFITS**.......................................................................... 12

    12.  What do the Settlements provide? ..................................................................... 12

    13.  How will I get a payment?.................................................................................. 13

    14.  How much will my payment be? ........................................................................ 14

    15.  When will I receive a payment?......................................................................... 15

    16.  What do I have to do after I file a Claim Form?................................................ 15

17. What am I giving up to receive a payment? ................................................................. 16

18. What if I do nothing? .................................................................................................... 18

**EXCLUDING YOURSELF FROM THE SETTLEMENTS** ................................................. 18

19. What if I do not want to be in a Settlement Class? ...................................................... 18

20. How do I exclude myself? ............................................................................................ 18

21. If I do not exclude myself, can I sue Settling Defendants and the other Released Parties for the same thing later? ............................................................................................... 19

22. If I exclude myself, can I get money from the Settlements? ......................................... 19

23. If I exclude myself from the Settlements, can I still object? ........................................ 19

**OBJECTING TO THE SETTLEMENTS** ............................................................................... 19

24. How do I tell the Court what I think about the Settlements? ........................................ 19

25. What is the difference between objecting and excluding myself? ................................. 20

**THE LAWYERS REPRESENTING YOU** .............................................................................. 21

26. Do I have a lawyer in this case? ................................................................................... 21

27. How will the lawyers be paid? ..................................................................................... 21

**THE COURT'S FAIRNESS HEARING** ................................................................................ 21

28. When and where will the Court decide whether to approve the Settlements? .............. 21

29. Do I have to come to the Fairness Hearing? ................................................................. 22

30. May I speak at the Fairness Hearing? ........................................................................... 22

**GETTING MORE INFORMATION** ...................................................................................... 22

31. How do I get more information? ................................................................................... 22

## BASIC INFORMATION

**1.     What is a class action lawsuit?**

A class action is a lawsuit in which one or more representative plaintiffs (in this case, Class Plaintiffs) bring a lawsuit on behalf of themselves and other similarly situated persons (*i.e.*, a class) who have similar claims against the defendants. The representative plaintiffs, the court, and counsel appointed to represent the class all have a responsibility to make sure that the interests of all class members are adequately represented.

Importantly, class members are NOT individually responsible for the attorneys' fees or litigation costs. In a class action, attorneys' fees and litigation costs are paid from the settlement fund (or the court-awarded judgment amount) and must be approved by the court. If there is no recovery on behalf of the class, the attorneys do not get paid.

When a representative plaintiff enters into a settlement with a defendant on behalf of a class, such as these Settlements with Settling Defendants, the court will require that the members of the settlement class be given notice of the settlement and an opportunity to be heard with respect to the settlement.  The court then conducts a hearing (called a fairness hearing) to determine, among other things, if the settlement is fair, reasonable, and adequate.

**2.      Why did I get this Notice?**

You received this Notice because you requested it or records indicate that you may be a member of one of the Settlement Classes.  As a potential member of one of the Settlement Classes, you have a right to know about the proposed Settlements with Settling Defendants before the Court decides whether to approve the Settlements.

This Notice explains the Action, the Settlements, your legal rights, what benefits are available, who is eligible for them, and how you can seek to receive your portion of the benefits if you are eligible.  The purpose of this Notice is also to inform you of the Fairness Hearing to be held by the Court to consider the fairness, reasonableness, and adequacy of the Settlements and to consider the application of Class Counsel (on behalf of all Plaintiffs' Counsel) for an award of attorneys' fees and litigation costs from the Settlement Fund.

**3.      What are the definitions used in this Notice?**

This Notice incorporates by reference the definitions in the Stipulations and Agreements of Settlements with: Bank of America, dated October 1, 2015 (the "Bank of America Settlement"); Barclays, dated September 30, 2015 (the "Barclays Settlement"); BTMU, dated February 14, 2017 (the "BTMU Settlement"); BNP Paribas, dated October 1, 2015 (the "BNP Paribas Settlement"); Citigroup, dated October 1, 2015 (the "Citigroup Settlement"); Deutsche Bank, dated September 29, 2017 (the "Deutsche Bank Settlement"); Goldman Sachs, dated October 1, 2015 (the "Goldman Sachs Settlement"); HSBC, dated September 30, 2015 (the "HSBC Settlement"); JPMorgan, dated October 1, 2015 (the "JPMorgan Settlement"); Morgan Stanley, dated July 28, 2017 (the "Morgan Stanley Settlement"); RBC, dated July 27, 2017 (the "RBC Settlement"); RBS, dated October 2, 2015 (the "RBS Settlement"); Société Générale, dated July 27, 2017 (the "Soc Gen Settlement"); Standard Chartered, dated July 27, 2017 (the "Standard Chartered Settlement"); and UBS, dated October 1, 2015 (the "UBS Settlement") (collectively, the "Settlements" or "Settlement Agreements").

These Settlement Agreements and the Court's Preliminary Approval Orders are posted on the Claims Administrator's website at WWW.FXANTITRUSTSETTLEMENT.COM (the "Settlement Website").  All capitalized terms used, but not defined, shall have the same meanings as in the Settlement Agreements and the Court's Preliminary Approval Orders.  For ease of reference, some of the key definitions are:

- "FX Benchmark Rates" means, collectively: (i) the WM/Reuters fixing rates, including the 4:00 p.m. London closing spot rate; (ii) the European Central Bank ("ECB") FX reference rates, including the ECB rate set at 1:15 p.m. London time; (iii) the Chicago Mercantile Exchange ("CME") daily settlement rates, including

the rate set at 2:00 p.m. Central Time; and (iv) any other FX benchmark, fixing, or reference rate.

- "FX Exchange-Traded Instruments" means any and all FX Instruments that were listed for trading through an exchange, including, but not limited to, FX futures and options on FX futures.

- "FX Instruments" means FX spot transactions, forwards, swaps, futures, options, and any other FX instrument or FX transaction that the trading or settlement value of which is related in any way to FX rates.

- "FX Trading" means the trading of FX Instruments and FX Exchange-Traded Instruments, regardless of the manner in which such trading occurs or is undertaken, or a decision to withhold bids and offers, with respect to FX Instruments or FX Exchange-Traded Instruments.

- "Settlement Class Member" means a Person who is a member of one of the Settlement Classes and has not timely and validly excluded himself, herself, or itself in accordance with the procedures established by the Court.

- "Settlement Classes" means the "Direct Settlement Class" and the "Exchange-Only Settlement Class."  Direct Settlement Class and Exchange-Only Settlement Class are defined in response to Question 7 below.

## 4. What is this Action about?

Generally, Class Plaintiffs allege that Defendants conspired to fix prices in the FX market in violation of Sections 1 and 3 of the Sherman Antitrust Act, 15 U.S.C. §§1, 3, and that Defendants manipulated the FX market in violation of the Commodity Exchange Act, 7 U.S.C. §§1, *et seq*. Class Plaintiffs allege that this conduct was carried out through a number of different means.

Class Plaintiffs allege that Defendants conspired to fix FX Benchmark Rates paid by members of the Settlement Classes.  FX Benchmark Rates are rates that are published at certain times during the day and are prices at which Defendants offered to, and did, transact with members of the Settlement Classes.  The most widely used of the FX Benchmark Rates are the WM/Reuters Closing Spot Rates, which, for the most widely traded currency pairs, were set at 4:00 p.m. London time using the median price of actual trades executed in the market on certain venues between 3:59:30 p.m. and 4:00:30 p.m. London time.  Class Plaintiffs allege Defendants shared confidential order and trade information to coordinate their trading positions and trading strategy to manipulate and fix the FX Benchmark Rates.

Class Plaintiffs allege that Defendants conspired to fix the spreads that Defendants quoted to members of the Settlement Classes.  As described in the Third Consolidated Amended Class Action Complaint ("Complaint"), spreads are the difference between the rate at which a Defendant indicated it would buy a currency and the rate at which a Defendant would sell a currency.  Class Plaintiffs allege that Defendants discussed and agreed upon spreads through communications in chat rooms and other means.  The alleged conspiracy to fix spreads is alleged to have reduced

competition in the FX market and artificially increased the spread, with the result that Defendants bought currency at a lower price than they would have absent the alleged conspiracy, sold currency at a higher price than they would have absent the alleged conspiracy, and quoted less competitive spreads than they would have absent the alleged collusion.

Class Plaintiffs also allege that Defendants conspired to attempt to trigger clients' stop loss and limit orders, work client limit orders at levels better than the limit order price, front-run client orders, and further fix prices by "banging the close" (*i.e.*, breaking up large client orders into small trades immediately before and during the setting of FX Benchmark Rates), "painting the screen," and engaging in other tactics as alleged in the Complaint.

Class Plaintiffs allege that, as a result of this conduct, members of the Settlement Classes paid supra-competitive prices for FX transactions. Defendants deny Class Plaintiffs' allegations of wrongdoing.

You may obtain more information regarding the specific allegations in this Action by reviewing the Complaint, which is available at WWW.FXANTITRUSTSETTLEMENT.COM.

**5.      Why are there Settlements?**

Class Plaintiffs and Class Counsel believe that the members of the Settlement Classes have been damaged by Defendants' conduct, as described in the Complaint. Each of the Defendants denies the material allegations made by Class Plaintiffs in the Complaint, believes that the claims lack merit, and believes that Class Plaintiffs' claims would have been rejected prior to trial, at trial, or on appeal. The Court has not decided in favor of either Class Plaintiffs or Settling Defendants. Instead, Class Counsel engaged in mediation separately with each of the Settling Defendants to reach negotiated resolutions of the Action. Class Plaintiffs and Settling Defendants believe the Settlements are in the best interests of the Settlement Classes and Settling Defendants, respectively. Not only do the Settlements allow both sides to avoid the risks and costs of lengthy litigation and the uncertainty of pre-trial proceedings, a trial, and appeals, but also, if approved, they would permit eligible Settlement Class Members, who file valid claims, to receive some compensation, rather than risk ultimately receiving nothing. Class Plaintiffs and Class Counsel think the Settlements are in the best interest of all members of the Settlement Classes.

Settling Defendants have agreed to pay a total of $2,31~~2~~0,275,000 (the "Settlement Fund") in cash for the benefit of the proposed Settlement Classes. If the Settlements are approved, the Settlement Fund, plus interest earned from the date it was established, less costs associated with notifying the Settlement Classes, claims administration, and Court-awarded attorneys' fees and costs (the "Net Settlement Fund") will be divided among all Settlement Class Members who file valid Claim Forms.

Class Plaintiffs developed a preliminary model, which estimates that the range of damages the Settlement Classes could potentially obtain against all Defendants at trial is approximately between $8 billion to $10 billion before trebling. The $2,31~~2~~0,275,000 Settlement Fund represents ~~21~~23% to ~~27~~29% of this damages range. This damages range is not discounted for litigation risk, is based on information and transaction data received to date, and is subject to change based on the receipt of additional information and transaction data.

The Settlement Agreements preserve the Settlement Classes' right to recover the entire amount of damages against Non-Settling Defendants, who continues to litigate the Action, based on joint and several liability (after an offset post-trebling for the settlement amounts). Settling Defendants do not think that Class Plaintiffs would have prevailed at trial (had they successfully certified classes and survived summary judgment motions), and Settling Defendants believe, as a result, members of the Settlement Classes would have received nothing.

If the Settlements are approved, Settling Defendants will no longer be defendants in the Action, but the Action will continue against Non-Settling Defendants. If the Settlements are not approved, Settling Defendants will remain as defendants in the Action, and Class Plaintiffs would continue to pursue the claims against both Settling Defendants and Non-Settling Defendants.

**6.     How do the Settlements affect the claims against Non-Settling Defendants?**

Class Plaintiffs' claims against Non-Settling Defendants will continue to be litigated and prepared for trial, whether or not the Settlements are approved. In the event that damages are awarded against Non-Settling Defendants, Non-Settling Defendants may seek to reduce that damages award in the amount of the Settlements; any reduction would not affect class members' recovery under the Settlements. The Court's findings in any approval of the Settlements or certification of the Settlement Classes will have no effect on the Court's rulings on future motions involving Non-Settling Defendants, including any motion to certify any other class in the Action.

## WHO GETS MONEY FROM THE SETTLEMENT

**7.     How do I know if I am a Class Member?**

In the Court's Preliminary Approval Orders, the Court preliminarily approved two Settlement Classes.

First, the **Direct Settlement Class** is defined as:

> All Persons who, between January 1, 2003 and December 15, 2015, entered into an FX Instrument directly with a Defendant, a direct or indirect parent, subsidiary, or division of a Defendant, a Released Party, or co-conspirator where such Persons were either domiciled in the United States or its territories or, if domiciled outside the United States or its territories, transacted FX Instruments in the United States or its territories.

Second, the **Exchange-Only Settlement Class** is defined as:

> All Persons who, between January 1, 2003 and December 15, 2015, entered into FX Exchange-Traded Instruments where such Persons were either domiciled in the United States or its territories or, if domiciled outside the United States or its territories, entered into FX Exchange-Traded Instruments on a U.S. exchange.

Not everyone who fits these descriptions will be a member of one of the Settlement Classes. Please see Question 8 for a discussion of exclusions from the Settlement Classes.

The terms "FX Instruments" and "FX Exchange-Traded Instruments" are defined in Question 3. Examples of FX Instruments include FX spot, FX forward, FX swap, and over-the-counter ("OTC") FX options transactions. Examples of FX Exchange-Traded Instruments include FX futures contracts and options on FX futures contracts; these instruments are traded on exchanges, such as the Chicago Mercantile Exchange ("CME") or ICE Futures U.S. ("ICE Futures").

Even if you did not transact any FX Instruments with any of the Settling Defendants, you may be a member of one of the Settlement Classes if, between January 1, 2003 and December 15, 2015, you entered into an FX Instrument with a Non-Settling Defendant or if you entered into an FX Exchange-Traded Instrument; such transactions are eligible for making a claim under the Settlements, provided that you are either domiciled in the United States or, if you are domiciled outside the United States, your transaction occurred in the United States. If you are such a Class Member, unless you opt out of the Settlements, you will be releasing all claims against the Settling Defendants and other Released Parties in connection with your trades with both Settling Defendants and Non-Settling Defendants. You will not be releasing any claims against Non-Settling Defendants.

**8.      Are there exceptions to being included in one of the Settlement Classes?**

Yes. You are not included in either of the Settlement Classes if you are:

- a Defendant;
- a Released Party;
- a co-conspirator;
- an officer, director, or employee of any Defendant, Released Party, or co-conspirator;
- an entity in which any Defendant, Released Party, or co-conspirator has a controlling interest;
- an affiliate, legal representative, heir, or assign of any Defendant, Released Party, co-conspirator, or a person acting on their behalf; or
- a judicial officer presiding over this Action or a member of his/her immediate family or judicial staff, or a juror assigned to this Action.

However, "Investment Vehicles," meaning any investment company or pooled investment fund, including, but not limited to, mutual fund families, exchange-traded funds, fund of funds, and hedge funds, in which a Defendant has, or may have, a direct or indirect interest or as to which its affiliates may act as an investment advisor, but of which a Defendant, or its respective affiliates, is not a majority owner or does not hold a majority beneficial interest, are not excluded from the Settlement Classes.

**9.      What is the geographic scope of trading that is included in the Settlements?**

If you are domiciled in the United States (or its territories), then all of your transactions in FX Instruments traded directly with a Defendant and in FX Exchange-Traded Instruments are eligible if they occurred during the Settlement Class Period – regardless of where the transactions took place. To the extent U.S.-domiciled entities transact abroad through non-U.S. domiciled

subsidiaries, affiliates, or other foreign legal entities, such entities are considered non-U.S. domiciled entities under the Settlements.

If you are domiciled outside of the United States, then your transactions in FX Instruments traded directly with a Defendant and in FX Exchange-Traded Instruments are eligible if these transactions occurred in the United States during the Settlement Class Period.

**10.    Can I be a member of both Settlement Classes?**

No.  If you qualify as both a member of the Direct Settlement Class and the Exchange-Only Settlement Class, you will be considered a member of the Direct Settlement Class.  This is because the Exchange-Only Settlement Class is defined to explicitly exclude those individuals and entities that fall within the Direct Settlement Class.

The amount of your payment under the Settlements does not depend on which Settlement Class you are a member of.  Under the Plan of Distribution, members of both Settlement Classes will be treated equally.  You can review the Plan of Distribution for a more detailed explanation of the manner in which the Settlement Fund will be allocated to Settlement Class Members.  The Plan of Distribution is available at WWW.FXANTITRUSTSETTLEMENT.COM.

**11.    I'm still not sure if I am included.**

If you are still not sure whether you are included, you can ask for free help.  You can call toll-free 1-888-582-2289 (if calling from outside the United States or Canada, call 1-330-333-7253) or visit WWW.FXANTITRUSTSETTLEMENT.COM for more information.  Or you can fill out and timely return the Claim Form to see if you qualify.

**THE SETTLEMENT BENEFITS**

**12.    What do the Settlements provide?**

Settling Defendants have collectively paid $2,3~~12~~0,275,000 into a fund (the "Settlement Fund") to be held for disbursement to the Settlement Classes and to pay for court-approved fees and expenses, if the Settlement Agreements are approved.  A portion of the Settlement Fund, consisting of $1,250,000, has been designated to pay for the costs of notifying the Settlement Classes and for claims administration (the "Notice and Administration Fund").  To the extent such costs exceed the amount of the Notice and Administration Fund, they will be paid out of the rest of the Settlement Fund.

The Net Settlement Fund will be no less than $1,~~738,625~~894,425,500 (82% of the Settlement Fund) after all costs, fees, and expenses are deducted (if such fees and expenses are approved by the Court).  See Question 27 for more information on Class Counsel's application for attorneys' fees and reimbursement of costs. The Net Settlement Fund will be divided among Settlement Class Members who send in valid Claim Forms by ~~Month XX~~March 22, 2018 ("Authorized Claimants"), according to the Plan of Distribution.

Settling Defendants have also agreed to provide reasonable cooperation for the benefit of Class Plaintiffs and Settlement Class Members.  Settling Defendants' cooperation obligations include,

subject to Court orders and applicable law, producing transaction data, producing all documents previously turned over to certain governmental bodies investigating allegations of misconduct in the FX market, providing information and witnesses to authenticate documents, and providing witnesses for interviews, depositions, and trial testimony.  The Cooperation Provisions do not expire until seven years after preliminary approval of the Settlement or the date when final judgment in the Action is entered against all Defendants and there are no remaining rights of appeal, whichever is later.  Class Counsel believe the Cooperation Provisions have and will continue to aid the continued prosecution of the Action against Non-Settling Defendants.

**13.     How will I get a payment?**

If you are a member of one of the Settlement Classes and do not exclude yourself, you are eligible to file a Claim Form to receive your share of money from the Net Settlement Fund.  A Claim Form is attached to this Notice.  You may also get a Claim Form by visiting WWW.FXANTITRUSTSETTLEMENT.COM or by contacting the Claims Administrator toll-free at 1-888-582-2289 (if calling from outside the United States or Canada, call 1-330-333-7253).

Read the instructions carefully, fill out the Claim Form, include all the documents the form asks for, sign it, and file it with the Claims Administrator.

The Claim Form presents two options for claiming under the Settlement Agreements.

- Option 1 is the Estimated Claim Option.  Under Option 1, the Claims Administrator will estimate your eligible transaction volume using data submitted by Settling Defendants.  The Estimated Claim Option is not available to you if you traded only with Non-Settling Defendants.
- Option 2 is the Documented Claim Option.  Under Option 2, you will submit data and documentation of your eligible transactions using the electronic data template available on the Settlement Website, and the Claims Administrator will estimate your eligible transaction volume using the data and documentation you submit.
- If you traded using a prime broker(s) or you had asset/investment manager(s) trading on your behalf, or if you traded on electronic communications networks ("ECNs") with anonymous execution, it is recommended that you select Option 2 because naming conventions in Settling Defendants' data may not enable the Claims Administrator to identify all of your eligible transaction volume.
- Note that Claimants with transactions in FX Exchange-Traded Instruments must submit documentation of such transactions, even if they choose Option 1.

For more details on these two options for filing your claim, you can review the Plan of Distribution, which is available at WWW.FXANTITRUSTSETTLEMENT.COM or by contacting the Claims Administrator toll-free at 1-888-582-2289 (if calling from outside the United States or Canada, call 1-330-333-7253).

Claim Forms must be submitted by mail, postmarked by ~~Month XX~~March 22, 2018, or electronically through WWW.FXANTITRUSTSETTLEMENT.COM on or before 11:59 p.m. Eastern time on ~~Month XX~~March 22, 2018.

Following the timely submission and receipt of your Claim Form, the Claims Administrator will send you a "Confirmation of Claim Receipt," which will acknowledge receipt of your Claim Form and will inform you of important next steps.

On April 1, 2018, the Claims Administrator will begin disseminating "Claim Assessment Notifications" to Claimants. The Claim Assessment Notification will tell you your "Eligible Participation Amount" and the basis for the Claims Administrator's calculations. An explanation of Eligible Participation Amounts is provided at Question 14 and is a defined term in the Plan of Distribution. The Claim Assessment Notification will also provide you with information about how you can elect to switch your claim from an Option 1 Claim (Estimated Claim Option) to an Option 2 Claim (Documented Claim Option), or vice-versa, and the deadline for doing so.

- If, in the first instance, you selected Option 1 (Estimated Claim Option), you must either accept the Claims Administrator's estimates without modification, or if you disagree with the Claims Administrator's estimates, you will be given an opportunity to file your claim under Option 2 (Documented Claim Option). Under Option 1, you may not supplement the Claims Administrator's estimates with your records. If you decide to re-file your claim under Option 2, you will be required to submit the documentation required under Section D, and if applicable, Section E of the Claim Form within 30 days of the date when the Claim Assessment Notification was issued. If you elect to re-file your claim under Option 2, you will automatically receive the higher of the two estimates.

- If, in the first instance, you selected Option 2 (Documented Claim Option), you may, after receiving the Claims Administrator's estimates, elect to file your claim under Option 1 (Estimated Claim Option) within 30 days of the date when the Claim Assessment Notification was issued. Under Option 1, you may not supplement the Claims Administrator's estimates with your records. If you elect to re-file your claim under Option 1, you will automatically receive the higher of the two estimates.

**Please keep all documentation related to your transactions in FX Instruments and FX Exchange-Traded Instruments during the period of January 1, 2003 to December 15, 2015 for use in filing your Claim Form. Having documentation may be important to filing and substantiating a successful claim.**

**14.    How much will my payment be?**

At this time, it is not known precisely how much each Authorized Claimant will receive from the Net Settlement Fund or when payments will be made. The amount of your payment will be determined by the Plan of Distribution, if it is approved or by such other plan of distribution that is approved by the Court. The Plan of Distribution is available at WWW.FXANTITRUSTSETTLEMENT.COM or by contacting the Claims Administrator toll-free at 1-888-582-2289 (if calling from outside the United States or Canada, call 1-330-333-7253).

Under the Plan of Distribution, the Claims Administrator will first determine Class Members' eligible transaction volume in various FX products, such as FX spot transactions, FX forwards, FX swaps, OTC FX options, FX futures, and options on FX futures ("Settlement Transaction Volume"). Then, a model that estimates claim value to Class Members relative to one another will

be applied.  The model applies weightings to certain trade characteristics, such as currency pair and trade size, to generate the amount of each Claimant's potential claim ("Eligible Participation Amount").

The Net Settlement Fund (the amount remaining after attorneys' fees, litigation costs, claims administration costs, and other Court-approved costs and expenses have been deducted) will be distributed to all Authorized Claimants.  If the Court approves the Settlements, no monies will revert to Settling Defendants.

The distribution of the Net Settlement Fund will be based on three payment resolution categories. All Claimants who submit valid Claim Forms will receive, at minimum, a "*De Minimis* Payment" of $15.  An "Automatic Payment" of $150 will apply to Claimants whose estimated compensation is $150 or less (but more than $15).  Claimants whose estimated compensation is over $150 will be compensated with a "*Pro Rata* Share Payment" based on the percentage of the Claimant's Eligible Participation Amount as compared to the sum of all Claimants' Eligible Participation Amounts.  Please read the Plan of Distribution for more details on payment resolution categories.

The Court has preliminarily approved the Plan of Distribution but must still decide whether to approve the Plan of Distribution at or after the Fairness Hearing (discussed in Question 15).

15.     **When will I receive a payment?**

The Court will hold the Fairness Hearing on ~~Month XX~~May 23, 2018 at ~~__:__ __.~~4:00 p.m. to decide whether to approve the Settlements and Plan of Distribution.  If the Court approves the Settlements and Plan of Distribution, there may be appeals after that.  It can sometimes take a year or more for the appellate process to conclude.  Please be patient; status updates will be posted at WWW.FXANTITRUSTSETTLEMENT.COM.

16.     **What do I have to do after I file a Claim Form?**

After you file a Claim Form, the Claims Administrator will evaluate your Claim Form to determine if you have provided sufficient information to validate your membership in a Settlement Class and the amount of your claim.  If the Claims Administrator determines that your Claim Form is deficient or defective, it will contact you.  If you subsequently provide information that satisfies the Claims Administrator concerning the validity of your claim, you will not have to do anything else.  If any disputes cannot be resolved, Class Counsel will submit them to the Court prior to a distribution of the Net Settlement Fund, and the Court will make a final determination of the validity of your claim.

**Please keep all documentation related to your transactions in FX Instruments and FX Exchange-Traded Instruments during the period of January 1, 2003 to December 15, 2015 for use in filing your Claim Form.  Having documentation may be important to filing and substantiating a successful claim.**

16

**17.     What am I giving up to receive a payment?**

Unless you exclude yourself, you remain a Settlement Class Member.  That means you can't sue, continue to sue, or be part of any other lawsuit about the Released Claims in this Action against any of the Settling Defendants or any of the Released Parties.  Upon the Effective Date, Class Plaintiffs and all Settlement Class Members, on behalf of themselves and each of the Releasing Parties, shall be deemed to have, and by operation of the Final Judgment shall have, fully, finally, and forever waived, released, relinquished, and discharged all Released Claims against the Released Parties, regardless of whether such Settlement Class Member executes and delivers a Claim Form.

The capitalized terms used in this paragraph are defined in the Settlement Agreements, Preliminary Approval Orders, or this Notice.  For easy reference, certain of these terms are copied below:

- "Released Parties" mean each Settling Defendant and each of their past, present, and future, direct and indirect parents (including holding companies), subsidiaries, affiliates, associates (all as defined in SEC Rule 12b-2 promulgated pursuant to the Securities Exchange Act of 1934), divisions, predecessors, successors, and each of their respective officers, directors, employees, agents, attorneys, legal or other representatives, trustees, heirs, executors, administrators, advisors, and assigns.  Released Parties do not include any other Person formerly named in the Action.

- "Releasing Parties" mean, individually and collectively, Class Plaintiffs and each Class Member, on behalf of themselves and any of their respective past, present or future officers, directors, stockholders, agents, employees, legal or other representatives, partners, associates, trustees, parents, subsidiaries, divisions, affiliates, heirs, executors, administrators, purchasers, predecessors, successors, and assigns, whether or not they object to the settlement set forth in the Settlements and whether or not they make a claim for payment from the Net Settlement Fund.

- "Released Claims" mean any and all manner of claims, including "Unknown Claims," as defined in the Settlements, causes of action, cross-claims, counter-claims, charges, liabilities, demands, judgments, suits, obligations, debts, setoffs, rights of recovery, or liabilities for any obligations of any kind whatsoever (however denominated), whether class or individual, in law or equity, or arising under constitution, statute, regulation, ordinance, contract, or otherwise in nature, for fees, costs, penalties, fines, debts, expenses, attorneys' fees, and damages, whenever incurred, and liabilities of any nature whatsoever (including joint and several), known or unknown, suspected or unsuspected, asserted or unasserted, arising from, or relating in any way to, any conduct alleged, or that could have been alleged, in and arising from the factual predicate of the Action, or any amended complaint or pleading therein, from the beginning of time until the Effective Date, which shall be deemed to include, but not be limited to:  (i) communications related to FX Instruments, FX Trading, or FX Benchmark Rates, between a Released Party and any other

17

FX dealer or any other participant in the conspiracy alleged in the Action through chat rooms, instant messages, email, or other means; (ii) agreements, arrangements, or understandings related to FX Instruments, FX Trading, or FX Benchmark Rates, between a Released Party and any other FX dealer or any other participant in the conspiracy alleged in the Action through chat rooms, instant messages, email, or other means; (iii) the sharing or exchange of customer information between a Released Party and any other FX dealer or any other participant in the conspiracy alleged in the Action – including, but not limited to, customer identity, trading patterns, transactions, net positions or orders, stop losses or barrier options, pricing, or spreads related to FX Instruments, FX Trading, or FX Benchmark Rates; (iv) the establishment, calculation, manipulation, or use of the WM/Reuters fixing rates, including the 4:00 p.m. London closing spot rates, and trading that may impact such rates; (v) the establishment, calculation, manipulation, or use of the ECB FX reference rates, including the ECB rate set at 1:15 p.m. London time; (vi) the establishment, calculation, manipulation, or use of the CME daily settlement rates; (vii) the establishment, calculation, or use of any other FX benchmarks, including benchmark fixing rates, benchmark settlement rates, or benchmark reference rates; (viii) the establishment, calculation, communication, manipulation, or use of the price, spread, or rate of any FX Instrument or FX Exchange-Based Instrument; and (ix) the exchange of customer information or confidential information in the possession of any Settling Defendant between a Released Party and any other FX dealer or any other participant in the conspiracy alleged in the Action related to the establishment, calculation, manipulation, or use of any FX price, spread, or rate.

The Settlement Agreements define certain claims that are excluded from the definition of Released Claims; such claims include:

(i) "last look" claims related to possible delays built into [a Settling Defendant's] algorithmic or electronic trading platforms that resulted in [the Settling Defendant] declining spot orders or requests to trade, including trading on electronic communications networks, that were submitted based upon prices [the Settling Defendant] quoted or displayed in over-the-counter FX markets, notwithstanding anything to the contrary herein; and (ii) claims based upon transactions executed solely outside the United States and arising under foreign laws belonging to any Releasing Party or Person that is domiciled outside the United States.

By remaining a Settlement Class Member, you do not give up any of your claims against Non-Settling Defendants.

**18.    What if I do nothing?**

You are automatically a member of a Settlement Class if you fit one of the Settlement Class descriptions.  However, if you do not timely file a Claim Form, you will not receive any payment

18

from the Settlements. You will be bound by past and any future Court rulings, including rulings on the Settlements and Settlement releases.  Unless you exclude yourself, you will not be able to start a lawsuit, continue with a lawsuit, or be a part of any other lawsuit against Settling Defendants or the Released Parties on the basis of Released Claims.  Please see Question 17 for a description of Released Claims.

## EXCLUDING YOURSELF FROM THE SETTLEMENTS

**19.  What if I do not want to be in a Settlement Class?**

If you are a member of one of the Settlement Classes, do not want to remain in that Settlement Class, and do not want a payment from the Settlements, then you must take steps to exclude yourself from the Settlements.  This is also sometimes referred to as "opting out" of a class.

If you act to exclude yourself from the Settlement Class of which you would otherwise be a member, you will be free to sue any of the Settling Defendants or any of the other Released Parties on your own for the claims being resolved by the Settlements.  However, you will not receive any money from the Settlements, and Class Counsel will no longer represent you with respect to any claims against the Settling Defendants.  Class Counsel will, however, continue to represent you in the continuing litigation against Non-Settling Defendants.  If you exclude yourself from the Settlement Class of which you are a member, you will be excluding yourself from all ~~14~~15 Settlements.

If you want to receive money from the Settlements, do not exclude yourself.  You must file a Claim Form in order to receive any payment from the Settlements.

**20.  How do I exclude myself?**

You can exclude yourself by sending a written "Request for Exclusion" to the Claims Administrator.  A Request for Exclusion must be:  (i) in writing; (ii) signed by the Person (defined as the individual or entity holding the claim) or his, her, or its authorized representative; (iii) state the name, address, and phone number of that Person; (iv) include proof of membership in a Settlement Class; (v) the claimant ID number(s) on the Person's Claim Form(s), if received; and (vi) include a signed statement that "I/we hereby request that I/we be excluded from the Settlements in the *In re Foreign Exchange Benchmark Rates Antitrust Litigation*" or the substantive equivalent.

Proof of membership in a Settlement Class consists of: (i) proof that the Person submitting the claim entered into an FX Instrument directly with a Defendant or party related to a Defendant or a trade of an FX Exchange-Traded Instrument; and (ii) proof that the Person who traded the FX Instrument or FX Exchange-Traded Instrument was either (1) domiciled in the United States or (2) if domiciled outside the United States, that the FX Instrument was transacted in the United States or the FX Exchange-Traded Instrument was traded on an exchange located in the United States. Such proof may consist of trade confirmations, transaction reports or account statements, or other documents evidencing membership in a Settlement Class.

You cannot exclude yourself by telephone or email.  You must do so in writing by mail.  To be valid, your Request for Exclusion must be postmarked by ~~Month XX~~February 7, 2018 and mailed to:

In re Foreign Exchange Benchmark Rates Antitrust Litigation
c/o GCG
P.O. Box 10239
Dublin, OH 43017-5739

A Request for Exclusion that does not include all of the foregoing information, that does not contain the proper signature, that is sent to an address other than the one designated above, or that is not sent within the time specified shall be invalid and the Person(s) filing such an invalid request shall be a Settlement Class Member and shall be bound by the Settlements, if approved.

All Persons who submit valid and timely Requests for Exclusion in the manner set forth above shall have no rights under the Settlements, shall not share in the distribution of the Net Settlement Fund, and shall not be bound by the Settlements.  Such Persons will not be precluded from participating in future settlements, if any, or participating in any certified litigation classes in the Action in the future.

**21.  If I do not exclude myself, can I sue Settling Defendants and the other Released Parties for the same thing later?**

No.  Unless you exclude yourself, you give up any right to sue Settling Defendants and the other Released Parties for the claims that the Settlements resolve.  If you decide to exclude yourself, your decision will apply only to Settling Defendants and the other Released Parties.  It will not apply to any other class that might be certified by the Court with respect to Non-Settling Defendant~~s~~, or any other settlement class that may be approved by the Court.

**22.  If I exclude myself, can I get money from the Settlements?**

No.  You will not get any money from the Settlements if you exclude yourself.

**23.  If I exclude myself from the Settlements, can I still object?**

No.  If you exclude yourself, you are no longer a member of a Settlement Class and may not object to any aspect of the Settlements.

**<u>OBJECTING TO THE SETTLEMENTS</u>**

**24.  How do I tell the Court what I think about the Settlements?**

If you are a member of one of the Settlement Classes and you do not exclude yourself, you can tell the Court what you think about the Settlements.  You can object to all or any part of the Settlements, the Plan of Distribution, and/or the request for attorneys' fees and litigation costs.  You can give reasons why you think the Court should approve them or not.  The Court will consider your views.

If you want to make an objection, you must do so in writing.  Your written objection must: (i) identify the name of the case (*In re Foreign Exchange Benchmark Rates Antitrust Litigation*, No. 1:13-cv-07789-LGS (S.D.N.Y.)); (ii) state your name, address, and telephone number; (iii) state whether you or your lawyer intend to appear at the Fairness Hearing (though your appearance is not necessary for the Court to consider your views on the Settlements); (iv) provide proof that you are a member of one of the Settlement Classes (see Question 20 for a description of how to prove your membership in a Settlement Class); and (v) identify the specific grounds for your objection, including any reasons why you want to appear and be heard at the Fairness Hearing (see Question 30 for a description of how to request to speak at the Fairness Hearing), as well as all documents or writings that you want the Court to consider.

You cannot make an objection by telephone or email.  You must do so in writing and by mail.  To be considered by the Court, your objection must be mailed, postmarked by ~~Month XX~~February 7, 2018 to the following address:

In re Foreign Exchange Benchmark Rates Antitrust Litigation
c/o GCG
P.O. Box 10239
Dublin, OH 43017-5739

The Claims Administrator will provide your objection to Class Counsel, who will then file your objection with the Court.  If you do not timely and validly submit your objection, your views will not be considered by the Court or any court on appeal.

**25.      What is the difference between objecting and excluding myself?**

Objecting is telling the Court that you do not like something about the Settlements.  You can object to the Settlements only if you remain a member of one of the Settlement Classes and do not exclude yourself from the Settlements.  Excluding yourself from the Settlements is telling the court that you do not want to be a part of the Settlements or the Settlement Classes.  If you exclude yourself, you have no right to object to the Settlements because they no longer affect you.

**THE LAWYERS REPRESENTING YOU**

**26.      Do I have a lawyer in this case?**

The Court has appointed the lawyers listed below to represent you and the Settlement Classes in this Action:

| | |
|---|---|
| Christopher M. Burke | Michael D. Hausfeld |
| Scott+Scott, Attorneys at Law, LLP | Hausfeld LLP |
| 707 Broadway, Suite 1000 | 1700 K Street, NW, Suite 650 |
| San Diego, CA 92101 | Washington, DC 20006 |
| Telephone: 619-233-4565 | Telephone: 202-540-7200 |
| cburke@scott-scott.com | mhausfeld@hausfeld.com |

These lawyers are called Class Counsel.  Class Counsel may apply to the Court for payment of attorneys' fees and litigation costs from the Settlement Fund.  You will not otherwise be charged

for Class Counsel's services.  If you want to be represented by your own lawyer, you may hire one at your own expense.

**27.     How will the lawyers be paid?**

To date, Class Counsel have not been paid any attorneys' fees or reimbursed for any out-of-pocket costs.  Any attorneys' fees and costs will be awarded only as approved by the Court in amounts determined to be fair and reasonable.  The Settlements provide that Class Counsel may apply to the Court for an award of attorneys' fees and reimbursement of costs out of the Settlement Fund.  By ~~Month XX~~January 12, 2018, Class Counsel will move for an award of attorneys' fees as well as reimbursement of litigation costs, the total of which will not exceed 18% of the Settlement Fund.

This is only a summary of the request for attorneys' fees and litigation costs.  Any motions in support of the requests will be available for viewing on the Settlement Website after they are filed on ~~Month XX~~January 12, 2018.  After that date, if you wish to review the motion papers, you may do so by viewing them at WWW.FXANTITRUSTSETTLEMENT.COM.

The Court will consider the motion for attorneys' fees and litigation costs at or after the Fairness Hearing.

### THE COURT'S FAIRNESS HEARING

**28.     When and where will the Court decide whether to approve the Settlements?**

The Court will hold the Fairness Hearing on ~~Month XX~~May 23, 2018, at ~~__:__.~~4:00 p.m. Eastern time, at the United States District Court for the Southern District of New York, Thurgood Marshall United States Courthouse, 40 Foley Square, New York, New York 10007.  The Fairness Hearing may be moved to a different date or time without notice to you.  Although you do not need to attend, if you plan to do so, you should check WWW.FXANTITRUSTSETTLEMENT.COM before making travel plans.

At the Fairness Hearing, the Court will consider whether the Settlements are fair, reasonable, and adequate.  The Court will also consider whether to approve the Plan of Distribution and requests for attorneys' fees and litigation costs.  If there are any objections, the Court will consider them at this time.  We do not know how long the Fairness Hearing will take or when the Court will make its decision.  The Court's decision may be appealed.

**29.     Do I have to come to the Fairness Hearing?**

No.  Class Counsel will answer any questions the Court may have.  You are, however, welcome to come at your own expense.  If you send an objection, you do not have to come to Court to talk about it.  As long as you mailed your written objection on time, the Court will consider it.  You may also hire your own lawyer to attend, but you are not required to do so.

**30.     May I speak at the Fairness Hearing?**

You may ask the Court for permission to speak at the Fairness Hearing.  If you want to appear at the Fairness Hearing to make an objection (either yourself or through an attorney hired at your

own expense), you must submit a written objection and include in your objection your (or if applicable, your lawyer's) request for permission to speak at the Fairness Hearing.

You cannot request to speak at the Fairness Hearing by telephone or email.  You must do so in writing and by mail.  Your objection and, if applicable, request for permission to speak at the Fairness Hearing must be mailed, postmarked by ~~Month XX~~February 7, 2018 to the following address:

In re Foreign Exchange Benchmark Rates Antitrust Litigation
c/o GCG
P.O. Box 10239
Dublin, OH 43017-5739

The Claims Administrator will provide your objection and request to speak at the Fairness Hearing to Class Counsel, who will then file it with the Court.

## GETTING MORE INFORMATION

**31.     How do I get more information?**

This Notice summarizes the Settlement Agreements and Plan of Distribution.    More details are in the Settlement Agreements and Plan of Distribution, which are available for your review at WWW.FXANTITRUSTSETTLEMENT.COM.  The Settlement Website also has answers to common questions about the Settlements, Claim Form, and other information to help you determine whether you are a member of one of the Settlement Classes and whether you are eligible for a payment. You may also call toll-free 1-888-582-2289 (if calling from outside the United States or Canada, call 1-330-333-7253) or write to the Claims Administrator at:

In re Foreign Exchange Benchmark Rates Antitrust Litigation
c/o GCG
P.O. Box 10239
Dublin, OH  43017-5739

****Please do not contact the Court or the Clerk's Office regarding this Notice or for additional information.****

DATED:  _____, 2017                              BY ORDER OF THE COURT

23