March 19, 2018

**<u>Via ECF</u>**

Honorable Lorna G. Schofield
U.S. District Court
Southern District of New York
Thurgood Marshall Courthouse
40 Foley Square
New York, NY 10007

      Re:   *In re Foreign Exchange Benchmark Rates Antitrust Litigation*
              Case No. 1:13-cv-07789-LGS (S.D.N.Y.)

Dear Judge Schofield:

      Plaintiffs respectfully submit this pre-motion conference letter regarding class certification. *See* ECF No. 906 at 7. At the December 6, 2017 telephone conference, the Court and parties discussed whether, in light of the DOJ's ongoing partial stay, the parties may need to amend the April 19 class certification deadline. Given the likelihood of DOJ's stay continuing to a date uncertain, Plaintiffs have determined the interests of the classes are best served by moving for class certification against the sole remaining defendant, Credit Suisse.

      Plaintiffs, however, respectfully request the Court modify the existing schedule to extend all deadlines relating to class certification by three weeks. Accordingly, Plaintiffs' opening papers would be due on Thursday, May 10, instead of April 19. Plaintiffs make this request because their reply in support of final approval is due on April 23. Given the significance of those settlements to class members, the additional time will allow Plaintiffs to fully focus their efforts on each brief. The extension will also provide Plaintiffs adequate time to finalize their expert reports.

      Plaintiffs will move to certify one or more classes of persons who traded FX instruments over-the-counter from December 1, 2007 to December 31, 2013, and one or more classes of persons who traded FX instruments on exchanges from December 1, 2007 to December 31, 2013. *See, e.g.*, ECF No. 619, ¶¶67-69. The classes will encompass G-10 currencies and additional non-G10 currencies. Plaintiffs' motion will demonstrate by a preponderance of the evidence that the requirements of Rules 23(a) and 23(b)(3) are met by each class. Certification will therefore be warranted.

### *I.    The Classes Satisfy Rule 23(a)*

***Numerosity.*** Rule 23(a)(1) requires that "the class is so numerous that joinder of all members is impractical." Fed. R. Civ. P. 23(a)(1). "[N]umerosity is presumed where a putative class has forty or more members." *Shahriar v. Smith & Wollensky Rest. Grp.*, 659 F.3d 234, 252 (2d Cir. 2011) (citing *Consol. Rail Corp. v. Town of Hyde Park*, 47 F.3d 473, 483 (2d Cir. 1995)). Transactional data produced in this action demonstrates that there are tens of thousands of class members in each class and that the classes are ascertainable. Numerosity is satisfied.

***Commonality.*** Rule 23(a)(2) requires that "there are questions of law or fact common to the class." Fed. R. Civ. P. 23(a)(2). A question of law or fact is common to the class if the question is "capable of classwide resolution − which means that determination of its truth or falsity will resolve an issue that is central to the validity of each one of the claims in one stroke."

*Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 350 (2011). The presence of only a single issue common to the class satisfies Rule 23(a)(2). *Id.* at 359. This case presents numerous common questions, including, for example: (i) whether Credit Suisse and its co-conspirators engaged in an agreement to fix foreign currency bid-ask spreads; (ii) whether Credit Suisse and its co-conspirators manipulated foreign exchange benchmarks; (iii) the duration of the conspiracy or manipulative scheme; and (iv) whether the alleged conspiracy violated the Sherman Act and the Commodity Exchange Act. Commonality is therefore satisfied. *See, e.g.*, *In re Magnetic Audiotape Antitrust Litig.*, No. 99 Civ. 1580 (LMM), 2001 WL 619305, at *2 (S.D.N.Y. June 6, 2001) (citing *In re NASDAQ Market–Makers Antitrust Litig.*, 169 F.R.D. 493, 509 (S.D.N.Y. 1996)) ("Allegations of this nature concerning the existence, scope and efficacy of an alleged antitrust conspiracy have been held to 'present important common questions sufficient to satisfy the commonality requirements of Rule 23(a)(2).'"); *accord In re Amaranth Natural Gas Commodities Litig.*, 269 F.R.D. 366, 382-85 (S.D.N.Y. 2010) (CEA claim).

**Typicality.** Rule 23(a)(3) requires that "the claims or defenses of the representative parties are typical of the claims or defenses of the class." Fed. R. Civ. P. 23(a)(3). "Rather than focusing on the precise nature of plaintiffs' injuries, the typicality requirement may be satisfied where 'injuries derive from a unitary course of conduct by a single system.'" *Amaranth Natural Gas*, 269 F.R.D. at 376.[1] Plaintiffs' claims and injuries arise from the same single course of conduct as the classes they seek to represent: Credit Suisse and its co-conspirators' overarching conspiracy to fix and manipulate FX prices. *See, e.g.*, *In re Air Cargo Shipping Servs. Antitrust Litig.*, No. 06-MD-1175, 2014 WL 7882100, at *31 (E.D.N.Y. Oct. 15, 2014) (citing *NASDAQ*, 169 F.R.D. at 511) (stating that where plaintiffs allege a global conspiracy, "it is nearly tautological that the class representatives will rely on the same factual and legal arguments to establish the defendants' liability"); *accord Amaranth Natural Gas*, 269 F.R.D. at 379 (CEA claim).

**Adequacy.** Rule 23(a)(4) requires that "the representative parties will fairly and adequately protect the interests of the class," Fed. R. Civ. P. 23(a)(4), and "'raises concerns about the competency of class counsel and conflicts of interest.'" *Wal-Mart*, 564 U.S. at 345, 349 n.5. Plaintiffs must show that their interests are not antagonistic to the interests of other members of the class and their "attorneys are qualified, experienced and able to conduct this litigation." *See In re Currency Conversion Fee Antitrust Litig.*, 264 F.R.D. 100, 111-12 (S.D.N.Y. 2010) (citing *In re Flag Telecom Holdings, Ltd. Secs. Litig.*, 574 F.3d 29, 35 (2d Cir. 2009)). Plaintiffs have standing to bring the claims on behalf of one of more of the classes (OTC, exchange, or both). Plaintiffs have the same interests as the classes they represent in proving their claims and maximizing their recovery against Credit Suisse. Further, Plaintiffs' counsel is well qualified to prosecute this action on behalf of the classes through trial. *See* ECF No. 938 at 20-21.

### II. Rule 23(b)(3) Is Satisfied

**Predominance.** Rule 23(b)(3) requires that "questions of law or fact common to class members predominate over any questions affecting only individual members." Fed. R. Civ. P.

---

[1] Unless otherwise noted, citations are omitted.

23(b)(3). "The predominance requirement is satisfied 'if resolution of some of the legal or factual questions that qualify each class member's case as a genuine controversy can be achieved through generalized proof, and if these particular issues are more substantial than the issues subject only to individualized proof.'" *In re U.S. Foodservice Inc. Pricing Litig.*, 729 F.3d 108, 118 (2d Cir. 2013) (quoting *UFCW Local 1776 v. Eli Lilly and Co.*, 620 F.3d 121, 131 (2d Cir. 2010)). Predominance is "readily met in certain cases alleging consumer or securities fraud or violations of the antitrust laws." *Amchem Products, Inc. v. Windsor*, 521 U.S. 591, 625 (1997).

Plaintiffs will demonstrate that Defendant's pervasive and systemic sharing of spreads charged to customers and other confidential order flow information caused increased costs for all class members. Plaintiffs will submit one or more expert reports demonstrating that questions of law and fact can be resolved by class-wide proof, including presenting methodology to demonstrate impact and damages on both an aggregate and trade-by-trade basis.

*Superiority.* Rule 23(b)(3) also requires that class treatment be "superior to other available methods for fairly and efficiently adjudicating the controversy." Fed. R. Civ. P. 23(b)(3). If proceeding individually would be prohibitive for class members with smaller claims, "'the class action device is frequently superior to individual actions.'" *See In re Scotts EZ Seed Litig.*, 304 F.R.D. 397, 415 (S.D.N.Y. 2015). Even for class members who traded billions of dollars of FX instruments, pursuit of an individual action is uneconomical.

### III. Page Limits

In support of their motion for class certification, Plaintiffs respectfully request leave to file a memorandum, declarations, and exhibits to declarations in excess of the limits set out in Rule III.B.3 of Your Honor's Individual Rules. Plaintiffs request permission to file an opening memorandum of law of up to 50 pages along with expert declarations exceeding 10 double-spaced pages. Plaintiffs anticipate moving the Court for an extension of page limits for their reply, but a specific request requires a review of Credit Suisse's opposition.

### IV. Discovery

Finally, Plaintiffs respectfully request the Court modify the existing Amended Civil Case Management Plan and Scheduling Order (ECF No. 906) to allow the taking of depositions pending the Court's ruling on the class certification motion. Due to the DOJ's stay and the time it takes to complete the Hague process, Plaintiffs have been limited to taking a handful of fact depositions. Given the existence of multiple guilty pleas, pending criminal trials, various regulatory findings, and Credit Suisse's Consent Order with the New York Department of Financial Services relating to its FX business, absent a settlement, Plaintiffs will try their case against Credit Suisse. Allowing additional fact depositions to proceed during the time required to brief and decide class certification presents no undue burden and will materially advance the prosecution of this matter.

Respectfully submitted,

SCOTT+SCOTT ATTORNEYS AT LAW LLP         HAUSFELD LLP

/s/ Christopher M. Burke                 /s/ Michael D. Hausfeld
Christopher M. Burke                     Michael D. Hausfeld

Honorable Lorna G. Schofield
March 19, 2018
Page 4

| | |
|---|---|
| 600 W. Broadway, Suite 3300 | 1700 K Street, NW, Suite 650 |
| San Diego, CA 92101 | Washington, DC 20006 |
| Telephone: 619-233-4565 | Telephone: 202-540-7200 |

*Interim Co-Lead Counsel and Counsel for Class Plaintiffs*