

April 30, 2018

<u>**VIA ECF**</u>

Hon. Lorna G. Schofield
United States District Court
Southern District of New York
Thurgood Marshall Courthouse
40 Foley Square
New York, NY 10007

Re:   In re Foreign Exchange Benchmark Rates Antitrust Litigation, Case No. 1:13-cv-07789-LGS ("*Forex*");
*Wah v. HSBC North America Holdings Inc.*, Case No. 1:15-cv-08974-LGS ("*Chan*")

Dear Judge Schofield:

Pursuant to the Court's request during the April 25, 2018 status conference in the *Chan* action, Class Counsel submit the Commodity Futures Trading Commission ("CFTC") Order Instituting Proceedings against HSBC Bank plc (the "Order") (attached hereto as Exhibit 1). On November 11, 2014, the CFTC fined HSBC $275 million for attempted manipulation of, and for aiding and abetting other banks' attempts to manipulate, FX benchmark rates in violation of the Commodity Exchange Act and Commission Regulations. The CFTC found that from 2009 through mid-2012, due to weak internal controls and supervisory failures, certain FX traders at HSBC coordinated their trading with FX traders at other banks to attempt to manipulate FX benchmark rates, including the 4 p.m. WM/R fix. This conduct, the CFTC found, was connected to the cash settlement of various FX futures contracts traded on the Chicago Mercantile Exchange ("CME").

The Order does not provide any evidence to support the assertions of Chan Ah Wah and Lim Cheok Kee Willy (the "Chans") that they are eligible to participate as claimants in the settlements reached in the *Forex* action. In *Forex*, the Court preliminarily certified two Settlement Classes: (1) the Direct Settlement Class, which includes persons who engaged in FX trading directly with a Defendant; and (2) the Exchange-Only Settlement Class, which includes persons who engaged in FX trading on exchanges. Both classes are bound geographically to reflect the limits on the extraterritorial reach of the Sherman Act and the Commodity Exchange Act. *See* ECF Nos. 536, 866, 882.

Even assuming the conduct detailed in the Order affected the pricing of the Chans' FX trades with HSBC, the Chans' trade records and account statements indicate that their FX trades occurred wholly outside of the United States. The Chans' records show that they traded directly with the Singapore Branch of HSBC Private Bank (Suisse) SA. *See* ECF No. 952. These trades occurred while the Chans were living in Singapore. (*See Chan* action, Sept. 28, 2016 Hearing

Hon. Lorna G. Schofield
April 30, 2018
Page 2

Transcript, ECF No. 115, at 7-8.)  The Chans' FX trades with HSBC simply fall outside of the geographic scope of the Direct Settlement Class.

The Chans cannot establish class membership based on the impact HSBC's conduct with respect to FX benchmarks had on FX futures contracts traded on the CME because there is no evidence that the Chans entered into FX trades on any exchange, let alone on the CME.  *See* ECF No. 921.  In fact, the Chans asserted on the claim forms that they submitted in *Forex* that they did not engage in exchange trading.  *See* ECF No. 912.  Accordingly, the CFTC Order does not help the Chans to establish that they are members of the Exchange-Only Settlement Class.

Pursuant to the Court's April 26, 2018 Order (ECF No. 1041), Class Counsel and HSBC will submit a joint brief on May 9, 2018 further setting out the reasons for Class Counsel's determination that the Chans are not settlement class members.

Respectfully submitted,

| SCOTT+SCOTT ATTORNEYS AT LAW LLP | HAUSFELD LLP |
|---|---|
| s/ Christopher M. Burke | s/ Michael D. Hausfeld |
| Christopher M. Burke | Michael D. Hausfeld |
| 600 W. Broadway, Suite 3300 | 1700 K Street, NW, Suite 650 |
| San Diego, CA 92101 | Washington, DC 20006 |
| Telephone: 619-233-4565 | Telephone: 202-540-7200 |
| cburke@scott-scott.com | mhausfeld@hausfeld.com |

*Interim Co-Lead Class Counsel*