**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| IN RE FOREIGN EXCHANGE BENCHMARK RATES ANTITRUST LITIGATION<br><br>This Document Relates to:<br><br>WAH, *et al*. v. HSBC NORTH AMERICA HOLDINGS INC., *et al*. | No. 1:13-cv-07789-LGS<br><br><br><br><br>No. 1:15-cv-08974-LGS |

**JOINT RESPONSE TO THE COURT'S ORDER REGARDING
ELIGIBILITY OF CHAN AH WAH AND LIM CHEOK KEE WILLY
TO SUBMIT A CLAIM IN THE FOREX SETTLEMENTS**

Class Plaintiffs and the HSBC Defendants ("HSBC")[1] respectfully submit that Chan ah Wah and Lim Cheok Kee Willy (the "Chans") have not shown that they are Settlement Class Members[2] and therefore are not eligible to submit a claim against the settlements in *In re Foreign Exchange Benchmark Rates Antitrust Litigation*, No. 1:13-cv-7789-LGS ("*Forex*").  The Chans were residing in Singapore when they entered into FX Instruments (the "FX Trades") with HSBC Private Bank (Suisse) SA, Singapore Branch ("HSBC Singapore"), and the Chans have not provided any evidence or factual basis to conclude that the FX Trades occurred within the United States.  Accordingly, their FX Trades fall outside of the geographic scope of the Direct Settlement Class.  Further, the Chans have not submitted any evidence that they traded FX Instruments with any other Defendants and, in fact, have represented that they did not trade with any banks other than HSBC.  The Chans also failed to provide any evidence to prove that they are members of the Exchange-Only Settlement Class.  Accordingly, the Court should find that the Chans have not shown that they are entitled to participate as members of either of the *Forex* Settlement Classes.

I.      STATEMENT OF FACTS

    A.      The *Forex* Settlement Classes

Class Plaintiffs in *Forex* allege a conspiracy among 16 global financial institutions to fix prices in the FX market in violation of the Sherman Act, 15 U.S.C. §§1, 3, and the Commodity Exchange Act, 7 U.S.C. §1 *et seq.*  Class Plaintiffs have reached settlements with 15 defendants

---

[1]     The foreign HSBC Defendants expressly reserve, and do not waive, their rights to challenge the assertion of personal jurisdiction over them in these actions.

[2]     Unless otherwise defined herein, all capitalized terms have the meanings ascribed to them in the Stipulation and Agreement of Settlement with HSBC Holdings PLC, HSBC Bank PLC, HSBC North America Holdings Inc., HSBC Bank USA, N.A., and HSBC Securities (USA) Inc., ECF No. 481-9.

("Settling Defendants"), including HSBC.  In total, Settling Defendants have agreed to pay over

$2.3 billion to settle the *Forex* claims (the "Settlement Fund") and to provide settlement

cooperation pursuant to the terms of the settlement agreements.

The Settlement Fund is for the benefit of the following two Settlement Classes, which the

Court has preliminarily certified:

- The "**Direct Settlement Class**" includes all Persons who, between January 1, 2003 and December 15, 2015, entered into an FX Instrument directly with a Defendant, a direct or indirect parent, subsidiary, or division of a Defendant, a Released Party, or co-conspirator *where such Persons* were either domiciled in the United States or its territories or, *if domiciled outside the United States or its territories, transacted FX Instruments in the United States or its territories*.

- The "**Exchange-Only Settlement Class**" includes all Persons who, between January 1, 2003 and December 15, 2015, entered into FX Exchange-Traded Instruments *where such Persons* were either domiciled in the United States or its territories or, *if domiciled outside the United States or its territories, entered into an FX Exchange-Traded Instrument on a U.S. exchange*.

ECF Nos. 536, 866, 882 (emphasis added).[3]

## B.    The *Chan* Action

On November 16, 2015, the Chans filed a complaint against certain HSBC entities,

bringing claims similar to those brought in *Forex*.  *Wah v. HSBC North America Holdings Inc.*,

No. 1:15-cv-08974 ("*Chan*"), ECF No. 1.[4]  The Chans submitted a Second Amended Complaint,

which was deemed filed on March 31, 2016.  *Chan*, ECF No. 56.  On August 11, 2016, the Court

granted HSBC's motion to dismiss the Second Amended Complaint because the complaint failed

---

[3]     The Direct Settlement Class and the Exchange-Only Settlement Class (together, the "Settlement Classes") are subject to certain exceptions that are not relevant here.

[4]     On April 25, 2018, the Court entered an order consolidating the Chan action with a related action also filed by the Chans, *Wah v. HSBC North America Holdings Inc.*, No. 1:17-cv-6863-LGS.  *Chan*, ECF No. 231.

to "allege any connection to the United States, and instead describes FX transactions that are 'wholly foreign.'" *Chan*, ECF No. 102, at 5.

The Chans moved to file a Third Amended Complaint. *Chan*, ECF Nos. 113, 118. The Court found that the Third Amended Complaint (*Chan*, ECF No. 141) pleaded a sufficient nexus to the United States based on the Chans' allegations that:

(1) they spoke by telephone to HSBC traders in the middle of the night Singapore time;

(2) during some of the phone calls, HSBC traders referenced New York holidays and trading hours; and

(3) New York is among the largest FX trading centers in the world.

*Chan*, ECF No. 139, at 4. The Court stated that "[a]lthough these allegations do not necessarily lead to the conclusion that the HSBC traders were located in the United States – they could have been located elsewhere and merely followed New York trading hours – they are enough to 'nudge' Plaintiffs' claimed U.S. connection 'across the line from conceivable to plausible.'" *Id.*

On June 27, 2017, the Court stayed the *Chan* action pursuant to the preliminary approval order in the *Forex* action (*Forex*, ECF No. 536), which "enjoins members of the *FOREX* settlement class from prosecuting any claims related to the alleged manipulation of the FX benchmark rates until the Court has finally determined whether the *FOREX* settlement should be approved." *Chan*, ECF No. 148.

### C.    The Chans' Claim Submissions in the *Forex* Settlements

On October 6, 2017, class counsel emailed the Chans a Notice Packet, which included the Notice of Class Action Settlement and Claim Form, in both English and Simplified Chinese. *See* Declaration of Kristen M. Anderson filed concurrently herewith ("Anderson Decl."), ¶4.

On October 17, 2017, the claims administrator received a claim form signed by Chan Ah Wah ("Mr. Chan"). *See* Declaration of Angela Ferrante filed concurrently herewith ("GCG

Decl."), ¶3.  On November 29, 2017, Lim Cheok Kee Willy ("Mrs. Chan") submitted a second

claim on behalf of herself.  GCG Decl., ¶5.  Both of the Claim Forms selected "Option 2" and

stated that the Chans did not engage in exchange trading.[5]  GCG Decl., ¶¶3-5.

On October 30, 2017, class counsel advised the Chans that they had not been identified

by HSBC (or any other Defendant) as a member of the Direct Settlement Class and therefore

would not receive a payment from the Settlement Fund unless they could provide records

indicating that their trades occurred in the United States.  Anderson Decl., ¶6; *Forex*, ECF No.

898.  On November 14, 2017, class counsel further advised the Chans that Mr. Chan's claim was

deficient because he did not submit the transaction data required for an "Option 2" claim.

Anderson Decl., ¶7; ECF No. 898.

On November 22, 2017, the Chans emailed class counsel copies of their FX trading

records with HSBC Singapore.  Anderson Decl., ¶8; *Forex*, ECF No. 921.  The Chans' records

included:

(1)     "Transaction Confirmations"[6] reflecting FX Instrument and other types of
        transactions for the time period November 2007 through June 2010;

(2)     certain "Monthly Statements"[7] for the Chans' two bank accounts with HSBC
        Singapore; and

---

[5]     Mr. Chan's original claim form stated that he engaged in exchange trading.  The Chans
contacted class counsel to request that the claims administrator correct his claim form to state
that he did not engage in exchange trading.  The claims administrator updated the claim on
November 20, 2017.  GCG Decl., ¶4.

[6]     An example of a Transaction Confirmation, dated April 7, 2008, is attached as Exhibit 1
to the Anderson Decl.  Pursuant to Federal Rule of Civil Procedure 5.2(a), the Chans' account
number is redacted.  Only one Transaction Confirmation is submitted because the other records
are in all material respects identical.

[7]     An example of a HSBC Singapore Monthly Statement for the month of January 2008 is
attached as Exhibit 2 to the Anderson Decl.  Pursuant to Federal Rule of Civil Procedure 5.2(a),
the Chans' account number is redacted.  Only one Monthly Statement is submitted because the
other records are in all material respects identical.

(3)      an "Account Analysis" prepared by P Koetting & Associates, which analyzed the performance of one of the Chans' accounts with HSBC Singapore for the period of June 17, 2005 through July 31, 2010, using the Monthly Statements as the source of the analysis.[8]

Anderson Decl., ¶9; *Forex*, ECF No. 921.

On December 1, 2017, with the Chans' permission, counsel for HSBC provided class counsel with a complete set of Monthly Statements for the two HSBC Singapore accounts belonging to the Chans.  The Monthly Statements that HSBC produced were for the same two HSBC Singapore accounts reflected in the Chans' submission of Monthly Statements.  Anderson Decl., ¶11; *Forex*, ECF No. 921.

### D.      The Chans' Representations

The Chans have represented that they resided in Singapore at the time they engaged in the FX Trades at issue here.  *Chan*, Hearing Tr., ECF No. 115, at 7-8 (Sept. 28, 2018).  The Chans also represented that they transacted with HSBC by calling a phone number associated with HSBC Singapore from their Singapore residence.  *Id*.  The Chans further represented that they did not trade FX with any other entity other than HSBC.  *Id.* at 18.

### E.      Administrative Determination that the Chans Are Not Members of the Settlement Classes

On December 5, 2017, class counsel sent the Chans a letter informing them that class counsel and the claims administrator had determined that they were not class members because there was no evidence that their FX Trades occurred in the United States.  Anderson Decl., ¶13; *Forex*, ECF No. 912.  Class counsel gave the Chans 30 days to submit additional records proving their class membership (*e.g*., by providing documents showing that their transactions occurred in

---

[8]      The Account Analysis is not being submitted, as it relies on the Monthly Statements as its source of analysis.  It does not include any other source of information about the Chans' FX Trades.

the United States or that they were domiciled in the United States when they entered into the FX transactions). *Id.* The Chans produced no additional records during the 30-day period. *Id.*

On several occasions, the Chans claimed that HSBC executed FX transactions on U.S. exchanges, including the Chicago Mercantile Exchange ("CME") and Intercontinental Exchange ("ICE"), on their behalf. Anderson Decl., ¶14; *Forex*, ECF No. 1046. But the Chans did not produce any evidence of such exchange transactions. *Id.* On December 12, 2017, class counsel requested that HSBC determine whether any such records existed. Anderson Decl., ¶15; *Forex*, ECF No. 912. On January 8, 2018, counsel for HSBC confirmed that the bank did not find any evidence suggesting that HSBC executed FX transactions on any exchanges on the Chans' behalf. Anderson Decl., ¶15; *Forex*, ECF No. 921.

On January 9, 2018, class counsel informed the Chans that class counsel and the claims administrator had definitively concluded that the Chans had not shown they were class members and were therefore not eligible to submit a claim in the *Forex* settlements. Anderson Decl., ¶16. On January 11, 2018, class counsel informed the Court of this determination. *Forex*, ECF No. 921.

On January 12, 2018, a week after the 30-day deadline set by class counsel, the Chans emailed class counsel stating that they submitted additional evidence of their class membership in the exhibits attached to their January 12, 2018 letter to the Court (*Forex*, ECF No. 923). Anderson Decl., ¶17. The Chans' submission contains, among other things, confirmations of the Chans' FX Trades. *Id.* Class counsel submitted a letter to the Court stating that they reviewed the Chans' additional submission but still concluded that the Chans were not class members. *Forex*, ECF No. 940.

6

## II.      ARGUMENT

### A.      Legal Standard

The parties could find no case law addressing the legal standard governing a court's review of administrative determinations made in class action claims processes.  *See, e.g.*, *Blank v. Jacobs*, No. 03-CV-2111 (JS) (WDW), 2013 WL 1310503, at \*5 (E.D.N.Y. Mar. 27, 2013) (approving claims administrator's decisions to reject claims but not stating what legal standard applied).  However, in a similar context in which parties are attempting to establish class membership for purposes of proving standing to object to a class action settlement, courts have applied a preponderance of the evidence standard, placing the burden of proof on the party seeking to establish class membership.  *See, e.g.*, *In re Initial Pub. Offering Sec. Litig.*, No. 21 MC 92 (SAS), 2011 WL 3792825, at \*2 (S.D.N.Y. Aug. 25, 2011) (holding that an objector had the burden of establishing class membership by a preponderance of the evidence).  At minimum, therefore, the Chans must prove that they are class members by a preponderance of the evidence.  The Chans cannot establish class membership through mere allegations and conclusory statements.

### B.      The Chans' FX Trades with HSBC Fall Outside of the Geographic Scope of the Direct Settlement Class

The Chans were domiciled outside of the United States when they were engaged in FX trading with HSBC Singapore.  The Chans represented that they were living in Singapore at the time the trades occurred.  *Chan*, Hearing Tr., ECF No. 115, at 7-8 (Sept. 28, 2018).  The Chans' Monthly Statements for their two HSBC Singapore accounts were addressed to the Chans at Singapore addresses.  Anderson Decl., ¶11.

Under the *Forex* settlements, non-U.S. domiciled persons are Settlement Class Members only if their trades occurred in the United States.  There is no evidence that the Chans' FX Trades with HSBC occurred in the United States.  In fact, the Chans' Transaction Confirmations and Monthly

7

Statements establish the opposite.  The Transaction Confirmations reflect individual trades, and the Monthly Statements provide summaries of the trades that occurred during a given month.  *See* Anderson Decl., Exhibits 1 and 2.  Each of the FX Trades reflected in the Trade Confirmations and Monthly Statements was done with "RSP," which is defined as "HSBC Private Bank (Suisse) SA, Singapore Branch" (previously defined herein as HSBC Singapore).  *Id*.  Both the Transaction Confirmations and Monthly Statements reflect HSBC Singapore's address is in Singapore.  *Id*.  HSBC Singapore is located in Singapore, organized under Swiss law, and headquartered in Switzerland.  *Forex*, ECF No. 952.  Further, HSBC Singapore does not have any branches or offices in the United States, nor did it during the time period in question.  *Id*. Accordingly, the Chans' FX Trades have no nexus to the United States.

HSBC has explained that if individuals like the Chans wanted to trade FX with an HSBC branch located in the United States, they typically would have to open an account with either (1) HSBC Bank USA, N.A. or one of its domestic affiliates (collectively "HSBC-US"); or (2) a broker having an account with HSBC-US that could place orders with HSBC-US in an agency capacity on behalf of its customers.  *Forex*, ECF No. 952.  The Chans did neither.  Both of the Chans' FX trading accounts were opened with and maintained by HSBC Singapore.  *Id*.

In their Third Amended Complaint, the Chans alleged that they called a Singapore HSBC phone number from their Singapore residence to place FX transactions with HSBC, sometimes in the middle of the night.  While the Chans allege that it was HSBC's New York desk that picked up the phone, the Chans' Transaction Confirmations and Monthly Statements show that all of their FX Trades were done directly with HSBC Singapore.  Further, HSBC has explained that, under its typical practices, if the Chans placed any FX orders over the phone in the middle of the night Singapore time,

they were speaking with someone on the night trading desk located in Singapore.  *Forex*, ECF No. 952.

There is simply no evidence that the Chans traded FX Instruments with HSBC (or with any other Defendant) in the United States.  Therefore, Class Plaintiffs and HSBC respectfully submit that the Chans have not shown that they are members of the Direct Settlement Class.

### C.    The Chans Have Failed to Submit Any Evidence in Support of Their Exchange-Only Settlement Class Membership

Though the Chans assert in a conclusory fashion that they entered into FX Exchange-Traded Instruments on the CME and ICE, they have failed to submit any evidence to support this assertion. There is no evidence indicating that the Chans entered into FX Exchange-Traded Instruments on any exchange, let alone on the CME and ICE.  Further, the Chans' assertion is contradicted by their own statements on their *Forex* claim forms that they did not engage in exchange trading.  Accordingly, Class Plaintiffs and HSBC respectfully submit that the Chans have not shown that they are members of the Exchange-Only Settlement Class.

### III.    CONCLUSION

For the forgoing reasons, Class Plaintiffs and HSBC request that the Court affirm the determination that the Chans have not shown that they are members of the Direct Settlement Class or the Exchange-Only Settlement Class and are therefore not eligible to submit claims in the *Forex* settlements.

Dated: May 9, 2018                     Respectfully submitted,

                                       SCOTT+SCOTT ATTORNEYS AT LAW LLP

                                        s/ Christopher M. Burke
                                       CHRISTOPHER M. BURKE (CB-3648)
                                       WALTER W. NOSS (WN-0529)
                                       KRISTEN M. ANDERSON (*pro hac vice*)
                                       STEPHANIE A. HACKETT (*pro hac vice*)
                                       600 W. Broadway, Suite 3300

San Diego, CA 92101
Telephone: 619-233-4565
Facsimile:  619-233-0508
cburke@scott-scott.com
wnoss@scott-scott.com
kanderson@scott-scott.com
shackett@scott-scott.com

SCOTT+SCOTT ATTORNEYS AT LAW LLP
DAVID R. SCOTT (DS-8053)
JOSEPH P. GUGLIELMO (JG-2447)
DONALD A. BROGGI (DB-9661)
PETER A. BARILE III (PB-3354)
SYLVIA M. SOKOL (SS-0317)
THOMAS K. BOARDMAN (TB-0530)
The Helmsley Building
230 Park Avenue, 17th Floor
New York, NY 10169
Telephone: 212-223-6444
Facsimile:  212-223-6334
drscott@scott-scott.com
jguglielmo@scott-scott.com
dbroggi@scott-scott.com
pbarile@scott-scott.com
ssokol@scott-scott.com
tboardman@scott-scott.com

-and-

HAUSFELD LLP
MICHAEL D. HAUSFELD
REENA ARMILLAY GAMBHIR
TIMOTHY S. KEARNS
NATHANIEL C. GIDDINGS
1700 K Street, NW, Suite 650
Washington, DC 20006
Telephone: 202-540-7143
Facsimile:  202-5407201
mhausfeld@hausfeld.com
rgambhir@hausfeld.com
tkearns@hausfeld.com
ngiddings@hausfeld.com

10

HAUSFELD LLP
MICHAEL P. LEHMANN
CHRISTOPHER L. LEBSOCK
BONNY E. SWEENEY
600 Montgomery Street, Suite 3200
San Francisco, CA 94111
Telephone: 415-633-1949
Facsimile:  415-693-0770
mlehmann@hausfeld.com
clebsock@hausfeld.com
bsweeney@hausfeld.com

*Interim Co-Lead Counsel*

GREGORY T. CASAMENTO
LOCKE LORD LLP
Three World Financial Center
New York, NY 10281-2101
Telephone: 212-415-8600
*gcasamento@lockelord.com*

JULIA C. WEBB
LOCKE LORD LLP
111 South Wacker Drive
Chicago, IL 60606
Telephone: 312-443-0404
*jwebb@lockelord.com*

ROGER B. COWIE
LOCKE LORD LLP
2200 Ross Avenue, Suite 2800
Dallas, TX 75201-6776
Telephone:  214-740-8000
*rcowie@lockelord.com*

*Attorneys for HSBC Defendants*

11

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on May 9, 2018, I caused the foregoing to be electronically filed with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the email addresses denoted on the Electronic Mail Notice List.

I further certify that I caused the foregoing to be sent via U.S. Mail by depositing a true copy in a postpaid, properly addressed envelope addressed to:

Chan Ah Wah
Lim Cheok Kee Willy
115 East Street
New Hyde Park, NY 11040

And via email to:

Chanjac5@aol.com

s/ Christopher M. Burke
CHRISTOPHER M. BURKE
