USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 6/15/18

June 14, 2018

Via ECF

Honorable Lorna G. Schofield
U.S. District Court
Southern District of New York
Thurgood Marshall Courthouse
40 Foley Square
New York, NY 10007

    Re:   *In re Foreign Exchange Benchmark Rates Antitrust Litigation*
            Case No. 1:13-cv-07789-LGS (S.D.N.Y.)

Dear Judge Schofield:

    Plaintiffs respectfully request an Order amending *nunc pro tunc* the January 30, 2018 deposition deadline contained in Paragraph 13 of the Letter of Request to take the deposition of Mitesh Parikh issued by the Court on March 12, 2018.

    Following an unsuccessful attempt to negotiate the voluntary deposition of U.K. resident and former Goldman Sachs FX trader Mitesh Parikh, on November 17, 2017, Plaintiffs filed the Letter of Request with the Court. Due to the then operative schedule and, perhaps, overly optimistic view of how long it would take to prosecute the Letter of Request, Plaintiffs set a deposition deadline of January 30, 2018.

    On March 12, 2018, the Court issued the Letter of Request, which included the expired January 30, 2018 deadline. At the time, no person raised the issue of the deposition deadline. Plaintiffs respectfully submit that the Court would not have issued and Plaintiffs would not have sought a Letter of Request that was immediately void upon issuance. This fact demonstrates that inclusion of an expired deadline was an inadvertent oversight and not an effort to prejudice any party or Mr. Parikh.

    Following the issuance of the Letter of Request, Plaintiffs once again requested that Mr. Parikh voluntarily appear for a deposition. He refused. On May 4, 2018, Plaintiffs filed an application with the English Court for an order to take Mr. Parikh's deposition. The English Court set a briefing schedule and a July 2, 2018 hearing to decide the issue.

    On June 13, 2018, Mr. Parikh's solicitor filed the First Witness Statement of Adam Richard Brown in opposition to Plaintiffs' application for a deposition order. *See* Ex. A. Although Mr. Parikh's statement recognizes that this Court issued the Letter of Request well after the January 30, 2018 deadline, his first grounds for opposition is now that the Letter of Request is untimely. Specifically, Mr. Parikh argues that:

> Paragraph 13 of the Letter of Request stipulates that the examination must be conducted before the long-stop date of 30 January 2018 (unless Mr. Parikh agrees otherwise, which he does not). This is a clear and important limit on the Request. The existence of the long-stop date no doubt reflects the need to protect Mr. Parikh against oppression arising from the substantial delay and lapse of time since the relevant events (the Applicants wish to question Mr. Parikh on matters

that occurred as long ago as 2007). Mr. Parikh's position is that it would not be appropriate for the English Court to override such a safeguard put in place by a foreign court, or to grant an order for examination that is even wider than requested by the foreign court. That is so irrespective of the fact that a delay in the processing of the Letter of Request application by the New York Court appears to have resulted in the position that the Letter of Request was in fact issued after the expiry of the long-stop date. The fact is that a long-stop date was provided for. If the Applicants wished to seek a different date in light of the further delay, they should have done so before the New York Court. They have not.

Ex. A, ¶6.1; *see also id.*, ¶¶28, 30, 32.

Plaintiffs respectfully submit that they will suffer prejudice to the prosecution of their case if they are unable to obtain Mr. Parikh's testimony for trial. Based on the Letter of Request, the Court has already determined that Mr. Parikh possesses relevant testimony directly relating to Plaintiffs claims, including his participation in multi-bank chat rooms with FX traders with other Defendants, including, specifically, Credit Suisse.

On the other hand, neither Mr. Parikh nor any other party will suffer any prejudice from an order amending the deposition deadline in the Letter of Request. Mr. Parikh has been aware since September 2017 of Plaintiffs' desire to depose him. Mr. Parikh can point to no prejudice arising from the mere passage of a few additional months. And, notably, Plaintiffs will, upon final approval, have released all their claims against Mr. Parikh in the Goldman Sachs settlement; that approval is currently pending before the Court.

For these reasons, Plaintiffs respectfully request that the Court enter an Order *nunc pro tunc* amending the deposition deadline in Paragraph 13 of the Letter of Request from January 30, 2018 to December 31, 2018.

Respectfully submitted,

| SCOTT+SCOTT ATTORNEYS AT LAW LLP | HAUSFELD LLP |
|---|---|
| s/ Christopher M. Burke | s/ Michael D. Hausfeld |
| Christopher M. Burke | Michael D. Hausfeld |
| 600 W. Broadway, Suite 3300 | 1700 K Street NW, Suite 650 |
| San Diego, CA 92101 | Washington, DC 20006 |
| 619-233-4565 | 202-540-7200 |
| cburke@scott-scott.com | mhausfeld@hausfeld.com |

*Interim Co-Lead Counsel*

Application GRANTED. The deposition deadline in Paragraph 13 of the Letter of Request to take the deposition of Mitesh Parikh is extended nunc pro tunc to December 31, 2018.

Dated: June 15, 2018
New York, New York

LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE