June 21, 2018

Honorable Lorna G. Schofield
U.S. District Court
Southern District of New York
Thurgood Marshall Courthouse
40 Foley Square
New York, NY 10007

<u>Via ECF</u>

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 6/22/18
```

Re:   *In re Foreign Exchange Benchmark Rates Antitrust Litigation*
       Case No. 1:13-cv-07789-LGS (S.D.N.Y.)

Dear Judge Schofield:

Pursuant to §6.2(j) of the Court's Protective Order (ECF No. 555), Plaintiffs respectfully request an Order permitting counsel to file certain documents currently marked "Highly Confidential" under the Protective Order with the English Court that is considering whether to enforce the March 12, 2018 Letter of Request to take the deposition of Mitesh Parikh.  Plaintiffs have met and conferred with Goldman Sachs, and Goldman Sachs has decided to take no position on this motion with the understanding that the "Highly Confidential" designations on the exhibits will remain in place.  Plaintiffs reserve their rights to challenge these designations, but in order to expedite the process do not do so in this letter.

Following an unsuccessful attempt to negotiate the voluntary deposition of U.K. resident and former Goldman Sachs FX trader Mitesh Parikh, on November 17, 2017, Plaintiffs filed the Letter of Request with the Court.  On March 12, 2018, the Court issued the Letter of Request. On May 4, 2018, Plaintiffs filed an application with the English Court for an order to take Mr. Parikh's deposition, which Mr. Parikh is opposing.  The English Court set a briefing schedule and a July 2, 2018 hearing to decide the issue.

Plaintiffs' briefs in the English Court are due this Monday, June 25, 2018.  Plaintiffs' London counsel advises us that the briefs will not be publicly available.  To persuade the English Court that the Letter of Request should be enforced because this Court was correct in finding that Mr. Parikh has relevant information, Plaintiffs intend to attach as exhibits many of the same documents that this Court previously considered.  All but one of these exhibits are chat room discussions between Mr. Parikh and FX traders from other settling and non-settling Defendants. These 11 exhibits came from Defendant Goldman Sachs' production and are labeled "Highly Confidential" under the Protective Order.  ECF No. 555 at 2.

To avoid any potential issues regarding the Protective Order, Plaintiffs asked Goldman Sachs on June 18 for permission to attach the 11 exhibits to their upcoming June 25 filing with the English Court.[1]  On June 20, by email and by telephone meet-and-confer, Goldman Sachs refused, claiming that all 11 exhibits were properly designated as Highly Confidential.  Goldman

---

[1] The specific documents to be attached as exhibits in the English Court filing are:  GS-FX-CIVIL-02202114; GS-FX-CIVIL-02194024; GS-FX-CIVIL-02384447; GS-FX-CIVIL-02214641; GS-FX-CIVIL-02034143; GS-FX-CIVIL-02197097; GS-FX-CIVIL-02204927; GS-FX-CIVIL-02188331; GS-FX-CIVIL-02033516; GS-FX-CIVIL-02911022; GS-FX-CIVIL-02207470.

Sachs cited concerns about potentially violating European privacy laws if it granted permission or made a joint application with Plaintiffs to this Court.

This Court should grant Plaintiffs permission to file the 11 exhibits with the English Court for two reasons.  First, denying permission would thwart Plaintiffs' ability to enforce this Court's Letter of Request and deprive the English Court of a complete record upon which to make an informed decision.  The English Court should be able to consider the core evidence that this Court considered when determining that Mr. Parikh possesses relevant evidence to Plaintiffs' claims.

Second, Goldman Sachs will suffer no prejudice because these exhibits would effectively be sealed in the English Court.  The June 25 filing will not be publicly available.  London counsel informs us that members of the public seeking access to such filings would need to first obtain a court order, allowing Goldman Sachs an opportunity to argue against their disclosure in England.  To the extent the English judge discusses these exhibits during the July 2 oral argument, Plaintiffs will immediately advise the judge of the Protective Order issue and suggest means to ensure that this Court's orders are respected.

While Plaintiffs take issue with Goldman Sachs's position that these 11 exhibits are still properly designated as "Highly Confidential" under the Protective Order, the Court need not decide the matter at this time because Goldman Sachs is not objecting to this limited motion.

For these reasons, Plaintiffs respectfully request permission to file these 11 exhibits with their June 25 filings with the English Court.

Respectfully submitted,

| SCOTT+SCOTT ATTORNEYS AT LAW LLP | HAUSFELD LLP |
|---|---|
| s/ Christopher M. Burke | s/ Michael D. Hausfeld |
| Christopher M. Burke | Michael D. Hausfeld |
| 600 W. Broadway, Suite 3300 | 1700 K Street NW, Suite 650 |
| San Diego, CA 92101 | Washington, DC 20006 |
| (619) 233-4565 | (202) 540-7200 |
| cburke@scott-scott.com | mhausfeld@hausfeld.com |

*Interim Co-Lead Counsel*

Dated: June 22, 2018
New York, New Yor

APPLICATION GRANTED

HON. LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE