August 14, 2018

<u>Via ECF</u>

Honorable Lorna G. Schofield
U.S. District Court
Southern District of New York
Thurgood Marshall Courthouse
40 Foley Square
New York, NY 10007

      Re:   *In re Foreign Exchange Benchmark Rates Antitrust Litigation*
                Case No. 1:13-cv-07789-LGS (S.D.N.Y.)

Dear Judge Schofield:

      Pursuant to the Court's August 8, 2018 Order (ECF No. 1112), Class Counsel write to provide the Court with (1) a summary of the claims-processing work being performed by the Claims Administrator, Class Counsel, and their experts; and (2) a proposed schedule for distributing the settlement funds.[1]

      **I.**      **Summary of Claims Processing**

      The Claims Administrator, working closely with Class Counsel and their experts, continues to process and evaluate the claims submitted by members of the Settlement Classes. This first step in the process is a completeness check. This step (1) confirms claim forms are properly filled out and signed; (2) verifies that documentation submitted by the claimant shows the signatory is authorized to act on the claimant's behalf; (3) fulfills additional verification measures to ensure compliance with foreign data privacy and bank secrecy laws; and (4) determines whether claimant data submissions are properly formatted.[2] When any of these checks is not met, the Claims Administrator notifies the claimant and works to resolve the issue.

      Once completeness is satisfied, the next step in the process is to determine claim value. The Claims Administrator works with Class Counsel's experts to determine claim values pursuant to the Plan of Distribution.

      After claim value is determined, the Claims Administrator sends the claimant a Claim Assessment Notification, which provides the claim value and presents summary tables of the claimant's data. For Option 1 claims, the Notification includes instructions on how to convert to

---

[1]     Class Counsel has discussed the claims process with the Settling Defendants, who have indicated that they defer to Class Counsel and their experts on the details of the process and the schedule for distributing settlement funds.

[2]     Claimants who select Option 2 and/or have exchange-based claims submit their own transaction data, and therefore, the Claims Administrator must ensure proper format for further processing. Claimants who select Option 1 without any exchange-based claims are not required to submit data.

an Option 2 claim.[3]  Option 2 converts will receive a second Claim Assessment Notification from the Claims Administrator and ultimately will be awarded the higher of the two claim values.

Since May 31, 2018, the Claims Administrator has been issuing Claim Assessment Notifications on a rolling basis and will continue to do so over the coming months as deficiencies are resolved and analysis is completed.  The Claims Administrator anticipates substantially completing issuing such Notifications in December 2018.  Throughout the process, Class Counsel and the Claims Administrator meet and confer with claimants to resolve or narrow any disputes with respect to rejected or disallowed claims.  Final adjudication of claim disputes usually lasts several months after completing Notification.  However, an interim distribution for certain claims, as set out below, can occur without prejudice to any disputed claims.

## II. Proposed Schedule for Distributing the Settlement Funds

Distribution of the settlement funds to claimants is contingent on certain events.  Paragraph 11 of each of the approved settlement agreements provides for when a distribution can be made (subject to Court approval in the form of a "Class Distribution Order").  *See, e.g.*, ECF No. 481-1, ¶11(g)-(h).  The agreements state:

> The Net Settlement Fund shall be distributed by the Claims Administrator to, or for the account of, Authorized Claimants, as the case may be, only after the Effective Date[4] and after:  (i) all claims have been processed and evaluated by the Claims Administrator, and, where requested, by the Settlement Administrator, and all claimants whose claims have been rejected or disallowed, in whole or in part, have been notified and provided the opportunity to be heard concerning such rejection or disallowance; (ii) all objections with respect to all rejected or disallowed claims have been resolved by the Court, and all appeals therefrom have been resolved or the time

---

[3]  For claimants who initially selected Option 2, the Claim Assessment Notification includes, where available, claim value calculations under Option 1, and the claimant is automatically awarded the higher of the two values.

[4]  Paragraph 6(a) defines the Effective Date as the date when certain events have occurred. All such events have occurred, except "(vi) entry by the Court of a Final Judgment and Order of Dismissal, and the Final Judgment and Order of Dismissal ***becomes final***."  *See, e.g.*, ECF No. 481-1, ¶6(a) (emphasis added).  The Final Judgments and Orders of Dismissal "become final when:  (i) no appeal has been filed and the prescribed time for commencing any appeal has expired; or (ii) an appeal has been filed and either (1) the appeal has been dismissed and the prescribed time, if any, for commencing any further appeal has expired, or (2) the order has been affirmed in its entirety and the prescribed time, if any, for commencing any further appeal has expired.  For purposes of this paragraph, an appeal includes appeals as of right, discretionary appeals, interlocutory appeals, proceedings involving writs of certiorari or mandamus, and any other proceedings of like kind."  *See, e.g.*, *id.*, ¶2(w).

Honorable Lorna G. Schofield
August 14, 2018
Page 3

      therefor has expired; (iii) all matters with respect to the Fee and Expense Application have been resolved by the Court, and all appeals therefrom have been resolved or the time therefor has expired; and (iv) all fees and costs of administration have been paid.

*Id.*, ¶11(g).

      Given the above, Class Counsel propose the following schedule for distributing the settlement funds. This proposal assumes no appeals are taken. By February 28, 2019, Plaintiffs will move for an initial distribution to confirmed claimants who fall within the *de minimis* ($15) and automatic ($150) payment categories, as well as to certain pro rata Option 1 claimants. Class Counsel anticipate that this first distribution would cover approximately 50% of claimants. By June 6, 2019, Plaintiffs will move for a distribution order that will substantially complete distribution, subject to the holdback contemplated by the Plan of Distribution, of settlement funds to all other claimants.

      If appeals are taken, the Claims Administrator would continue its work in processing and evaluating claims so that a distribution could be made shortly after the resolution of the appeals.

                                 Respectfully submitted,

| SCOTT+SCOTT ATTORNEYS AT LAW LLP | HAUSFELD LLP |
|---|---|
|  s/ Christopher M. Burke |  s/ Michael D. Hausfeld |
| Christopher M. Burke | Michael D. Hausfeld |
| 600 W. Broadway, Suite 3300 | 1700 K Street NW, Suite 650 |
| San Diego, CA 92101 | Washington, DC 20006 |
| (619) 233-4565 | (202) 540-7200 |
| cburke@scott-scott.com | mhausfeld@hausfeld.com |

                                 *Interim Co-Lead Counsel*