

**U.S. Department of Justice**

Antitrust Division

*New York Office*

| | |
|---|---|
| 26 Federal Plaza | 212/335-8000 |
| Room 3630 | |
| New York, New York 10278-0004 | FAX 212/335-8023 |

November 5, 2018

**VIA ECF**

The Honorable Lorna G. Schofield
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

        Re: *In re Foreign Exchange Benchmark Rates Antitrust Litigation*, No. 13-cv-7789 (LGS); *NYPL, et al., v. JPMorgan Chase & Co., et al.*, 15-cv-9300 (LGS)

Dear Judge Schofield:

      Pursuant to the Court's October 29, 2018 Order (15-cv-9300, Dkt. No. 357), the United States Department of Justice, through the Antitrust Division and the Fraud Section of the Criminal Division ("the Department"), submits this letter in response to the *NYPL* Plaintiffs' October 26, 2018 letter, which requested (1) that the limited stay the Court extended through December 13, 2018 be vacated; (2) that they be permitted to take the depositions of Matthew Gardiner, Christopher Ashton, Richard Usher, and Rohan Ramchandani; and (3) that the Department identify witnesses competent to testify about the substance of corporate plea agreements and produce "all the documents in its possession pertaining to the negotiations of the Bank Pleas." (15-cv-9300, Dkt. No. 356.)

      The Department submits that the stay continues to be necessary given pending trials and appeals in three FX-related cases:

- *United States v. Bogucki*, 18-cr-21, is set for trial before Judge Breyer of the Northern District of California on February 4, 2019.
- *United States v. Aiyer*, 18-cr-333, is scheduled for a status conference before Judge Koeltl in this Court on December 11, 2018.  The Department expects that the remainder of the calendar, including the trial date, will be set at or shortly after the status conference.
- *United States v. Johnson*, 18-1503-cr, is on appeal to the Second Circuit.  Johnson filed his brief on August 30, 2018 and the government's response is due November 29, 2018.

Given the banks at issue in the above cases, the Department proposes that the stay remain in place as to Barclays, BNP Paribas, Citibank, HSBC, and JPMorgan Chase. In light of the conclusion of two additional FX-related cases,[1] the Department proposes to narrow the stay to remove from its scope the current and former employees of RBS and UBS.

As before, the Department would continue to consider one-off requests for depositions of individuals who are otherwise covered by the terms of the stay. The Department construes the *NYPL* Plaintiffs' request to depose Gardiner, Usher, Ramchandani, and Ashton as such, and does not object if Plaintiffs attempt to depose those individuals, who are resident in the United Kingdom.

The Department objects to the *NYPL* Plaintiffs' request that it be required to identify witnesses competent to testify about the substance of the bank pleas, and to produce all documents related to the negotiation of those pleas. The Department is not a party to this case and is under no obligation to identify witnesses for the Plaintiffs or to produce plea negotiation documents.

Plaintiffs in the *In re Foreign Exchange* case (13-cv-7789) consent to the Department's proposal, as do all Defendants accept Credit Suisse, which takes no position. Plaintiffs in the *NYPL* matter (15-cv-9300) oppose the Department's proposal.

          Respectfully submitted,

          JEFFREY D. MARTINO
          Chief, New York Office
          Antitrust Division

By:   /s/ Benjamin Sirota
      Benjamin Sirota, Trial Attorney
      Antitrust Division, New York Office
      26 Federal Plaza
      New York, NY 10278
      (212) 335-8056
      Benjamin.Sirota@usdoj.gov

cc: All counsel (via ECF)

---

[1] Trial in *United States v. Usher, et al.*, 17-cr-19, which was before Judge Berman in this Court, concluded on October 26, 2018. With respect to the case of *United States v. Stuart Scott*, 16-cr-457, pending in the Eastern District of New York, the Supreme Court of the United Kingdom did not accept the appeal of an order of the U.K. High Court of Justice that had effectively denied the United States' request for extradition. The United States has exhausted all avenues of appeal in that case. (*See* 16-cr-457, Dkt. No. 259.)