January 9, 2019

**<u>Via ECF</u>**

Honorable Lorna G. Schofield
U.S. District Court for the Southern District of New York
Thurgood Marshall Courthouse
40 Foley Square
New York, NY 10007

   Re: *In re Foreign Exchange Benchmark Rates Antitrust Litig.*,
      No. 1:13-cv-07789-LGS

Dear Judge Schofield:

  Plaintiffs respectfully submit this pre-motion conference letter to request that the Court require the sole appealing objector, Keith Kornell, to post an appeal bond under Federal Rule of Appellate Procedure 7. As an alternative to a conference, Plaintiffs request that the Court set a briefing schedule that permits Plaintiffs to file opening papers, with a more robust analysis than can be provided in this letter motion, within 24 hours of the Court's endorsement.

  As a result of Mr. Kornell's appeal of the Court's Opinion and Order awarding Class Counsel attorneys' fees (ECF No. 1140 (the "Fee Order")), the Settlement Classes and Class Counsel will incur substantial costs. ***First***, the claims administrator estimates that delays from the appeal will require $1.3 million in additional settlement administration costs, thus reducing the net settlement fund proceeds available for distribution to the classes. *See, e.g.*, *In re Credit Default Swaps Antitrust Litig.*, No. 13-md-2476, 2016 WL 2731524, at *19 (S.D.N.Y. Apr. 26, 2016) ("'[A] district court may impose a Rule 7 Bond in the amount of the additional administrative expenses that are reasonably anticipated from the pendency of the appeal.'") (citation omitted); *In re NASDAQ Market-Makers Antitrust Litig.*, 187 F.R.D. 124, 129 (S.D.N.Y. 1999). ***Second***, in opposing Mr. Kornell's appeal, Class Counsel estimates they will incur $75,000 in appellate attorneys' fees. ***Third***, the appeal will cost an estimated $1,328 in taxable costs, including reproducing briefs, appendices, records, and court reporter transcripts. *See Berry v. Deutsche Bank Trust Co Am.*, 632 F. Supp. 2d 300, 308 (S.D.N.Y. 2009) (finding such costs proper in an appeal bond).

  For the reasons explained below, Plaintiffs seek an Order requiring Mr. Kornell to post an appeal bond totaling $1,376,328, or such other amount that the Court deems appropriate, to ensure that the costs of his appeal will not be borne by the Settlement Classes or Class Counsel.

  The Court may impose an appeal bond on an appellant after a notice of appeal is filed "to protect the rights of appellees brought into appeals courts" by an appellant who "poses a payment risk" if he loses on appeal. *See Adsani v. Miller*, 139 F.3d 67, 70, 75 (2d Cir. 1998). Courts typically consider: "'(1) the appellant's financial ability to post a bond, (2) the risk that the appellant would not pay appellee's costs if the appeal loses, (3) the merits of the appeal, and (4) whether the appellant has shown any bad faith or vexatious conduct.'" *Stillman v. InService Am. Inc.*, 838 F. Supp. 2d 138, 140 (S.D.N.Y. 2011) (citing cases).

**Mr. Kornell's Appeal Lacks Merit (Factor #3)**

Given the Court's thorough analysis and the deferential standard of review of an attorneys' fee award on appeal, Fee Order at 2 (citing *Goldberger v. Integrated Res., Inc.*, 209 F.3d 43, 47 (2d Cir. 2000)), Mr. Kornell's prospects of obtaining a reversal of the Fee Order are incredibly slim. The Court determined that a 13% fee award was a reasonable baseline fee for an antitrust class action based on approved fee awards in similar common fund settlements. Fee Order at 3-6. The Court analyzed the risks of the litigation, the quality of the representation, and public policy considerations and determined that an increase or decrease of the baseline percentage was not warranted. *Id.* at 6. In addition, the Court conducted a lodestar cross-check analysis to ensure the reasonableness of the fee. *Id.* at 10-11.

Mr. Kornell's list of proposed issues on appeal, filed with his "Form C" in the Second Circuit, demonstrates the lack of merit of his appeal. *See In re Foreign Exchange Benchmark Rates Antitrust Litig.*, No. 18-03673, BL-11-5 (2d Cir. Dec. 19, 2018). For example, Mr. Kornell seeks review of the Court's decision to measure the risk of the litigation at the outset of the case. The law is well settled in this Circuit that risk is measured "as of when the case is filed." *See, e.g.*, *Goldberger*, 209 F.3d at 55 (noting that "[i]t is well-established that litigation risk must be measured as of when the case is filed"); *McDaniel v. County of Schenectady*, 595 F.3d 411, 424 (2d Cir. 2010) (same). Accordingly, Mr. Kornell cannot demonstrate that the Court abused its discretion in setting attorneys' fees well within the legal mainstream.

**Mr. Kornell and His Counsel Have Exhibited Bad Faith (Factor #4)**

Mr. Kornell made a series of revealing admissions during his deposition, including that: (i) his objection is lawyer-driven (ECF No. 1036-4, at 55:1-3 ("Q. So the objection to the size of the fee is your counsel's objection and not yours? A. Yes.")); (ii) he had no objection to the requested attorneys' fees prior to speaking with his counsel (*id.* at 54:18-20 ("A. I had a clear sense that Ed[ward Cochran] felt that these fees were excessive.")); (iii) he barely understands the allegations of wrongdoing, the claims, or the parties in the case, and he did not read any of the complaints; and (iv) he played no role in drafting or developing his objection (*id.* at 53:23-54:1; 55:1-3; 54:7-25) (explaining that he only learned "why" he made the objections to the requested attorneys' fees and expenses on the day of his deposition)).

This raises material questions about the intent of, motivations for, and likely success on the merits of the appeal. For example, as detailed in Plaintiffs' prior submissions (ECF No. 1023 at 5-6; ECF No. 1035 at 13), Mr. Kornell's counsel, John Pentz and Edward Cochran, have been described by other courts as serial objectors that "have a documented history of filing notices of appeal from orders approving other class action settlements, and thereafter dismissing said appeals when they and their clients were compensated by the settling class or counsel for the settling class." *In re Wal-Mart Wage and Hour Emp't Practices Litig.*, No. 2:06-cv-00225, 2010 WL 786513, at *1-*2 (D. Nev. Mar. 8, 2010). Courts have often required objectors represented by Mr. Pentz to post substantial appeal bonds under similar circumstances. *See, e.g.*, *id.*, at *2 ($500,000 bond); *Heekin v. Anthem, Inc.*, No. 1:05-cv-01908, 2013 WL 752637, at *4 (S.D. Ind. Feb. 27, 2013); *Barnes v. Fleetboston Fin. Corp.*, No. 01-10395, 2006 WL 6916834, at *3 (D.

Mass. Aug. 22, 2006) ($645,111.60 bond). A finding of bad faith is further warranted due to Mr. Cochran's failure to file a notice of appearance in the action despite litigating the fee objection and defending Mr. Kornell's deposition. *See Heekin*, 2013 WL 752637, at *3 (finding serial objector counsel's failure to enter an appearance as evidence of bad faith and vexatious conduct).

**Mr. Kornell Has the Financial Ability to Post a Bond (Factor #1)**

The record does not suggest that Mr. Kornell lacks the ability to post an appeal bond, so this factor may be presumed. *See In re Initial Public Offering Sec. Litig.*, 728 F. Supp. 2d 289, 293 (S.D.N.Y. 2010).

**When Mr. Kornell Loses His Appeal There Is a Substantial Risk He Would Not Pay the Costs (Factor #2)**

There is a significant risk of nonpayment of the attorneys' fees and costs that will be borne due to the appeal. Mr. Kornell does not have a financial stake in the outcome of his appeal – he seeks to gain very little (if anything) if he succeeds. He resides in Ohio, making him geographically dispersed from the Second Circuit and possibly requiring additional expense to the class should collection actions be required. Moreover, courts infer that an objector abusing the judicial process by pursuing a frivolous appeal has no intention of paying the costs of an appeal. *In re Polyurethane Foam Antitrust Litig.*, 178 F. Supp. 3d 635, 641 (N.D. Ohio 2016) (citing objectors' domicile outside of the relevant jurisdiction and history of disrespect for legal ethics and court rules as relevant factors for risk of nonpayment).

For the foregoing reasons, Plaintiffs seek a pre-motion conference, or alternatively, an order setting a briefing schedule on Plaintiffs' motion to require Mr. Kornell to post an appeal bond totaling $1,376,328, or such other amount that the Court deems appropriate.

Respectfully submitted,

SCOTT+SCOTT ATTORNEYS AT LAW LLP    HAUSFELD LLP

s/ Christopher M. Burke    s/ Michael D. Hausfeld
Christopher M. Burke    Michael D. Hausfeld
600 W. Broadway, Suite 3300    1700 K Street NW, Suite 650
San Diego, CA 92101    Washington, DC 20006
(619) 233-4565    (202) 540-7200
cburke@scott-scott.com    mhausfeld@hausfeld.com

*Settlement Class Counsel*