| | |
|---|---|
| UNITED STATES DISTRICT COURT<br>SOUTHERN DISTRICT OF NEW YORK<br>------------------------------------------------------------X<br>:<br>:<br>IN RE FOREIGN EXCHANGE BENCHMARK   :<br>RATES ANTITRUST LITIGATION                   :<br>:<br>:<br>------------------------------------------------------------X | USDC SDNY<br>DOCUMENT<br>ELECTRONICALLY FILED<br>DOC #:_____<br>DATE FILED: 1/22/2019<br><br>13 Civ. 7789 (LGS)<br><br>ORDER |

LORNA G. SCHOFIELD, District Judge:

WHEREAS, on November 8, 2018, the Court issued an Opinion and Order awarding attorneys' fees (Dkt. No. 1140) (the "Fee Order");

WHEREAS, on January 9, 2019, Plaintiffs requested that the Fee Order be certified as a final judgment under Federal Rule of Civil Procedure 54(b). It is hereby

**ORDERED** that Plaintiffs' application for Rule 54(b) certification is **GRANTED**. Federal Rule of Civil Procedure 54(b) "authorizes a district court to enter partial final judgment when three requirements have been satisfied: (1) there are multiple claims or parties, (2) at least one claim or the rights and liabilities of at least one party ha[ve] been finally determined, and (3) the court makes an express determination that there is no just reason for delay of entry of final judgment as to fewer than all of the claims or parties involved in the action." *Linde v. Arab Bank, PLC*, 882 F.3d 314, 322–23 (quoting *Acumen Re Mgmt. Corp. v. Gen. Sec. Nat'l Ins. Co.*, 769 F.3d 135, 140 (2d Cir. 2014)) (internal quotation marks and alterations omitted). "[I]n deciding whether there are no just reasons to delay the appeal of individual final judgments . . . a district court must take into account judicial administrative interests as well as the equities involved." *Novick v. AXA Network, LLC*, 642 F.3d 304, 310 (2d Cir. 2011) (quoting *Curtiss-Wright Corp. v. General Elec. Co.*, 446 U.S. 1, 8 (1980)). In light of the historical federal policy against piecemeal appeals, a district court "generally should not grant a Rule 54(b) certification

'if the same or closely related issues remain to be litigated.'" *Novick*, 642 F.3d at 304 (quoting *Harriscom Svenska AB v. Harris Corp.*, 947 F.2d 627, 629 (2d Cir. 1991)).

The requirements of Rule 54(b) are met here.  First, this action involves multiple claims and multiple parties.  Second, the claims against fifteen of the sixteen Defendants were dismissed with prejudice upon final approval of the parties' settlements.  Third, there are no just reasons for delay.  The Fee Order pertains to issues that are separable and distinct from the remaining claims in this action.  The remaining Defendant, Credit Suisse, has no interest in the attorneys' fees issue and has not objected to Rule 54(b) certification of the Fee Order.  Delaying appeal would also increase settlement administration costs.

The Clerk of Court is respectfully directed to close the motion at Docket No. 1151.


Dated:  January 22, 2019
 New York, New York

_____
LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE