UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
:
:
IN RE FOREIGN EXCHANGE BENCHMARK   :
RATES ANTITRUST LITIGATION                     :
:
:
------------------------------------------------------------X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 2/25/2019

13 Civ. 7789 (LGS)

ORDER

LORNA G. SCHOFIELD, District Judge:

WHEREAS, Plaintiffs seek an order compelling UBS to produce two expert reports previously submitted by Keith Underwood in private arbitrations (the "UBS Reports") (Dkt. No. 1182);

WHEREAS, UBS opposes the motion on the grounds that (1) the UBS Reports are subject to protective orders entered in the private arbitrations and (2) their production should not be compelled under the heightened requirements for compelling the production of "confidential mediation communications" set forth in *In re Teligent, Inc.*, 640 F.3d 53, 58 (2d Cir. 2011) (Dkt. Nos. 1184 & 1189);

WHEREAS, UBS has submitted the expert reports to the Court for in camera review.  It is hereby

**ORDERED** that Plaintiffs' motion to compel the UBS Reports is **GRANTED**.  UBS shall produce the UBS Reports to Plaintiffs by **March 4, 2019.**  Although there is a heightened requirement for compelling the production of "confidential mediation communications," *see Teligent*, 640 F.3d at 58, the purpose of this rule is to "promote[] the free flow of information that may result in the settlement of a dispute." *Id.* at 57.  The *Teligent* standard does not apply to the production of documents submitted in arbitration proceedings. *See Veleron Holding, B.V. v. Stanley*, No. 12 Civ. 5966, 2014 WL 1569610, at *8 (S.D.N.Y. Apr. 16, 2014) ("No American

court of which I am aware would ever accept that a party to an arbitration was shielded by [an arbitration confidentiality provision] from producing documents or evidence in an American lawsuit pursuant to discovery demand or subpoena. . . . BNP was a party to the LCIA Arbitration and is bound by the rules of that Tribunal, yet it could be and was compelled to produce to Morgan Stanley an award that is 'confidential' under LCIA rules."); *see also Gotham Holdings, LP v. Health Grades, Inc.*, 580 F.3d 664, 665 (7th Cir. 2009) ("[E]ven if the [arbitration confidentiality] agreement had purported to block disclosure, such a provision would be ineffectual.  Contracts bind only the parties.  No one can 'agree' with someone else that a stranger's resort to discovery under the Federal Rules of Civil Procedure will be cut off.").  It is further

**ORDERED** that UBS's redaction requests are **DENIED**.  The Court construes UBS's February 22, 2019, letter as intending to assert that the proposed redactions concern *non-public* information.  UBS states that the purpose of the redactions is to protect UBS's interest in maintaining the confidentiality of the employment arbitrations.  These redactions are unnecessary because Plaintiffs have agreed that UBS can designate the UBS Reports as "confidential" or "highly confidential" under the Protective Order entered in this case (Dkt. No. 55).

Dated: February 25, 2019
      New York, New York

**LORNA G. SCHOFIELD**
**UNITED STATES DISTRICT JUDGE**