USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 2/28/2019

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------ X
                                                          :
IN RE FOREIGN EXCHANGE BENCHMARK  :
RATES ANTITRUST LITIGATION                  :          13 Civ. 7789 (LGS)
                                                           :
------------------------------------------------------------ X          **ORDER**

LORNA G. SCHOFIELD, District Judge:

      WHEREAS, on November 8, 2018, the Court issued an Opinion and Order awarding Class Counsel attorneys' fees in the amount of $300,335,750. *See In re Foreign Exch. Benchmark Rates Antitrust Litig.*, No. 13 Civ. 7789, 2018 WL 5839691, at *1 (S.D.N.Y. Nov. 8, 2018) (the "Fees Order");

      WHEREAS, on December 7, 2018, Class Member Keith Kornell ("Objector") filed a Notice of Appeal from the Fees Order;

      WHEREAS, on January 9, 2019, Class Counsel moved for an Order requiring Objector to post an appeal bond in the amount of $1,376,328. This figure is comprised of $1,300,000 in additional claims administration costs (e.g., the cost of responding to and processing additional claimant requests while the appeal is pending, and the cost of notifying certain claimants of the appeal and resulting delay in payment), $75,000 in appellate attorneys' fees and $1,328 in taxable costs.

      WHEREAS, Objector does not oppose a bond in the amount of $1,328 to cover taxable costs;

      WHEREAS, the appropriate amount of the appeal bond in this case is $1,328. Federal Rule of Appellate Procedure 7 provides, "In a civil case, the district court may require an

appellant to file a bond or provide other security in any form and amount necessary to ensure payment of costs on appeal." Fed. R. App. P. 7.

The sole issue in dispute is what "costs on appeal" should be included in the appeal bond, and whether they should include costs occasioned by the delay in settlement during the appeal and appellate attorneys' fees. It is uncontested that taxable costs under Federal Rule of Appellate Procedure 39 may be included in an appeal bond, as well as costs provided for "in the relevant substantive statute under which appeal is sought." Fed. R. App. P. 39; *Adsani v. Miller*, 139 F.3d 67, 75 n.9 (2d Cir. 1998) (stating that the "term 'costs' under Rule 7 may include the definition of 'costs' contained in the relevant substantive statute under which appeal is sought").

The Court's award is limited to taxable costs as Plaintiffs have not identified any rule or statute that provides for delay costs. *See In re Target Corp. Customer Data Sec. Breach Litig.*, 847 F.3d 608, 615 (8th Cir. 2017) (holding that costs from delays in administering the settlement cannot be included in a Rule 7 appeal bond where such costs could not be "recover[ed] under a specific rule or statute applicable to the case at hand"); *Tennille v. W. Union Co.*, 774 F.3d 1249, 1256 (10th Cir. 2014) ("Because Plaintiffs have not identified any rule or statute that allows them to recover, as costs on appeal, funds spent either notifying class members of Objectors' merits appeals or maintaining the settlement pending those appeals, the district court erred in imposing a Rule 7 appeal bond that included those costs."). Similarly, attorneys' fees may not be included in an appeal bond unless the substantive statute underlying the appeal "allows attorney's fees to be levied as part of the costs." *See Adsani*, 139 F.3d at 75 (internal quotation marks omitted) (holding that attorneys' fees may be included in an appeal bond where the

substantive statute underlying the appeal provides for them). Plaintiffs have not identified any such substantive statute here.[1]

Plaintiffs rely on Federal Rule of Appellate Procedure 38 as their principal authority for including attorneys' fees and settlement costs in the appeal bond. Federal Rule of Appellate Procedure 38 provides: "If a court of appeals determines that an appeal is frivolous, it may, after a separately filed motion or notice from the court and reasonable opportunity to respond, award just damages and single or double costs to the appellee."

Rule 38 does not give district courts authority to include attorneys' fees and settlement costs in a Rule 7 appeal bond. *See In re Fletcher Int'l Ltd.*, No. 14 Civ. 2836, 2014 WL 3897565, at *3 (S.D.N.Y. Aug. 6, 2014) (declining to include costs under Rule 38 in a Rule 7 appeal bond); *In re Initial Pub. Offering Sec. Litig.*, 728 F. Supp. 2d 289, 297 (S.D.N.Y. 2010) (stating that the inclusion of attorneys' fees in a Rule 7 appeal bond would be improper). Rule 38 provides for the award of damages and costs when "a *court of appeals* determines that an appeal is frivolous." Fed. R. App. P. 38 (emphasis added). The plain language of the Rule refutes the contention that a district court may impose Rule 38 sanctions. When the Rules mean to alter a district court's authority to take some action, they do so expressly. *See, e.g.*, Fed. R. App. P. 4(a)(5)(A) ("The district court may extend the time to file a notice of appeal . . . ."); Fed. R. App. P. 7 ("[T]he district court may require an appellant to file a bond . . . ."); Fed. R. App. P. 10(d) ("If the statement is truthful, it . . . must be approved by the district court . . . ."); Fed. R. App. P. 24(a)(1) ("[A] party to a district-court action who desires to appeal in forma pauperis

---

[1] Plaintiffs cite several cases in which courts have held that such fees and costs may be included in appeal bonds pursuant to Rule 38. *E.g.*, *In re General Elec. Co. Securities Litigation*, 998 F. Supp. 2d 145, 151 (S.D.N.Y. 2014); *In re Credit Default Swaps Antitrust Litigation*, 13 Md. 2476, 2016 WL 2731524, at *19 (S.D.N.Y. Apr. 26, 2016). The Court is not bound by these precedents and declines to follow them.

must file a motion in the district court."). Accordingly, "[t]he imposition of [Rule 38] sanctions is a question for the Court of Appeals to determine." *See Fletcher*, 2014 WL 3897565, at *3; *Initial Public Offering*, 728 F. Supp. 2d at 297 ("[T]o include attorneys' fees in the costs for a Rule 7 bond would infringe on the authority that the Rule explicitly grants to the Court of Appeals." (internal quotation marks omitted)); *see also Vaughn v. Am. Honda Motor Co.*, 507 F.3d 295, 299 (5th Cir. 2007) ("There is no provision in the rules of procedure for a district court to predict that an appellate court will find an appeal frivolous and to set a bond for costs on appeal based on an estimate of what 'just damages' and costs the appellate court *might* award."); *In re Am. President Lines, Inc.*, 779 F.2d 714, 717 (D.C. Cir. 1985) ("The District Court's bond order effectively preempts this court's prerogative to determine, should Safir's appeal be found to be frivolous, whether APL is entitled to a Rule 38 recovery.").

This result accords with the well-established rule that district courts may not sanction an attorney under Federal Rule of Civil Procedure 37 or 28 U.S.C. § 1927 for filing petitions or appeals in the Court of Appeals. *See Schoenberg v. Shapolsky Publishers, Inc.*, 971 F.2d 926, 935 (2d Cir. 1992), *abrogated on other grounds by Bassett v. Mashantucket Pequot Tribe*, 204 F.3d 343, 352 (2d Cir. 2000) ("[I]t is improper for a district court to impose sanctions for appeals taken to this Court."). This is a sensible policy, for "[a] rule permitting a district court to sanction an attorney for appealing an adverse ruling might deter even a courageous lawyer from seeking the reversal of a district court decision." *Cheng v. GAF Corp.*, 713 F.2d 886, 892 (2d Cir. 1983), *abrogated on other grounds by New Pac. Overseas Grp. (U.S.A.) Inc. v. Excal Int'l Develop. Corp.*, 252 F.3d 667, 669 (2d Cir. 2001). The same rationale applies to the inclusion of Rule 38 sanctions in a Rule 7 appeal bond. *See Azizian v. Federated Dep't Stores, Inc.*, 499 F.3d 950, 961 (9th Cir. 2007) ("Allowing districts court to impose high Rule 7 bonds on where the

appeals *might* be found frivolous risks impermissibly encumbering appellants' right to appeal . . . .") (internal citations, quotation marks and alterations omitted).

Plaintiffs also argue that attorneys' fees may be included in a Rule 7 appeal bond based on the Court's inherent authority. "A federal district court possesses broad inherent power to protect the administration of justice by levying sanctions in response to abusive litigation practices." *Penthouse Int'l, Ltd. v. Playboy Enters., Inc.*, 663 F.2d 371, 386 (2d Cir. 1981); *accord In re Petrobras Sec. Litig.*, No. 14 Civ. 9662, 2018 WL 4521211, at *3 (S.D.N.Y. Sept. 21, 2018). "[I]nherent-power sanctions are appropriate only if there is clear evidence that the conduct at issue is (1) entirely without color and (2) motivated by improper purposes." *Wolters Kluwer Fin. Servs., Inc. v. Scivantage*, 564 F.3d 110, 114 (2d Cir. 2009); *accord Petrobras*, 2018 WL 4521211, at *3. "Conduct is entirely without color when it lacks any legal or factual basis; it is colorable when it has some legal and factual support, considered in light of the reasonable beliefs of the attorney whose conduct is at issue." *Wolters Kluwer*, 564 F.3d at 114; *accord Petrobras*, 2018 WL 4521211, at *4. "A finding of bad faith, and a finding that conduct is without color or for an improper purpose, must be supported by a high degree of specificity in the factual findings." *Wolters Kluwer*, 564 F.3d at 114; *accord Rabin v. Dow Jones & Co.*, 665 Fed. App'x 21, 23 (2d Cir. 2016) (summary order).

Although the Court finds that Objector is unlikely to prevail on appeal, it cannot conclude that the appeal "lacks any legal or factual basis." *Wolters Kluwer*, 564 F.3d at 114. Moreover, the Court is unaware of any Circuit precedent supporting the contention that sanctions pursuant to a court's inherent authority may be included in a Rule 7 appeal bond, and the Court is mindful of the Second Circuit's admonishment that "it is improper for a district court to impose sanctions for appeals taken to [the Court of Appeals]." *See Schoenberg*, 971 F.2d at 935.

For the reasons discussed above, it is **ORDERED** that by **March 15, 2019,** Objector shall post a bond in the amount of $1,328.

The Clerk of Court is respectfully directed to close the motion at Docket No. 1152.

Dated: February 28, 2019
      New York, New York

                                      **LORNA G. SCHOFIELD**
                                      **UNITED STATES DISTRICT JUDGE**