| | |
|---|---|
| UNITED STATES DISTRICT COURT<br>SOUTHERN DISTRICT OF NEW YORK<br>------------------------------------------------------------X<br>:<br>:<br>IN RE FOREIGN EXCHANGE BENCHMARK   :<br>RATES ANTITRUST LITIGATION                        :<br>:<br>:<br>------------------------------------------------------------X | USDC SDNY<br>DOCUMENT<br>ELECTRONICALLY FILED<br>DOC #:_____<br>DATE FILED: 3/18/2019<br><br>13 Civ. 7789 (LGS)<br><br>ORDER |

LORNA G. SCHOFIELD, District Judge:

WHEREAS, by letter to Chambers dated March 15, 2019, Plaintiffs seek leave to file in redacted form a letter motion requesting leave to file a surreply in support of class certification and in opposition to Credit Suisse's *Daubert* motion. It is hereby

**ORDERED** that Plaintiffs' redaction requests are **GRANTED**. Plaintiffs shall file the letter motion in redacted form on ECF and in unredacted form under seal. Although "[t]he common law right of public access to judicial documents is firmly rooted in our nation's history," this right is not absolute, and courts "must balance competing considerations against" the presumption of access. *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119–20 (2d Cir. 2006) (internal quotation marks omitted); *see also Nixon v. Warner Commc'ns., Inc.*, 435 U.S. 589, 599 (1978) ("[T]he decision as to access is one best left to the sound discretion of the trial court, a discretion to be exercised in light of the relevant facts and circumstances of the particular case."). Filing the letter motion in redacted form is necessary to prevent the unauthorized dissemination of confidential business information.

Dated: March 18, 2019
      New York, New York

_____
**LORNA G. SCHOFIELD**
**UNITED STATES DISTRICT JUDGE**