April 19, 2019

Via ECF

Honorable Lorna G. Schofield
U.S. District Court
Southern District of New York
Thurgood Marshall Courthouse
40 Foley Square
New York, NY 10007

      Re:    *In re Foreign Exchange Benchmark Rates Antitrust Litigation*
               Case No. 1:13-cv-07789-LGS (S.D.N.Y.)

Dear Judge Schofield:

      Pursuant to the Court's April 16, 2019 Order (ECF No. 1299), Class Counsel in *FOREX* respectfully oppose *Nypl* Plaintiffs' "request for advance notice of the scheduling and noticing of depositions in the U.K. and Europe." *Id.*

      After extensive negotiations, *Nypl* Plaintiffs refused to enter into a coordinated deposition protocol with the other FX-related actions (*FOREX*, *Contant*, and *Allianz*). *Nypl*, ECF No. 399. Instead, *Nypl* Plaintiffs insisted on a deposition order specific to their action, which the Court entered on March 18, 2019. *Nypl*, ECF No. 425. In that order, *Nypl* Plaintiffs stipulated to the Court that as to depositions of parties and their current and former employees, *Nypl* Plaintiffs "are only seeking the depositions" of: (1) signatories to certain plea and deferred prosecution agreements and/or a Rule 30(b)(6) deposition concerning the same; and (2) Matthew Gardiner. ECF No. 425 at 2-3. During the various negotiations about deposition protocol orders, counsel for *Nypl* Plaintiffs made these same representations to all other parties, including Class Counsel in *FOREX*.

      Although Nypl Plaintiffs agreed not to take depositions of current and former employees, the *Nypl* deposition order does grant them limited rights regarding these depositions, including foreign ones. *Nypl* Plaintiffs are permitted to attend the depositions, purchase copies of their transcripts, and use those transcripts in their action. *Id.* at 3. However, the *Nypl* Plaintiffs agreed that they "***may not examine*** the witness at any such depositions." *Id.* (emphasis added).

      *Nypl* Plaintiffs make the vague request that Class Counsel should provide them with advance notice of the scheduling and noticing of foreign depositions. *Nypl* Plaintiffs offer no reasons why they need advance notice of the scheduling and noticing of foreign depositions that they agreed not to take. Class Counsel will provide the *Nypl* Plaintiffs the same notice of confirmed deposition dates and times that they provide to all other parties. Because *Nypl* Plaintiffs chose not to join the coordination order, however, they should not be entitled to letters of request and matters including confidential material that has been unearthed by counsel or procured through settlement agreements in the FOREX actions.

Honorable Lorna G. Schofield
April 19, 2019
Page 2

      Having stipulated to the depositions they need to prove their claims, *Nypl* Plaintiffs must now abide by their choice.  To allow otherwise would invite chaos into the already difficult challenge of coordinating foreign depositions between two Courts and among three actions.  The Court should deny *Nypl* Plaintiffs' request, which appears to seek, without legal basis, free assistance from counsel in the other actions.

      Finally, the efficient scheduling and examination of foreign depositions is being frustrated by delay tactics employed by witnesses and their counsel, including relying on portions of the Deposition Protocol.  We have been discussing these matters with certain defendants as well as other Plaintiffs' counsel and will continue to do so.  If the issues remain unresolved, we may be requesting relief.

      Respectfully submitted,

| SCOTT+SCOTT ATTORNEYS AT LAW LLP | HAUSFELD LLP |
|---|---|
|  s/ Christopher M. Burke |  s/ Michael D. Hausfeld |
| Christopher M. Burke | Michael D. Hausfeld |
| 600 W. Broadway, Suite 3300 | 1700 K Street NW, Suite 650 |
| San Diego, CA 92101 | Washington, DC 20006 |
| (619) 233-4565 | (202) 540-7200 |
| cburke@scott-scott.com | mhausfeld@hausfeld.com |

*Interim Co-Lead Class Counsel*