USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 7/11/2019

# ALIOTO LAW FIRM

ONE SANSOME STREET
35TH FLOOR
SAN FRANCISCO, CALIFORNIA 94104

TELEPHONE (415) 434-8900
FACSIMILE (415) 434-9200

July 10, 2019

*Via ECF*

The Honorable Lorna G. Schofield
United States District Judge
Southern District of New York
Thurgood Marshall U.S. Courthouse
40 Foley Square
New York, New York 10007

      Re: *John Nypl, et al. v. JP Morgan Chase & Co et al.,* No. 15-cv-9300 (LGS)

Dear Judge Schofield:

      Pursuant to this Court's Orders of July 1, 2019 and July 8, 2019 (ECF Nos. 461 and 463), the *Nypl* Plaintiffs respectfully respond to the latest request by the Department of Justice ("DOJ") for an additional three-month stay of the depositions of the signatories of the Plea Agreements and the Deferred Prosecution Agreement.

      This is the tenth piecemeal stay sought by the DOJ since the *Nypl* Plaintiffs were transferred to this Court pursuant to the MDL. Unless the Court considers otherwise, the *Nypl* Plaintiffs respectfully incorporate by reference the oppositions they filed to the DOJ's piecemeal requests for stays on August 29, 2017 (ECF No. 209), December 12, 2017 (ECF No. 266), March 16, 2018 (ECF No. 296), June 12, 2018 (ECF No. 315) September 24, 2018 (ECF No. 354), December 19, 2018 (ECF No. 391), and March 29, 2019 (ECF No. 427).

      Initially, the *Nypl* Plaintiffs believed (however naively) that depositions could be taken if noticed after the stays requested by the DOJ. Consequently, on three occasions, the *Nypl* Plaintiffs actually served Notices of Deposition on: June 16, 2016, November 15, 2017, and March 1, 2018. In each of those instances, at the conclusion of a stay, the DOJ would file additional requests for stays ranging from three-months to six-months. By reason of these piecemeal stays, it has been very difficult, if not impossible, for the *Nypl* Plaintiffs to plan, manage, schedule, or prepare their case against the Defendants. The prejudice to the *Nypl* Plaintiffs has been manifest, and indeed used against the *Nypl* Plaintiffs implying that they have delayed the prosecution of their case. (ECF No. 464, p. 3: 5-8).

ALIOTO LAW FIRM
Page 2

      The new requested stay should be denied. The sole basis for the new request is that there is an appeal "fully briefed and argued," and another trial of an individual not to take place until October 2019. There is no *ex parte* affidavit explaining how or in what way the taking of the signatory depositions could in any way hamper, interfere with, or prejudice the DOJ with regard to that appeal or that trial. Indeed, the opposite is true: the *Nypl* Plaintiffs have been deprived of their rights under Federal Rules of Civil Procedure 1, 26, and 30 and this Court's Civil Case Management Plan and Scheduling Order (ECF No. 231, p.3, ¶ 8(d)).

      The DOJ has stated that it would "consider one-off requests for depositions of individuals who are covered by the terms of the stay." The *Nypl* Plaintiffs have personally made every effort to confer with representatives of the DOJ, including the Assistant Attorney General, Chief of the Antitrust Division, Makan Delrahim. In all of the efforts by the *Nypl* Plaintiffs, the specific individuals to be deposed were identified. The only response received by the *Nypl* Plaintiffs was the receipt of yet another letter requesting another stay.

      Because of the repetitive piecemeal requests for stays, the *Nypl* Plaintiffs, pursuant to Rule 1 of the Federal Rules of Civil Procedure, request that this Court order a time certain in which the *Nypl* Plaintiffs can begin to take these depositions. It has been more than three years since the *Nypl* Plaintiffs served their first Notices of Deposition. It is clear that without such an Order, the DOJ will simply file every three-months. It is equally clear that the prejudice to the *Nypl* Plaintiffs will continue to mount and that the proposed deponents will be armed with the passage of time as an excuse when the depositions are finally taken.

      The *Nypl* Plaintiffs, as the victims of these confessed violators of the Antitrust Laws, respectfully submit that the requested stay should be denied, and that the *Nypl* Plaintiffs be allowed to take the depositions of the signatories of the Plea Agreements and the Deferred Prosecution Agreement, and to prosecute their case in the normal course.

It is ORDERED that the testamentary discovery stay is extended through the conclusion of the trial in United States v. Aiyer, No. 18 Cr. 333, currently scheduled for October 21, 2019. On November 1, 2019, the Department shall file a letter apprising the Court of the status of the trial in Aiyer.

The Clerk of Court is respectfully directed to docket this Order at Nos. 13 Civ. 7789, 15 Civ. 9300, 17 Civ. 3139 and 18 Civ. 10364.

Dated: July 11, 2019
      New York, New York

                                        LORNA G. SCHOFIELD
                                    UNITED STATES DISTRICT JUDGE