| | |
|---|---|
| UNITED STATES DISTRICT COURT<br>SOUTHERN DISTRICT OF NEW YORK<br>------------------------------------------------------------X<br>:<br>:<br>IN RE FOREIGN EXCHANGE BENCHMARK   :<br>RATES ANTITRUST LITIGATION          :<br>:<br>:<br>------------------------------------------------------------ X | USDC SDNY<br>DOCUMENT<br>ELECTRONICALLY FILED<br>DOC #:_____<br>DATE FILED: 8/8/2019<br><br>13 Civ. 7789 (LGS)<br><br>ORDER |

LORNA G. SCHOFIELD, District Judge:

WHEREAS, by letters to Chambers dated July 30, 2019, Plaintiffs requested leave to file in redacted form or under seal Plaintiffs' Motions for Issuance of a Hague Convention Request for International Judicial Assistance to Take Testimony Overseas and supporting papers.  It is hereby

**ORDERED** that Plaintiffs' redaction and seal requests are **GRANTED** with respect to the Hague Convention requests regarding Mark Clark, John Erratt and Daniel Wise.  Although "[t]he common law right of public access to judicial documents is firmly rooted in our nation's history," this right is not absolute, and courts "must balance competing considerations against" the presumption of access.  *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119–20 (2d Cir. 2006) (internal quotation marks omitted); *see also Nixon v. Warner Commc'ns., Inc.*, 435 U.S. 589, 599 (1978) ("[T]he decision as to access is one best left to the sound discretion of the trial court, a discretion to be exercised in light of the relevant facts and circumstances of the particular case.").  Filing the above-referenced documents in redacted form or under seal is necessary to prevent the unauthorized dissemination of confidential business information.  It is further

**ORDERED** that Plaintiffs shall send to the Chambers Inbox a copy of the above-referenced Hague Convention requests in Microsoft Word format by **August 15, 2019**.

Dated: August 8, 2019
       New York, New York

**LORNA G. SCHOFIELD**
**UNITED STATES DISTRICT JUDGE**