UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 10/04/2019

| | |
|---|---|
| IN RE FOREIGN EXCHANGE BENCHMARK RATES ANTITRUST LITIGATION | Case No. 1:13-cv-07789 (LGS) |

THIRD ~~SECOND~~ AMENDED CIVIL CASE MANAGEMENT PLAN AND SCHEDULING ORDER

This Amended Civil Case Management Plan is submitted by Plaintiffs and Defendants Credit Suisse Group AG, Credit Suisse AG, and Credit Suisse Securities (USA) LLC, (collectively, "the Parties") in accordance with Federal Rule of Civil Procedure 26(f)(3) and the Court's December 23, 2016 Civil Case Management Plan and Scheduling Order (ECF No. 704).[1]

## I. Status Reports

On the second Friday of every other month, the Parties shall submit a joint status letter, as outlined in Rule IV.A.2 of this Court's Individual Rules and Procedures for Civil Cases, unless the Parties agree that a status letter would not be useful for a particular bi-monthly period in which case the Court would be notified accordingly. The Parties will advise the Court in their submission whether the Parties believe a status conference would be useful to address pending issues.

The fact of the bi-monthly status reports does not affect the Parties' right to raise discovery disputes at any time, if necessary, in accordance with Local Civil Rule 37.2 and Rules II.B.2 and III.C.3 of this Court's Individual Rules and Procedures for Civil Cases.

## II. Fact Discovery

### A. Court's Presumptive Discovery Limits

Given the complexity of the action, the relevant time period, the scope of the allegations, and the number of parties involved, the Parties shall meet and confer regarding the appropriate limitations of discovery, and, though necessary discovery may exceed that contemplated or required by Rule II.A of this Court's Individual Rules and Procedures for Civil Cases, the Parties

---

[1] Unless otherwise specified herein, this Civil Case Management Plan governs deadlines for the Plaintiffs and Non-Settling Defendants in this matter.

reserve their rights with respect to limitations set forth in Rule II.A of this Court's Individual Rules and Procedures for Civil Cases.

B. **Stay of Fact Discovery**

Fact discovery has commenced except that the commencement of certain percipient witness depositions have been stayed pursuant to the discovery stay requested by the U.S. Department of Justice ("DOJ") and ordered by the Court (the "DOJ discovery stay") (*see* ECF No. 863).

~~The DOJ discovery stay expires **December 8, 2017**, subject to an application for renewal at that time and further order of the Court, given DOJ's continuing grand jury investigation into matters overlapping with the allegations in Plaintiffs' Complaint.~~

~~If the DOJ discovery stay is still in effect by **March 30, 2018**, the Parties may meet and confer about adjusting all subsequent deadlines in this Civil Case Management Plan. If the Parties agree that the deadlines in this Civil Case Management Plan should be adjusted, then they shall submit a revised proposed Civil Case Management Plan. If the Parties are unable to agree, they shall, within seven days of the initial meet and confer, submit their dispute to the Court for resolution.~~

C. **Discovery Protocols**

   1. **Electronically Stored Information ("ESI") and Document Production Protocol.** The ESI Protocol governs this action (*see* ECF No. 712).

   2. **Deposition Protocol.** The Deposition Protocol governs this action (*see* ECF No. 721).

D. **Interim Discovery Deadlines**

   1. **Discovery of Settling Defendants**

      To the extent a current or former employee of a Settling Defendant provides testimony pursuant to Section 14(b)(ix) of any Settlement Agreement, that testimony shall be conducted in accordance with Rule 30 of the Federal Rules of Civil Procedure and all parties shall be given notice and an opportunity to participate.

      To the extent Settling Defendants provide any further documents to Plaintiffs pursuant to Section 14(b)(iv) of the

Settlement Agreements after the date of this Civil Case Management Plan, they shall contemporaneously provide such materials to Non-Settling Defendants. Settling Defendants shall meet and confer with Non-Settling Defendants regarding the production of information produced to Plaintiffs pursuant to Sections 14(b)(iii) and 14(b)(v) of the Settlement Agreements. As part of the meet and confer, the Settling Defendants and Non-Settling Defendants will, among other things, attempt to reach agreement on the manner in which the Non-Settling Defendants will store the Settling Defendants' data in order to protect the confidentiality of the data. To the extent the Settling Defendants and Non-Settling Defendants cannot reach agreement, they will seek the Court's assistance.

Non-Settling Defendants reserve the right to serve supplemental Document Requests on Settling Defendants and the Settling Defendants reserve the right to object to such requests.

2. **Interrogatories**

Interrogatories may be served in accordance with the Federal Rules of Civil Procedure and Rule 33.3 of the Local Civil Rules.

3. **Requests for Admission**

Requests for admission may be served in accordance with the Federal Rules of Civil Procedure – provided, however, that unless otherwise stipulated by the Parties or ordered by the Court, a Party may serve on any other Party no more than 25 requests for admission. This limitation does not apply to requests for admission relating to admissibility or authentication of documents or data.

4. **Depositions**

   a. **Depositions of Plaintiffs**

   Depositions of the named Plaintiffs have commenced. Depositions taken shall be subject to the Deposition Protocol, including the permitted number and time limits of depositions set forth therein.

b. **Depositions of Defendants**

Depositions may be noticed subject to limits imposed by the DOJ discovery stay or further Order of the Court.

c. **Rule 30(b)(6) Depositions**

Subject to the DOJ discovery stay or further Order of the Court, the Parties may notice and take depositions under Rule 30(b)(6) of the Federal Rules of Civil Procedure. Any and all Rule 30(b)(6) depositions taken shall be subject to the Deposition Protocol, including the permitted number and time limits of depositions set forth therein.

5. **Document and Data Discovery**

a. **Rolling Production**. To facilitate orderly and timely production of documents prior to the completion deadlines and deter production of all or most documents on the day of those deadlines, productions shall take place on a rolling basis.

b. **Requests for Production**

Any additional requests for production made prior to Plaintiffs' class certification motion shall be served no later than **March 15, 2018**.

E. **Privilege Logs**

Privilege logs will be provided on a rolling basis thirty (30) days from the date of each production. Privilege logs will conform to the specifications set forth in the ESI Protocol.

F. ~~**Close of Fact Discovery Pending Ruling on Class Certification Motion**~~

~~Depositions may be taken pending the Court's ruling on Plaintiffs' class certification motion.~~ ~~Except for depositions sought pursuant to Hague requests which have been approved by the Court, but have not been completed as of April 19, 2018, and as otherwise as specified below, discovery shall be stayed pending the Court's ruling on Plaintiffs' class certification motion. Within thirty (30) days of the Court's ruling on Plaintiffs' class certification motion, the Parties shall submit a joint letter advising the Court of their views on how much time they need to complete discovery in light of the Court's ruling and the discovery completed prior to Plaintiffs' class certification motion being filed.~~ ~~decided~~.

4

### III. Settlement

Within fourteen (14) days after the close of all fact discovery, counsel for the Parties must confer to discuss settlement and jointly advise the Court in writing if they intend to use a private mediator to facilitate settlement discussions.

### IV. ~~Class Certification and Related Expert Discovery~~

~~A.~~ ~~Plaintiffs shall serve but not file their motion for class certification and any expert reports in support thereof by April 10, 2018, and shall file such motion on October 11, 2018.~~ 5/31/18 12/6/18

~~B.~~ ~~Absent agreement of the Parties, depositions of Plaintiffs' experts or other affiants in support of the motion shall be completed by June 29, 2018.~~ 8/3/18

~~C.~~ 9/20/18 ~~Defendants shall serve but not file any opposition to the motion for class certification, any expert reports in support thereof, and any challenges to Plaintiffs' experts by July 26, 2018, and shall file such opposition (and expert challenges) on October 11, 2018.~~ 12/6/18

~~D.~~ ~~Absent agreement of the Parties, depositions of Defendants' experts or other affiants in support of the motion shall be completed by September 14, 2018.~~ 10/26/18

12/6/18 ~~Plaintiffs shall serve and file their reply brief in support of their class certification motion, any reply expert reports, any opposition to any challenge by Defendants to Plaintiffs' experts (Defendants' replies due three (3) weeks after oppositions), and any challenges to Defendants' experts by October 11, 2018 (Defendants' oppositions due three (3) weeks after opening brief and Plaintiffs' replies due three (3) weeks after oppositions). Plaintiffs shall provide a courtesy copy of the class certification motion papers as provided for in the Court's Individual Rules and Procedures for Civil Cases.~~

### V. Merits Expert Discovery, Dispositive Motions, and Final Pre-Trial Deadlines

~~Within thirty (30) days following the Court's ruling on Plaintiffs' class certification motion, the Parties shall submit a joint letter advising the Court of their views regarding the remaining deadlines for expert discovery, dispositive motions, and final pre-trial deadlines.~~
The parties shall comply with the deadlines identified in the October 3, 2019 letter appended hereto.

**VI.**      **Pre-Trial Conference**

Within thirty (30) days of the Court's ruling on dispositive motions, the Parties shall meet and confer and submit a joint proposed schedule to the Court for consideration in setting a date for the final pre-trial conference, a trial date, and other necessary pre-trial procedures.

**VII.**     **Modification**

The Parties may mutually agree to modify or extend any interim discovery deadline herein.  For any modification or extension that will impact established submission dates to this Court, any application to modify or extend the dates herein shall be made in a written application in accordance with the Court's Individual Rules and shall be made no less than two (2) business days prior to the expiration of the date sought to be extended.

~~The page limit for Plaintiffs' opening brief in support of class certification and Defendants' opposition is expanded to 50 pages, and the page limit for Plaintiffs' reply brief is expanded to 25 pages.  Expert reports need not adhere to the page limits stated in the Court's Individual Rules.~~

CIVIL CASE MANAGEMENT PLAN SUMMARY CHART

| Deadline | Action |
|---|---|
| ~~December 8, 2017~~ | • ~~Tentative date upon which DOJ stay on certain Defendant percipient witness testimony lifted; depositions of remaining percipient witnesses may begin~~ |
| ~~April 19, 2018~~ ~~5/31/18~~ | • ~~Plaintiffs shall serve their motion for class certification and any expert reports in support thereof~~ |
| ~~June 29, 2018~~ ~~8/3/18~~ | • ~~Absent agreement, depositions of Plaintiffs' class experts or other affiants in support of the motion shall be completed~~ |
| ~~July 26, 2018~~ ~~9/20/18~~ | • ~~Defendants shall serve any opposition to the motion for class certification, any expert reports in support thereof, and any challenges to Plaintiffs' class experts~~ |
| ~~September 14, 2018~~ ~~10/26/18~~ | • ~~Absent agreement, depositions of Defendants' class experts or other affiants in support of the motion shall be completed~~ |
| ~~October 11, 2018~~ ~~12/6/18~~ | • ~~Plaintiffs' shall serve their reply brief in support of their class certification motion, any reply expert reports, any opposition to any challenge by Defendants to Plaintiffs' class experts (replies due three weeks after oppositions), and any challenges to Defendants' class experts (oppositions due three weeks after opening briefs; replies due three weeks after oppositions). Plaintiffs shall provide a courtesy copy of the class certification motion papers as provided in the Court's Individual Rules and Procedures for Civil Cases.~~ |

**SO ORDERED.**

Dated: October 4, 2019
      New York, New York

                                            **LORNA G. SCHOFIELD**
                                        **UNITED STATES DISTRICT JUDGE**

October 3, 2019

Honorable Lorna G. Schofield
U.S. District Court
Southern District of New York
Thurgood Marshall Courthouse
40 Foley Square
New York, NY 10007

      Re:   *In re Foreign Exchange Benchmark Rates Antitrust Litigation*
            Case No. 1:13-cv-07789-LGS (S.D.N.Y.)

Dear Judge Schofield:

      Pursuant to Paragraph V of the Second Amended Civil Case Management Plan and Scheduling Order (ECF No. 1014), Plaintiffs and Credit Suisse Group AG, Credit Suisse AG, and Credit Suisse Securities (USA) LLC (the "Credit Suisse Defendants") (together with Plaintiffs, the "Parties") submit this letter concerning the schedule for discovery and dispositive motions in connection with the limited-scope first phase trial contemplated by the Court's ruling on class certification. The letter and attendant schedule is submitted on consent of Plaintiffs and Credit Suisse Defendants.

      Subject to the Court's approval, the Parties have agreed to the below proposed schedule for discovery and the filing of dispositive motions directed to Phase 1 issues.

### Fact and Expert Discovery

A. Depositions shall continue until commencement of trial in light of the existing stay requested by the U.S. Department of Justice.

B. The Parties shall serve their opening merits expert reports on the issues for which they bear the burden(s) of proof by **January 23, 2020**, and shall serve opposition expert reports seven (7) weeks from the filing of the opening expert reports, by **March 12, 2020**. Reply expert reports will be served by **April 16, 2020**.

C. Absent agreement of the Parties, the Parties will have four (4) weeks from the opening expert reports to take depositions of the opposing Party's experts. Depositions of opening experts shall be concluded by **February 20, 2020**.

D. Absent agreement of the Parties, the Parties will have three (3) weeks from the filing of the opposition expert reports to take depositions of the opposing Party's opposition experts. Depositions of opposition experts shall be concluded by **April 2, 2020**.

## Dispositive Motions

A. The Parties shall file their summary judgment opening briefs by **May 14, 2020**.

B. The Parties will file their summary judgment opposition briefs by **June 18, 2020**.

C. The Parties will file their reply briefs on **July 16, 2020**.

D. The movant shall provide a courtesy copy of the motion papers, including exhibits, as provided for in the Court's Individual Rules and Procedures for Civil Cases.

## Pre-Trial Conference

To the extent necessary after the Court's ruling on summary judgment, and in accordance with the Second Amended Civil Case Management Plan and Scheduling Order (ECF No. 1014), within thirty (30) days of the Court's ruling on dispositive motions, the Parties shall meet and confer and submit a joint proposed schedule to the Court for consideration in setting a date for the final pre-trial conference, a trial date, and other necessary pre-trial procedures.

Accordingly, the Parties respectfully request that the Court enter the above schedule.

CAHILL GORDON & REINDEL LLP

s/ David G. Januszewski
David G. Januszewski
Herbert S. Washer
Elai Katz
Jason M. Hall
Sheila C. Ramesh
80 Pine Street
New York, NY 10005
Telephone: 212-701-3000
djanuszewski@cahill.com
hwasher@cahill.com
ekatz@cahill.com
jhall@cahill.com
sramesh@cahill.com

*Attorneys for Defendants Credit Suisse Group AG, Credit Suisse AG, and Credit Suisse Securities (USA) LLC*

SCOTT+SCOTT ATTORNEYS AT LAW LLP

s/ Christopher M. Burke
Christopher M. Burke
600 W. Broadway, Suite 3300
San Diego, CA 92101
Telephone: 619-233-4565
cburke@scott-scott.com

HAUSFELD LLP

s/ Michael D. Hausfeld
Michael D. Hausfeld
1700 K Street, NW, Suite 650
Washington, DC 20006
Telephone: 202-540-7200
mhausfeld@hausfeld.com

*Attorneys for Plaintiffs*

2

## Proposed Schedule Summary Chart

| Deadline | Action |
|---|---|
| Ongoing | - Ongoing until trial |
| 1/23/2020 | - The Parties shall serve their opening merits expert reports |
| 2/20/2020 | - Absent agreement, depositions of merits experts shall be completed |
| 3/12/2020 | - The parties shall serve their opposition merits expert reports |
| 4/2/2020 | - Absent agreement, depositions of opposition merits experts shall be completed |
| 4/16/2020 | - The Parties shall serve their reply merits expert reports |
| 5/14/2020 | - The Parties shall file summary judgment motion(s) |
| 6/18/2020 | - The Parties shall file opposition(s) to summary judgment motion(s) |
| 7/16/2020 | - The Parties shall file reply brief(s) in support of summary judgment motion(s). The movant will provide a courtesy copy of the motion papers as provided in the Court's Individual Rules and Procedures for Civil Cases. |
| Pre-Trial Conference | To the extent necessary after the Court's ruling on summary judgment, and within thirty (30) days of the Court's ruling on dispositive motions, the Parties shall meet and confer and submit a joint proposed schedule to the Court for consideration in setting a date for the final pre-trial conference, a trial date, and other necessary pre-trial procedures. |