UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE FOREIGN EXCHANGE BENCHMARK RATES ANTITRUST LITIGATION | No. 1:13-cv-07789-LGS |

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' MOTION FOR ISSUANCE OF A HAGUE CONVENTION REQUEST FOR INTERNATIONAL JUDICIAL ASSISTANCE TO TAKE TESTIMONY OVERSEAS**

Pursuant to Federal Rule of Civil Procedure 28(b)(2) and 28 U.S.C. §1781(b)(2), Plaintiffs respectfully move the Court to issue a Request for International Judicial Assistance Pursuant to the Hague Convention of 18 March 1970 on the Taking of Evidence Abroad in Civil or Commercial Matters ("Letter of Request") to take testimony overseas of Mr. James Witt pursuant to the Federal Rules of Civil Procedure. Mr. Witt resides in the U.K. and is a former FX trader in London for Defendant UBS.[1]

During the class period, Mr. Witt participated in numerous multibank chat rooms with FX traders from competitor banks. Mr. Witt's knowledge of information discussed in those chat rooms, how the information was then used by FX traders, and whether those discussions impacted FX prices are all highly relevant to Plaintiffs' claims and his testimony is necessary for a fair determination of these proceedings. Because Mr. Witt resides in the U.K., and is outside of the Court's subpoena power, only by a Letter of Request will Plaintiffs be able to secure Mr. Witt's testimony for use at trial. For those reasons, as more fully explained below, the Court should issue

---

[1] "UBS" refers to UBS AG, UBS Group AG, and UBS Securities LLC.

the Letter of Request, which is attached as Exhibit A to the Declaration of Michael D. Hausfeld in Support of Plaintiffs' Motion for Issuance of a Hague Convention Request for International Assistance to Take Testimony Overseas ("Hausfeld Decl.").

## ARGUMENT

**I.   COURTS ROUTINELY ISSUE REQUESTS TO PERMIT PARTIES TO TAKE EVIDENCE IN FOREIGN COUNTRIES**

Rule 28(b)(2) of the Federal Rules of Civil Procedure and 28 U.S.C. §1781(b)(2) grant the Court the authority to issue a letter of request seeking the assistance of a foreign court in securing the testimony of a non-party witness located overseas. *See Elliot Assocs., L.P. v. Republic of Peru*, No. 96 Civ. 7917, 1997 WL 436493, at *2 (S.D.N.Y. Aug. 1, 1997) ("Application for a letter of request to take testimony pursuant to the Hague Convention is an appropriate mechanism for obtaining discovery of a non-party witness in a foreign country."). "Courts routinely issue such letters where the movant makes a reasonable showing that the evidence sought may be material or may lead to the discovery of material evidence." *See Netherby Ltd. v. Jones Apparel Grp., Inc.*, No. Civ. 04-7028, 2005 WL 1214345, at *1-2 (S.D.N.Y. May 18, 2005) (ordering issuance of letter rogatory to Canada to permit production of documents and the taking of depositions); *Elliot Assocs.*, 1997 WL 436493, at *2 (granting plaintiff's request for letters rogatory to take testimony in the United Kingdom).

**II.  THE EVIDENCE SOUGHT BY PLAINTIFFS IS RELEVANT TO THEIR CLAIMS**

In Section 10 of the Letter of Request, Plaintiffs identify 10 core topics for Mr. Witt's deposition. The testimony of Mr. Witt concerning each of these topics is relevant to Plaintiffs' claims that Defendants conspired to fix FX prices.

Mr. Witt's background and employment, as well as his knowledge of the FX market, are relevant to establishing the foundation for Mr. Witt to testify about additional topics concerning

the alleged conspiracy. (*See* Hausfeld Decl., Ex. A (Letter of Request), Sec. 10, Topics A–B.) Additionally, Mr. Witt's testimony is relevant to Plaintiffs' allegations that FX traders had strong social and professional ties with traders at co-conspirator banks, which created incentives and opportunities for collusion. (*See* Hausfeld Decl., Ex. A-2, ¶ 118.) Mr. Witt is a former FX trader in London and Zurich for Defendant UBS. (Hausfeld Decl. ¶ 19.) He was responsible for trading European and other currencies during the Class Period. (*Id*.) His actions as an FX trader at UBS during the Class Period are relevant to Plaintiffs' claims.

Mr. Witt's testimony regarding his communications with FX traders from other Defendants from 2007 through 2013, including the use of multibank chat rooms is relevant to prove the alleged conspiracy to fix FX prices. (*See* Hausfeld Decl., Ex. A (Letter of Request), Sec. 10, Topics C–E.) Plaintiffs allege that Defendants communicated directly with each other through the daily use of multiple chat rooms to share market-sensitive information with competitors. The Court ruled that these chats are direct evidence akin to the "recorded phone call in which two competitors agreed to fix prices at a certain level." (Hausfeld Decl., Ex. A-3, at 12.) Incriminating chat room names support the inference they were used for anticompetitive purposes. (*Id*. at 13.)

Beginning as early as 2007 and continuing through at least 2013, Mr. Witt was an active participant in multibank chat rooms with FX traders from both the non-settling Defendant, Credit Suisse, and settling Defendants, including without limitation, ███████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████

3

███████████████████████████████████████████████████ (Hausfeld Decl. ¶ 20.)

Plaintiffs have attached representative chat transcripts in which Mr. Witt participated as Exhibits to the Hausfeld Declaration. (*See* Hausfeld Decl., Exs. B–Q.) These chats include, for example, ███████████████████████████████████████████████████ ███████████████████████████████████████████ (Hausfeld Decl., Ex. I). Mr. Witt also participated in chat rooms with Credit Suisse traders. For instance, in █████████████ ███████████████████████████████████████████████████████████████████████████████ ████████ (Hausfeld Decl., Ex. B.)

Mr. Witt's testimony regarding his chat room communications is relevant to demonstrate his knowledge of the conspiracy, including the meanings of his communications, his understanding of what FX traders communicated to each other, and how he used that information to trade FX on behalf of UBS. Mr. Witt's testimony also is necessary to explain at trial communications through other media for which written evidence does not exist, such as text messages and phone calls.

Mr. Witt's testimony regarding his knowledge of UBS's policies regarding electronic communications, sharing information, and antitrust compliance is relevant to Plaintiffs' claims. (*See* Hausfeld Decl., Ex. A (Letter of Request), Sec. 10, Topics F–G.) Plaintiffs intend to prove either that Defendants lacked compliance measures to prevent the conspiracy and/or knew of violations of compliance policies and failed to prevent them. Accordingly, Mr. Witt's testimony concerning his knowledge of FX traders complying (or not complying) with UBS's internal policies is relevant to establishing the existence of a conspiracy.

Mr. Witt's testimony regarding his own and UBS's profit and loss in FX is relevant to show a motive to conspire both at the corporate and the individual trader level. (*See* Hausfeld Decl., Ex.

A (Letter of Request), Sec. 10, Topics H–I.) Testimony regarding UBS's profit and loss in FX also bears on injury to Plaintiffs and the Class. Mr. Witt's testimony regarding his knowledge of UBS's algorithms is relevant to the interrelationship of FX prices between trading platforms, *e.g.*, voice and electronic.

Finally, Mr. Witt's testimony regarding any investigation of his or other FX traders' conduct in the FX market from 2007 through 2013 is relevant to establish liability at trial. (*See* Hausfeld Decl., Ex. A (Letter of Request), Sec. 10, Topic J.)

As shown above, Mr. Witt possesses information relevant to Plaintiffs' claims that Defendants conspired to fix FX prices. Moreover, some of this information, such as Mr. Witt's testimony as to what he meant in chat rooms, how he interpreted the chats of his alleged fellow co-conspirators, and what he did with that information while trading on behalf of UBS, is solely within his possession. Mr. Witt's testimony is thus necessary for the fair determination of this proceeding, and because he resides outside of the subpoena power of the Court, the Letter of Request should issue to preserve his testimony for use at trial.

## CONCLUSION

For the foregoing reasons, the Court should grant this motion and issue the Letter of Request attached as Exhibit A to the Hausfeld Declaration.

Dated: October 4, 2019          Respectfully submitted,

HAUSFELD LLP

*/s/ Michael D. Hausfeld*

MICHAEL D. HAUSFELD
REENA ARMILLAY GAMBHIR
TIMOTHY S. KEARNS
NATHANIEL C. GIDDINGS
SARAH R. LAFRENIERE
1700 K Street, NW, Suite 650
Washington, DC 20006

Telephone: 202-540-7200
Facsimile:  202-540-7201
mhausfeld@hausfeld.com
rgambhir@hausfeld.com
tkearns@hausfeld.com
ngiddings@hausfeld.com
slafreniere@hausfeld.com

HAUSFELD LLP
MICHAEL P. LEHMANN
CHRISTOPHER L. LEBSOCK
BONNY E. SWEENEY
600 Montgomery Street, Suite 3200
San Francisco, CA 94111
Telephone: 415-633-1949
Facsimile:  415-693-0770
mlehmann@hausfeld.com
clebsock@hausfeld.com
bsweeney@hausfeld.com

CHRISTOPHER M. BURKE (CB-3648)
WALTER W. NOSS (WN-0529)
KRISTEN M. ANDERSON (*pro hac vice*)
STEPHANIE A. HACKETT (*pro hac vice*)
KATE LV (*pro hac vice*)
600 West Broadway, Suite 3300
San Diego, CA 92101
Telephone: 619-233-4565
Facsimile:  619-233-0508
cburke@scott-scott.com
wnoss@scott-scott.com
kanderson@scott-scott.com
shackett@scott-scott.com

SCOTT+SCOTT, ATTORNEYS AT LAW, LLP
DAVID R. SCOTT (DS-8053)
JOSEPH P. GUGLIELMO (JG-2447)
DONALD A. BROGGI (DB-9661)
PETER A. BARILE III (PB-3354)
SYLVIA M. SOKOL (SS-0317)
THOMAS K. BOARDMAN (TB-0530)
The Helmsley Building
230 Park Avenue, 17th Floor
New York, NY 10169
Telephone: 212-223-6444
Facsimile:  212-223-6334

6

drscott@scott-scott.com
jguglielmo@scott-scott.com
dbroggi@scott-scott.com
pbarile@scott-scott.com
ssokol@scott-scott.com
tboardman@scott-scott.com

*Interim Co-Lead Counsel*

**CERTIFICATE OF SERVICE**

I hereby certify that on October 4, 2019, I caused the foregoing to be electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the email addresses denoted on the Electronic Mail Notice List.

Dated: October 4, 2019

*/s/ Michael D. Hausfeld*

Michael D. Hausfeld
HAUSFELD LLP
1700 K Street, NW
Suite 650
Washington, DC 20006
Tel: (202) 540-7140
Email: mhausfeld@hausfeld.com