```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: Oct 11, 2019
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                                                            :
                                                            :
In re FOREIGN EXCHANGE BENCHMARK          :
RATES ANTITRUST LITIGATION                       :      13 Civ. 7789 (LGS)
                                                            :
                                                            :      **OPINION AND ORDER**
                                                            :
                                                            :
------------------------------------------------------------X

LORNA G. SCHOFIELD, District Judge:

      Class Counsel, objector-appellant Keith Kornell and objector Keith Kornell d/b/a/ Crown and Kornell Corp ("Objector") seek an indicative ruling pursuant to Federal Rules of Civil Procedure[1] 23(e)(5)(B)(i), 23(h) and 62.1, that the Court would approve their agreement of settlement ("the Agreement") if the Second Circuit remanded for that purpose. Pursuant to the Agreement, the Objector would dismiss with prejudice his appeal in the United States Court of Appeals for the Second Circuit, Case No. 18-3673cv, which is scheduled for imminent oral argument. In exchange for this dismissal, Class Counsel would pay the Objector's counsel $300,000 for his time objecting to the attorneys' fee award. The payment would be made from Class Counsel's fees and not from the Net Settlement Fund, and $5,000 of the payment would go to Keith Kornell as an incentive award. As explained below, the motion is denied, and the Court declines to issue an indicative ruling.

**I.    STANDARD**

      Rule 23(e)(5) permits class members to object to proposed class action settlements and requires court approval of any payment in connection with "forgoing, dismissing, or abandoning an appeal from a judgment approving" a settlement. FED. R. CIV. P. 23(e)(5)(A)-(B)(ii). If the

---

[1] All references to rules herein are to the Federal Rules of Civil Procedure.

parties do not obtain such approval "before an appeal has been docketed in the court of appeals, the procedure of Rule 62.1 applies while the appeal remains pending." FED. R. CIV. P. 23(e)(5)(C). Rule 62.1 permits the court to make an indicative ruling when the court lacks authority to grant a motion because an appeal has been taken. FED. R. CIV. P. 62.1(a).

**II.    DISCUSSION**

The Advisory Committee Notes to Rule 23(e)(5)(B) preface the discussion with the observation that "[g]ood-faith objections" can assist the court in evaluating a proposed class action settlement, and that it is "legitimate for an objector to seek payment for providing such assistance." FED. R. CIV. P. 23(e)(5) Advisory Committee Note to 2018 Amendment. However, the note continues:

> But some objectors may be seeking only personal gain, and using objections to obtain benefits for themselves rather than assisting in the settlement-review process. At least in some instances, it seems that objectors -- or their counsel -- have sought to obtain consideration for withdrawing their objections or dismissing appeals from judgments approving class settlements. And class counsel sometimes may feel that avoiding the delay produced by an appeal justifies providing payment or other consideration to these objectors. Although the payment may advance class interests in a particular case, allowing payment perpetuates a system that can encourage objections advanced for improper purposes.

*Id.* The Agreement here seems to fit that description; the Agreement does little more than benefit Objector's counsel and "perpetuate[] a system that can encourage objections advanced for improper purposes." *Id.*

The Objector has appealed the settlement on the basis that the Class Counsel fee award was too great. However, the Objector is willing to withdraw his appeal and voluntarily dismiss it with prejudice, so long as Objector's counsel shares in the supposedly excessive funds awarded to Class Counsel. The only benefit to class members is to avoid further delay in the distribution

of the settlement fund that the Objector already has caused by filing the appeal.  This type of agreement is precisely what the court-approval provision in Rule 23(e)(5)(B) is meant to address.

Objector's counsel points to the Court's decision to award attorney's fees valued at 13% of the settlement fund -- less than Class Counsel's proposed 16.5% -- as evidence that the Court "in part" adopted the objection, thereby purportedly saving $80 million for the Class.  As should be evident from the fee award decision, the amount of the award had nothing to do with the Objector's objection.  That the Court's fee award minimally correlates with the premise of the objection should not be construed as helpful assistance from the Objector.

More important is the precedential concern associated with granting the instant motion. "In recent years . . . it has become obvious that some objectors seek to pervert the process by filing frivolous objections and appeals, not for the purpose of improving the settlement for the class, but of extorting personal payments in exchange for voluntarily dismissing their appeals." *In re Petrobras Sec. Litig.*, No. 14 Civ. 9662, 2018 WL 4521211, at *1 (S.D.N.Y. Sept. 21, 2018), *aff'd*, No. 18-3351, 2019 WL 4786707 (2d Cir. Oct. 1, 2019).  While Class Counsel expressed its belief that the Agreement would be in the best interest of the Settlement Classes, that view is premised on the notion that resolving the appeal would "eliminate uncertainty", "make the fee award final" and allow for the second distribution from the Settlement Fund. Approving agreements in these circumstances would serve only to encourage objectors or their attorneys to extract this type of payment, and "make a living [as serial objectors] simply by filing frivolous appeals and thereby slowing down the execution of settlements."  *In re Polyurethane Foam Antitrust Litig.*, 178 F. Supp. 3d 635, 639 (N.D. Ohio 2016); *see also In re Initial Pub. Offering Sec. Litig.*, 728 F. Supp. 2d 289, 294 (S.D.N.Y. 2010); In re Wal–Mart Wage & Hour Emp't Practices Litig., No. 06 Civ. 225, 2010 WL 786513, at *1 (D. Nev. Mar. 8, 2010).

Granting the indicative ruling motion and approving the Agreement would make this Court complicit in a practice that undermines the integrity of class action procedure, and needlessly provide putative objectors with potentially dubious claims precedential support for a practice of fee extraction.

### III. CONCLUSION

While the Court shares Class Counsel's concerns about further delays in the distribution of the settlement fund to class members, for the foregoing reasons, the parties' joint motion is DENIED. Counsel is directed to inform the Court of Appeals of this order at oral argument or otherwise.

The Clerk of Court is directed to close the motion at Docket No. 1356.

Dated: October 11, 2019
       New York, New York

_____
LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE