**MANDATE**

18-3673
Kornell v. Haverhill Retirement System, et al.

N.Y.S.D. Case # 13-cv-7789(LGS)

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York on the 1st day of November, two thousand nineteen.

Present:  ROSEMARY S. POOLER,
MICHAEL H. PARK,
  *Circuit Judges*,
JENNIFER CHOE-GROVES,[1]
  *Judge*.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: Nov 22 2019

KEITH KORNELL,

  *Objector-Appellant*,

v.  18-3673-cv

HAVERHILL RETIREMENT SYSTEM, ON BEHALF OF ITSELF AND ALL OTHER SIMILARLY SITUATED, VALUE RECOVERY FUND LLC, STATE-BOSTON RETIREMENT SYSTEM, THE CITY OF PHILADELPHIA, BOARD OF PENSIONS AND RETIREMENT, OKLAHOMA FIREFIGHTERS PENSION AND RETIREMENT SYSTEM, TIBERIUS OC FUND, LTD., AUREUS CURRENCY FUND, L.P., EMPLOYEES' RETIREMENT SYSTEM OF PUERTO RICO ELECTRIC POWER AUTHORITY, SYENA GLOBAL EMERGING MARKETS FUND, LP, J. PAUL ANTONELLO, MARC G. FREDERIGHI, THOMAS GRAMATIS, DOUG HARVEY, IZEE TRADING COMPANY, JOHN KERSTEIN, MICHAEL MELISSINOS, MARK MILLER, ROBERT MILLER, RICHARD PRESCHERN, DBA PRESCHERN TRADING, PETER RIVES, MICHAEL J. SMITH, SYSTRAX CORPORATION, CASEY STERK, UNITED FOOD AND

---

[1] Judge Jennifer Choe-Groves, United States Court of International Trade, sitting by designation.

**MANDATE ISSUED ON 11/22/2019**

COMMERCIAL WORKERS UNION AND PARTICIPATING FOOD INDUSTRY
EMPLOYERS TRI-STATE PENSION FUND,

*Plaintiffs-Appellees.*[2]

| | |
|---|---|
| Appearing for Objector-Appellant: | John J. Pentz, Sudbury, MA |
| Appearing for Plaintiffs-Appellees: | Christopher M. Burke (Walter W. Noss, Kristen M. Anderson, *on the brief*), Scott+Scott Attorneys at Law LLP, San Diego, CA; Michael D. Hausfeld, *on the brief*, Hausfeld LLP, Washington, D.C. |

Appeal from the United States District Court for the Southern District of New York (Schofield, *J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the order of said District Court be and it hereby is **AFFIRMED**.

Objector-Appellant Keith Kornell appeals from the November 8, 2018 opinion and order of the United States District Court for the Southern District of New York (Schofield, *J.*), awarding Class Counsel attorneys' fees of $300,335,750, equal to 13% of the class action settlement fund. We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues for review.

Kornell primarily challenges on the basis that the district court erred in how it calculated the attorneys' fees. In *Goldberger v. Integrated Resources*, we held that a district court may calculate attorneys' fees using both the lodestar and the percentage of the common fund methods, and instructed that "no matter which method is chosen, district courts should continue to be guided by the traditional criteria in determining a reasonable common fund fee." 209 F.3d 43, 50 (2d Cir. 2000).

We find no error in the district court's calculation of the attorneys' fee award. The district court properly assessed the market rate of class counsel by relying on a set of six comparator antitrust class action cases resolved through settlements with a value of $1 billion or greater.

Further, we disagree with Kornell that the risk of litigation evaporated upon settlement with a portion of the defendant financial institutions, because this contention ignores that claims against the other defendants remained unresolved and runs counter to *Goldberger*'s rule that "litigation risk must be measured as of when the case is filed." *Goldberger*, 209 F.3d at 55.

We also find that the district court did not abuse its discretion by awarding Class Counsel a percentage of the gross class action settlement fund, rather than the settlement fund net of

---

[2] The Clerk of Court is directed to amend the official caption to conform with the caption above.

expenses. The text of Federal Rule of Civil Procedure 23(h) does not bar one method or the other, as long as the award is reasonable, and we decline to read a proscription into Rule 23(h) where there is none. A district court has discretion to award Class Counsel a percentage of the gross class action settlement fund, provided that its award of attorneys' fees is reasonable. *See Powers v. Eichen*, 229 F.3d 1249, 1258 (9th Cir. 2000); *see also Masters v. Wilhelmina Model Agency, Inc.*, 473 F.3d 423, 437 (2d Cir. 2007) (explaining that a district court can avoid a "windfall" by adjusting "the percentage awarded in order to come up with a fee it deems reasonable in light of the *Goldberger* factors").

Kornell's argument that the district court erred by relying on total hours in calculating its lodestar, instead of a breakdown of hours by time, task, and defendant, also fails. We held in *Goldberger* that when a court relies on the lodestar "as a mere cross-check, the hours documented by counsel need not be exhaustively scrutinized by the district court. Instead, the reasonableness of the claimed lodestar can be tested by the court's familiarity with the case (as well as encouraged by the strictures of Rule 11)." *Goldberger*, 209 F.3d at 50 (citation omitted).

We have considered the remainder of Kornell's arguments and find them to be without merit. Accordingly, the order of the district court hereby is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

A True Copy
Catherine O'Hagan Wolfe, Clerk
United States Court of Appeals, Second Circuit

3