January 20, 2020

Honorable Lorna G. Schofield
U.S. District Court
Southern District of New York
Thurgood Marshall Courthouse
40 Foley Square
New York, NY 10007

        Re:    *In re Foreign Exchange Benchmark Rates Antitrust Litigation*
                 Case No. 1:13-cv-07789-LGS (S.D.N.Y.)

Dear Judge Schofield:

      Pursuant to the Court's January 13, 2020, Order (ECF No. 1378), the parties write to apprise the Court of "the fact discovery that remains to be completed, and the parties' proposed deadlines for completing that discovery."

      The fact discovery that remains to be completed is: (1) depositions; (2) requests for admission; and (3) interrogatories. The parties propose, subject to certain exceptions described below, that this discovery can be completed by June 30, 2020.

      Regarding depositions, pursuant to the Stipulation and Order Regarding Deposition Protocol (ECF No. 1251), plaintiffs have currently noticed over 30 depositions, including Rule 30(b)(6) depositions, of witnesses whose testimony they would like to secure for trial. Plaintiffs anticipate having to seek Letters of Request or Letters Rogatory from the Court for several of the witnesses and plaintiffs are in the process of preparing these papers. At this time, Credit Suisse has no outstanding depositions noticed, but reserves its right to do so. The parties have previously agreed that depositions should be permitted to be taken up until trial in light of the DOJ stay. *See* ECF No. 1374 at 8.

      Under the current iteration of the DOJ stay, the parties are currently prohibited from deposing five witnesses (Frank Cahill, Serge Serramegna, Jason Katz, Christopher Cummins, and Nicholas Williams). *See* ECF No. 1378. Plaintiffs intend to depose these individuals. Plaintiffs will promptly notice and seek any appropriate Letters of Request or Letters Rogatory as soon as the Court lifts the stay with respect to those individuals' depositions.

      The parties propose to complete the remaining depositions by June 30, 2020, subject to three exceptions. One, if the DOJ stay prevents a deposition from being completed by June 30, or two, should enforcement issues arise in prosecuting a Hague request, *e.g*., a witness opposes the request, the English Court orders a deposition to occur after June 30, then, the deposition will be allowed to be completed in a reasonable amount of time after June 30. This is consistent with the parties' agreement that depositions should be allowed to be taken up to trial in light of the DOJ stay. ECF No. 1374 at 8. Finally, the Court has yet to be presented with summary judgment

Honorable Lorna G. Schofield
January 20, 2020
Page 2

motions. The parties therefore reserve the right to notice further depositions that are reasonably necessary in light of the Court's order on summary judgment. Such depositions could, the parties anticipate, be completed within 30 days of any such order, assuming the absence of enforcement issues.[1] Any further depositions following the Court's order on summary judgment shall be served within 30 days of any such order.

Regarding requests for admissions, plaintiffs intend to serve them on Credit Suisse primarily for the purposes of establishing the authenticity and admissibility of certain documents and data for trial.[2] Absent an agreement on documents, plaintiffs may have to take a Rule 30(b)(6) deposition of Credit Suisse on disputed documents. Credit Suisse reserves it rights to serve RFA discovery. Regarding interrogatories, Credit Suisse intends to serve them on plaintiffs to narrow the scope of potential issues for summary judgment, or trial, should plaintiffs survive Credit Suisse's motion for summary judgment. Plaintiffs reserve their rights to serve interrogatories. The parties agree that they will serve any RFAs or interrogatories within 30 days of the filing of any replies to any motions for summary judgment.

Accordingly, except as provided above, the parties apprise the Court that fact discovery will be substantially completed by June 30, 2020. In the event that the Court's ruling on summary judgment necessitates further particularized discovery, both parties reserve rights to seek leave of Court to take such discovery.

Respectfully submitted,

| | |
|---|---|
| SCOTT+SCOTT ATTORNEYS AT LAW LLP | HAUSFELD LLP |
| *s*/ Christopher M. Burke | *s*/ Michael D. Hausfeld |
| Christopher M. Burke | Michael D. Hausfeld |
| 600 W. Broadway, Suite 3300 | 1700 K Street, NW, Suite 650 |
| San Diego, CA 92101 | Washington, DC 20006 |
| Telephone: 619-233-4565 | Telephone: 202-540-7200 |
| cburke@scott-scott.com | mhausfeld@hausfeld.com |

*Class Counsel*

---

[1] This letter does not address fact discovery as to any individual damages claims that may be brought after Phase 1 Trial if plaintiffs were to prevail.

[2] Plaintiffs will pursue authentications and admissions relating to documents and data from the settling defendants under the terms of the respective settlement agreements.

Honorable Lorna G. Schofield
January 20, 2020
Page 3

CAHILL GORDON & REINDEL LLP

 *s/* Jason M. Hall
David G. Januszewski
Herbert S. Washer
Elai Katz
Jason M. Hall
Sheila C. Ramesh
80 Pine Street
New York, NY 10005
Telephone: 212-701-3000
djanuszewski@cahill.com
hwasher@cahill.com
ekatz@cahill.com
jhall@cahill.com
sramesh@cahill.com

*Attorneys for Defendants*
*Credit Suisse Group AG, Credit Suisse AG,*
*and Credit Suisse Securities (USA) LLC*