USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: _03/17/2020_

**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

IN RE FOREIGN EXCHANGE
BENCHMARK RATES ANTITRUST
LITIGATION

Case No.  1:13-cv-07789 (LGS)

~~FOURTH~~ ~~FIFTH~~ SIXTH ~~THIRD~~ ~~SECOND~~ **AMENDED CIVIL CASE MANAGEMENT PLAN AND SCHEDULING ORDER**

       This Amended Civil Case Management Plan is submitted by Plaintiffs and Defendants Credit Suisse Group AG, Credit Suisse AG, and Credit Suisse Securities (USA) LLC, (collectively, "the Parties") in accordance with Federal Rule of Civil Procedure 26(f)(3) and the Court's December 23, 2016 Civil Case Management Plan and Scheduling Order (ECF No. 704).[1]

**I.**      **Status Reports**

       On the second Friday of every other month, the Parties shall submit a joint status letter, as outlined in Rule IV.A.2 of this Court's Individual Rules and Procedures for Civil Cases, unless the Parties agree that a status letter would not be useful for a particular bi-monthly period in which case the Court would be notified accordingly.  The Parties will advise the Court in their submission whether the Parties believe a status conference would be useful to address pending issues.

       The fact of the bi-monthly status reports does not affect the Parties' right to raise discovery disputes at any time, if necessary, in accordance with Local Civil Rule 37.2 and Rules II.B.2 and III.C.3 of this Court's Individual Rules and Procedures for Civil Cases.

**II.**     **Fact Discovery**

     A.     **Court's Presumptive Discovery Limits**

       Given the complexity of the action, the relevant time period, the scope of the allegations, and the number of parties involved, the Parties shall meet and confer regarding the appropriate limitations of discovery, and, though necessary discovery may exceed that contemplated or required by Rule II.A of this Court's Individual Rules and Procedures for Civil Cases, the Parties

---

[1]     Unless otherwise specified herein, this Civil Case Management Plan governs deadlines for the Plaintiffs and Non-Settling Defendants in this matter.

reserve their rights with respect to limitations set forth in Rule II.A of this Court's Individual Rules and Procedures for Civil Cases.

B.   **Stay of Fact Discovery**

Fact discovery has commenced except that the commencement of certain percipient witness depositions have been stayed pursuant to the discovery stay requested by the U.S. Department of Justice ("DOJ") and ordered by the Court (the "DOJ discovery stay") (*see* ECF No. 863), and will continue in accordance with the parameters outlined in the DOJ letter in Case No. 15-cv-9300, ECF No. 475. The DOJ discovery stay expires **December 8, 2017**, subject to an application for renewal at that time and further order of the Court, given DOJ's continuing grand jury investigation into matters overlapping with the allegations in Plaintiffs' Complaint.

If the DOJ discovery stay is still in effect by **March 30, 2018**, the Parties may meet and confer about adjusting all subsequent deadlines in this Civil Case Management Plan.  If the Parties agree that the deadlines in this Civil Case Management Plan should be adjusted, then they shall submit a revised proposed Civil Case Management Plan.  If the Parties are unable to agree, they shall, within seven days of the initial meet and confer, submit their dispute to the Court for resolution.

Fact discovery shall be substantially completed by June 30, 2020.

**Discovery Protocols**

1.   **Electronically Stored Information ("ESI") and Document Production Protocol.  The E**SI Protocol governs this action (*see* ECF No. 712).

2.   **Deposition Protocol.  The** Deposition Protocol governs this action (*see* ECF No. 721).

C.   **Interim Discovery Deadlines**

1.   **Discovery of Settling Defendants**

To the extent a current or former employee of a Settling Defendant provides testimony pursuant to Section 14(b)(ix) of any Settlement Agreement, that testimony shall be conducted in accordance with Rule 30 of the Federal Rules of Civil Procedure and all parties shall be given notice and an opportunity to participate.

To the extent Settling Defendants provide any further documents to Plaintiffs pursuant to Section 14(b)(iv) of the

2

Settlement Agreements after the date of this Civil Case Management Plan, they shall contemporaneously provide such materials to Non-Settling Defendants. Settling Defendants shall meet and confer with Non-Settling Defendants regarding the production of information produced to Plaintiffs pursuant to Sections 14(b)(iii) and 14(b)(v) of the Settlement Agreements. As part of the meet and confer, the Settling Defendants and Non-Settling Defendants will, among other things, attempt to reach agreement on the manner in which the Non-Settling Defendants will store the Settling Defendants' data in order to protect the confidentiality of the data. To the extent the Settling Defendants and Non-Settling Defendants cannot reach agreement, they will seek the Court's assistance.

Non-Settling Defendants reserve the right to serve supplemental Document Requests on Settling Defendants and the Settling Defendants reserve the right to object to such requests.

2.     **Interrogatories**

Interrogatories may be served in accordance with the Federal Rules of Civil Procedure and Rule 33.3 of the Local Civil Rules.

3.     **Requests for Admission**

Requests for admission may be served in accordance with the Federal Rules of Civil Procedure – provided, however, that unless otherwise stipulated by the Parties or ordered by the Court, a Party may serve on any other Party no more than 25 requests for admission. This limitation does not apply to requests for admission relating to admissibility or authentication of documents or data.

4.     **Depositions**

a.   **Depositions of Plaintiffs**

Depositions of the named Plaintiffs have commenced. Depositions taken shall be subject to the Deposition Protocol, including the permitted number and time limits of depositions set forth therein.

### b.  Depositions of Defendants

Depositions may be noticed subject to limits imposed by the DOJ discovery stay or further Order of the Court.

### c.  Rule 30(b)(6) Depositions

Subject to the DOJ discovery stay or further Order of the Court, the Parties may notice and take depositions under Rule 30(b)(6) of the Federal Rules of Civil Procedure. Any and all Rule 30(b)(6) depositions taken shall be subject to the Deposition Protocol, including the permitted number and time limits of depositions set forth therein.

### 5.  Document and Data Discovery

a.  **Rolling Production**.  To facilitate orderly and timely production of documents prior to the completion deadlines and deter production of all or most documents on the day of those deadlines, productions shall take place on a rolling basis.

b.  **Requests for Production**

Any additional requests for production made prior to Plaintiffs' class certification motion shall be served no later than **March 15, 2018**.

### E.  Privilege Logs

Privilege logs will be provided on a rolling basis thirty (30) days from the date of each production.  Privilege logs will conform to the specifications set forth in the ESI Protocol.

### F.  ~~Close of Fact Discovery Pending Ruling on Class Certification Motion~~

~~Depositions may be taken pending the Court's ruling on Plaintiffs' class certification motion.~~ ~~Except for depositions sought pursuant to Hague requests which have been approved by the Court, but have not been completed as of April 19, 2018, and as otherwise as specified below, discovery shall be stayed pending the Court's ruling on Plaintiffs' class certification motion.   Within thirty (30) days of the Court's ruling on Plaintiffs' class certification motion, the Parties shall submit a joint letter advising the Court of their views on how much time they need to complete discovery in light of the Court's ruling and the discovery completed prior to Plaintiffs' class certification motion being filed.~~  ~~decided~~.

## III.      Settlement

Within fourteen (14) days after the close of all fact discovery, counsel for the Parties must confer to discuss settlement and jointly advise the Court in writing if they intend to use a private mediator to facilitate settlement discussions.

## IV.     ~~Class Certification and Related Expert Discovery~~

A.    ~~Plaintiffs shall serve but not file their motion for class certification and any expert reports in support thereof by~~ ~~April 10, 2018~~, 5/31/18 ~~and shall file such motion on~~ ~~October 11, 2018~~. 12/6/18

B.    ~~Absent agreement of the Parties, depositions of Plaintiffs' experts or other affiants in support of the motion shall be completed by~~ ~~June 29, 2018~~. 8/3/18

C.    ~~Defendants shall serve but not file any opposition to the motion for class certification, any expert reports in support thereof, and any challenges to~~ 9/20/18 ~~Plaintiffs' experts by~~ ~~July 26, 2018~~, ~~and shall file such opposition (and expert challenges) on~~ ~~October 11, 2018~~. 12/6/18

D.    ~~Absent agreement of the Parties, depositions of Defendants' experts or other affiants in support of the motion shall be completed by~~ ~~September 14, 2018~~. 10/26/18

~~Plaintiffs shall serve and file their reply brief in support of their class certification motion, any reply expert reports, any opposition to any challenge by Defendants to Plaintiffs' experts (Defendants' replies due three (3) weeks after oppositions), and any challenges to Defendants'~~ 12/6/18 ~~experts by~~ ~~October 11, 2018~~ ~~(Defendants' oppositions due three (3) weeks after opening brief and Plaintiffs' replies due three (3) weeks after oppositions). Plaintiffs shall provide a courtesy copy of the class certification motion papers as provided for in the Court's Individual Rules and Procedures for Civil Cases.~~

## V.      Merits Expert Discovery, Dispositive Motions, and Final Pre-Trial Deadlines

~~Within thirty (30) days following the Court's ruling on Plaintiffs' class certification motion, the Parties shall submit a joint letter advising the Court of their views regarding the remaining deadlines for expert discovery, dispositive motions, and final pre-trial deadlines.~~
The parties shall comply with the deadlines identified in the October 3, 2019 letter appended hereto, as modified by the Court.

**VI.**     <u>**Pre-Trial Conference**</u>

Within thirty (30) days of the Court's ruling on dispositive motions, the Parties shall meet and confer and submit a joint proposed schedule to the Court for consideration in setting a date for the final pre-trial conference, a trial date, and other necessary pre-trial procedures.

**VII.**    <u>**Modification**</u>

The Parties may mutually agree to modify or extend any interim discovery deadline herein.  For any modification or extension that will impact established submission dates to this Court, any application to modify or extend the dates herein shall be made in a written application in accordance with the Court's Individual Rules and shall be made no less than two (2) business days prior to the expiration of the date sought to be extended.

~~The page limit for Plaintiffs' opening brief in support of class certification and Defendants' opposition is expanded to 50 pages, and the page limit for Plaintiffs' reply brief is expanded to 25 pages.  Expert reports need not adhere to the page limits stated in the Court's Individual Rules.~~

CIVIL CASE MANAGEMENT PLAN SUMMARY CHART

| Deadline | Action |
|---|---|
| ~~December XX, 2017~~ | • ~~Tentative date upon which DOJ stay on certain Defendant percipient witness testimony lifted; depositions of remaining percipient witnesses may begin~~ |
| ~~April 19, 2018~~ 5/31/18 | • ~~Plaintiffs shall serve their motion for class certification and any expert reports in support thereof~~ |
| ~~June 29, 2018~~ 8/3/18 | • ~~Absent agreement, depositions of Plaintiffs' class experts or other affiants in support of the motion shall be completed~~ |
| ~~July 26, 2018~~ 9/20/18 | • ~~Defendants shall serve any opposition to the motion for class certification, any expert reports in support thereof, and any challenges to Plaintiffs' class experts~~ |
| ~~September 14, 2018~~ 10/26/18 | • ~~Absent agreement, depositions of Defendants' class experts or other affiants in support of the motion shall be completed~~ |
| ~~October XX, 2018~~ 12/6/18 | • ~~Plaintiffs' shall serve their reply brief in support of their class certification motion, any reply expert reports, any opposition to any challenge by Defendants to Plaintiffs' class experts (replies due three weeks after oppositions), and any challenges to Defendants' class experts (oppositions due three weeks after opening briefs; replies due three weeks after oppositions). Plaintiffs shall provide a courtesy copy of the class certification motion papers as provided in the Court's Individual Rules and Procedures for Civil Cases.~~ |

The Clerk of Court is directed to enter the dates identified in the appended letter into the Court calendar.

**SO ORDERED.**

Dated: March 17, 2020
        New York, New York

LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE

March 16, 2020

<u>Via ECF</u>

Honorable Lorna G. Schofield
U.S. District Court
Southern District of New York
Thurgood Marshall Courthouse
40 Foley Square
New York, NY 10007

   Re: *In re Foreign Exchange Benchmark Rates Antitrust Litigation*
     Case No. 1:13-cv-07789-LGS

Dear Judge Schofield:

  The parties write regarding the COVID-19 pandemic and its impact on the operative pretrial schedule in this case. In addition to the threat to public health, COVID-19 has caused, and will likely cause, further widespread disruptions of air travel. The parties are currently engaged in both expert and fact discovery that requires air travel both domestically and abroad. In light of COVID-19's threat to health and disruption of travel, the parties respectfully request that the Court amend the Fifth Amended Civil Case Management Plan and Scheduling Order (ECF No. 1383) to extend all deadlines by nine weeks. By May 14, 2020, the parties propose to submit a special joint status letter to apprise the Court of the need for any further schedule modifications.

  The parties are currently in the middle of expert discovery. On January 23, Plaintiffs served their three expert merits reports. Defendants deposed Plaintiffs' experts. On March 12, Defendants served their four merits reports. Under the current schedule, Plaintiffs are required to depose Defendants' four experts by April 2. *Id*. at 8. Plaintiffs' reply reports are due by April 12. *Id*.

  The parties are also conducting fact depositions both in the United States and abroad with a goal of completing them by June 30 (the deadline for substantial completion of discovery). Plaintiffs have scheduled two depositions for later this month in New York with a plan to schedule several more depositions in the United States by the end of April or May. Plaintiffs also have four depositions scheduled in London between April 1 and May 21. Two additional witnesses have agreed to voluntarily appear for depositions in London. Plaintiffs are pursuing several more depositions abroad with a goal of completing them by June 30.

  In light of the nature of the case, depositions have been well attended. Attendees include the witness, the witnesses' counsel, the court reporter, videographer, Plaintiffs' counsel, Defendants' counsel, the examiner (if under English order), and various counsel for Settling Defendants (some in person, some telephonically).[1] Not surprisingly, counsel use air travel to attend depositions.

---

[1] Plaintiffs are exploring the option of conducting certain depositions by video conference. Deposition by video may work for certain types of depositions, *e.g.*, Fifth Amendment depositions, but is less useful when a witness offers substantive testimony.

Honorable Lorna G. Schofield
March 16, 2020
Page 2

The federal government has begun to restrict certain air travel, including to the United Kingdom, and may put additional restrictions in place. The parties are concerned that current (and future) air travel restrictions may either: (1) make exceedingly difficult or outright prohibit travel to attend these depositions; and/or (2) leave counsel stranded abroad or quarantined upon return. And, of course, underlying it all is the health threat posed by COVID-19.

Accordingly, the parties respectfully request a nine-week extension of the schedule and ask the Court to modify its Fifth Amended Scheduling Order to extend all deadlines by nine weeks as follows:

| Current Deadline | Action | New Deadline |
|---|---|---|
| 4/2/20 | Depositions of defendants' experts | 6/4/20 |
| 4/16/20 | Reply expert reports | 6/18/20 |
| 6/30/20 | Fact discovery substantially complete | 9/1/20 |
| 7/16/20 | Pre-motion conference for dispositive motions (with pre-motion letters due 14 days in advance) | ~~After substantial completion of fact discovery as set by~~ ~~Court~~ 09/17/2020 at 10:40 a.m. |

Any party wishing to file dispositive motions shall file a pre-motion letter at least fourteen days before the conference and in the form provided by the Court's Individual Rule III.A.1.

This extension will allow the parties to postpone pending depositions to protect health and minimize travel while the parties assess the ongoing developments related to COVID-19. The parties agree they will suffer no prejudice from this extension. The parties only make this request in light of the exceptional circumstances at hand.

By May 14, 2020, the parties will submit a joint special status letter addressing whether any further modifications of the schedule are necessary.

Respectfully submitted,

Honorable Lorna G. Schofield
March 16, 2020
Page 3

Elai Katz
Jason M. Hall
Sheila C. Ramesh
80 Pine Street
New York, NY 10005
Telephone: 212-701-3000
djanuszewski@cahill.com
hwasher@cahill.com
ekatz@cahill.com
jhall@cahill.com
sramesh@cahill.com

*Attorneys for Defendants*
*Credit Suisse Group AG, Credit Suisse AG,*
*and Credit Suisse Securities (USA) LLC*