USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 05/15/2020

**UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK**

IN RE FOREIGN EXCHANGE
BENCHMARK RATES ANTITRUST
LITIGATION

Case No. 1:13-cv-07789 (LGS)

SEVENTH ~~SIXTH~~ ~~XXXXX FOURTH SECOND~~ ~~THIRD~~ **AMENDED CIVIL CASE MANAGEMENT PLAN AND SCHEDULING ORDER**

This Amended Civil Case Management Plan is submitted by Plaintiffs and Defendants Credit Suisse Group AG, Credit Suisse AG, and Credit Suisse Securities (USA) LLC, (collectively, "the Parties") in accordance with Federal Rule of Civil Procedure 26(f)(3) and the Court's December 23, 2016 Civil Case Management Plan and Scheduling Order (ECF No. 704).[1]

**I.      Status Reports**

On the second Friday of every other month, the Parties shall submit a joint status letter, as outlined in Rule IV.A.2 of this Court's Individual Rules and Procedures for Civil Cases, unless the Parties agree that a status letter would not be useful for a particular bi-monthly period in which case the Court would be notified accordingly. The Parties will advise the Court in their submission whether the Parties believe a status conference would be useful to address pending issues.

The fact of the bi-monthly status reports does not affect the Parties' right to raise discovery disputes at any time, if necessary, in accordance with Local Civil Rule 37.2 and Rules II.B.2 and III.C.3 of this Court's Individual Rules and Procedures for Civil Cases.

**II.     Fact Discovery**

   A.     **Court's Presumptive Discovery Limits**

Given the complexity of the action, the relevant time period, the scope of the allegations, and the number of parties involved, the Parties shall meet and confer regarding the appropriate limitations of discovery, and, though necessary discovery may exceed that contemplated or required by Rule II.A of this Court's Individual Rules and Procedures for Civil Cases, the Parties

---

[1] Unless otherwise specified herein, this Civil Case Management Plan governs deadlines for the Plaintiffs and Non-Settling Defendants in this matter.

reserve their rights with respect to limitations set forth in Rule II.A of this Court's Individual Rules and Procedures for Civil Cases.

B. **Stay of Fact Discovery**

Fact discovery has commenced except that the commencement of certain percipient witness depositions have been stayed pursuant to the discovery stay requested by the U.S. Department of Justice ("DOJ") and ordered by the Court (the "DOJ discovery stay") (*see* ~~ECF No. 863~~), and will continue in accordance with the parameters outlined in the DOJ letter in Case No. 15-cv-9300, ~~ECF No. 475~~ ECF. No. 499. ~~The DOJ discovery stay expires **December 8, 2017**, subject to an application for renewal at that time and further order of the Court, given DOJ's continuing grand jury investigation into matters overlapping with the allegations in Plaintiffs' Complaint.~~

~~If the DOJ discovery stay is still in effect by **March 30, 2018**, the Parties may meet and confer about adjusting all subsequent deadlines in this Civil Case Management Plan. If the Parties agree that the deadlines in this Civil Case Management Plan should be adjusted, then they shall submit a revised proposed Civil Case Management Plan. If the Parties are unable to agree, they shall, within seven days of the initial meet and confer, submit their dispute to the Court for resolution.~~

~~Fact discovery shall be substantially completed by June 30, 2020.~~

**Discovery Protocols**

1. **Electronically Stored Information ("ESI") and Document Production** ~~Protocol.  The~~ ESI Protocol governs this action (*see* ECF No. 712).

2. **Deposition** ~~Protocol.~~ The Deposition Protocol governs this action (*see* ECF No. 721).

C. **Interim Discovery Deadlines**

1. **Discovery of Settling Defendants**

To the extent a current or former employee of a Settling Defendant provides testimony pursuant to Section 14(b)(ix) of any Settlement Agreement, that testimony shall be conducted in accordance with Rule 30 of the Federal Rules of Civil Procedure and all parties shall be given notice and an opportunity to participate.

To the extent Settling Defendants provide any further documents to Plaintiffs pursuant to Section 14(b)(iv) of the

2

Settlement Agreements after the date of this Civil Case Management Plan, they shall contemporaneously provide such materials to Non-Settling Defendants. Settling Defendants shall meet and confer with Non-Settling Defendants regarding the production of information produced to Plaintiffs pursuant to Sections 14(b)(iii) and 14(b)(v) of the Settlement Agreements. As part of the meet and confer, the Settling Defendants and Non-Settling Defendants will, among other things, attempt to reach agreement on the manner in which the Non-Settling Defendants will store the Settling Defendants' data in order to protect the confidentiality of the data. To the extent the Settling Defendants and Non-Settling Defendants cannot reach agreement, they will seek the Court's assistance.

Non-Settling Defendants reserve the right to serve supplemental Document Requests on Settling Defendants and the Settling Defendants reserve the right to object to such requests.

2. **Interrogatories**

   Interrogatories may be served in accordance with the Federal Rules of Civil Procedure and Rule 33.3 of the Local Civil Rules.

3. **Requests for Admission**

   Requests for admission may be served in accordance with the Federal Rules of Civil Procedure – provided, however, that unless otherwise stipulated by the Parties or ordered by the Court, a Party may serve on any other Party no more than 25 requests for admission. This limitation does not apply to requests for admission relating to admissibility or authentication of documents or data.

4. **Depositions**

   a. **Depositions of Plaintiffs**

      Depositions of the named Plaintiffs have commenced. Depositions taken shall be subject to the Deposition Protocol, including the permitted number and time limits of depositions set forth therein.

      b. **Depositions of Defendants**

Depositions may be noticed subject to limits imposed by the DOJ discovery stay or further Order of the Court.

      c. **Rule 30(b)(6) Depositions**

Subject to the DOJ discovery stay or further Order of the Court, the Parties may notice and take depositions under Rule 30(b)(6) of the Federal Rules of Civil Procedure. Any and all Rule 30(b)(6) depositions taken shall be subject to the Deposition Protocol, including the permitted number and time limits of depositions set forth therein.

5. **Document and Data Discovery**

    a. **Rolling Production**. To facilitate orderly and timely production of documents prior to the completion deadlines and deter production of all or most documents on the day of those deadlines, productions shall take place on a rolling basis.

    b. **Requests for Production**

Any additional requests for production made prior to Plaintiffs' class certification motion shall be served no later than **March 15, 2018**.

E. **Privilege Logs**

Privilege logs will be provided on a rolling basis thirty (30) days from the date of each production. Privilege logs will conform to the specifications set forth in the ESI Protocol.

F. ~~**Close of Fact Discovery Pending Ruling on Class Certification Motion**~~ Depositions may be taken pending the Court's ruling on Plaintiffs' class certification motion. ~~Except for depositions sought pursuant to Hague requests which have been approved by the Court, but have not been completed as of April 19, 2018, and as otherwise as specified below, discovery shall be stayed pending the Court's ruling on Plaintiffs' class certification motion. Within thirty (30) days of the Court's ruling on Plaintiffs' class certification motion, the Parties shall submit a joint letter advising the Court of their views on how much time they need to complete discovery in light of the Court's ruling and the discovery completed prior to Plaintiffs' class certification motion being filed.~~ ~~decided.~~

**III.**   **Settlement**

Within fourteen (14) days after the close of all fact discovery, counsel for the Parties must confer to discuss settlement and jointly advise the Court in writing if they intend to use a private mediator to facilitate settlement discussions.

**IV.**   ~~**Class Certification and Related Expert Discovery**~~

   A.   ~~Plaintiffs shall serve but not file their motion for class certification and any expert reports in support thereof by April 10, 2018, and shall file such motion on October 11, 2018~~  5/31/18
   12/6/18

   B.   ~~Absent agreement of the Parties, depositions of Plaintiffs' experts or other affiants in support of the motion shall be completed by June 29, 2018.~~
   8/3/18

   C.   ~~Defendants shall serve but not file any opposition to the motion for class certification, any expert reports in support thereof, and any challenges to~~
9/20/18 ~~Plaintiffs' experts by July 26, 2018, and shall file such opposition (and expert challenges) on October 11, 2018.~~ 12/6/18

   D.   ~~Absent agreement of the Parties, depositions of Defendants' experts or other affiants in support of the motion shall be completed by September 14, 2018.~~   10/26/18

   ~~Plaintiffs shall serve and file their reply brief in support of their class certification motion, any reply expert reports, any opposition to any challenge by Defendants to Plaintiffs' experts (Defendants' replies due three (3) weeks after oppositions), and any challenges to Defendants'~~
12/6/18 ~~experts by October 11, 2018 (Defendants' oppositions due three (3) weeks after opening brief and Plaintiffs' replies due three (3) weeks after oppositions). Plaintiffs shall provide a courtesy copy of the class certification motion papers as provided for in the Court's Individual Rules and Procedures for Civil Cases.~~

**V.**   **Merits Expert Discovery, Dispositive Motions, and Final Pre-Trial Deadlines**

~~Within thirty (30) days following the Court's ruling on Plaintiffs' class certification motion, the Parties shall submit a joint letter advising the Court of their views regarding the remaining deadlines for expert discovery, dispositive motions, and final pre-trial deadlines.~~    May 14, 2020
The parties shall comply with the deadlines identified in the ~~October 3, 2019~~ letter appended hereto, as modified by the Court.

5

**VI.**     **Pre-Trial Conference**

Within thirty (30) days of the Court's ruling on dispositive motions, the Parties shall meet and confer and submit a joint proposed schedule to the Court for consideration in setting a date for the final pre-trial conference, a trial date, and other necessary pre-trial procedures.

**VII.**    **Modification**

The Parties may mutually agree to modify or extend any interim discovery deadline herein. For any modification or extension that will impact established submission dates to this Court, any application to modify or extend the dates herein shall be made in a written application in accordance with the Court's Individual Rules and shall be made no less than two (2) business days prior to the expiration of the date sought to be extended.

~~The page limit for Plaintiffs' opening brief in support of class certification and Defendants' opposition is expanded to 50 pages, and the page limit for Plaintiffs' reply brief is expanded to 25 pages. Expert reports need not adhere to the page limits stated in the Court's Individual Rules.~~

CIVIL CASE MANAGEMENT PLAN SUMMARY CHART

| Deadline | Action |
|---|---|
| ~~XXXXXXXXXX2017~~ ~~December 8, 2017~~ | • ~~Tentative date upon which DOJ stay on certain Defendant percipient witness testimony lifted; depositions of remaining percipient witnesses may begin~~ |
| ~~XXXXXXX2018~~ ~~April 19, 2018~~ ~~5/31/18~~ | • ~~Plaintiffs shall serve their motion for class certification and any expert reports in support thereof~~ |
| ~~XXXXX29XX2018~~ ~~June 29, 2018~~ ~~8/3/18~~ | • ~~Absent agreement, depositions of Plaintiffs' class experts or other affiants in support of the motion shall be completed~~ |
| ~~XXXX26XX2018~~ ~~July 26, 2018~~ ~~9/20/18~~ | • ~~Defendants shall serve any opposition to the motion for class certification, any expert reports in support thereof, and any challenges to Plaintiffs' class experts~~ |
| ~~XXXXXXXXXXX2018~~ ~~September 14, 2018~~ ~~10/26/18~~ | • ~~Absent agreement, depositions of Defendants' class experts or other affiants in support of the motion shall be completed~~ |
| ~~XXXXXXXX2018~~ ~~October 11, 2018~~ ~~12/6/18~~ | • ~~Plaintiffs' shall serve their reply brief in support of their class certification motion, any reply expert reports, any opposition to any challenge by Defendants to Plaintiffs' class experts (replies due three weeks after oppositions), and any challenges to Defendants' class experts (oppositions due three weeks after opening briefs; replies due three weeks after oppositions). Plaintiffs shall provide a courtesy copy of the class certification motion papers as provided in the Court's Individual Rules and Procedures for Civil Cases.~~ |

The Clerk of Court is directed to enter the dates identified in the appended letter into the Court calendar.

**SO ORDERED.**

Dated: May 15, 2020
       New York, New York

_____
LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE

May 14, 2020

<u>Via ECF</u>

Honorable Lorna G. Schofield
U.S. District Court
Southern District of New York
Thurgood Marshall Courthouse
40 Foley Square
New York, NY 10007

      Re:   *In re Foreign Exchange Benchmark Rates Antitrust Litigation*
               Case No. 1:13-cv-07789-LGS

Dear Judge Schofield:

      Pursuant to the Court's Sixth Amended Civil Case Management Plan and Scheduling Order (ECF No. 1423), the parties write to provide a joint status update regarding the COVID-19 pandemic and its impact on the operative pretrial schedule in this case. Having conferred with each other, the parties respectfully request that the Court extend all deadlines in the Scheduling Order by eight weeks to account for the widespread disruption caused by COVID-19.

      The parties remain in the middle of expert discovery. The next deadline is for Plaintiffs to depose Defendants' four experts. *Id*. at 8. The parties agree that due to the technical nature and complexities involved with these depositions, both the preparation of Credit Suisse's experts by its counsel and the taking of the depositions by Plaintiffs' counsel are best accomplished in person. Though Credit Suisse's experts and the necessary counsel are located in the United States, current restrictions make completing these depositions by June 2 unlikely.

      The parties are also conducting fact depositions in the United States and abroad. As a result of COVID-19 shelter-in-place orders and travel restrictions, Plaintiffs were forced to postpone all scheduled depositions, including depositions scheduled to occur in New York and London. Plaintiffs intend to take certain depositions remotely, specifically, depositions where the witnesses indicate they intend to invoke the Fifth Amendment, beginning in June 2020. Where, however, a witness intends to testify substantively, the parties agree that both preparation and deposition of the witness is best accomplished in person, especially where the witness is outside the trial subpoena power of this Court and the video record of the deposition may be the only means the Court and/or jury can evaluate the testimony.

      The parties remain concerned that current (and future) air travel restrictions may either: (1) make exceedingly difficult or outright prohibit travel to attend these depositions; and/or (2) leave counsel stranded abroad or quarantined upon return.

      Accordingly, the parties respectfully request an eight-week extension of the schedule and ask the Court to modify its Sixth Amended Scheduling Order to extend all deadlines by eight weeks as follows:

Honorable Lorna G. Schofield
May 14, 2020
Page 2

| Current Deadline | Action | New Deadline |
|---|---|---|
| 6/4/2020 | Depositions of defendants' experts | 7/30/2020 |
| 6/18/2020 | Reply expert reports | 8/13/2020 |
| 9/1/2020 | Fact discovery substantially complete | 10/27/2020 |
| 9/17/2020 | Pre-motion conference for dispositive motions (with pre-motion letters due 14 days in advance) | ~~After substantial completion of fact discovery, as set by Court~~ 11/12/2020 at 10:40 a.m. |

    This extension will allow the parties to postpone pending depositions to protect health and minimize travel while the parties assess the ongoing developments related to COVID-19. The parties agree they will suffer no prejudice from this extension. The parties only make this request in light of the continuing exceptional circumstances at hand.

    By July 16, 2020, the parties will submit a joint special status letter addressing whether any further modifications of the schedule are necessary.

                              Respectfully submitted,

SCOTT+SCOTT ATTORNEYS
AT LAW LLP

*s/* Christopher M. Burke
Christopher M. Burke
600 W. Broadway, Suite 3300
San Diego, CA 92101
Telephone: 619-233-4565
cburke@scott-scott.com

HAUSFELD LLP

*s/* Michael D. Hausfeld
Michael D. Hausfeld
1700 K Street, NW, Suite 650
Washington, DC 20006
Telephone: 202-540-7200
mhausfeld@hausfeld.com

*Attorneys for Plaintiffs*

CAHILL GORDON & REINDEL LLP

*s/* Jason M. Hall
David G. Januszewski
Herbert S. Washer
Elai Katz
Jason M. Hall
Sheila C. Ramesh
80 Pine Street
New York, NY 10005
Telephone: 212-701-3000

Honorable Lorna G. Schofield
May 14, 2020
Page 3

djanuszewski@cahill.com
hwasher@cahill.com
ekatz@cahill.com
jhall@cahill.com
sramesh@cahill.com

*Attorneys for Defendants*
*Credit Suisse Group AG, Credit Suisse AG,*
*and Credit Suisse Securities (USA) LLC*