# CAHILL GORDON & REINDEL LLP
## 32 OLD SLIP
## NEW YORK, NY 10005

ANIRUDH BANSAL
DAVID L. BARASH
LANDIS C. BEST
BRADLEY J. BONDI
BROCKTON B. BOSSON
JAMES J. CLARK
CHRISTOPHER W. CLEMENT
LISA COLLIER
AYANO K. CREED
SEAN M. DAVIS
STUART G. DOWNING
ADAM M. DWORKIN
ANASTASIA EFIMOVA
JENNIFER B. EZRING
HELENA S. FRANCESCHI
JOAN MURTAGH FRANKEL

JONATHAN J. FRANKEL
ARIEL GOLDMAN
JASON M. HALL
WILLIAM M. HARTNETT
NOLA B. HELLER
CRAIG M. HOROWITZ
DOUGLAS S. HOROWITZ
TIMOTHY B. HOWELL
DAVID G. JANUSZEWSKI
ELAI KATZ
BRIAN S. KELLEHER
RICHARD KELLY
CHÉRIE R. KISER*
JOEL KURTZBERG
TED B. LACEY
MARC R. LASHBROOK
ALIZA R. LEVINE

TELEPHONE: (212) 701-3000
WWW.CAHILL.COM
———
1990 K STREET, N.W.
WASHINGTON, DC 20006-1181
(202) 862-8900

CAHILL GORDON & REINDEL (UK) LLP
24 MONUMENT STREET
LONDON EC3R 8AJ
+44 (0) 20 7920 9800
———
WRITER'S DIRECT NUMBER

JOEL H. LEVITIN
GEOFFREY E. LIEBMANN
BRIAN T. MARKLEY
MEGHAN N. McDERMOTT
WILLIAM J. MILLER
NOAH B. NEWITZ
DAVID R. OWEN
JOHN PAPACHRISTOS
LUIS R. PENALVER
KIMBERLY PETILLO-DÉCOSSARD
SHEILA C. RAMESH
MICHAEL W. REDDY
OLEG REZZY
THORN ROSENTHAL
TAMMY L. ROY
JONATHAN A. SCHAFFZIN
MICHAEL A. SHERMAN

DARREN SILVER
JOSIAH M. SLOTNICK
RICHARD A. STIEGLITZ JR.
ROSS E. STURMAN
SUSANNA M. SUH
ANTHONY K. TAMA
JONATHAN D. THIER
SEAN P. TONOLLI
JOHN A. TRIPODORO
GLENN J. WALDRIP, JR.
HERBERT S. WASHER
MICHAEL B. WEISS
DAVID WISHENGRAD
COREY WRIGHT
JOSHUA M. ZELIG
DANIEL J. ZUBKOFF

* ADMITTED IN DC ONLY

Plaintiffs shall file a letter response, not to exceed three (3) pages, by **September 23, 2020**.

So Ordered.

Dated:  September 16, 2020
        New York, New York

(212) 701-3154

LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE

September 15, 2020

Re:   *In re Foreign Exchange Benchmark Rates Antitrust Litigation*, No. 1:13-cv-07789-LGS ("*Forex*")

Dear Judge Schofield:

   We write on behalf of the Credit Suisse Defendants to respectfully request a pre-motion conference to resolve a discovery dispute with *Forex* Plaintiffs.  Credit Suisse seeks to produce in the related *Allianz* opt-out litigation[1] a database called the unified FX cash extract ("Unified Dataset"), described in the May 31, 2018 Expert Report of Robin Poynder.[2]  *Forex* Plaintiffs object.  Credit Suisse requests that the Court confirm that Plaintiffs have no protectable interest in the data at issue and permit Credit Suisse to produce the Unified Dataset.

   The Unified Dataset includes transaction details on billions of FX trades, assembled into a single database from raw transaction data produced by each of the 16 Defendants to *Forex* Plaintiffs.  Following production of the raw data, Defendants' counsel, consulting experts, and employees spent countless hours addressing questions from *Forex* Plaintiffs' experts about nuances of the data to permit them to standardize the data into a single database.  Plaintiffs' counsel obtained reimbursement for much or all of the time and expense involved in this exercise from settlement proceeds paid by Settling Defendants.[3]

---

[1]   *Allianz Global Investors GmbH, et al.* v. *Bank of America Corporation, et al.*, No. 1:18-cv-10364 (LGS).

[2]   Exhibit 124 to the Declaration of Christopher M. Burke in Support of Pls.' Mot. for Class Cert. (Mar. 1, 2019) (Dkt. 1201-12, filed under seal).

[3]   *See* Mem. of Law in Support of Lead Counsel's Mot. for an Award of Attorneys' Fees and Reimbursement of Litigation Expenses (Jan. 12, 2018), at 22–23 (Dkt. 938) (seeking reimbursement of litigation expenses, including for "the lengthy transaction data meet-and-confer process" and "combining the data from over 30 different trading systems into a common format in the form of unified extracts"); Order Awarding Reimbursement of Litigation Expenses (Aug. 16, 2018), at 3–4 (Dkt. 1115) ("Class Counsel have incurred $22,490,654.29 in litigation expenses while prosecuting this Action, most of which

CAHILL GORDON & REINDEL LLP

-2-

Because Credit Suisse may seek to rely on analysis of the same underlying transaction data in the *Allianz* opt-out litigation, and because no Defendant objects, production of the Unified Dataset in discovery in that case is entirely appropriate. Credit Suisse has already invested significant time, effort and costs so that its consultants and experts could obtain fluency with analysis of the Unified Dataset. Requiring Credit Suisse to abandon that data and undertake an entirely new effort with the other Defendants to rebuild a virtually identical dataset in *Allianz* would be inefficient and unnecessary. Indeed, because the work of standardizing the 16 Defendants' disparate transaction data into a single dataset has already been done, permitting Credit Suisse to produce and use that dataset in the *Allianz* litigation would yield immediate and substantial efficiencies and avoid the need for considerable duplicative time and expense, including duplicative IT and employee time of the 16 banks whose data is at issue, duplicative data analysis, and duplicative attorney and expert time.

*Forex* Plaintiffs have asserted three objections to Credit Suisse's production of the Unified Dataset. None of these objections finds any basis in the Protective Order or the Federal Rules, and therefore the Court should overrule them and Plaintiffs' attempts to block Credit Suisse's production or any use of the United Dataset by the Defendants whose data is reflected therein.

***Plaintiffs' purported "proprietary interests" in the Unified Dataset do not preclude production.***

Plaintiffs argue that because their experts undertook extensive analysis to clean and standardize the underlying data productions, they have somehow acquired a proprietary interest in the dataset. Plaintiffs appear to view the Unified Dataset as their own intellectual property, going so far as to suggest that they would only consider permitting its use if they were paid a licensing fee. This ignores that the Unified Dataset is comprised of transaction data produced by Defendants, not Plaintiffs, and was disclosed and relied upon by their experts in litigation.

Plaintiffs have failed to identify any cognizable basis for their claim of a proprietary interest in the Unified Dataset, and of course they can point to no support for their view that their claim of a proprietary interest is a basis to object to Credit Suisse's production of the Unified Dataset in related litigation.

***The Protective Order does not preclude production.***

Plaintiffs assert that because they have designated the Unified Dataset as Highly Confidential under the Protective Order, Credit Suisse is prohibited from producing the dataset in the related *Allianz* litigation, where a virtually identical protective order is in place. Plaintiffs' designation of the Unified Dataset as Highly Confidential is plainly improper under the

---

were for experts and consultants ($17,217,646.75) . . . The Court hereby awards $22,490,654.29 in reimbursement of litigation expenses").

CAHILL GORDON & REINDEL LLP

-3-

Protective Order. Section 1.4 of the Protective Order (Dkt. 555), defines "'Highly Confidential' Information or Items" to include:

> 'Confidential'[4] Information or Items that the Disclosing Party reasonably and in good faith believes contains (a) material regarding trading and investment strategies, pricing and cost information, customer lists, business strategy, trade secrets and other commercial or financial information, the disclosure of which to another Party or non-party would create a substantial risk of causing the Disclosing Party to suffer significant competitive or commercial disadvantage; or (b) Personal Data, as defined in section 1.9, including, but not limited to, social security numbers; . . . .

The Unified Dataset contains transaction data originally produced by Defendants, not by Plaintiffs. Because it is the Defendant banks who may assert or waive any confidentiality interests in the data aggregated into the Unified Dataset, and because none of the Defendants who produced the data aggregated into the Unified Dataset objects to Credit Suisse's production or use of the dataset in *Allianz*, this objection should also be overruled.

***Plaintiffs' concerns regarding shifting discovery burdens are purely hypothetical and can be addressed if and when they actually arise.***

Plaintiffs also object that the *Allianz* parties will inevitably turn to *Forex* Plaintiffs as questions regarding the dataset arise. But this objection is purely speculative. Credit Suisse's production of the dataset imposes no burden on Plaintiffs. The time for Plaintiffs to object to answering questions regarding the Unified Dataset will be at the time such questions are raised, if such questions are ever raised. This objection should also be overruled.

*\*\*\**

For the foregoing reasons, *Forex* Plaintiffs have no protectable interest in the Unified Dataset. Credit Suisse respectfully requests an Order overruling Plaintiffs' objections and permitting Credit Suisse to produce the Unified Dataset.

---

[4] Section 1.3 of the Protective Order defines "'Confidential Information' or Items" as: "Information (regardless of how generated, stored, or maintained), testimony, or tangible things obtained during discovery in these Actions that the Disclosing Party reasonably and in good faith believes contains or would disclose non-public, confidential, personal, proprietary, financial, customer, client or commercially sensitive information, confidential trade secrets or non-public research that requires the protections provided in this Stipulation and Order, including, but not limited to, any information that constitutes confidential information under the Federal Rule of Civil Procedure 26(c) or applicable laws or regulations. Confidential Information includes information (including Personal Data as defined in section 1.9) of which applicable law – foreign or domestic – requires the equivalent of "Confidential" treatment as set forth in this Stipulation. Confidential Information shall not include information that is public or that after disclosure becomes public other than by an act or omission of the Receiving Party."

CAHILL GORDON & REINDEL LLP

-4-

                        Respectfully submitted,

                        /s/ Jason M. Hall

                        Jason M. Hall

The Honorable Lorna G. Schofield  
United States District Court  
40 Foley Square  
New York, New York 10007

VIA ECF

cc:    All Counsel (via ECF)