September 23, 2020

A pre-motion conference will be held on **October 7, 2020, at 10:40 a.m.**  The conference will be telephonic and will be held on the following conference line:  888-363-4749, access code:  5583333.  The time of the pre-motion conference is approximate, but the parties shall be ready to proceed by that time.

The Honorable Lorna G. Schofield
United States District Court
40 Foley Square
New York, New York 10007

Dated:  September 24, 2020
New York, New York

LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE

Re:  *In re Foreign Exchange Benchmark Rates Antitrust Litigation*
    Case No. 1:13-CV-07789-LGS (S.D.N.Y.) ("*Forex*")

Dear Judge Schofield:

*Forex* Plaintiffs oppose Credit Suisse's motion for an order permitting it to produce the "Class Database" in the *Allianz* action.  As explained below, Credit Suisse's request rests on the fallacy that there is an actual, live discovery dispute before the Court.  There is not, and even if there were, Credit Suisse lacks standing to bring its motion.  Credit Suisse's motion is also an improper attempt to make an end run around Rule 45 and the additional protections it affords to nonparties.  Even if Credit Suisse's request did not suffer from these procedural infirmities, it would still violate the *Forex* protective order, grant Credit Suisse a free ride on Class Counsel's work, and fail to deliver on the efficiencies Credit Suisse postulates.  The motion should be denied.

Credit Suisse brings this motion to compel *Forex* Plaintiffs to produce the Class Database in response to Rule 34 requests that the *Allianz* plaintiffs served on Credit Suisse in that separate action.  But the *Allianz* plaintiffs ***are not seeking*** the production of the Class Database through those requests.  There is no live dispute.  Credit Suisse omits this inconvenient fact by failing to "specify and quote or set forth verbatim" the discovery request and response to which their application is addressed, as required by Local Rule 37.1.

Because Credit Suisse is not the propounding party of the discovery, it lacks standing under Rule 37 to compel production under the *Allianz* plaintiffs' Rule 34 requests.  The text of Rule 37(a)(3)(B) provides that "[a] ***party seeking discovery*** may move for an order compelling an answer, designation, production, or inspection."  "Thus, only the party who propounded the disputed discovery requests," here, the *Allianz* plaintiffs, "has standing to move to compel their answers."  *MDAdvantage Ins. Co. of New Jersey v. Hasiuk*, No. 16-CV-969, 2018 WL 3328049, at *3 (E.D. Pa. July 6, 2018) (citing *Payne v. Exxon Corp.*, 121 F.3d 503, 510 (9th Cir. 1997) ("Only 'the discovering party' . . . may bring a motion to compel.")); *accord Kingsway Fin. Servs., Inc. v. PriceWaterhouse-Coopers LLP*, No. 03 CIV. 5560 RMB HBP, 2009 WL 72165, at *3 (S.D.N.Y. Jan. 9, 2009) (citing *In re Urethane Antitrust Litig.*, 237 F.R.D. 454, 457-58 (D. Kan. 2006)).

Rather than pursue this motion, Credit Suisse should have served *Forex* Plaintiffs (or Class Counsel), as nonparties to the *Allianz* action, with a Rule 45 subpoena.  By moving under Rule 37,

Hon. Lorna G. Schofield
September 23, 2020
Page 2

Credit Suisse deprives *Forex* Plaintiffs of the heightened protections afforded to nonparties under Rule 45.[1]  Credit Suisse's motion is therefore improper and premature.

*Forex* Plaintiffs developed the Class Database for the dual purposes of the settlement claims process and prosecuting claims on behalf of the class against Credit Suisse.  *Forex* Plaintiffs disclosed the Class Database to Credit Suisse as part of their experts' backup materials in connection with class certification reports and designated it "Highly Confidential" under the confidentiality order (ECF No. 555).  Because the Class Database was designated "Highly Confidential," it may be used "solely for the purposes of the prosecution or defense" of the *Forex* action "and for no other purpose whatsoever."  ECF No. 555, ¶2.  Credit Suisse, thus, received the Class Database for the limited purpose of defending against the claims in *Forex*.[2]  Credit Suisse, however, now seeks to use the Class Database in *Allianz* to defend against claims asserted by those entities that opted out of *Forex*.

Credit Suisse fails to provide any authority supporting the assertion that it acquired the right to freely use the Class Database in *Allianz* merely because it was disclosed in *Forex*.  While the cases are "related" under Rule 13 of the Rules for the Division of Business Among District Judges, they are not consolidated for discovery or trial, and there is no order providing that disclosure in one case constitutes disclosure in the other.

Similarly, the production of the raw data in *Forex*, and participation in subsequent meet and confers, does not provide Credit Suisse with any right to use the Class Database in *Allianz*.  Credit Suisse produced its data pursuant to *Forex* Plaintiffs' Rule 34 requests and elected to informally confer with *Forex* Plaintiffs to avoid further Rule 30(b)(6) depositions (and/or other discovery devices) on data topics.  But compliance with discovery obligations in *Forex* should not relieve Credit Suisse of its discovery obligations in the separate *Allianz* action.

Credit Suisse's motion is not a request for the production of discoverable party data.  Defendants produced the raw data underlying the Class Database in *Allianz*.  Rather, Credit Suisse's request is for Class Counsel's work product and *Forex* Plaintiffs' expert analysis, which Credit Suisse concedes took "substantial" and "considerable" time and expense to develop.  Notably, in over seven years of defending regulatory, criminal, and civil matters worldwide, apparently, Defendants have failed to create their own database out of the raw data they produced in *Forex*, despite their prodigious IT resources and the availability of in-house FX specialists.

---

[1]       "Paragraph (c)(3)," renumbered in 2013 as (d)(3), "explicitly authorizes the quashing of a subpoena as a means of protecting a witness from misuse of the subpoena power."  Fed. R. Civ. P. 45 advisory committee's note to 1991 amendments.  Subparagraph (d)(3)(A) "identifies those circumstances in which a subpoena must be quashed or modified," including to protect a subpoenaed person from "undue burden."  *Id*.  Subparagraph (d)(3)(B) "identifies circumstances in which a subpoena should be quashed unless the party serving the subpoena shows a substantial need and the court can devise an appropriate accommodation to protect the interests of the witness."  *Id*.

[2]       The parties' expert backup materials (including voluminous data and computer programs) were not filed or otherwise submitted to the Court.  Accordingly, apart from Credit Suisse, *Forex* Plaintiffs have provided no other party in *Forex* or *Allianz* with the Class Database.

Hon. Lorna G. Schofield
September 23, 2020
Page 3

Instead, they seek a free ride on Class Counsel's efforts to achieve what they could not – or would not – accomplish on their own.

Credit Suisse suggests that Class Counsel should have no objection because a portion of the Class Database's cost was reimbursed to us out of the settlement funds.  It would be unjust to force the *Forex* Settlement Classes, which ultimately paid part of these costs from its settlements, and Class Counsel, which bears the Class Database's ongoing costs,[3] to convey valuable work product and expert analysis for nothing.  There is no justification for such a free ride; it is not reasonable to expect that Credit Suisse would obtain this work product and expert analysis even for an exchange of cost.  As Class Counsel explained to Credit Suisse, to the extent production of the Class Database is ordered over *Forex* Plaintiffs' objections, *Forex* Plaintiffs will seek appropriate recompense from any party using the Class Database in order to capture its value (beyond mere costs and lodestar) and reimburse the settlement funds from those proceeds.

Finally, the efficiencies Credit Suisse posits as flowing from the production of the Class Database are unrealistic.  The Class Database would not be a plug-and-play solution such that once it is produced, Defendants would be absolved from meeting and conferring with the *Allianz* plaintiffs on data issues.  Rather, putting aside that the *Allianz* plaintiffs have not agreed to use a common database (*Allianz*, ECF No. 435-2 at 2-3), let alone the Class Database, the production of the Class Database is more likely to create an additional layer of conferral issues – one with Defendants on the scope and meaning of the raw data and another with Class Counsel and our experts on how that data was cleaned, normalized, and integrated into the Class Database.  This would only further enmesh Class Counsel in protracted and repeated discussions in the separate *Allianz* case with respect to information that is clearly protected from use outside of the *Forex* litigation.  Credit Suisse provides no authority for placing Class Counsel and class experts in the unprecedented role of data experts in opt-out litigation.  Class Counsel should not be saddled with the burden of refereeing the opt-out case while we prepare the class case for summary judgment and trial.

Credit Suisse fails to show it has any right to use the Class Database in *Allianz*.  For the foregoing reasons, *Forex* Plaintiffs respectfully submit that Credit Suisse's motion should be denied.

Respectfully submitted,

SCOTT+SCOTT ATTORNEYS                    HAUSFELD LLP
AT LAW LLP

 *s*/ Christopher M. Burke_____                _s_/ Michael D. Hausfeld_____

---

[3]      The Settlement Classes and Class Counsel have paid millions in costs (experts, hardware, software, and security), as well as attorney time, in developing and maintaining the Class Database.  The Settlement Classes bore a portion of these costs by way of reimbursements to Class Counsel from the settlement funds.  However, Class Counsel continue to incur ongoing costs, which we have borne exclusively with no certainty that such costs will be recovered in the future.

Hon. Lorna G. Schofield
September 23, 2020
Page 4

Christopher M. Burke
600 W. Broadway, Suite 3300
San Diego, CA 92101
Telephone: 619-233-4565
cburke@scott-scott.com

Michael D. Hausfeld
1700 K Street, NW, Suite 650
Washington, DC 20006
Telephone: 202-540-7200
mhausfeld@hausfeld.com