UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE FOREIGN EXCHANGE BENCHMARK RATES ANTITRUST LITIGATION | No. 1:13-cv-07789-LGS |

**[PROPOSED] ORDER APPROVING THE FORM AND MANNER
OF NOTICE OF THE CERTIFIED LITIGATION CLASS**

WHEREAS, the Action[1] is pending before this Court;

WHEREAS, on September 3, 2019, this Court issued and order pursuant to Fed. R. Civ. P. 23(c)(4)(A) certifying a litigation class with respect to two issues: "(1) whether there is a conspiracy to widen spreads in the spot market, and (2) whether the Credit Suisse Defendants' participated in the conspiracy," Opinion & Order, ECF No. 1331 at 19;

WHEREAS, Class Plaintiffs have applied to the Court for this Order Approving the Form and Manner of Notice of Settlements and Preliminarily Approving the Plan of Distribution, ECF No. ___;

NOW, THEREFORE, IT IS HEREBY ORDERED AND FOUND:

1. All terms in initial capitalization used in this Order shall have the same meanings as defined herein.

2. The Court approves, as to form and content, the Summary Notice of Certified Litigation Class ("Summary Notice") and the Notice of Certified Litigation Class ("Detailed Notice"), in substantially in the form attached as Exhibits 1 and 2, respectively, to the Declaration of Christopher M. Burke and Michael D. Hausfeld, dated September 29, 2020. ECF No. ___.

---

[1] The "Action" means *In re Foreign Exchange Benchmark Rates Antitrust Litigation*, No. 1:13-cv-07789-LGS, which is currently pending in the United States District Court for the Southern District of New York, and includes all actions filed in or transferred to the U.S. District Court for the Southern District of New York, and consolidated thereunder, and all actions that may be so transferred and consolidated in the future, including: *Taylor v. Bank of Am. Corp.*, No. 15 Civ. 1350; *Sterk v. Bank of Am. Corp.*, No. 15 Civ. 2705; *Bakizada v. Bank of Am. Corp.*, No. 15 Civ. 4230; *Teel v. Bank of Am. Corp.*, No. 15 Civ. 4436; and *Robert Charles Class A, L.P. v. Bank of Am. Corp.*, No. 15 Civ. 4926.

3. Upon request from a Class Member,[2] Epiq Systems, Inc. (the "Notice Administrator") shall provide a translation of the Summary Notice or Detailed Notice into Japanese, Traditional Chinese, Simplified Chinese, and Spanish.

4. The process of disseminating the Summary Notice shall begin within thirty days of the date of this Order ("**Notice Date**").  The Summary Notice shall be emailed to each potential Class Member that has been identified in the records maintained by the Notice Administrator, to the extent permitted by applicable laws.  The Summary Notice shall be mailed by first class mail (or, for Summary Notice conducted within foreign countries, the corresponding class of postal delivery), postage prepaid, to each potential Class Member that has been identified in the records maintained by the Notice Administrator and for whom the Notice Administrator does not have a valid email address, to the extent permitted by applicable laws.

5. An agent of Settling Defendants (Rust Consulting) or, as determined in light of applicable foreign bank secrecy and/or data privacy laws, Settling Defendants[3] directly, shall cause copies of the Summary Notice to be mailed or emailed to other potential members of the Litigation Class who have been identified by Settling Defendants in light of applicable foreign

---

[2] A Class Member is any person who, between December 1, 2007 and December 31, 2013, entered into a total of 10 or more FX spot, forward, and/or swap trades directly with one or more Defendants in the 52 Affected Currency Pairs via voice or on a single-bank platform, where Defendants provided liquidity and such persons were either domiciled in the United States or its territories, or if domiciled outside the United States or its territories, traded in the United States or its territories.

[3] Settling Defendants are: Bank of America Corporation, Bank of America, N.A., and Merrill Lynch, Pierce, Fenner & Smith Incorporated ("Bank of America"); The Bank of Tokyo-Mitsubishi UFJ, Ltd. ("BTMU"); Barclays Bank PLC and Barclays Capital Inc. ("Barclays"); BNP Paribas Group, BNP Paribas North America Inc., BNP Paribas Securities Corp., and BNP Prime Brokerage, Inc. ("BNP Paribas"); Citigroup Inc., Citibank, N.A., Citicorp, and Citigroup Global Markets Inc. ("Citigroup"); Deutsche Bank AG and Deutsche Bank Securities Inc. ("Deutsche Bank"); The Goldman Sachs Group, Inc. and Goldman Sachs & Co. ("Goldman Sachs"); HSBC Holdings PLC, HSBC Bank PLC, HSBC North America Holdings Inc., HSBC Bank USA, N.A., and HSBC Securities (USA) Inc.  ("HSBC"); JPMorgan Chase & Co. and JPMorgan Chase Bank, N.A. ("JPMorgan"); Morgan Stanley, Morgan Stanley & Co., LLC, and Morgan Stanley & Co., International PLC ("Morgan Stanley"); RBC Capital Markets LLC ("RBC"); The Royal Bank of Scotland Group PLC, The Royal Bank of Scotland PLC, and RBS Securities Inc. ("RBS"); Société Générale ("Soc Gen"); Standard Chartered Bank ("Standard Chartered"); and UBS AG, UBS Group AG, and UBS Securities LLC ("UBS").

bank secrecy and/or data privacy laws and whose identities have not been disclosed to the Notice Administrator.

6. **As soon as practicable after the Notice Date**, Class Counsel shall cause the Summary Notice to be published once in *FX Markets*. After the issuance of this Order, Class Counsel may broaden this publication notice plan, in consultation with the Notice Administrator, without further order from the Court.

7. **On or before the Notice Date**, Class Counsel shall cause the Detailed Notice and Summary Notice to be published on the FX litigation website.

8. Any Person who transacted in FX Instruments for the benefit of another Person (a "Beneficial Owner") during the Class Period shall be requested either to send the Summary Notice to all such Beneficial Owners within 25 days after receipt thereof or to send a list of the names and last known email addresses of such Beneficial Owners to the Notice Administrator within 25 days of receipt thereof, in which event, the Claims Administrator shall promptly email or mail the Summary Notice to such Beneficial Owners. Beneficial Owners who provided such information to the Notice Administrator in connection with the FX Settlements do not need to send such information again.

9. The Court finds that the distribution of the Summary Notice and Detailed Notice as described herein constitutes the best notice practicable under the circumstances, including individual notice to all members of the Litigation Class who can be identified through reasonable effort, and constitutes valid, due, and sufficient process, complying fully with the requirements of Rule 23 of the Federal Rules of Civil Procedure and due process.

10. Any Person falling within the definition of the Litigation Class may request to be excluded from the Litigation Class ("Request for Exclusion"). A Request for Exclusion must

be: (a) in writing; (b) signed by the Person (defined as the individual or entity holding the claim) or his, her, or its authorized representative; (c) state the name, address and phone number of that Person; and (d) include a signed statement that "I/we hereby request that I/we be excluded from the Settlements in the *In re Foreign Exchange Benchmark Rates Antitrust Litigation*" or the substantive equivalent.   The request must be postmarked by **[DATE]**, and mailed to the Notice Administrator at: In re Foreign Exchange Benchmark Rates Antitrust Litigation, c/o Epiq Global, P.O. Box 10239, Dublin, OH 43017-5739.  Unless the Court orders otherwise, a Request for Exclusion that does not include all of the foregoing information, that does not contain the proper signature, that is sent to an address other than the one designated in the Detailed Notice and Summary Notice, or that is not sent within the time specified, shall be invalid.  The Person(s) submitting such an invalid request shall be a Class Member and shall be bound by any decisions ordered for the Litigation Class as a whole, including any future settlements reached on behalf of the class. All Persons who submit valid and timely Requests for Exclusion in the manner set forth in this paragraph shall be excluded from the Litigation Class, shall be excluded from the rulings ordered for the class as the whole, and shall be excluded from any Final Judgment.  All Persons who submit valid and timely Requests for Exclusion in the manner set forth in this paragraph shall also be excluded from any future settlements reached on behalf of the class, shall have no rights under any future settlement agreements, and shall not share in the distribution of any future settlement fund.

  11. Class Counsel shall provide counsel for the Credit Suisse Defendants[4] copies of all Requests for Exclusion, together with all documents and information provided with such

---

[4] The Credit Suisse Defendants are: Credit Suisse Group AG, Credit Suisse AG, and Credit Suisse Securities (USA) LLC.

requests, and any written revocation of Requests for Exclusion within three business days of receipt by Class Counsel of that exclusion request or revocations thereof.

12. To the extent practicable, Class Counsel shall cause the Notice Administrator to cause notice of any Court-ordered changes of schedule or any modifications of deadlines to be published promptly on the Litigation Website.

LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE