```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
                                                             :
                                                             :
                                                             :
IN RE FOREIGN EXCHANGE BENCHMARK                             :    13 Civ. 7789 (LGS)
RATES ANTITRUST LITIGATION                                   :
                                                             :            ORDER
                                                             :
                                                             :
-------------------------------------------------------------X
```

LORNA G. SCHOFIELD, District Judge:

WHEREAS, on October 29, 2020, Plaintiffs filed a pre-motion letter in anticipation of a motion for summary judgment.  Dkt. No. 1518.

WHEREAS, on October 29, 2020, Defendant Credit Suisse filed a pre-motion letter in anticipation of a motion for summary judgment.  Dkt. No. 1519.

WHEREAS, on November 5, 2020, Defendant Credit Suisse filed a responsive letter to Plaintiffs' pre-motion letter at Docket No. 1518 (Dkt. No. 1538), along with a letter requesting to redact portions of the November 5, 2020, responsive letter at Docket No. 1538 and to file an unredacted version of the letter under seal (Dkt. No. 1536).

WHEREAS, on November 5, 2020, Plaintiffs filed a responsive letter to Defendant's pre-motion letter at Docket No. 1519 (Dkt. No. 1534), along with a letter requesting to redact portions of the November 5, 2020, responsive letter at Docket No. 1534 and to file an unredacted version of the letter under seal (Dkt. No. 1533).  It is hereby

**ORDERED** that, the parties' motions to seal at Docket Nos. 1533 and 1536 are **GRANTED**.  The unredacted version of Defendant's November 5, 2020, responsive letter filed at Docket No. 1537 will remain sealed, the unredacted version of Plaintiffs' November 5, 2020 responsive letter filed at Docket No. 1535 will remain sealed and only the parties and individuals identified in the attached Appendix A will have access.  Although "[t]he common law right of public access to judicial documents is firmly rooted in our nation's history," this right is not

absolute, and courts "must balance competing considerations against" the presumption of access. *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119–20 (2d Cir. 2006) (internal quotation marks omitted); *see also Nixon v. Warner Commc'ns., Inc.*, 435 U.S. 589, 599 (1978) ("[T]he decision as to access is one best left to the sound discretion of the trial court, a discretion to be exercised in light of the relevant facts and circumstances of the particular case.").  Filing the above-referenced document in redacted form is necessary to prevent the unauthorized dissemination of confidential information related to non-parties.

The Clerk of Court is respectfully directed to close the motions at Docket Nos. 1533, 1534, 1535, 1536.

Dated: November 6, 2020
       New York, New York

LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE