June 4, 2021

**<u>Via ECF</u>**

Honorable Lorna G. Schofield
U.S. District Court
Southern District of New York
Thurgood Marshall Courthouse
40 Foley Square
New York, NY 10007

   Re: *In re Foreign Exchange Benchmark Rates Antitrust Litigation*
     Case No. 1:13-cv-07789-LGS (S.D.N.Y.)

Dear Judge Schofield:

  Plaintiffs write to request the Court's authorization to make additional disbursements of up to $3,000,000 from the settlement funds for the purpose of paying invoices for Settlement Administration Expenses from services rendered by the Claims Administrator (Epiq), Ankura Consulting (Ankura), Velador Associates (Velador), and Rust Consulting (Rust).

### I. Status of Claims Administration

  The claims processing team continue to work on the remaining 10% of claims (as reported in our last update, approximately 90% of claims are completely processed). By way of further update, all claims have now been through Defendants' foreign data privacy review, and all Option 1 claims have been processed, with claim assessment notifications provided to all Option 1 claimants.

  The remaining pending Option 2 claims are, broadly speaking, the largest claims we received. They are pending because they are undergoing further processing in the multi-step claims administration process.[1] Work progresses on algorithmic review of Option 2 claims, including those that have recently converted from Option 1 to Option 2, or have resubmitted data under Option 2 following deficiency notifications. Further, the Claims Administrator's detailed audit of the very largest claims is ongoing. Consistent with the Plan of Distribution, the Claims Administrator required the audited cliamants to submit independing, third-party documentation of

---

[1] The Plan of Distribution provides Claimants with two claim submission options – Option 1 and Option 2. Under Option 1 (the Estimated Claim Option), the Claimant's payment is calculated using the transaction data provided by Settling Defendants. Once Epiq delivers an Option 1 result, the Claimant is given the option of converting to Option 2 within 30 days. Under Option 2 (the Documented Claim Option), the Claimant's payment is calculated using the transaction data provided by the Claimant. For Option 2 claims, Option 1 results are also calculated (where available), and the Claimant's payment is based on the higher of the two results. Where deficiencies are identified with respect to the original submission of Option 2 data, following notification, Claimants are given 30 days to submit amended transaction data and/or documentation to cure the deficiencies. If amended data/documentation is received, following review, a final claim determination is issued.

Honorable Lorna G. Schofield
June 4, 2021
Page 2

a sample of their submitted trades (*e.g.*, spot and forward transactions done in June and December of each year the claimant submitted trades) in order to substantiate their claims. Recently, the claims administrator identified for audit additional claims that were either converted from Option 1 or resubmitted following a deficiency notice, and we expect several other claims to be selected for audit as more conversions/responses come in. Finally, due to the impact of domicile on claim value under the Plan of Distribution, the claims administrator has also been issuing domicile questionnares for certain claimants asserting U.S. domiciles, pursuant to which claimants are required to provide proof of registered business address.

As discussed in our last update, due to the impact of the COVID-19 pandemic, its disruption of the economy, and as many Claimants transitioned to work from home, Epiq, in consultation with Class Counsel, authorized lengthier than usual extensions of time to cure claims and/or submit documentation in response to audits. Since our last update, Epiq and Class Counsel have not granted any further lengthy extensions.

## II. Expenses Paid and Incurred

The Court has previously authorized Class Counsel to pay $24,500,000 from the settlement funds for Settlement Administration Expenses. ECF Nos. 536, 698, 756, 866, 882, 945, 1078, 1126, 1181, 1338, 1381, 1485, 1553. Attached as Exhibit A is a breakdown of the Settlement Administration Expenses paid and incurred to date.

## III. Future Anticipated Expenses

Class Counsel anticipate receiving further invoices that would compensate Epiq, Ankura, Velador, and Rust for further work on claims administration, claims audits, and adjudication processes.

**Epiq.** Class Counsel anticipate that Epiq's future claims administration work will generally include: (i) responding to class member inquiries regarding the claims process and audit notifications (including maintaining a call center and responding to email questions); (ii) issuing notifications to Claimants regarding their claims; (iii) maintaining the settlement website; (iv) claims adjudication; and (v) processing payments.

**Ankura.** Class Counsel anticipate that Ankura's future claims administration work will generally include: (i) calculating claims under Option 1 and assisting Velador with Option 2 claim calculations; (ii) preparing Claim Assessment Notifications that are being distributed to Claimants; (iii) modeling holdbacks; (iv) assisting Epiq/Class Counsel in responding to complex inquiries from Claimants regarding individual claims and audits; and (v) consulting on quality control and audit procedures.

**Velador.** Class Counsel anticipate that Velador's future claims administration work will generally include: (i) calculating claims under Option 2 and assisting Ankura with Option 1 claim calculations; (ii) analyzing audit responses and assisting Epiq/Class Counsel in communicating

Honorable Lorna G. Schofield
June 4, 2021
Page 3

with audited Claimants; and (iii) assisting Epiq/Class Counsel in responding to complex inquiries from Claimants regarding individual claims and audits.

**Rust.** Class counsel anticipate a future invoice from Rust covering final rounds of notifications to foreign claimants subject to heightened privacy law requirements.

Plaintiffs respectfully request authorization to disburse an additional $3,000,000 from the settlement funds to pay reasonable Settlement Administration Expenses. Plaintiffs anticipate seeking permission to disburse additional funds at future dates and, at that time, propose to submit to the Court additional details supporting the reasonableness of the payments, along with a proposed order granting such relief.

Respectfully submitted,

| SCOTT+SCOTT ATTORNEYS AT LAW LLP | HAUSFELD LLP |
|---|---|
| s/ Christopher M. Burke | s/ Michael D. Hausfeld |
| Christopher M. Burke | Michael D. Hausfeld |
| 600 W. Broadway, Suite 3300 | 888 16th Street NW, Suite 300 |
| San Diego, CA 92101 | Washington, DC 20006 |
| Telephone: 619-233-4565 | Telephone: 202-540-7200 |

*Settlement Class Counsel and Counsel for Plaintiffs*

## **Exhibit A**

Settlement Administration Expenses Paid and Incurred to Date

| Name | Invoice Date | Invoice Amount ($) | Amount Paid from Settlement Funds ($) | Amount Outstanding ($) |
|---|---|---|---|---|
| | **Feinberg Subtotal:** | **550,223.61** | **550,223.61** | **-** |
| | **AACG Subtotal:** | **27,050.78** | **27,050.78** | **-** |
| Ankura | 1/28/21 (for Dec. '20) | 198,974.00 | 198,974.00 | - |
| Ankura | 2/5/21 (for Jan. '21) | 205,707.50 | 205,707.50 | - |
| Ankura | 2/11/21 (for July '20)[1] | 199,272.00 | 199,272.00 | - |
| Ankura | 2/11/21 (for April '20)[2] | 207,654.50 | 207,654.50 | - |
| Ankura | 3/24/21 (for Feb. '21) | 243,683.00 | 243,683.00 | - |
| Ankura | 4/16/21 (for March '21) | 252,346.00 | 252,346.00 | - |
| Ankura | 5/18/21 (for April '21) | 244,683.50 | | 244,683.50 |
| | **Ankura Subtotal:** | **10,053,847.98** | **9,809,164.48** | **244,683.50** |
| | **Epiq Subtotal:** | **7,027,481.00** | **7,027,481.00** | **-** |
| | **Rust Subtotal:** | **1,339,281.89** | **1,339,281.89** | **-** |
| | **UBS Subtotal:** | **47,551.26** | **47,551.26** | **-** |
| Velador | 2/10/21 (for Jan. '21) | 423,067.26 | 423,067.26 | - |
| Velador | 3/16/21 (for Feb. '21) | 375,914.43 | 375,914.43 | - |
| Velador | 4/15/21 (for March '21) | 462,592.63 | 462,592.63 | - |
| Velador | 5/19/21 (for April '21) | 379,524.48 | | 379,524.48 |
| | **Velador Subtotal:** | **5,905,765.21** | **5,526,240.73** | **379,524.48** |
| | **Total:** | **24,951,201.73** | **24,326,993.75** | **624,207.98** |

---

[1] Ankura's July 2020 invoice received February 11, 2021.
[2] Ankura's April 2020 Invoice received February 11, 2021.

Indicates vendor's sum of invoices
Indicates new invoice on this application