**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| IN RE FOREIGN EXCHANGE BENCHMARK RATES ANTITRUST LITIGATION | No. 1:13-cv-07789-LGS |

**MEMORANDUM OF LAW IN SUPPORT OF A MOTION FOR AN ORDER APPROVING REQUESTS FOR EXCLUSION FROM THE CERTIFIED LITIGATION CLASS**

Pursuant to Rule 23(d) of the Federal Rules of Civil Procedure, Plaintiffs move the Court to: (1) approve valid requests for exclusion from the Certified Litigation Class, (2) approve untimely but otherwise valid requests for exclusion and those received only by email from the Certified Litigation Class based on a showing of "excusable neglect," and (3) deny all invalid requests for exclusion from the Certified Litigation Class, as set out in the accompanying [Proposed] Order Approving Requests for Exclusion from the Certified Litigation Class ("Proposed Order").

## I.  Preliminary Statement

On September 3, 2019, the Court issued an order pursuant to Fed. R. Civ. P. 23(c)(4)(A) certifying a litigation class with respect to two issues: (1) the existence of a conspiracy to widen spreads in the FX spot market, and (2) the Credit Suisse Defendants' participation in the conspiracy (the "Certified Litigation Class"). Opinion & Order, ECF No. 1331 at 19. On November 19, 2020, the Court entered an Order approving the form and manner of notice of the Certified Litigation Class. ECF No. 1546 (the "Notice Order").

In accordance with the Notice Order, on December 18, 2020, Epiq Class Action & Claims Solutions, Inc. ("Epiq"), Rust Consulting, Inc. ("Rust"), and certain Settling Defendants (collectively, the "Notice Agents") began effectuating notice to Litigation Class Members,[1] advising class members of, among other things, the February 17, 2021, deadline to exclude themselves from the Certified Litigation Class. The Notice Agents distributed notice by email where possible, and by postcard when an email address was not available. Marr Decl.[2] ¶ 2. The

---

[1] Subject to exclusions, a Litigation Class Member is any person who, between December 1, 2007 and December 31, 2013, entered into a total of 10 or more FX spot, forward, and/or swap trades directly with one or more Defendants in the 52 Affected Currency Pairs via voice or on a single-bank platform, where Defendants provided liquidity and such persons were either domiciled in the United States or its territories, or if domiciled outside the United States or its territories, traded in the United States or its territories.

[2] Declaration of Charles Marr in Support of a Motion for an Order Approving Requests for Exclusion from the Certified Litigation Class, November 22, 2021.

email and postcard directed potential class members to the detailed notice on the FX litigation website maintained by Epiq. *See* Marr Decl., Ex. A ("Summary Notice") and Ex. B ("Detailed Notice"). Ultimately, Epiq sent 93,413 emails or postcards to Litigation Class Members, and Rust sent notice via mail or email to 190,749 Litigation Class Members. Marr Decl. ¶ 2.[3]

UBS, Barclays, HSBC, JP Morgan, Citigroup, and Societe Generale elected to distribute notice to certain of its customers directly, rather than through Epiq or Rust. UBS commenced notice prior to the Court-ordered notice date of December 18, 2020, but then advised Class Counsel that it did not expect to be able to complete its distribution to certain foreign-domiciled class members until mid-March 2021. *See* ECF No. 1557. As a result, the Court extended the deadline for those class members who received notice from UBS to exclude themselves from the Certified Litigation Class to April 27, 2021. *Id.*

The Detailed Notice specified the requirements for a valid request for exclusion, including that it: (1) be postmarked by February 17, 2021 (telephonic and emailed requests are insufficient); (2) be in writing; (3) be signed by the person (defined as the individual or entity holding the claim) or his, her, or its authorized representative; (4) state the name, address, and phone number of that person; and (5) include a signed statement that "I/we hereby request that I/we be excluded from the certified Litigation Class in the *In re Foreign Exchange Benchmark Rates Antitrust Litigation*" or the substantive equivalent. Marr Decl., Ex. B, at 7.

The Detailed Notice further stated that a request for exclusion that does not include all the aforementioned parameters, that does not contain the proper signature, that is not sent via mail to the designated address provided in the Detailed Notice, or that is not sent within the time specified,

---

[3] While efforts were made to deduplicate the notice lists used by Epiq and Rust, Class Counsel believe duplicate notices were sent because the Notice Agents were unable to deduplicate across notice lists due to Defendants' concerns with foreign bank secrecy and data privacy laws. The Notice Agents' approach was to err on the side of over-noticing.

would be invalid. *Id*. Class members were advised that those who submitted invalid exclusion requests would be bound by any decisions ordered for the Certified Litigation Class as a whole, including any future settlements reached on behalf of the class. *Id*.

Due to delays in the U.S. and international postal services, including delays occurring outside the United States caused in part by the COVID-19 pandemic and lockdowns, Epiq received requests for exclusion well after the February 17, 2021, postmark deadline, with the latest one arriving on June 11, 2021. Marr Decl. ¶ 3. Some of the requests received after February 17, 2021, were nevertheless timely because the requests were either postmarked on or before February 17, 2021, or in the case of certain class members who received notice from UBS, they were postmarked on or before April 27, 2021. Marr Decl. ¶ 6.

In total, Epiq received 604 requests for exclusion from the Certified Litigation Class. Marr Decl. ¶ 4.

## II. Valid and Timely Exclusion Requests

Class Counsel and Epiq determined that 510 exclusion requests are valid because they adhered to the Court's Order as explained in the Detailed Notice regarding how to validly opt-out of the Certified Litigation Class. *See* ECF No. 1546 ¶ 10. These exclusion requests were received via mail and postmarked by the February 17, 2021, or in the case of UBS Notice, the April 27, 2021, deadline. Marr Decl. ¶ 6. These exclusion requests were sent to the correct address, included the required opt-out language or its substantive equivalent, contained the required contact information, and had a proper signature. Marr Decl. ¶ 6.

Exhibit C of the Marr Declaration lists these 510 requests at the corporate parent level, and Exhibit C-1 lists subsidiaries of certain parent entities. Plaintiffs request that the Court approve these 510 requests for exclusion and exclude these entities from the Certified Litigation Class.

3

### III.  Excusable Requests for Exclusion

Plaintiffs also request that the Court approve 44 requests for exclusion that were postmarked after the February 17, 2021 deadline and/or were received only by email but met all other opt-out requirements based on "excusable neglect" shown. These class members have acted in good faith in their attempts to opt-out, and there is a reasonable basis for their noncompliance with the opt-out requirements. *See In re Prudential Sec. Inc. Ltd. P'ships Litig.*, 164 F.R.D. 362, 368-69 (S.D.N.Y. 1996) ("[a] Court retains the power to allow claimants to file late opt-out requests pursuant to Fed. R. Civ. P. 6(b)(2), 60(b), or 23(d)."), *aff'd sub nom.*, 107 F.3d 3 (2d Cir. 1996). The standard to determine "whether a party's conduct constitutes 'excusable neglect' is an equitable one that requires a court to consider all relevant circumstances." *In re Painewebber Ltd. P'ships Litig.*, 147 F.3d 132, 135 (2d Cir. 1998). To demonstrate "excusable neglect", a "movant must show good faith and a reasonable basis for noncompliance." *Id*.

Certain class members located outside the United States contacted Epiq or Class Counsel when they received a Summary Notice, several of whom received a Summary Notice only a few days before the February 17, 2021 deadline because of postal delays. Marr Decl. ¶ 7, Ex. D. Some of these class members communicated that they faced COVID-19 related disruptions and hardships, including postal delays, which resulted in these class members being unable to meet the deadline. Marr Decl. ¶ 7. Other class members missed the deadline entirely after receiving the delayed Summary Notice but did not reach out to Class Counsel or Epiq to request an extension to the deadline. *Id*. When asked, Class Counsel advised class members that Plaintiffs would request that the Court approve their untimely requests for exclusion in light of the COVID-19 pandemic induced hardships. *Id*. Given the widespread postal delays, dislocations of workers from offices,

and other disruptions in commercial communications,[4] Plaintiffs believe it is equitable that all untimely but otherwise valid requests for exclusion nevertheless be excluded from the Certified Litigation Class. Accordingly, Plaintiffs request that the Court to approve these 27 requests for exclusion, which are set out in Exhibit D to the Marr Decl. based on excusable neglect shown and exclude these entities from the Certified Litigation Class. *See Painewebber*, 147 F.3d at 135 ("[e]xcusable neglect may be found where the relevant circumstances reveal inadvertent delays, mistakes, or carelessness.").

An additional 17 class members requested relief from the requirement that requests for exclusion be mailed to the Notice Administrator. Certain class members stated that they unknowingly used courier services that would not deliver to P.O. boxes and/or experienced postal delays and would be unable to arrange a mailed delivery of their exclusion request by the deadline. Marr Decl. ¶ 8, Ex. E. Other class members stated that their requests for exclusion were returned to them, sometimes after the deadline, or were lost in the mail. Marr Decl. ¶ 8. All 17 of these class members sent Epiq or Class Counsel an email indicating their intention to opt-out of the Certified Litigation Class, and these emails included all the required information to opt out of the Certified Litigation Class. Two class members in this category, the Swedish National Debt Office and the International Labour Organization (ILO) of Moscow declared sovereign status, emailed Epiq and Class Counsel stating that they are not subject to the laws of the United States and asked to be excluded from the Certified Litigation Class. Class Counsel advised these class members that Plaintiffs would request that the Court approve their emailed requests for exclusion. Accordingly, Plaintiffs request that the Court approve these 17 requests for exclusion, which are set out in Exhibit E to the Marr Decl. based on excusable neglect shown and exclude these entities from the

---

[4] *See, e.g.* Hailey Fuchs, *Postal Service Struggles to Speed Up Delivery, Compounding Its Troubles*, https://www.nytimes.com/2021/03/21/us/politics/postal-service-mail-delivery.html (last visited, Nov. 3, 2021).

Certified Litigation Class. *See Painewebber*, 147 F.3d at 135 (finding "excusable neglect" can encompass "even those omissions caused by circumstances within the movant's control.").

### III. Invalid Exclusion Requests

Finally, Epiq determined that 50 requests for exclusion are invalid. *See* Marr Decl., Ex. F. These requests for exclusion are invalid because they lack a combination of required information because they are: (1) missing a signature or contain an illegible signature; (2) missing a complete phone number and/or address; and/or (3) missing a printed representative's name. Marr Decl. ¶ 9. If the invalid request was received before the opt-out deadline, Epiq sent an email with instructions on how to submit a valid request so that the request could be cured before the deadline (some cured and are included in Sections II and III, *supra*, and others did not). Marr Decl. ¶ 9, Ex. F. As set forth in the Notice Order and Detailed Notice, these class members were on notice that they would be bound by any decisions ordered for the Certified Litigation Class as a whole, including any future settlements reached on behalf of the class if their requests for exclusion were invalid for any of the reasons descried above. ECF No. 1546 ¶ 10; Marr Decl., Ex. B; *see In re Citigroup Inc. Sec. Litig.*, No. 07-CV-9901, 2014 WL 3610988, at *5-6 (S.D.N.Y. July 21, 2014) (finding a class member's "failure to opt out was not excusable neglect" when the "submission contained incorrect numbers […]" and "provided a return address that was not his own […]."), *aff'd sub nom.*, *Burgess v. Citigroup Inc.*, 624 F. App'x 6 (2d Cir. 2015).

Accordingly, Plaintiffs request that the Court reject as invalid these 50 requests for exclusion and include these entities in the Certified Litigation Class.

Dated: November 23, 2021

SCOTT+SCOTT, ATTORNEYS AT LAW, LLP

HAUSFELD LLP

| | |
|---|---|
| */s/ Christopher M. Burke* | */s/ Michael D. Hausfeld* |

| | |
|---|---|
| CHRISTOPHER M. BURKE (CB-3648) | MICHAEL D. HAUSFELD |
| WALTER W. NOSS (WN-0529) | REENA A. GAMBHIR |
| KRISTEN M. ANDERSON (*pro hac vice*) | TIMOTHY S. KEARNS |
| KATE LV (*pro hac vice*) | SARAH R. LAFRENIERE |
| 600 W. Broadway, Suite 3300 | 888 16th Street NW, Suite 300 |
| San Diego, CA 92101 | Washington, DC 20006 |
| Telephone: 619-233-4565 | Telephone: 202-540-7143 |
| Facsimile: 619-233-0508 | Facsimile: 202-540-7201 |
| cburke@scott-scott.com | mhausfeld@hausfeld.com |
| wnoss@scott-scott.com | rgambhir@hausfeld.com |
| kanderson@scott-scott.com | tkearns@hausfeld.com |
| klv@scott-scott.com | slafreniere@hausfeld.com |
| | |
| -and- | -and- |
| | |
| SCOTT+SCOTT, ATTORNEYS AT LAW, LLP | HAUSFELD LLP |
| DAVID R. SCOTT (DS-8053) | MICHAEL P. LEHMANN |
| JOSEPH P. GUGLIELMO (JG-2447) | BONNY E. SWEENEY |
| DONALD A. BROGGI (DB-9661) | CHRISTOPHER L. LEBSOCK |
| The Helmsley Building | 600 Montgomery Street, Suite 3200 |
| 230 Park Avenue, 17th Floor | San Francisco, CA 94111 |
| New York, NY 10169 | Telephone: 415-633-1908 |
| Telephone: 212-223-6444 | Facsimile: 415-358-4980 |
| Facsimile: 212-223-6334 | mlehmann@hausfeld.com |
| david.scott@scott-scott.com | bsweeney@hausfeld.com |
| jguglielmo@scott-scott.com | clebsock@hausfeld.com |
| dbroggi@scott-scott.com | |

## **CERTIFICATE OF SERVICE**

I hereby certify that on November 23, 2021, I caused the foregoing to be electronically filed with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the email addresses denoted on the Electronic Mail Notice List.

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on November 23, 2021.

*/s/ Michael D. Hausfeld*
Michael D. Hausfeld
