**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| IN RE FOREIGN EXCHANGE BENCHMARK RATES ANTITRUST LITIGATION | Case No. 1:13-cv-07789-LGS<br><br>THIS DOCUMENT RELATES TO CERTIFIED LITIGATION CLASS |

**DECLARATION OF CHARLES MARR IN SUPPORT OF A MOTION FOR AN ORDER APPROVING REQUESTS FOR EXCLUSION FROM THE CERTIFIED LITIGATION CLASS**

I, CHARLES MARR, ESQ., declare as follows:

1. I am a Project Director for Epiq Class Action & Claims Solutions, Inc. ("Epiq"), the Notice Administrator in the above-captioned case. The following statements are based upon my personal knowledge as well as information provided to me by other experienced Epiq employees working under my supervision, and if called on to do so, I could and would testify competently thereto.

2. On September 3, 2019, the Court issued an order pursuant to Fed. R. Civ. P. 23(c)(4)(A) certifying a Litigation Class. On November 19, 2020, the Court approved the Summary Notice of Certified Litigation Class ("Summary Notice"), attached as Exhibit A to this declaration, and the Notice of Certified Litigation Class ("Detailed Notice"), attached as Exhibit B to this declaration, and appointed Epiq as the Notice Administrator. In accordance with the Court's order, Epiq, as well as certain Defendants' agent, Rust Consulting, Inc. ("Rust"), and Settling Defendants UBS, Barclays, HSBC, JP Morgan, and Societe Generale, began effectuating the notice to members of the litigation class ("Litigation Class Members") on December 18, 2020. Ultimately, Epiq sent 93,413 emails or postcards to Litigation Class Members, and it is Epiq's understanding that Rust sent notice via mail or email to 190,749 Litigation Class Members.

3. Due to delays in the U.S. and international postal services, including delays occurring outside the United States caused by the COVID-19 pandemic, Epiq received requests for exclusion well after the February 17, 2021 postmark deadline, with the latest one arriving on June 11, 2021. Some of the requests received after February 17, 2021 were nevertheless timely because the requests were either postmarked on or before February 17, 2021, or in the case of certain Litigation Class Members who received notice from UBS, they were postmarked on or before April 27, 2021.

4. Pursuant to the terms of the Court-approved Detailed Notice, class members wishing to exclude themselves from the Litigation Class were required to notify the Epiq at the address provided in the Detailed Notice (which was also set forth in the Summary Notice, on the Litigation Website, www.fxantitrustsettlement.com, and available by contacting the Notice Administrator). The requirements and deadlines for Litigation Class Members to exclude themselves were also described in the Summary Notice and Detailed Notice. According to Section 12 of the Detailed Notice, Litigation Class Members were required to submit their request for exclusion in written form postmarked no later than February 17, 2021, or in the case of UBS Notice, April 27, 2021.[1] In addition, the requests for exclusion were required to include a proper signature, all contact information, and the statement, "I/we hereby request that I/we be excluded from the certified Litigation Class in the *In re Foreign Exchange Benchmark Rates Antitrust Litigation*" or the substantive equivalent. Attached to this declaration as Exhibits C through F is a

---

[1] UBS initiated notice prior to Court-ordered notice date of December 18, 2020, but then advised Class Counsel that it did not expect to be able to complete the distribution to certain foreign-domiciled Litigation Class Members until mid-March 2021 due to complications with Swiss and other countries' privacy and banking laws; in addition to the Covid-19 pandemic. Class Counsel asked the Court to extend the deadline to April 27, 2021, for Litigation Class Member exclusion requests that UBS had not yet sent notice to as of January 26, 2021. On January 27, 2021, the Court granted the deadline extension. ECF No. 1557.

collective listing of all requests for exclusion received by Epiq as of the date of this declaration, grouped by the status of each request. In total, Epiq received 604 requests for exclusion.

5.  Each row in Exhibits C through F is related to one request for exclusion submission, whether for a single entity or a related group, such as an entity and its subsidiaries. For each submission, the respective Exhibit provides the entity name, related subsidiaries if applicable, postmark date (if available and legible), receipt date, and status. The following table provides a summary of requests for exclusion received by Epiq by status. Furthermore, I understand that Plaintiffs are recommending to the Court that the requests for exclusion in Exhibits D and E above should be accepted, in addition to the "Timely and Valid" requests in Exhibits C and C-1, even though those listed in Exhibits D and E may have been postmarked late or otherwise lacked requirements for a valid Request for Exclusion.

**Requests for Exclusion by Status**

| | | |
|---|---|---|
| Timely and Valid | 510 | Exhibits C; C-1 |
| Excusable Untimely | 27 | Exhibit D |
| Excusable Delivery Method | 17 | Exhibit E |
| Invalid | 50 | Exhibit F |
| **Total** | **604** | |

6.  Epiq has received and recorded 510 requests for exclusion in the category "Timely and Valid." These exclusion requests were received via mail and postmarked by February 17, 2021, or in the case of UBS Notice, April 27, 2021. These requests for exclusion were sent to the correct address designated in the Detailed Notice and Summary Notice, included the required language or its substantive equivalent, contained the required contact information, and had a proper signature. Exhibit C lists these 510 requests at the corporate parent level, and Exhibit C-1 lists subsidiaries of certain parent entities.

7.      Epiq has received and recorded 27 requests for exclusion in the category "Excusable Untimely." The only deficiency with these exclusion requests is that they were not postmarked by their respective deadline. Certain foreign class members in this category contacted Epiq or Class Counsel about receiving a Summary Notice only a few days or weeks before the February 17, 2021 deadline, while others missed the deadline entirely, because of postal delays caused by the COVID-19 pandemic. Class Counsel responded by email to these class members that they would request the Court approve their untimely Requests for Exclusion. These exclusion requests are listed in Exhibit D.

8.      Epiq has received and recorded 17 requests for exclusion in the category "Excusable Delivery Method." These requests were from Litigation Class Members who requested an exception to the mailing requirement and requested that their exclusion be accepted by email instead due to postal delays (including lost mail), couriers refusing to deliver to P.O. boxes, Covid-19 related delays, or claimed sovereign status. All 17 of these class members sent Epiq or Class Counsel an email indicating their intention to opt-out of the Certified Litigation Class, and these emails included all the required information to opt-out of the Certified Litigation Class. These exclusion requests are listed in Exhibit E.

9.      Epiq has received and recorded 50 requests for exclusion in the category "Invalid." These requests lack a combination of required information because they are: (i) missing a signature or contain an illegible signature; (ii) missing a complete phone number and/or address; and/or (iii) missing a printed representative's name. If the invalid request was received before the opt-out deadline, Epiq or Class Counsel sent an email with instructions on how to submit a valid request so that the request could be cured before the deadline. These exclusion requests are listed in Exhibit F.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge.

Executed on November 22, 2021 in Madrid, Nebraska.

_____
Charles Marr, Esq.