

**DICELLO LEVITT GUTZLER**

ONE GRAND CENTRAL PLACE 60 E. 42ND STREET SUITE 2400 NEW YORK, NEW YORK 10165

F. FRANKLIN AMANAT
FAMANAT@DICELLOLEVITT.COM
646.933.1000 EXT 502
646.678.1737 (CELL)

November 30, 2021

**BY ECF**

Honorable Lorna G. Schofield
United States District Judge
Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square
New York, New York 10007

    **Re:** *In re Foreign Exchange Benchmark Rates Antitrust Litigation*
       **No. 1:13-cv-07789-LGS (S.D.N.Y.)**

Dear Judge Schofield:

  We represent Forex Capital Markets, LLC, Lucid Markets LLP, FXDirectDealer, LLC, Virtu Financial LLC, Mapleridge Capital Corporation, TG Capital Fund LP, and Contrarian Capital Management, LLC, as well as other members of the certified settlement class in the above-referenced action. Each of these entities has filed claims with the class settlement fund under the Plan of Distribution in this matter.

  We respectfully ask the Court to vacate or abate the Order it entered last evening under ECF No. 1633, which approved the motion that Class Counsel filed last Wednesday, November 24 (ECF No. 1627), seeking approval of a second distribution of the settlement fund and distribution of attorneys' fees. At the time the Court entered its Order, we were preparing to submit a letter on behalf of the aforementioned claimants advising the Court that those entities oppose Class Counsel's motion on multiple grounds and intend to submit a memorandum detailing the bases for their opposition. Our letter was filed at ECF No. 1635 shortly after the Order was entered, and, not yet having appeared in the case, we were not aware that the Court had already entered the Order at the time the letter was filed.

  We respectfully submit that there are strong reasons in the interests of justice for the Court to vacate or abate the Order approving Class Counsel's motion to distribute. At the time the Court entered the Order it was not yet aware that a significant number of class members

oppose the motion and therefore endorsed the motion on the understandable belief that it was unopposed. However, given that we informed the Court, well within the fourteen-day period allowed by the Local Rules for responding to motions (and, in fact, on the first court day after the motion was filed), that our clients and other class members intend to file papers in opposition to the motion by December 8 (also within the fourteen-day period), we respectfully submit that equity and due process dictate that the Court must set aside the Order and give the opposing class members a full and fair opportunity to be heard before any decision is made on Class Counsel's motion.

The need to ensure that opposing class members have a meaningful opportunity to voice their opposition to Class Counsel's motion is particularly critical given that many of the grounds for opposition are rooted in serious concerns about Class Counsel's and the Claims Administrator's administration of the settlement fund, which has resulted in a process that is non-transparent, unfair, and inequitable, raising significant class-wide issues of due process.

What is more, our clients (and other class members with whom we have spoken) dispute Class Counsel's representation that because the Claims Administrator has allegedly processed, on a nominal basis, 96% of claims against the fund, distributing proceeds to approved claims within that group would constitute a "substantial distribution of the Settlement Fund." The reality, reflected in Class Counsel's own published statistics, but completely absent from Class Counsel's motion, is that, on a recovery dollar basis, the remaining "pending claims" amount to more than half of the total value of the $2,310,275,000 fund, and could amount to as much as 75% of the settlement fund. Under these circumstances, and for other reasons to be fleshed out in the opposition memoranda, a distribution from the fund and award of attorneys' fees at this juncture is inappropriate.

Again, consistent with S.D.N.Y. L.R. 6.1(b), we respectfully ask that the Court vacate or abate its Order and give class members fourteen days from the date that Class Counsel filed their motion—through December 8, 2021—to submit papers in opposition to the motion.

We appreciate the Court's time and attention to this matter.

Respectfully submitted,

F. Franklin Amanat
DiCELLO LEVITT GUTZLER LLC

cc:   Class Counsel (by ECF and email)
      All Counsel of Record (by ECF)