April 1, 2022

**<u>Via ECF</u>**

Honorable Lorna G. Schofield
U.S. District Court
Southern District of New York
Thurgood Marshall Courthouse
40 Foley Square
New York, NY 10007

      Re:   *In re Foreign Exchange Benchmark Rates Antitrust Litigation*
               Case No. 1:13-cv-07789-LGS

Dear Judge Schofield:

      Having lost at summary judgment and in a belated effort to avoid trial, Credit Suisse requests that the Court take the "extreme step" of decertifying the class. But even with full briefing, Credit Suisse cannot satisfy its "heavy burden" to show a compelling reason to decertify, such as "'an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.'" *H. Christina Chen-Oster v. Goldman, Sachs & Co.*, 10 Civ. 6950 (AT) (RWL), 2022 WL 814074, at *19 (S.D.N.Y. Mar. 17, 2022) (citation omitted). Credit Suisse's failure to articulate the legal standard for decertification underlies the meritless nature of its argument that the Court improvidently certified the class.

      On September 3, 2019, the Court denied Plaintiffs' request to certify a 23(b)(3) damages class, but certified a Rule 23(c)(4) "Issue Class" for adjudication of two issues: "(1) the existence of a conspiracy to widen spreads in the spot market and (2) the CS Defendants' participation in the conspiracy." ECF No. 1331 at 19. "[A] court may employ subsection (c)(4) to certify a class as to liability regardless of whether the claim as a whole satisfies Rule 23(b)(3)'s predominance requirement." *In re Nassau Cty. Strip Search Cases*, 461 F.3d 219, 227 (2d Cir. 2006). The Court determined the Issue Class satisfied Rule 23(a) and met Rule 23(b)(3)'s predominance and superiority requirements. ECF No. 1331 at 20-22. The Court explained that whether Credit Suisse participated in a conspiracy is a common issue that the Issue Class efficiently resolves for all class members, setting the course for future proceedings. *Id*., at 19-20. Credit Suisse neither sought reconsideration nor filed a Rule 23(f) appeal.

      Summary judgment in this case demonstrated that the Court correctly determined that common issues predominated over individualized ones. Predominance requires that "(1) resolution of any 'material legal or factual questions . . . can be achieved through generalized proof,' and (2) 'these [common] issues are more substantial than the issues subject only to individualized proof.'" *In re Petrobras Sec.*, 862 F.3d 250, 270 (2d Cir. 2017). At summary judgment, **both** parties relied entirely on generalized proof of a common issue to argue that judgment should be entered in their favor and neither party raised individualized issues. *See Chen-Oster*, 2022 WL 814074, at *23 (noting "summary judgment illustrate[s] this predominance, as each party believes they are entitled to summary judgment, which would apply to the entire class"). Using common evidence, the Court's summary judgment opinion provided examples of direct and indirect "strong" evidence of "an agreement and common goal to widen spreads" and "cooperative" parallel conduct to achieve that goal. ECF No. 1650 at 11-18. By certifying the

Honorable Lorna G. Schofield
April 1, 2022
Page 2

Issue Class, the Court justly provided the superior means to determine the existence of the illegal agreement and "the scope of [this] shared illegal [common] goal." *Id*., at 9.

**No Change in Controlling Law**.  With trial looming in October, Credit Suisse now erroneously claims that Plaintiffs cannot determine class membership on a class-wide basis and therefore the Issue Class fails to satisfy both predominance and superiority.  ECF No. 1665 at 1.  Credit Suisse conflates standing required to recover individual damages with standing required at class certification.  ECF No. 1665 at 2.  Credit Suisse's class membership argument "has been foreclosed by the law of the Circuit." *Chen-Oster*, 2022 WL 814074, at *19.

As to standing, the Second Circuit "'do[es] not require that each member of a class submit evidence of personal standing.'" *Id*. (quoting *Denney v. Deutsche Bank AG*, 443 F.3d 253, 263 (2d Cir. 2006)).  "'Once it is ascertained that there is a named plaintiff with the requisite standing, however, there is no requirement that the members of the class also proffer such evidence.'" *Denney*, 443 F.3d at 263.  *TransUnion LLC v. Ramirez*, 141 S. Ct. 2190, 2208 (2021), did not change the result, because the Supreme Court's decision dealt with the necessity of Article III standing to ***recover individual damages*** and not "the 'distinct question' of whether each member of the class must demonstrate standing during class certification." *Chen-Oster*, 2022 WL 814074, at *19.  Here, named representatives have demonstrated standing.

Regarding class definition, the Second Circuit requires that a class must be "defined using objective criteria that establish a membership with definitive boundaries." *Petrobras*, 862 F.3d at 270.  This Court used the following objective criteria: (1) date of trade; (2) minimum number of certain types of trade; (3) specified counterparties; (4) specified currency pairs; (5) type of platform; (6) counter party role in liquidity provision; and (7) whether the transaction was concluded in the U.S.  ECF No. 1331 at 25.  "Because the class definition used here makes clear that all class members were subject to the [conspiracy] at issue, there is sufficient standing to maintain the certification of the class." *Chen-Oster*, 2022 WL 814074, at *20.

Contrary to Credit Suisse's argument, *Nypl v. JP Morgan Chase & Co.*, 15-CIV-9300 (LGS), 2022 WL 819771 (S.D.N.Y. Mar. 18, 2022) does not support decertification.  *Nypl* simply determined that individualized inquiry would be required to identify trades where class members were injured. *Id*., at *8.  That is the same result the Court reached in this case regarding Plaintiffs' 23(b)(3) damages class.  ECF No. 1331 at 17-19.  "[T]he fact that an injury may be outweighed by other benefits, while often sufficient to defeat a claim for damages, does not negate standing." *Denney*, 443 F.3d at 265.  Credit Suisse's argument, like those disposed of in *Chen-Oster*, raises "[i]ssues relating to damages and the possible need for individualized findings [which] are not relevant at this stage of the case where common questions of liability predominate." *Chen-Oster*, 2022 WL 814074, at *23.  Moreover, the Issue Class does not suffer from the "fail-safe" defect found in *Nypl*, because membership is not predicated on a determination of being injured.

**No New Evidence**.  Credit Suisse proffers no new evidence justifying decertification of the Issue Class.  Credit Suisse's suggestion that an interrogatory answered in October 2021 constitutes a compelling reason to decertify is risible.  Credit Suisse had the interrogatory response

before moving for summary judgment on a class-wide basis. The Court should reject Credit Suisse's attempt to "relitigate the class certification issue by cobbling together previously reviewed evidence, previously available evidence, and scraps of new evidence." *Jacob v. Duane Reade, Inc.*, 11-cv-0160, 2016 WL 3221148, at *2 (S.D.N.Y. June 9, 2016).

**No Manifest Injustice**. Credit Suisse fails to demonstrate that the Court's ruling was clearly erroneous or manifestly unjust. *See Jacob*, 2016 WL 3221148, at *7. Notably, Credit Suisse participated in, and did not object to, the Class notice, which was approved by the Court in November 2020. *See* ECF No. 1546. Credit Suisse could have raised these issues prior to notifying the Class. In fact, decertification at the stage of this litigation will prejudice class members. *Gortat v. Capala Bros., Inc.*, No. 07 CIV. 3629, 2012 WL 1116495, at *7 (E.D.N.Y. Apr. 3, 2012) ("Such an 11th hour motion is of the sort that, if granted, would prejudice members of the class who have not taken independent steps to protect their rights precisely because they were members of the class."), *aff'd*, 568 F. App'x 78 (2d Cir. 2014).

**No Seventh Amendment Issues**. "Trying a bifurcated claim before separate juries does not run afoul of the Seventh Amendment" so long as there is "sound case management." *Robinson v. Metro-N. Commuter R.R. Co.*, 267 F.3d 147, 169 n.13 (2d Cir. 2001), *abrogated on other grounds by Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338 (2011). "Procedural safeguards such as the special verdict and carefully crafted jury instructions" will allow the Court to address any Seventh Amendment concerns. *Simon v. Philip Morris Inc.*, 200 F.R.D. 21, 50 (E.D.N.Y. 2001). For example, the Court may request the jury deciding the existence of a conspiracy to return a special verdict form under Rule 49(a) specifying the scope of the conspiracy, *i.e.*, identify the Credit Suisse co-conspirators and the currency pairs involved. *Id.* The special verdict form could then be read as a binding finding to juries deciding damages.

Credit Suisse's reliance on *Blyden v. Mancusi*, 186 F.3d 252, 268-69 (2d Cir. 1999), and *Matter of Rhone-Poulenc Rorer, Inc.*, 51 F.3d 1293, 1303 (7th Cir. 1995), is misplaced. In *Blyden*, the court found a Seventh Amendment violation only because "both the liability . . . and the damages juries were asked to determine whether the same acts constituted 'reprisals.'" Likewise, in *Rhone-Poulenc*, the court found a Seventh Amendment issue because the second jury would decide overlapping issues regarding defendants' negligence. Here, in any subsequent damages trial, the jury will not have occasion to revisit the two certified issues decided at the October trial.

**No Decertification**. Credit Suisse cannot meet its heavy burden to decertify the Issue Class. There has been no change in controlling law, no new evidence, no clear error or manifest injustice. Credit Suisse's argument merely conflates standing to recover damages with standing for class certification. Summary judgment demonstrated that the Issue Class will use common proof to prove a conspiracy claim to widen spreads in the FX market. Class treatment is superior to multiple, costly, and potentially inconsistent adjudications. The Court should affirm its decision to certify the Issue Class and deny Credit Suisse's request for further briefing.

Honorable Lorna G. Schofield
April 1, 2022
Page 4

Respectfully submitted,

| SCOTT+SCOTT ATTORNEYS AT LAW LLP | HAUSFELD LLP |
|---|---|
| *s*/ Christopher M. Burke | *s*/ Michael D. Hausfeld |
| Christopher M. Burke | Michael D. Hausfeld |
| 600 W. Broadway, Suite 3300 | 888 16th Street NW, Suite 300 |
| San Diego, CA 92101 | Washington, DC 20006 |
| Telephone: 619-233-4565 | Telephone: 202-540-7200 |
| cburke@scott-scott.com | mhausfeld@hausfeld.com |

*Attorneys for Plaintiffs*