# EXHIBIT 2

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| IN RE FOREIGN EXCHANGE BENCHMARK RATES ANTITRUST LITIGATION | No. 1:13-cv-07789-LGS |

**PLAINTIFFS' RESPONSES AND OBJECTIONS TO THE CREDIT SUISSE**
**DEFENDANTS' FIRST SET OF INTERROGATORIES**

Pursuant to Federal Rules of Civil Procedure 26 and 33 and Local Rule 33.3 of the

United States District Court for the Southern District of New York, Plaintiffs in the above-

caption action hereby submit the following objections and responses ("Responses") to the Credit

Suisse Defendants' ("Credit Suisse's") First Set of Interrogatories, dated September 25, 2020

(the "Interrogatories").

**<u>GENERAL OBJECTIONS AND RESPONSES</u>**

Each of the following general objections is hereby incorporated into each of the following

Responses to Credit Suisse's Interrogatories as though stated specifically in each Response. The

Responses set forth below are based upon information and documents currently available to

Plaintiffs. Plaintiffs have made a diligent and good faith effort to obtain information with which

to respond to the Interrogatories, and discovery in this matter is ongoing. Additional investigation

may disclose further information relevant to these Responses, as could information and documents

obtained through Defendants and third parties. Accordingly, Plaintiffs reserve the right to amend,

alter, supplement, modify, or otherwise revise these Responses when, as, or if such amendments,

alteration, supplements, modifications, or revisions become appropriate or warranted under the

Highly Confidential – Attorneys' Eyes Only

Federal Rules and Local Rules of the United States District Court for the Southern District of New York ("Local Rules").

1.      Plaintiffs object to these Interrogatories to the extent that they seek to impose burdens or obligations inconsistent with, or in excess of, those imposed by the Federal Rules of Civil Procedure, the Local Rules, or any other applicable rules and statutes. In particular, Plaintiffs object to the Interrogatories to the extent that they seek information beyond what is permitted under Local Rule 33.3(c). By responding to any of the interrogatories or failing to specifically refer to or specify any particular General Objection in response to a specific interrogatory, Plaintiffs do not waive any of these General Objections, nor admit or concede the appropriateness of any purported interrogatory or any assumptions contained therein.

2.      Plaintiffs object to these Interrogatories to the extent that they seek information protected from disclosure by the attorney-client privilege, the attorney-work-product doctrine, or any other applicable privilege, protection or immunity. No information subject to such privilege, protection, or immunity will be provided.

3.      Plaintiffs object to these Interrogatories to the extent that they are vague or ambiguous.

4.      Plaintiffs object to these Interrogatories to the extent they seek documents or information that (a) is already in Credit Suisse's possession, custody, or control; (b) is in the possession, custody, or control of third parties; (c) is in the public domain; (d) is otherwise more accessible to Credit Suisse than to Plaintiffs or as accessible to Credit Suisse as to Plaintiffs; or (e) can more reasonably and conveniently be obtained from a source other than Plaintiffs.

5.      Plaintiffs object to any request that seeks to improperly compartmentalize or isolate the allegations and supporting evidence of an overarching conspiracy among Defendants to fix

Highly Confidential – Attorneys' Eyes Only

prices by artificially widening spreads on FX instruments. Similarly, Plaintiffs object to any Interrogatory that asks Plaintiffs to parse out any evidence they have supporting any "agreement" between less than all Defendants on any specific aspect of the overarching conspiracy. *See, e.g., United States v. Apple, Inc.*, 791 F.3d 290, 319 (2d Cir. 2015) (in determining whether evidence created an inference of conspiracy, antitrust conspiracy evidence must not be deconstructed into its component parts but must be viewed "as a whole").

6.      Plaintiffs object to each request to the extent that it seeks information beyond the scope of the issues certified for classwide adjudication under Rule 23(c)(4) in the Court's September 3, 2019 Opinion and Order Regarding Class Certification (ECF 1331). The Court has certified the Class for the adjudication of two issues: (1) the existence of a conspiracy to widen spreads in the spot market and (2) Credit Suisse's participation in the conspiracy. Requests that seek information outside the scope of what the parties must prove with respect to these issues are overbroad, unduly burdensome, and disproportionate to the needs of the case.

7.      In response to these Interrogatories, Plaintiffs do not concede that any of the Responses or information contained herein is relevant or admissible. Plaintiffs reserve the right to object, on the grounds of competency, privilege, relevance, materiality, or otherwise, to the use of this information for any purpose, in whole or in part, in this action or any other action.

## OBJECTIONS TO DEFINITIONS AND INSTRUCTIONS

8.      Plaintiffs object to Instruction 3 as vague, ambiguous, overly broad, and unduly burdensome to the extent the requests encompass persons or entities other than the class representatives or other persons or entities who are outside of Plaintiffs' control.

9.      Plaintiffs object to the Definition of "FX-Related Transactions" as overbroad and unduly burdensome to the extent it encompasses transactions "regardless of whether" they were

Highly Confidential – Attorneys' Eyes Only

"merely contemplated or actually executed." Responding to these Interrogatories based on transactions that were "merely contemplated" but never executed would be unduly burdensome and disproportionate to the needs of the case.

10.     Plaintiffs object to the Definition of "Order" as overbroad and unduly burdensome to the extent it encompasses "any" "agreement to exchange things of value regardless of form or structure." To the extent this definition reaches agreements to exchange things of value outside of the FX transactions at issue in this litigation or transactions for which reliable data are not available, it is overly broad and unduly burdensome.

<h3 style="text-align:center"><u>OFFER TO MEET AND CONFER</u></h3>

Plaintiffs offer to meet and confer in good faith with counsel for Credit Suisse concerning these Responses.

<h3 style="text-align:center"><u>SPECIFIC OBJECTIONS AND RESPONSES</u></h3>

#### <u>Interrogatory No. 1</u>

Do You contend that Defendants entered into an unlawful agreement with each other to fix bid-ask spreads? If Your response is anything other than an unqualified "no:" (a) identify every entity and person whom you believe participated in the alleged unlawful agreement and the specific date (day, month, year) when that entity or person became a participant in the alleged unlawful agreement, (b) describe in detail every act that each such entity and person took to manifest its decision to join the alleged unlawful agreement, (c) state every alleged object or result of the alleged unlawful agreement, and (d) state with particularity the precise terms of the alleged unlawful agreement, including any changes therein during the Class Period.

#### <u>Response to Interrogatory No. 1</u>

Plaintiffs object to this Interrogatory to the extent that the terms and phrases "participated," "became a participant," "manifest its decision," "object or result" and "terms" are vague and ambiguous. Plaintiffs further object to this Interrogatory as overbroad, unduly burdensome, and disproportionate to the needs of the case because it asks Plaintiffs to identify "every" entity, person,

4

Highly Confidential – Attorneys' Eyes Only

Plaintiffs object to this Interrogatory to the extent that the terms "led," "impacted," and "algorithmically" are vague and ambiguous. Moreover, the Interrogatory seeks information that is beyond the scope of what Plaintiffs (or Defendants) must prove at trial. At this stage of the litigation, Plaintiffs need not prove that any particular transaction was an "Eligible Transaction." Plaintiffs further object to this Interrogatory because it seeks information outside the scope of the certified issues under Rule 23(c)(4), and Plaintiffs incorporate by reference Objection No. 6. Because this Interrogatory requests information that is beyond the scope of the issues that must be proven at this stage of the litigation and outside the scope of the issues certified by the Court under Rule 23(c)(4), responding to this request would be unduly burdensome and disproportionate to the needs of the case. Plaintiffs object to this objection pursuant to the local Rule 33.3(c) which condemns interrogatories like this one which will not "to assist parties in narrowing and clarifying the disputed issues." *Pasternak*, 2011 WL 4552389 at *3.  Plaintiffs have already produced expert discovery in this Action, and this request is more properly addressed by expert testimony, if at all. Finally, such information is generally more readily available to Defendants than to Plaintiffs.

Subject to and without waiver of the foregoing, Plaintiffs offer to meet and confer regarding this interrogatory.

**Interrogatory No. 11**

Identify each member of the Rule 23(c)(4) OTC Class as defined in the Court's September 3, 2019 Opinion and Order, Dkt. No. 1331, describing in detail how You determined whether the person or entity entered into ten or more Eligible Transactions with a Defendant.

**Response to Interrogatory No. 11**

Plaintiffs object that this Interrogatory is overbroad and unduly burdensome to the extent it purports to require Plaintiffs to identify each and every member of the OTC Class. There is no

Highly Confidential – Attorneys' Eyes Only

legal basis for such a request, and it would be unduly burdensome to require Plaintiffs to identify

each and every Class member and "describe in detail" how their membership in the class was

determined. Under the Local Rules and practices of this District, interrogatories "are not

designed to reveal new information to the opposing side," but rather "to assist parties in

narrowing and clarifying the disputed issues." *Pasternak*, 2011 WL 4552389 at *3. Moreover,

such a showing is beyond what Plaintiffs are required to prove, and thus the request is unduly

burdensome and seeks information not relevant to this litigation. Because this Interrogatory

requests information that is beyond the scope of the issues that must be proven at this stage of the

litigation and outside the scope of the issues certified by the Court under Rule 23(c)(4), the

request seeks irrelevant information, and responding to this request would be unduly burdensome

and disproportionate to the needs of the case.

Subject to and without waiver of the foregoing, Plaintiffs offer to meet and confer regarding

this interrogatory.

**Interrogatory No. 12**

For each transaction reflected in the Unified FX Cash Extract as set forth in the May 31, 2018 Expert Report of Robin Poynder: Bank Data, identify whether you contend that the transaction is an Eligible Transaction.

**Response to Interrogatory No. 12**

Plaintiffs object that this Interrogatory is overbroad and unduly burdensome to the extent

it purports to require Plaintiffs to identify, on a transaction-by-transaction basis, whether each

and every transaction reflected in the Unified FX Cash Extract is an eligible transaction.

Moreover, the Interrogatory seeks information that is beyond the scope of what Plaintiffs (or

Defendants) must prove at trial. At this stage of the litigation, Plaintiffs need not prove that any

particular transaction was an "Eligible Transaction." Plaintiffs further object to this Interrogatory

34

Highly Confidential – Attorneys' Eyes Only

because it seeks information outside the scope of the certified issues under Rule 23(c)(4), and

Plaintiffs incorporate by reference Objection No. 6. Because this Interrogatory requests

information that is beyond the scope of the issues that must be proven at this stage of the

litigation and outside the scope of the issues certified by the Court under Rule 23(c)(4), the

request seeks irrelevant information,  and responding to this request would be unduly

burdensome and disproportionate to the needs of the case.  Plaintiffs object to this objection

pursuant to the local Rule 33.3(c) which condemns interrogatories like this one which will not

"to assist parties in narrowing and clarifying the disputed issues." *Pasternak*, 2011 WL 4552389

at *3.  Plaintiffs have already produced expert discovery in this Action, and this request is more

properly addressed by expert testimony, if at all.

Subject to and without waiver of the foregoing, Plaintiffs offer to meet and confer regarding

this interrogatory.


**Interrogatory No. 13**

For each transaction in the Unified FX Cash Extract as set forth in the May 31, 2018 Expert
Report of Robin Poynder: Bank Data, identify whether the transaction resulted from a two-way
price quote by a Defendant to the Class member.

**Response to Interrogatory No. 13**

Plaintiffs object to this Interrogatory to the extent that the terms "resulted from" and

"two-way price quote" are vague and ambiguous. Plaintiffs further object that this Interrogatory

is overbroad and unduly burdensome to the extent it purports to require Plaintiffs to identify

whether each and every transaction resulted from a certain price quote. There is no legal basis for

such a request, and it would be unduly burdensome to require Plaintiffs to provide such

information for each and every transaction. Moreover, the Interrogatory seeks information that is

beyond the scope of what Plaintiffs (or Defendants) must prove at trial. At this stage of the

Highly Confidential – Attorneys' Eyes Only

litigation, Plaintiffs need not prove, on a transaction-by-transaction basis, that any particular

transaction resulted from a two-way price quote. Plaintiffs further object to this Interrogatory

because it seeks information outside the scope of the certified issues under Rule 23(c)(4), and

Plaintiffs incorporate by reference Objection No. 6. Because this Interrogatory requests

information that is beyond the scope of the issues that must be proven at this stage of the

litigation and outside the scope of the issues certified by the Court under Rule 23(c)(4), the

request seeks irrelevant information and responding to this request would be unduly burdensome

and disproportionate to the needs of the case.  Plaintiffs object to this objection pursuant to the

local Rule 33.3(c) which condemns interrogatories like this one which will not "to assist parties

in narrowing and clarifying the disputed issues." *Pasternak*, 2011 WL 4552389 at *3.  Plaintiffs

have already produced expert discovery in this Action, and this request is more properly

addressed by expert testimony, if at all. Finally, such information is generally more readily

available to Defendants than to Plaintiffs.

Subject to and without waiver of the foregoing, Plaintiffs offer to meet and confer regarding

this interrogatory.


**Interrogatory No. 14**

Do You contend that Defendants that the alleged unlawful agreement led to wider bid-ask spreads for Class members' FX forwards, FX swaps, and FX options transactions? If Your response is anything other than an unqualified "no:" identify the mechanisms or processes leading to such changes in the markets for FX forwards, FX swaps, and FX options.

Plaintiffs object to this Interrogatory because it is unintelligible as written. Because the

Interrogatory appears to contain a scrivener's error, Plaintiffs will respond to the request

assuming that the phrase "that Defendants" was added to the first sentence of the request in error.

Plaintiffs further object to this Interrogatory to the extent that the terms "mechanisms,"