June 13, 2022

**Via ECF**

Honorable Lorna G. Schofield
U.S. District Court
Southern District of New York
Thurgood Marshall Courthouse
40 Foley Square
New York, NY 10007

      Re:    *In re Foreign Exchange Benchmark Rates Antitrust Litigation*
              Case No. 1:13-cv-07789-LGS

Dear Judge Schofield:

      Plaintiffs write to provide supplemental authority for their opposition to Credit Suisse's motion to decertify. *In re Broiler Chicken Antitrust Litig.*, 16-cv-08637, ECF No. 5644 (N.D. Ill. May 27, 2022) (Ex. A) ("*Broiler*"), concerned an alleged price-fixing conspiracy in the market for broiler chickens. The court certified three Rule 23(b)(3) classes: a direct purchaser class, an indirect purchaser class, and an end-user consumer class.

      *Broiler* reiterates the settled rule that the existence of a price-fixing conspiracy and defendants' participation therein is a common question that can and should be answered for all class members in a single trial. "[T]his 'type of alleged conspiracy is the prototypical example of an issue where common questions predominate, because it is much more efficient to have a single trial on the alleged conspiracy rather than thousands of identical trials all alleging identical conspiracies based on identical evidence.'" *Broiler* at 15 (quoting *Kleen Prods. LLC v. Int'l Paper*, 306 F.R.D. 585, 594 (N.D. Ill. 2015)).

      In *Broiler*, the end-user class, with some exceptions, comprised all persons who indirectly purchased raw chicken from the defendants or their co-conspirators for personal consumption.[1] The *Broiler* court certified the end-user class under Rule 23(b)(3) recognizing there was no common proof of class membership.[2] Like Credit Suisse, the *Broiler* defendants argued that the end-user class was "so large and unmanageable that the Court will be unable to actually 'ascertain' the injured individuals **who qualify under the class definition without 'multiple individualized inquiries**.'" *Id.* (emphasis added). The *Broiler* court rejected defendants' argument that "Plaintiffs are required to demonstrate 'that there is a reliable and administratively feasible way to identify all who fall within the class definition.'" *Id.* (quoting *Mullins v. Direct Digital, LLC*, 795 F.3d 654, 657 (7th Cir. 2015)). Notably, the Second Circuit had previously cited *Mullins* when it

---

[1]     The end-users defined their class as: "All persons and entities who indirectly purchased the following types [of] raw chicken, whether fresh or frozen: whole birds (with or without giblets), whole cut-up birds purchased within a package, breast cuts or tenderloin cuts, but excluding chicken that is marketed as halal, kosher, free range, organic, diced, minced, ground, seasoned, flavored or breaded – from defendants or co-conspirators for personal consumption in the Repealer Jurisdictions from January 1, 2012 to July 31, 2019." *Broiler* at 4.

[2]     The *Broiler* court found that "the potential that the Court will be forced to identify class members 'by affidavits from the putative class members' . . . is not a basis to deny certification." *Id.* at 54 (citation omitted).

declined to impose a heightened ascertainability requirement. *In re Petrobras Securities*, 862 F.3d 250, 265, 268 (2d Cir. 2017).[3]

Respectfully submitted,

| SCOTT+SCOTT ATTORNEYS AT LAW LLP | HAUSFELD LLP |
|---|---|
| *s/* Christopher M. Burke | *s/* Michael D. Hausfeld |
| Christopher M. Burke | Michael D. Hausfeld |
| 600 W. Broadway, Suite 3300 | 888 16th Street NW, Suite 300 |
| San Diego, CA 92101 | Washington, DC 20006 |
| Telephone: 619-233-4565 | Telephone: 202-540-7200 |
| cburke@scott-scott.com | mhausfeld@hausfeld.com |

*Attorneys for Plaintiffs*

---

[3] Both the Seventh and Second Circuits rejected *Marcus v. BMW of N. Am., LLC*, 687 F.3d 583, 594 (3d Cir. 2012), the Third Circuit case upon which Credit Suisse relies. *Mullins*, 795 F.3d at 661-62; *Petrobras*, 862 F.3d at 265.