**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| IN RE FOREIGN EXCHANGE BENCHMARK RATES ANTITRUST LITIGATION | No. 1:13-cv-07789-LGS |

**[PROPOSED] ORDER APPROVING THE THIRD DISTRIBUTION OF THE SETTLEMENT FUND**

WHEREAS, on March 8, 2019, this Court approved payment of an initial distribution of $54,006,248.60 from the Settlement Fund (the "Initial Distribution") (ECF No. 1230) to 26,937 Authorized Claims ("Initial Distribution Claims");

WHEREAS, on November 29, 2021, this Court approved payment of a second distribution of $435,114,487.03 from the Settlement Fund (the "Second Distribution") (ECF No. 1633) to 22,904 Authorized Claims ("Second Distribution Claims");

WHEREAS Plaintiffs, by and through their counsel, Scott+Scott Attorneys at Law LLP and Hausfeld LLP ("Class Counsel"), have moved this Court for entry of this [Proposed] Order Approving a Third Distribution of the Settlement Fund, and the Court, having considered all materials and arguments submitted in support of the Motion, including the Declaration of Loree Kovach (the "Kovach Declaration") and Memorandum in Support of Plaintiffs' Motion for Entry of an Order Approving a Third Distribution of the Settlement Fund submitted therewith;

NOW, THEREFORE, IT IS HEREBY ORDERED THAT:

1. This Order incorporates by reference the definitions in the Stipulations and Agreements of Settlement filed in this Action (ECF Nos. 481) (Exs. 1-9), 822 (Exs. 1-5), 877 (Ex.

1) (the "Settlements"), and all capitalized terms, unless otherwise defined herein, shall have the same meanings as set forth in the Settlements or the Kovach Declaration.

  2.  The Court has jurisdiction over the subject matter of the Action and over all the parties to the Action, including all Settlement Class Members.

  3.  Plaintiffs' plan for the third distribution of the Settlement Fund to Authorized Claimants is **APPROVED**. Accordingly,

    a.  The administrative recommendations of the Court-appointed Claims Administrator, Epiq Systems, Inc. ("Epiq"), to accept or accept in part the Authorized Claims set forth in Exhibits 1, 2, and 3 to the Kovach Declaration are approved.

    b.  Epiq shall conduct a "Third Distribution" of the Net Settlement Fund as follows:

      i.  Authorized Claimants listed in Exhibit 1 to the Kovach Declaration shall be paid $15. These Authorized Claimants will receive no additional funds in any subsequent distributions.

      ii.  Authorized Claimants listed in Exhibit 2 to the Kovach Declaration shall be paid $150. These Authorized Claimants will receive no additional funds in any subsequent distributions.

      iii.  Authorized Claimants listed in Exhibit 3 to the Kovach Declaration shall be paid their respective *pro rata* shares, subject to a 40% holdback on all claims exceeding $150, which will be held in reserve (the "Reserve") until the participation rate by volume and amount of the Net Settlement Fund are determined. The Reserve may also be used to address any contingencies that may arise after the distribution with respect to claims (including any appeals) and/or to

pay for any Court-authorized future fees or expenses incurred in connection with administering the Settlements.  To the extent the Reserve is not depleted, the remainder will be distributed in a subsequent distribution(s) to Authorized Claimants receiving *pro rata* payments.

c. Epiq shall distribute payments to Authorized Claimants entitled to a *de minimis* payment ($15), automatic payment ($150), and a single *pro rata* payment below $1,000 (*i.e.*, not part of a bulk submission or multiple payments going to a single filer) by check; Epiq shall distribute payments to Authorized Claimants entitled to *pro rata* payments of $1,000 or more in the form of check or wire.  Authorized Claimants who provide deficient wire instructions shall receive a check.

d. In order to encourage Authorized Claimants to promptly deposit their distribution checks, and to avoid or reduce future expenses relating to unpaid distribution checks, all distribution checks will bear a notation "CASH PROMPTLY; VOID AND SUBJECT TO RE-DISTRIBUTION IF NOT NEGOTIATED BY [DATE 90 DAYS AFTER ISSUE DATE]."

e. Authorized Claimants who do not negotiate their funds within the time allotted will be presumed to forfeit any recovery for their respective Claim Forms from the Settlement Fund.  Any forfeited recoveries will become available for re-distribution as part of subsequent distribution(s), and Authorized Claimants who do not negotiate their funds will not be eligible to participate in any subsequent distribution(s).

4.  This Court retains jurisdiction to consider any further applications concerning the administration of the Settlements, and such other further relief as this Court deems appropriate.

IT IS SO ORDERED.

DATED: _____July 11_____, 2022
        New York, New York

_____
**LORNA G. SCHOFIELD**
**UNITED STATES DISTRICT JUDGE**

4