UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

--------------------------------------- x
In re FOREIGN EXCHANGE BENCHMARK       :  Civil Action No. 1:13-cv-07789-LGS
RATES ANTITRUST LITIGATION             :  (Consolidated)
--------------------------------------- x
                                          CLASS ACTION

                                          MEMORANDUM OF LAW IN SUPPORT
                                          OF PLAINTIFFS' MOTION *IN LIMINE*
                                          NO. 1 TO EXCLUDE PERCIPIENT
                                          WITNESSES FROM THE COURTROOM
                                          UNLESS THEY ARE TESTIFYING

4876-5002-3213.v1

Plaintiffs request all percipient witnesses be excluded from the courtroom except for one representative per party.  Fed. R. Evid. 615.  "Under Rule 615, sequestration is a matter 'of right' – when a party requests sequestration, the court must allow for it."  *United States v. Teman*, 465 F. Supp. 3d 277, 322 (S.D.N.Y. 2020).  "Rule 615 codified a well-established common law tradition of sequestering witnesses 'as a means of discouraging and exposing fabrication, inaccuracy, and collusion.'"  *United States v. Jackson*, 60 F.3d 128, 133 (2d Cir. 1995).

Plaintiffs also request that the Court enter an order precluding percipient witnesses from reading daily transcripts of the proceedings.  In *United States v. Friedman*, 854 F.2d 535 (2d Cir. 1988), the Circuit observed that witnesses' reading of trial transcripts "may violate an order excluding witnesses issued by a district court under Rule 615."  *Id.* at 568.  The Court has broad discretion to fashion a sequestration order that includes the prohibition of transcript review by percipient witnesses.

Further, sequestration under Rule 615 properly extends to opening and closing statements in order to fulfill the Rule's purpose of promoting truthful and accurate testimony that is not shaped by the remarks or testimony of others.  Christopher B. Mueller & Laird C. Kirkpatrick, Federal Evidence §339 at 561-62 (2d ed. 1994).

According to the Supreme Court:

> It is a common practice for a judge to instruct a witness not to discuss his or her testimony with third parties until the trial is complete.  Such nondiscussion orders are a corollary of the broader rule that witnesses may be sequestered to lessen the danger that their testimony will be influenced by hearing what other witnesses have to say, and to increase the likelihood that they will confine themselves to truthful statements based on their own recollections.

*Perry v. Leeke*, 488 U.S. 272, 281-82 (1989).

Plaintiffs will be prejudiced if the Court allows adverse witnesses to observe each other's testimony and consult with defense counsel before testifying.  The failure to enter such an order

would particularly handicap and prejudice Plaintiffs, because they will be presenting their case almost exclusively through adverse witnesses.  Indeed, many of the witnesses are former employees of Credit Suisse.  Moreover, an order excluding witnesses from the courtroom for the purpose of insulating them from others' testimony would be meaningless if they nonetheless learned of the testimony from others, including other witnesses or a party's counsel.[1]

For the reasons stated above, Plaintiffs request that the Court exclude all percipient witnesses, except Credit Suisse's single corporate representative, from the trial and that the Court enter an order prohibiting percipient witnesses from discussing the trial with other witnesses or attorneys involved in the case and forbidding witnesses to review daily transcripts.

DATED:  August 12, 2022                     Respectfully submitted,

SCOTT+ SCOTT ATTORNEYS AT LAW LLP
CHRISTOPHER M. BURKE (CB-3648)
WALTER W. NOSS (WN-0529)
KRISTEN M. ANDERSON (*pro hac vice*)
KATE LV (*pro hac vice*)

                     s/ Christopher M. Burke
CHRISTOPHER M. BURKE

600 West Broadway, Suite 3300
San Diego, CA  92101
Telephone:  619/233-4565
619/233-0508 (fax)
cburke@scott-scott.com
wnoss@scott-scott.com
kanderson@scott-scott.com
klv@scott-scott.com

---

[1]  While Plaintiffs do not dispute Credit Suisse's right to designate one natural person as its representative to sit in the courtroom, Credit Suisse should not be permitted to skirt Rule 615 by designating more than one representative. *See United States v. Hickman*, 151 F.3d 446, 453-54 (5th Cir. 1998) (abuse of discretion to permit government to designate two representatives as excepted from Rule 615 without finding that two agents were "essential"), *vacated on other grounds*, 165 F.3d 1020 (5th Cir. 1998).

SCOTT+ SCOTT ATTORNEYS AT LAW LLP
DAVID R. SCOTT (DS-8053)
JOSEPH P. GUGLIELMO (JG-2447)
DONALD A. BROGGI (DB-9661)
SYLVIA M. SOKOL (SS-0317)
THOMAS K. BOARDMAN (TB-0530)
The Helmsley Building
230 Park Avenue, 17th Floor
New York, NY  10169
Telephone:  212/223-6444
212/223-6334 (fax)
david.scott@scott-scott.com
jguglielmo@scott-scott.com
dbroggi@scott-scott.com
ssokol@scott-scott.com
tboardman@scott-scott.com

HAUSFELD LLP
MICHAEL D. HAUSFELD
REENA A. GAMBHIR (*pro hac vice*)
TIMOTHY S. KEARNS (*pro hac vice*)
NATHANIEL C. GIDDINGS (*pro hac vice*)
SARAH R. LAFRENIERE (*pro hac vice*)
888 16th Street NW, Suite 300
Washington, DC  20006
Telephone:  202/540-7143
202/540-7201 (fax)
mhausfeld@hausfeld.com
rgambhir@hausfeld.com
tkearns@hausfeld.com
ngiddings@hausfeld.com
slafreniere@hausfeld.com

HAUSFELD LLP
MICHAEL P. LEHMANN
CHRISTOPHER L. LEBSOCK (*pro hac vice*)
600 Montgomery Street, Suite 3200
San Francisco, CA  94111
Telephone:  415/633-1908
415/358-4980 (fax)
mlehmann@hausfeld.com
clebsock@hausfeld.com

>ROBBINS GELLER RUDMAN
>  & DOWD LLP
>PATRICK J. COUGHLIN (PC-5116)
>DAVID W. MITCHELL (*pro hac vice*)
>RANDI D. BANDMAN (RB-7278)
>ALEXANDRA S. BERNAY (*pro hac vice*
>pending)
>CARMEN A. MEDICI (*pro hac vice* pending)
>655 West Broadway, Suite 1900
>San Diego, CA  92101-8498
>Telephone:  619/231-1058
>619/231-7423 (fax)
>patc@rgrdlaw.com
>davidm@rgrdlaw.com
>randib@rgrdlaw.com
>xanb@rgrdlaw.com
>cmedici@rgrdlaw.com
>
>KOREIN TILLERY
>GEORGE A. ZELCS
>205 N. Michigan Avenue, Suite 1950
>Chicago, IL  60601-4269
>Telephone:  312/641-9760
>312/641-9751 (fax)
>gzelcs@koreintillery.com
>
>KOREIN TILLERY, LLC
>STEPHEN M. TILLERY
>STEVEN M. BEREZNEY
>505 North 7th Street, Suite 3600
>St. Louis, MO  63101
>Telephone:  314/241-4844
>314/241-3525 (fax)
>stillery@koreintillery.com
>sberezney@koreintillery.com
>
>*Class Counsel*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on August 12, 2022, I caused the foregoing to be electronically filed with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the email addresses denoted on the Electronic Mail Notice List.

                                                  s/ Christopher M. Burke
                                                  CHRISTOPHER M. BURKE

4876-5002-3213.v1