UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

| | | |
|---|---|---|
| | x | |
| In re FOREIGN EXCHANGE BENCHMARK | : | Civil Action No. 1:13-cv-07789-LGS |
| RATES ANTITRUST LITIGATION | : | (Consolidated) |
| | x | |

CLASS ACTION

MEMORANDUM OF LAW IN SUPPORT
OF PLAINTIFFS' MOTION *IN LIMINE*
NO. 4 TO EXCLUDE MENTION OF
TREBLE DAMAGES OR ATTORNEYS'
FEES

4878-6819-2557.v1

The Second Circuit has squarely held that district courts should not "permit reference before the jury to the fact that any eventual award will be trebled under the statute or that attorneys fees will be awarded to a prevailing party."  *HBE Leasing Corp. v. Frank*, 22 F.3d 41, 45 (2d Cir. 1994). Because this binding precedent applies here, the Court should enter an order precluding any mention of treble damages or attorneys' fees at trial.

As the Second Circuit noted in *HBE Leasing Corp.*, courts have "uniformly concluded" in a "cornucopia" of cases "that mentioning treble damages and attorneys fees to the jury is improper" in antitrust cases.  *Id.* at 46; *see also* Kevin F. O'Malley, *et al.*, 3A Fed. Jury Prac. & Instr. §150:93 (6th ed. 2022) ("[T]he jury should not be told of the trebling requirement but should simply be told to determine the actual damages to be awarded.").  Permitting mention of treble damages and attorneys' fees could thwart the Clayton Act's purpose of "'deter[ring] violations and encouraging private enforcement of the anti-trust laws.'"  *Brooks v. Cook*, 938 F.2d 1048, 1052 (9th Cir. 1991) (quoting *Pollock & Riley, Inc. v. Pearl Brewing Co.*, 498 F.2d 1240, 1243 (5th Cir. 1974)).  Across the various statutory contexts where treble damages and attorneys' fees are available, the "message . . . is the same: juries are to be kept free of any outside influence that might lead them to inflate or reduce their damages award in order to 'secure justice' for the parties."  *In re Exxon Valdez*, 229 F.3d 790, 799 (9th Cir. 2000) (collecting cases); *see also United States ex rel. Landis v. Tailwind Sports Corp.*, 292 F. Supp. 3d 211, 215 (D.D.C. 2017); *CVD, Inc. v. Raytheon Co.*, 769 F.2d 842, 860 (1st Cir. 1985); *Arnott v. Am. Oil Co.*, 609 F.2d 873, 889 n.15 (8th Cir. 1979).

*Credit Suisse* may rely upon *Bordonaro Bros. Theatres, Inc. v. Paramount Pictures, Inc.*, 203 F.2d 676, 678 (2nd Cir. 1953) to argue that this motion should be denied because treble damages are frequently mentioned in antitrust jury trials.  *Bordonaro Bros*, however, was rejected and effectively overruled by the Second Circuit in *HBE Leasing Corp.* which held,

- 1 -

> As is evident from the law's development since our decision in *Bordonaro Brothers* forty years ago, today one could hardly say that reference to treble damages "is so usual a course in jury trial as to occasion no comment."  In this sense, time has passed by the *Bordonaro Brothers* decision, and the dominant and more-reasoned view is that juries should not be made aware of trebling provisions.

22 F.3d at 46; *see also In re Tableware Antitrust Litig.*, 2007 WL 781960, at *3-*4 (N.D. Cal. Mar. 13, 2007) (rejecting *Bordonaro Bros.* as outdated and finding no "reason for the court to stray from the skillful reasoning in *HBE Leasing Corp.* and its progeny").

The established precedent requires exclusion of references to treble damages even in cases where damages will be decided by the jury.  Here, because only the existence of the conspiracy and Credit Suisse's participation therein are being tried in the Class trial, mention of the ultimate availability of treble damages would be even more confusing and prejudicial.

Accordingly, Plaintiffs respectfully request the Court issue an order precluding any mention of treble damages or attorneys' fees during the trial as required by *HBE Leasing Corp.*

DATED:  August 12, 2022

Respectfully submitted,

SCOTT+ SCOTT ATTORNEYS AT LAW LLP
CHRISTOPHER M. BURKE (CB-3648)
WALTER W. NOSS (WN-0529)
KRISTEN M. ANDERSON (*pro hac vice*)
KATE LV (*pro hac vice*)


s/ Christopher M. Burke
CHRISTOPHER M. BURKE

600 West Broadway, Suite 3300
San Diego, CA  92101
Telephone:  619/233-4565
619/233-0508 (fax)
cburke@scott-scott.com
wnoss@scott-scott.com
kanderson@scott-scott.com
klv@scott-scott.com

- 2 -

SCOTT+ SCOTT ATTORNEYS AT LAW LLP
DAVID R. SCOTT (DS-8053)
JOSEPH P. GUGLIELMO (JG-2447)
DONALD A. BROGGI (DB-9661)
SYLVIA M. SOKOL (SS-0317)
THOMAS K. BOARDMAN (TB-0530)
The Helmsley Building
230 Park Avenue, 17th Floor
New York, NY  10169
Telephone:  212/223-6444
212/223-6334 (fax)
david.scott@scott-scott.com
jguglielmo@scott-scott.com
dbroggi@scott-scott.com
ssokol@scott-scott.com
tboardman@scott-scott.com

HAUSFELD LLP
MICHAEL D. HAUSFELD
REENA A. GAMBHIR (*pro hac vice*)
TIMOTHY S. KEARNS (*pro hac vice*)
NATHANIEL C. GIDDINGS (*pro hac vice*)
SARAH R. LAFRENIERE (*pro hac vice*)
888 16th Street NW, Suite 300
Washington, DC  20006
Telephone:  202/540-7143
202/540-7201 (fax)
mhausfeld@hausfeld.com
rgambhir@hausfeld.com
tkearns@hausfeld.com
ngiddings@hausfeld.com
slafreniere@hausfeld.com

HAUSFELD LLP
MICHAEL P. LEHMANN
CHRISTOPHER L. LEBSOCK (*pro hac vice*)
600 Montgomery Street, Suite 3200
San Francisco, CA  94111
Telephone:  415/633-1908
415/358-4980 (fax)
mlehmann@hausfeld.com
clebsock@hausfeld.com

- 3 -

ROBBINS GELLER RUDMAN
  & DOWD LLP
PATRICK J. COUGHLIN (PC-5116)
DAVID W. MITCHELL (*pro hac vice*)
RANDI D. BANDMAN (RB-7278)
ALEXANDRA S. BERNAY (*pro hac vice*
pending)
CARMEN A. MEDICI (*pro hac vice* pending)
655 West Broadway, Suite 1900
San Diego, CA  92101-8498
Telephone:  619/231-1058
619/231-7423 (fax)
patc@rgrdlaw.com
davidm@rgrdlaw.com
randib@rgrdlaw.com
xanb@rgrdlaw.com
cmedici@rgrdlaw.com


KOREIN TILLERY
GEORGE A. ZELCS
205 N. Michigan Avenue, Suite 1950
Chicago, IL  60601-4269
Telephone:  312/641-9760
312/641-9751 (fax)
gzelcs@koreintillery.com


KOREIN TILLERY, LLC
STEPHEN M. TILLERY
STEVEN M. BEREZNEY
505 North 7th Street, Suite 3600
St. Louis, MO  63101
Telephone:  314/241-4844
314/241-3525 (fax)
stillery@koreintillery.com
sberezney@koreintillery.com


*Class Counsel*

- 4 -

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on August 12, 2022, I caused the foregoing to be electronically filed with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the email addresses denoted on the Electronic Mail Notice List.

s/ Christopher M. Burke
CHRISTOPHER M. BURKE

4878-6819-2557.v1