CAHILL GORDON & REINDEL LLP
32 OLD SLIP
NEW YORK, NY 10005

DANIEL R. ANDERSON
HELENE R. BANKS
ANIRUDH BANSAL
DAVID L. BARASH
LANDIS C. BEST
BRADLEY J. BONDI
BROCKTON B. BOSSON
JONATHAN BROWNSON *
DONNA M. BRYAN
JOYDEEP CHOUDHURI *
JAMES J. CLARK
CHRISTOPHER W. CLEMENT
LISA COLLIER
AYANO K. CREED
PRUE CRIDDLE ±
SEAN M. DAVIS
STUART G. DOWNING
ADAM M. DWORKIN
ANASTASIA EFIMOVA
JENNIFER B. EZRING
HELENA S. FRANCESCHI
JOAN MURTAGH FRANKEL
JONATHAN J. FRANKEL
ARIEL GOLDMAN
PATRICK GORDON
JASON M. HALL
STEPHEN HARPER
WILLIAM M. HARTNETT
NOLA B. HELLER
CRAIG M. HOROWITZ
TIMOTHY B. HOWELL
DAVID G. JANUSZEWSKI
ELAI KATZ
JAKE KEAVENY
BRIAN S. KELLEHER
RICHARD KELLY
CHÉRIE R. KISER ‡
JOEL KURTZBERG
TED B. LACEY
MARC R. LASHBROOK
ALIZA R. LEVINE
JOEL H. LEVITIN
GEOFFREY E. LIEBMANN
BRIAN T. MARKLEY

TELEPHONE: (212) 701-3000
WWW.CAHILL.COM

1990 K STREET, N.W.
WASHINGTON, DC 20006-1181
(202) 862-8900

CAHILL GORDON & REINDEL (UK) LLP
20 FENCHURCH STREET
LONDON EC3M 3BY
+44 (0) 20 7920 9800

WRITER'S DIRECT NUMBER

MEGHAN N. McDERMOTT
WILLIAM J. MILLER
EDWARD N. MOSS
NOAH B. NEWITZ
WARREN NEWTON §
DAVID R. OWEN
JOHN PAPACHRISTOS
LUIS R. PENALVER
KIMBERLY PETILLO-DÉCOSSARD
SHEILA C. RAMESH
MICHAEL W. REDDY
OLEG REZZY
THORN ROSENTHAL
TAMMY L. ROY
JONATHAN A. SCHAFFZIN
ANDREW SCHWARTZ
DARREN SILVER
JOSIAH M. SLOTNICK
RICHARD A. STIEGLITZ JR.
ROSS E. STURMAN
SUSANNA M. SUH
ANTHONY K. TAMA
JOHN A. TRIPODORO
GLENN J. WALDRIP, JR.
HERBERT S. WASHER
MICHAEL B. WEISS
DAVID WISHENGRAD
C. ANTHONY WOLFE
COREY WRIGHT
ELIZABETH M. YAHL
JOSHUA M. ZELIG

* ADMITTED AS A SOLICITOR IN ENGLAND AND WALES ONLY
± ADMITTED AS A SOLICITOR IN WESTERN AUSTRALIA ONLY
‡ ADMITTED IN DC ONLY
§ ADMITTED AS AN ATTORNEY IN THE REPUBLIC OF SOUTH AFRICA ONLY

(212) 701-3435

August 30, 2022

Re: *In re Foreign Exchange Benchmark Rates Antitrust Litigation*, Case No. 1:13-cv-07789-LGS

Dear Judge Schofield:

We write on behalf of the Credit Suisse Defendants ("Credit Suisse") to request that the Court adjourn the upcoming October 11, 2022 trial date.

The parties have met all pretrial dates set by the Court in its February 3, 2022 scheduling order (ECF No. 1653), as modified by the Court's subsequent orders, and will continue to do so as to any remaining pretrial submissions. Neither party has ever previously sought an adjournment of the trial date. But Credit Suisse has several serious concerns about proceeding to trial on the current schedule.

**First**, the Court's August 24, 2022 Order (the "Order") states that "the parties will have 16 hours each for opening statements, direct and cross, *i.e.*, any time that counsel are on their feet other than summations" (32 total hours). (ECF No. 1840 at 2). As the Court is aware, the parties stated in a joint letter dated July 12, 2022 (ECF No. 1699) that they together expected the presentation of their cases in chief to take 22 days (110 hours), not including cross-examination, which would likely take a nearly equivalent amount of time.

As the Court knows, Plaintiffs filed this case in 2013 and the parties spent years developing a massive discovery record. Plaintiffs allege a global conspiracy among 16 of the world's largest banks to manipulate spreads in 52 foreign exchange currency pairs in a five-trillion-dollar-per-day market over a period of many years. Plaintiffs have previously stated on multiple occasions that they believe damages claims of class members could amount to $8-10 billion before trebling. Settling Defendants have paid a collective $2.3 billion in settlements, further underlining the seriousness and magnitude of the issues presented. In view of these facts, Credit Suisse does not

CAHILL GORDON & REINDEL LLP

-2-

believe that a trial of a case of this size and complexity can be conducted in the time allowed consistent with its due process rights.

The Order came only two days before the parties were due to submit their joint proposed final pretrial order on August 26, 2022. The parties have been working for many months to prepare a case that will now be dramatically reshaped by the time limitations contained in the Order. For example, on June 3, 2022, in preparation for the pretrial order filing, Plaintiffs sent Credit Suisse a draft exhibit list that included 2,940 exhibits and draft deposition designations comprising 38 hours of video testimony. Credit Suisse then worked to prepare objections and rebuttal evidence to defend the case Plaintiffs were preparing to prosecute. Because the parties' pretrial order work contemplated a 200 hour (6-8 week) trial, the Court's Order that the trial must now be completed in less than 20 percent of that time will require major changes to both sides' trial presentations, including witness lists, exhibit lists, and deposition designations.

Credit Suisse will of course work as expeditiously as possible to recalibrate its trial presentation to conform to the Court's Order. But the reality is that the pretrial schedule was already extremely aggressive given the number of open questions on fundamental evidentiary issues and the jury verdict form (discussed below).

**Second**, the parties have diametrically opposing positions regarding the appropriate jury verdict form and have raised their respective positions for resolution by the Court (ECF Nos. 1821, 1829). The Court has ordered the parties to include any objections to the Court's proposed verdict form in their responses to the pretrial memoranda. (ECF No. 1842 at 2). Until the parties have the benefit of a ruling on the verdict form to be used, key aspects of their trial presentations, including witness and exhibit lists and demonstrative exhibits, cannot be finalized. In addition, although the Court has ordered the parties to "meet and confer and file joint proposed jury instructions" by September 9 (ECF No. 1840 at 2), Credit Suisse is concerned that the parties cannot productively meet and confer as to many of the substantive, case-specific jury instructions until after the Court rules on the verdict form issue, which will necessarily inform the nature of the case to be tried.

**Third**, the parties collectively have filed 19 motions *in limine* and *Daubert* motions to exclude certain expert evidence. Several of these motions relate to fundamental aspects of how Plaintiffs will prosecute the case at trial and how Credit Suisse will defend it. For example, Credit Suisse has sought to preclude testimony on guilty pleas and regulatory settlements, discussion of which pervades not only Plaintiffs' exhibit list but also Plaintiffs' deposition designations and Credit Suisse's counter-designations. The Court's rulings on these evidentiary issues could dramatically reshape both sides' exhibit lists and witness presentations.[1] The same is true as to motions *in limine* relating to Fifth Amendment assertions, extraterritorial activity, and many other

---

[1] If other banks' guilty pleas and regulatory settlements were admitted, for example, then Credit Suisse would need to spend multiple hours examining representatives from some or all of those banks to explain why those pleas and settlements do not bear on the conspiracy alleged here.

CAHILL GORDON & REINDEL LLP

-3-

issues. Although the Court has ordered that the parties file, by September 9, "a revised exhibit list reflecting any additional exhibits that can be pre-admitted based on the parties' discussions," (ECF No. 1840 at 2), and while Credit Suisse will continue to meet and confer with Plaintiffs in an effort to reach such agreements where possible, Credit Suisse does not believe agreements on key admissibility matters can realistically be reached before the Court decides the motions *in limine*.

Credit Suisse is cognizant that the evidentiary issues raised by the motions *in limine* are varied and complex, and appreciates that the Court will take the time to carefully consider the arguments raised therein. Given the short time remaining, however, Credit Suisse is concerned that receiving rulings days or weeks before trial could prejudice it in unpredictable ways and would not provide the parties with sufficient time to effectively meet and confer and to raise remaining evidentiary objections for resolution by the Court in an efficient and orderly fashion.

**Fourth**, the Court has indicated that it will imminently decide Credit Suisse's motion to decertify the class. (ECF No. 1840 at 1). The Court's decision could fundamentally reshape multiple aspects of the parties' trial preparations. For instance, if the Court were to deny Credit Suisse's motion but clarify how it envisions the issues in a class trial could be adjudicated without raising Seventh Amendment reexamination concerns, one or both parties would almost certainly need to modify their trial presentations, proposed jury instructions, and proposed verdict forms to account for the Court's guidance.

For all these reasons, Credit Suisse respectfully requests that the Court adjourn the October 11, 2022 trial date to a future date that will permit an orderly and fair pretrial process. If the Court is so inclined, we would of course be pleased to join a conference to discuss these issues, and a revised trial schedule, at the Court's convenience. Credit Suisse has discussed the request herein with Plaintiffs and understands Plaintiffs do not agree.

Respectfully submitted,

CAHILL GORDON & REINDEL LLP

/s/ Herbert S. Washer
Herbert S. Washer
32 Old Slip
New York, NY 10005
Telephone: 212-701-3000
hwasher@cahill.com

*Attorney for Defendants Credit Suisse Group AG, Credit Suisse AG, and Credit Suisse Securities (USA) LLC*

CAHILL GORDON & REINDEL LLP

-4-

Honorable Lorna G. Schofield
United States District Judge
Thurgood Marshall U.S. Courthouse
40 Foley Square
New York, NY 10007

<u>VIA ECF</u>

cc:  All Counsel of Record (via ECF)