Application GRANTED in part and DENIED in part.  Plaintiffs may file expert declarations in opposition to Defendants' *Daubert* motion.  Defendants' declarations will not be struck, but all experts' testimony at trial will be limited to opinions that were timely disclosed in their regular expert reports.

Dated: September 6, 2022
New York, New York

_____
LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE

Re:   *In re Foreign Exchange Benchmark Rates Antitrust Litigation*
      Case No. 1:13-cv-07789-LGS

Dear Judge Schofield:

We represent Plaintiffs in the above-entitled action.  Pursuant to Rule III.A.1. of Your Honor's Individual Rules and Procedures ("Rules"), we respectfully request a pre-motion conference for Plaintiffs' contemplated motion to strike untimely and improper expert reports submitted by Credit Suisse near midnight on August 26, 2022 in conjunction with Credit Suisse's *Daubert* motion.[1]  The contemplated motion would seek to strike the two new reports or, in the alternative, allow Plaintiffs' expert, Dr. Hal J. Singer, Ph.D., to briefly respond to these new matters.

I.  Introduction

In violation of the Court's orders and with no explanation or basis, Credit Suisse has attached two expert reports to its *Daubert* motion.  ECFs 1858, 1859.  These reports are both procedurally and substantively improper, including opinions Credit Suisse's experts have already offered while inserting new arguments without justification.

As the parties near trial, it is unacceptable that Credit Suisse would upend the orderly process established by the Court in a last-ditch effort to have the final word.  Plaintiffs will be unfairly prejudiced if these reports are allowed to stand.

If Credit Suisse is permitted to rely on the new Prof. McCrary and Dr. Kleidon reports, which it should not be, Plaintiffs respectfully request the Court also permit Plaintiffs to submit a supplemental report by Dr. Singer to respond to their unfounded critiques.[2]  This step is necessary to address the misleading reports, which are founded upon incorrect assumptions and so utterly flawed as to be irrelevant to the Court's *Daubert* analysis.  Because Credit Suisse's arguments in their *Daubert* brief rely heavily on these improper reports, Plaintiffs intend to also respond substantively in their opposition due Friday, September 9, 2022.

---

[1]  *See* Aug. 26, 2022 Declaration of Dr. Allan W. Kleidon, Ph.D. (ECF 1858); *see also* Aug. 26, 2022 Declaration of Prof. Justin McCrary (ECF 1859).

[2]  Per prior agreement of the parties, the depositions of Dr. Singer and Dr. Mathur are already scheduled for September.

August 30, 2022
Page 2

**II.     Background**

One of Credit Suisse's primary experts, Dr. Janusz Ordover, Ph.D., passed in 2021. Credit Suisse sought, and secured, Plaintiffs' consent to replace Ordover with a substitute expert, later identified as Dr. Divya Mathur, Ph.D. *See* ECFs 1700 and 1701 (memo endorsement regarding *Daubert* motions and timing thereof). Plaintiffs agreed to permit a replacement report and the parties agreed that Plaintiffs would have the opportunity to respond to Dr. Mathur's report submitted May 20, 2022. The Merits Rebuttal Report of Dr. Hal J. Singer, Ph.D. ("Singer Rebuttal") was submitted on July 31, 2022. The parties never agreed to further expert reports, indeed, **at no time** did Credit Suisse indicate that it would be filing additional reports. It was near midnight on August 26, 2022, after Plaintiffs had filed a *Daubert* brief with respect to Defendants' experts, that Plaintiffs first learned of these two detailed sur-reply reports by Prof. McCrary and Dr. Kleidon, which Credit Suisse filed as additional declarations in support of its *Daubert* motion. *See* ECFs 1858, 1859. These reports then cited numerous additional exhibits, even though the Washer Declaration itself contained the maximum number of exhibits permitted by Rule III.B.3.[3] *See* Declaration of Herbert S. Washer in Support of The Credit Suisse Defendants' *Daubert* Motion to Exclude Plaintiffs' Proposed Expert Opinions ("Washer Declaration") (ECF 1857). Credit Suisse does not even bother to assert a basis for their improper filings. That is because there is no basis.

**III.    Argument**

Credit Suisse's stratagem should be forestalled. Judge Liman's recent decision in *Rekor Sys., Inc. v. Loughlin*, 2022 WL 2063857 (S.D.N.Y. June 8, 2022) is instructive. There, the court considered what sanction should be imposed for the late disclosure of two expert reports. *Id.* at *7-*8. As Judge Liman explained, courts in the Second Circuit consider the *Softel* factors: "'(1) the party's explanation for the failure to comply with the [disclosure requirement]; (2) the importance of the testimony of the precluded witness[es]; (3) the prejudice suffered by the opposing party as a result of having to prepare to meet the new testimony; and (4) the possibility of a continuance.'" *Patterson v. Balsamico*, 440 F.3d 104, 117 (2d Cir. 2006) (alterations in original) (quoting *Softel, Inc. v. Dragon Med. & Scientific Commc'ns, Inc.*, 118 F.3d 955, 961 (2d Cir. 1997));[4] *see also Innis Arden Golf Club v. Pitney Bowes, Inc.*, 2009 WL 5873112, at *4 (D.

---

[3]    The Court limits each party to a total of 15 exhibits (each not to exceed 15 pages), including exhibits attached to an affidavit/declaration. Rule III.B.3. Here, Credit Suisse submitted 15 exhibits attached to the Washer Declaration, but an additional 6 exhibits were cited in Prof. McCrary's report and both of the Prof. McCrary and Dr. Kleidon reports attached detailed workpapers. *Id.* Credit Suisse did not file an application to exceed the limitations as also provided for in the Court's Rules. *Id.* These additional exhibits should be stricken.

[4]    In *Rekor*, Judge Liman found one of the late reports not to be excludable because there was time to depose the late disclosed expert and to open discovery. *Id.* at *10; *see also Trilogy Commc'ns, Inc. v. Times Fiber Commc'ns, Inc.*, 109 F.3d 739, 744-45 (Fed. Cir. 1997) (exclusion justified where party fails to provide adequate explanation for failure to timely provide expert disclosure in accordance with scheduling order); *Storage Tech. Corp. v. Cisco Sys.*, 2001 U.S. Dist. LEXIS 25876, at *10-*11 (N.D. Cal. Nov. 27, 2001) (striking submission of untimely expert report where opposing party claimed the late submission prevented it from being able to properly respond to it).

Conn. Feb. 24, 2009) (striking supplemental expert report under Rule 37).  Of course, "'experts are not free to continually bolster, strengthen, or improve their reports by endlessly researching the issues they already opined upon, or to continually supplement their opinions.'"  *Cedar Petrochemicals, Inc. v. Dongbu Hannong Chem. Co., Ltd.*, 769 F. Supp. 2d 269, 278 (S.D.N.Y. 2011) (quoting *Sandata Techs., Inc. v. Infocrossing, Inc.*, 2007 WL 4157163, at *6 (S.D.N.Y. Nov. 16, 2007)).  All of the *Softel* factors weigh in favor of exclusion.

Credit Suisse has provided no explanation for its untimely submission.  Dr. Kleidon comes closest to providing an excuse, but his justification for his new report demonstrates the cumulative nature of the report.  *See* ECF 1858, ¶3 (noting that three experts have already opined on the purported flaws in Dr. Singer's EBS regression and that Dr. Singer has not corrected those supposed errors).

The failure to timely serve these additional reports is not justified nor harmless, and it is unduly prejudicial.  *Daubert* responses are due in a week and Credit Suisse's motion is premised in large part on these new reports, leaving Plaintiffs with little time to address these flawed, duplicative, and improper opinions.  Like the defendants in *Rekor*, Credit Suisse had "occasion to raise with the Court a concern" that it would want to file additional reports, but did nothing, springing these new reports on Plaintiffs near midnight on August 26, 2022.  2022 WL 2063857, at *9.[5]  On a similar set of facts and time frame, Judge Liman found: "As to the *Softel* factors, Defendants' late disclosure of the expert reports – at a post-discovery conference and after all discovery was to be completed and trial was to be scheduled, smacks of bad faith and gamesmanship."  *Id*. at *9; *see also O'Connor v. Boeing N. Am., Inc.*, 2005 WL 6035243, at *7 (C.D. Cal. Sept. 12, 2005) ("To permit these reports into evidence would improperly widen the trial issues at the eleventh hour, and would unduly prejudice [the party] in preparing for trial.").  If anything, the conduct here is even more egregious.  Discovery has been finished for over a year, pre-trial disclosures and *Daubert* motions have been filed, and the trial is set for October 11, 2022.[6]  The end-run around the Court's scheduling order by submitting these reports in support of its motion to exclude should not be rewarded.  Consideration of the untimely, improper reports provide Credit Suisse an unfair and improper litigation advantage.

### IV.     Conclusion

For all of the above reasons, Plaintiffs request a pre-motion conference regarding Plaintiffs' anticipated motion to strike the new reports.

---

[5]   We expect Credit Suisse to claim it had to file these new reports to address arguments made in Dr. Singer's Rebuttal.  But if that were so, Defendants could have requested to file a response, rather than sandbagging Plaintiffs at the last minute.  Counsel for Plaintiffs and Credit Suisse are speaking on a regular basis in the run-up to trial including negotiating the *Daubert* briefing schedule.  At no point did Credit Suisse inform Plaintiffs of its intention to submit two new reports in connection with *Daubert* briefing.

[6]   Though Plaintiffs are prepared to meet this evidence through a responsive report, time would be better spent preparing for trial.  This prejudice could be avoided by striking the reports.

August 30, 2022
Page 4

                                                      Respectfully submitted,

| SCOTT+SCOTT ATTORNEYS AT LAW LLP | HAUSFELD LLP |
|---|---|
| *s/* Christopher M. Burke | *s/* Michael D. Hausfeld |
| Christopher M. Burke | Michael D. Hausfeld |
| 600 W. Broadway, Suite 3300 | 888 16th Street NW, Suite 300 |
| San Diego, CA 92101 | Washington, DC 20006 |
| Telephone: 619-233-4565 | Telephone: 202-540-7200 |
| cburke@scott-scott.com | mhausfeld@hausfeld.com |

*Attorneys for Plaintiffs*

4889-2397-1632.v1