UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------- X
                                                              :
                                                              :
IN RE FOREIGN EXCHANGE BENCHMARK  :          13 Civ. 7789 (LGS)
RATES ANTITRUST LITIGATION                :
                                                              :    **OPINION AND ORDER**
                                                              :
------------------------------------------------------------- X

LORNA G. SCHOFIELD, District Judge:

WHEREAS, on August 12, 2022, Plaintiffs filed eight motions in limine, three of which

were later resolved by stipulation.  The remaining motions are resolved below.  All references to

rules are references to the Federal Rules of Evidence.

1.      **Plaintiffs' Second MIL** (Dkt. No. 1719).  Plaintiffs' motion to exclude evidence and

argument regarding purported pro-competitive justifications or absence of anticompetitive

effects is DENIED in part as moot and otherwise DENIED.

Much of Plaintiffs' motion is moot based on Defendants' representation that they do not

intend to argue that the alleged price-fixing conspiracy was reasonable, beneficial or a legitimate

business practice.  That is, Defendants will not argue that price fixing was justified by its

competitive effects.  *See United States v. Aiyer*, 33 F.4th 97, 118 (2d Cir. 2022).

Defendants are permitted to argue, however, that the alleged conduct did not constitute

price fixing at all.  For example, Defendants may argue that certain information-sharing is

legitimate or that certain chats do not show agreements to engage in illegal price fixing.  As for

evidence of anti-competitive effects, the jury may be instructed, in substance, that "actual effects

on the market are, subject to only a few, narrow exceptions, irrelevant in a case alleging a *per se*

violation of the Sherman Act."  *Id.* (emphasis omitted).  Defendants may not argue or offer

evidence to the contrary.  But evidence and argument that the conspiracy had no effect may be

admissible as circumstantial evidence that no conspiracy existed.  *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 592 (1986).  Defendants shall make clear in their argument and questioning the permissible purpose for introducing any such evidence.  Under Rule 403, evidence of alternative explanations -- as opposed to justifications -- for conduct that appears to be price-fixing is highly probative of the central issue to be tried.  Jury instructions can eliminate any prejudice or confusion that could result from suggesting that a *per se* illegal conspiracy can be justified by procompetitive (or lack of anticompetitive) effects.

2.      **Plaintiffs' Third MIL** (Dkt. No. 1722).  Plaintiffs' motion to exclude expert testimony that a conspiracy existed or that conduct was anticompetitive is DENIED in part as moot and otherwise DENIED.

Much of Plaintiffs' motion is moot based on Defendants' representation that they "do[] not intend for its experts to offer any such opinions" -- that is, opinions on "legal conclusions or the 'ultimate issue' regarding whether there was a conspiracy" or opinions describing conduct as "pro- or anti-competitive."  Plaintiffs' argument that Dr. Melvin is unqualified to opine on whether an antitrust conspiracy existed or likely existed is therefore moot.

Plaintiffs' motion is otherwise denied because Plaintiffs offer no grounds for excluding factual opinions on issues other than the ultimate issue that bear on the existence of the alleged conspiracy.  For example, either side's experts may testify, if qualified to do so, about characteristics of the FX market that make price fixing more or less likely to occur.

3.      **Plaintiffs' Sixth MIL** (Dkt. No. 1740).  Plaintiffs' motion to exclude testimony and argument that this case involves multiple markets is DENIED in part as moot and otherwise DENIED.

Much of Plaintiffs' motion is moot because Defendants represented, and offered to stipulate, that they would not offer evidence or argument about the existence of multiple FX markets, only evidence of multiple "tiers" or "segments" of the FX market.

Plaintiffs' motion is denied to the extent it seeks to preclude evidence or argument specifically about the purported interbank and customer "tiers" or "segments" of the single FX market, and any relationship between them.  Plaintiffs' expert report put these concepts at issue, and such evidence is not implicated by Defendants' admissions that there is a single FX market.

4.      **Plaintiffs' Seventh MIL** (Dkt. No. 1747).  Plaintiffs' motion to exclude argument and evidence conflating spread pricing information with "market color" is DENIED.

The degree to which a given discussion about spreads shows an agreement to fix, widen, stabilize or maintain spreads or reflects an exchange of information about market color is fact specific.  For the same reason Plaintiffs' second motion in limine is denied, *supra*, the Court cannot rule in the abstract that Defendants may not offer any non-conspiratorial alternative explanation or context of any chat.  The credibility of those explanations is for the jury to decide.

5.      **Plaintiffs' Eighth MIL** (Dkt. No. 1754).  Plaintiffs' motion to exclude expert testimony regarding intent, state of mind or motive is DENIED in part as moot and otherwise GRANTED in part and DENIED in part under Rule 702.

Much of Plaintiffs' motion is moot based on Defendants' representation that they do not intend to offer any such expert testimony.

Plaintiffs' motion is granted in part to the extent Defendants nonetheless seek to offer testimony from Dr. Melvin similar to the opinions quoted in Plaintiffs' memorandum of law, for example, that traders "were likely searching for insight on market liquidity conditions and crucially, do not appear to indicate any attempt to agree to certain spreads . . . ."  These opinions

and ones like them are not admissible because they appear to opine about a trader's state of mind.

Plaintiffs also argue that all evidence of state of mind is irrelevant and inadmissible under Rule 403 because Defendants allegedly engaged in a *per se* illegal conspiracy.  As Defendants argue, and for the same reasons Plaintiffs' second and seventh motions in limine are denied, *supra*, Defendants may use expert testimony to offer non-price-fixing explanations for certain chats.  However, Defendants may not argue, based on expert testimony or otherwise, that an instance of price fixing was reasonable or explained by a legitimate motive.

In sum, it is **ORDERED** that Plaintiffs' application (i) to exclude purported pro-competitive justifications is DENIED in part as moot and otherwise DENIED; (ii) to exclude defense expert testimony about the existence of the conspiracy is DENIED in part as moot and otherwise DENIED; (iii) to exclude evidence and argument about multiple markets is DENIED in part as moot and otherwise DENIED; (iv) to exclude conflation of spread information with "market color" is DENIED and (v) to exclude expert testimony about intent, state of mind or motive is DENIED in part as moot and otherwise GRANTED in part and DENIED in part.

The Clerk of Court is respectfully directed to close the motions at Dkt. Nos. 1719, 1722, 1740, 1747 and 1754 and to reflect only the immediately preceding paragraph on the docket.

Dated:  September 9, 2022
      New York, New York

LORNA G. SCHOFIELD
**UNITED STATES DISTRICT JUDGE**

4