UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------- X
                                                              :
IN RE FOREIGN EXCHANGE BENCHMARK    :         13 Civ. 7789 (LGS)
RATES ANTITRUST LITIGATION          :
                                    :         <u>ORDER</u>
------------------------------------------------------------- X

LORNA G. SCHOFIELD, District Judge:

WHEREAS, on September 9, 2022, the parties filed a joint letter raising certain disputes over the admissibility of proposed trial exhibits. The parties' disputes are resolved as follows. All references to Rules are to the Federal Rules of Evidence.

**<u>Plaintiffs' Requests</u>:** Plaintiffs' requests to introduce certain audio files and emails under Rule 801(d)(2)(E)'s exclusion from the hearsay rule are DENIED without prejudice.

The only basis Plaintiffs offer for finding that the statements at issue were made in furtherance of a conspiracy of which Credit Suisse was a member is the Court's prior Opinion and Order denying both parties' motions for summary judgment. *In re Foreign Exch. Benchmark Rates Antitrust Litig.*, No. 13 Civ. 7789, 2022 WL 294118 (S.D.N.Y. Feb. 1, 2022). As stated in that Opinion, however, "[w]hile significant uncontroverted evidence shows at least some conspiratorial activity in the FX market in which Credit Suisse participated, questions remain about the scope of the shared illegal goal and extent of the conspirators' mutual dependence and assistance." *Id.* at *5. Plaintiffs have not pointed to any evidence tying the specific disputed calls and emails to any conspiracy with Credit Suisse. While the Court may consider the hearsay evidence itself, *Bourjaily v. United States*, 483 U.S. 171, 178-79 (1987), it is not self-evident from the calls and emails that they pertain to a conspiracy with Credit Suisse, and even if it were, at least "*some* independent corroborating evidence" is required, *United States v. Tellier*, 83 F.3d 578, 580 (2d Cir. 1996) (emphasis added).

**Credit Suisse's Requests:**  The Credit Suisse Defendants' requests to introduce spread matrices produced by Defendants and data and trade analytics reports ("TARs") produced by non-party BlackRock are DENIED without prejudice.

Under Rule 803(6)(D), each of the elements of Rule 803(6)(A) through (C) must be "shown by the testimony of the custodian or another qualified witness, or by a certification that complies with Rule 902(11) or (12) or with a statute permitting certification."  If Credit Suisse obtains the required certifications prior to trial, Credit Suisse may renew its motion.

**Conclusion:**  For the foregoing reasons, the parties' respective requests are DENIED without prejudice.  Both parties stated that they have stipulated to the admissibility of many pieces of evidence similar to those that are disputed.  The parties are strongly encouraged to continue attempting to reach agreement.

Dated: September 15, 2022
       New York, New York

_____
LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE