UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
                                                             :
                                                             :
In re FOREIGN EXCHANGE BENCHMARK    :   13 Civ. 7789 (LGS)
RATES ANTITRUST LITIGATION.         :
                                                             :   ORDER
                                                             :
-------------------------------------------------------------X

LORNA G. SCHOFIELD, District Judge:

WHEREAS, on August 12, 2022, the Credit Suisse Defendants ("CS") moved *in limine* to exclude, *inter alia*, certain guilty pleas by banks alleged in this case to have conspired with CS.

WHEREAS, Defendants' motion was denied, and Defendants move for reconsideration only as to certain guilty pleas that Defendants refer to as the "Cartel Guilty Pleas."

WHEREAS, "[a] party may move for reconsideration and obtain relief only when the party identifies an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Cho v. Blackberry Ltd.*, 991 F.3d 155, 170 (2d Cir. 2021) (cleaned up). "The standard for granting such a motion is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked -- matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Id.* (internal quotation marks omitted).

WHEREAS, Defendants argue that the Court overlooked the fact that the Cartel Guilty Pleas focused on the defendants' manipulation of benchmark rates rather than spreads, and that such non-spread manipulation is irrelevant to the conspiracy alleged in this case.

WHEREAS, the Court did not overlook the contents of the guilty pleas in reasoning that, "[c]ontrary to Defendants' argument, that the prior proceedings focus on manipulation other than price fixing, the proceedings encompassed at least some of the conduct at issue here." (Dkt. No. 1880 at 4.) While the guilty pleas at issue arguably focus on fixing of benchmark rates, the

defendants in those cases pleaded guilty to having "entered into and engaged in a conspiracy to fix, stabilize, maintain, increase or decrease the price of, and rig bids and offers for" certain currencies.  (*Id.*)[1]  According to the guilty pleas, this conspiracy was carried about through "near daily conversations, some of which were in code, in an exclusive electronic chat room, which chat room participants, as well as others in the FX Spot Market, referred to as 'The Cartel' or 'The Mafia.'"

WHEREAS, Defendants renew their arguments that benchmark rate fixing is distinct from spread fixing and achieved through distinct means, such as coordinated trading and "standing down" when co-conspirators have open risk positions.  These arguments remain unpersuasive for substantially the reasons stated briefly in the Court's prior Order (Dkt. No. 1880) and at greater length in Plaintiffs' memorandum of law in opposition (Dkt. No. 1919).

The guilty pleas at issue involve agreements among some of the same alleged co-conspirators, in some of the same (or at least very similar) chat rooms, to fix prices by agreeing not to compete.  That those agreements were effectuated by different conduct -- coordinating the timing of trades instead of coordinating on spread quotes, for example -- does not make them irrelevant.  At a minimum, the acts described in the guilty pleas are admissible to show and highly probative of opportunity, intent and plan -- essentially, the modus operandi -- of the banks alleged to have conspired with CS.  Fed. R. Evid. 404(b)(2).

Defendants' Rule 403 arguments are unavailing for the same reasons stated in the Court's prior order.  Any risk that the jury could treat CS as "guilty by association" can be dealt with through jury instructions that CS's membership in any conspiracy must be proved by CS's

---

[1] One of the guilty pleas referenced in Defendants' motion for reconsideration, by UBS, does not contain this language.  Defendants lump UBS's guilty plea in with those of other "Cartel" members and do not argue for its exclusion on the grounds that the plea document is framed differently than the others, so the Court treats it the same as UBS's co-conspirators' pleas.

actions, and that the guilty plea evidence is not offered on the issue of CS's participation. Rather than being unfairly prejudicial, the guilty plea evidence of a price-fixing conspiracy carried out in Cartel chat rooms is fairly probative of the existence of a distinct but similar price-fixing conspiracy allegedly carried out in part in Cartel chatrooms. To the extent the jury could conflate benchmark fixing with spread fixing, Defendants can dispel that confusion without resorting to "mini-trials," and any marginal prejudice does not substantially outweigh the probative value of the evidence.

It is hereby **ORDERED** that Defendants' motion for reconsideration at Dkt. No. 1892 is DENIED.

Dated: September 22, 2022
New York, New York

LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE