# CAHILL GORDON & REINDEL LLP
## 32 OLD SLIP
## NEW YORK, NY 10005

| | | | | |
|---|---|---|---|---|
| DANIEL R. ANDERSON | JONATHAN J. FRANKEL | TELEPHONE: (212) 701-3000 | MEGHAN N. McDERMOTT | JOHN A. TRIPODORO |
| HELENE R. BANKS | ARIEL GOLDMAN | WWW.CAHILL.COM | WILLIAM J. MILLER | GLENN J. WALDRIP, JR. |
| ANIRUDH BANSAL | PATRICK GORDON | | EDWARD N. MOSS | HERBERT S. WASHER |
| DAVID L. BARASH | JASON M. HALL | 1990 K STREET, N.W. | NOAH B. NEWITZ | MICHAEL B. WEISS |
| LANDIS C. BEST | STEPHEN HARPER | WASHINGTON, DC 20006-1181 | WARREN NEWTON § | DAVID WISHENGRAD |
| BRADLEY J. BONDI | WILLIAM M. HARTNETT | (202) 862-8900 | DAVID R. OWEN | C. ANTHONY WOLFE |
| BROCKTON B. BOSSON | NOLA B. HELLER | | JOHN PAPACHRISTOS | COREY WRIGHT |
| JONATHAN BROWNSON * | CRAIG M. HOROWITZ | CAHILL GORDON & REINDEL (UK) LLP | LUIS R. PENALVER | ELIZABETH M. YAHL |
| DONNA M. BRYAN | TIMOTHY B. HOWELL | 20 FENCHURCH STREET | KIMBERLY PETILLO-DÉCOSSARD | JOSHUA M. ZELIG |
| JOYDEEP CHOUDHURI * | DAVID G. JANUSZEWSKI | LONDON EC3M 3BY | SHEILA C. RAMESH | |
| JAMES J. CLARK | ELAI KATZ | +44 (0) 20 7920 9800 | MICHAEL W. REDDY | |
| CHRISTOPHER W. CLEMENT | JAKE KEAVENY | | OLEG REZZY | |
| LISA COLLIER | BRIAN S. KELLEHER | | THORN ROSENTHAL | * ADMITTED AS A SOLICITOR IN ENGLAND AND WALES ONLY |
| AYANO K. CREED | RICHARD KELLY | WRITER'S DIRECT NUMBER | TAMMY L. ROY | ± ADMITTED AS A SOLICITOR IN WESTERN AUSTRALIA ONLY |
| PRUE CRIDDLE ± | CHÉRIE R. KISER ‡ | | JONATHAN A. SCHAFFZIN | |
| SEAN M. DAVIS | JOEL KURTZBERG | | ANDREW SCHWARTZ | ‡ ADMITTED IN DC ONLY |
| STUART G. DOWNING | TED B. LACEY | | DARREN SILVER | § ADMITTED AS AN ATTORNEY IN THE REPUBLIC OF SOUTH AFRICA ONLY |
| ADAM M. DWORKIN | MARC R. LASHBROOK | | JOSIAH M. SLOTNICK | |
| ANASTASIA EFIMOVA | ALIZA R. LEVINE | | RICHARD A. STIEGLITZ JR. | |
| JENNIFER B. EZRING | JOEL H. LEVITIN | | ROSS E. STURMAN | |
| HELENA S. FRANCESCHI | GEOFFREY E. LIEBMANN | | SUSANNA M. SUH | |
| JOAN MURTAGH FRANKEL | BRIAN T. MARKLEY | | ANTHONY K. TAMA | |

(212) 701-3435

October 14, 2022

Re: *In re Foreign Exchange Benchmark Rates Antitrust Litigation*, Case No. 1:13-cv-07789-LGS

Dear Judge Schofield:

     Credit Suisse respectfully submits this letter in response to Plaintiffs' letter requesting that Credit Suisse's witness, Braden Howarth, be precluded from testifying at trial. ECF No. 1984 ("Pls.' Ltr."). Mr. Howarth has been identified as a Credit Suisse witness since August 24. If Plaintiffs believed that Mr. Howarth's disclosure at that time was an unfair surprise, it is impossible to understand why they then waited ***seven full weeks*** before they raised the timing of Mr. Howarth's disclosure with the Court. Now, well into the trial, after the jury has already been told Mr. Howarth will testify, Plaintiffs have made the tactical decision to seek his exclusion from the trial. For the reasons set forth below, Plaintiffs' motion should be denied.

     Mr. Howarth has flown to New York from London. He is scheduled to testify at trial on Monday, October 17, and Plaintiffs have confirmed that they will take his deposition tomorrow, October 15. Barring a trial witness is an extreme remedy that under these circumstances would severely prejudice Credit Suisse.

     As Plaintiffs acknowledge, Credit Suisse has made clear from the first exchange of witness lists in June 2022 that it intended to call a salesperson to testify. *See* Pls.' Ltr. at 2. On August 24, Credit Suisse provided Plaintiffs with the names of four salespeople it might call to testify, including Mr. Howarth. *Id.* Plaintiffs raised no objection in the Joint Pretrial Order filed on August 26. ECF No. 1853. On September 1, promptly after determining that Mr. Howarth would be a witness and the other three sales personnel would not, Credit Suisse confirmed with Plaintiffs that Credit Suisse would be calling Mr. Howarth to testify at trial and offered his deposition in advance

CAHILL GORDON & REINDEL LLP

-2-

of his trial testimony.[1]  Plaintiffs said nothing about whether or when they would take Mr. Howarth's deposition.  On September 13, in the updated witness list sent to Plaintiffs, Credit Suisse reiterated its offer of Mr. Howarth's deposition prior to trial.  Once again, Plaintiffs did not respond.  Only yesterday, on October 13, did Plaintiffs confirm the deposition for tomorrow.

Plaintiffs at no time prior to trial alerted the Court to any objections to the inclusion of Mr. Howarth, notwithstanding ample opportunity to raise this issue prior to trial, including at the final pre-trial conferences on September 19, 2022 and October 3, 2022.  In fact, at both of those conferences, and in other written submissions to the court, the parties jointly reported that only limited issues remained with respect to the JPTO—and Mr. Howarth's inclusion on the JPTO was never raised.  *See generally* Sept. 19, 2022 Pre-trial Conference transcript; Oct. 3, 2022 Pre-Trial Conference Transcript.

Plaintiffs also failed to object to Credit Suisse's opening slides, a draft of which was sent to Plaintiffs on October 9 and which made plain that Credit Suisse would tell the jury that Credit Suisse would present Mr. Howarth's testimony.  *See* Credit Suisse's Opening Slides at 22 (listing "Braden Howarth (Head of Global Currencies and Emerging Markets Sales – EMEA)" under "Credit Suisse's Witnesses").  Pursuant to paragraph 15 of the September 20, 2022 Stipulation and Order regarding joint trial procedures, Plaintiffs were required to object by noon on October 10, 2022 but again they raised no objection.  *See* ECF No. 1917 at 3; *see also, e.g., U.S.* v. *Curanovic*, 490 Fed. Appx. 403, 404 (2d Cir. 2013) (affirming district court's finding that defendants did not timely object to offered exhibits).

Having failed to raise their objection with the Court for nearly two months, Plaintiffs' belated request to preclude Mr. Howarth's testimony mid-trial must be denied.  *See Rosado v. Soriano*, 2021 WL 4192863, at *2 (S.D.N.Y. Aug. 6, 2021) ("Preclusion is considered 'a drastic remedy' that is generally disfavored within the District.") (citation omitted).  In deciding whether to preclude a witness from testifying, courts in the Second Circuit consider "(1) the party's explanation for the failure to comply with the [disclosure requirement]; (2) the importance of the testimony of the [witness]; (3) the prejudice suffered by the opposing party as a result of having to prepare to meet the new testimony; and (4) the possibility of a continuance."  *Softel, Inc.* v. *Dragon Med. & Scientific Commons, Inc.*, 118 F.3d 955, 961 (2d Cir. 1997)).  Together, these factors cut against Plaintiffs.

*First*, while Credit Suisse did not identify Mr. Howarth in its initial disclosures served in 2016, he is certainly no stranger to Plaintiffs who have taken extensive discovery over many years on the sales department's roles.  At Plaintiffs' request, Credit Suisse produced almost **250,000 documents** from three salesperson custodians Plaintiffs identified and requested.  Thousands of

---

[1] This is consistent with the Parties' agreed-upon deposition protocol, which contemplates the depositions of "[a]ny witness appearing on a party's final trial witness list . . . who has not previously been deposed within the two months prior to the trial date (or, if the relevant Parties agree, during trial)."  *See* Stipulation and Order Regarding Deposition Protocol (ECF No. 1251) ¶ 16 (Mar. 22, 2019).

CAHILL GORDON & REINDEL LLP

-3-

those documents include Mr. Howarth.  Indeed Credit Suisse produced **over 143,000 documents referencing Mr. Howarth**.  See *3DT Holdings LLC* v. *Bard Access Sys. Inc.*, 2022 WL 1569493, at *2, 5 (S.D.N.Y. May 17, 2022) (denying motion to preclude witness trial testimony where defendant "produced no fewer than 792 documents [of a total production of 'thousands of documents'] to Plaintiff referring to or including [the witness] . . . ." and witness was identified in deposition testimony).[2]  Moreover, Mr. Howarth was identified and discussed at a deposition **where Plaintiffs themselves asked who he was – more than four years ago**.  *See, e.g.*, Mar. 14, 2018 Dep. of Steve Yanez 144:18-20 ("Q. . . . My question is who is Braden Howarth?  A.  A sales guy in London.").  The discovery record demonstrates that the "additional or corrective information" has "otherwise been made known to the other parties during the discovery process or in writing."  Fed. R. Civ. P. 26(e)

*Second*, Mr. Howarth's testimony is important, as he is the sole remaining salesperson on Credit Suisse's witness list.  He will testify to the salesperson's role in transacting with the customer, which  is important to Credit Suisse's defense about the plausibility and feasibility of the alleged conspiracy.[3]  The salesperson's role in an FX transaction is well-known to Plaintiffs; their industry expert and first witness, Eric Robin, worked in FX sales for 19 years at six different banks.  Tr. 114:2-4.  Moreover, Mr. Robin relied on an email authored by Mr. Howarth to support one of his opinions offered at trial.  Tr. 156:6-15 ("So this is a conversation between Mr. Braden Howarth, Credit Suisse salesperson, talking to staff . . . ."); *see also* PTX 2456 (email chain with Mr. Howarth relied upon in Mr. Robin's presentation).

Moreover, Plaintiffs waived any objection to Mr. Howarth's testimony this morning when they placed his credibility at issue.  Mr. Howarth appears on a number of Credit Suisse's exhibits, and during their cross examination of Mr. Yanez, Plaintiffs' counsel asked whether Mr. Yanez had come across Mr. Howarth, how long he had known Mr. Howarth, whether Mr. Howarth was in sales, and whether Mr. Yanez testified at deposition that there was "no such thing as honest guys in sales in trading."  Oct. 14 Rough Tr. 65:24-66:4.  Plaintiffs' counsel then asked Mr. Yanez he believed Mr. Howarth to be an "honest guy." Oct. 14 Rough Tr. 65:24-66:4.  Plaintiffs' attempt to impeach Mr. Yanez—using an out-of-context excerpt of his deposition response—was misleading.  Credit Suisse should be entitled to correct any misimpression the jury may now have by calling Mr. Howarth.  Moreover, it would be highly prejudicial to preclude Credit Suisse from calling Mr. Howarth after Credit Suisse told the jury it would call Mr. Howarth and after Plaintiffs'

---

[2] In contrast, *Simon v. City of New York*, 2017 WL 57860, at *6 (S.D.N.Y. Jan. 5, 2017), relied on by Plaintiffs, precluded the testimony of an expert witness who had not been timely disclosed, and after the party said it would not be utilizing an expert.

[3] The role of the salespeople was also briefed on summary judgment.  Opinion and Order (ECF No. 1650) (Feb. 1, 2022) at 3-4 ("For example, a customer contacts a salesperson at a market-making bank to request a price quote in a designated volume of a specific currency pair.  The salesperson relays the request to an FX trader, who provides a two-way quote that includes the prices at which the trader is willing to buy the currency and sell the currency.").

CAHILL GORDON & REINDEL LLP

-4-

counsel suggested that Mr. Howarth is dishonest. This could leave the jury with the false impression that Mr. Howarth's credibility was somehow so damaged that Credit Suisse could no longer call him, prejudicing Credit Suisse

*Third*, Plaintiffs have suffered no prejudice. Plaintiffs sat on their hand for weeks after Credit Suisse identified Mr. Howarth as a trial witness, and at no time did they seek any relief or seek Mr. Howarth's deposition. A court must "inquire more fully into the actual difficulties" that the alleged Rule 26 violation causes "[b]efore the extreme sanction of preclusion may be used." *Outley* v. *City of New York*, 837 F.2d 587, 591 (2d Cir. 1988) (reversing district court preclusion of fact witness, and further noting that despite "some inconvenience" to the opposing party from a "clear[] violat[ion]" of Rule 26(e), "in the absence of a more definite showing of prejudice the added burden . . . does not require preclusion").

Here, Plaintiffs were aware that Credit Suisse would call a salesperson witness, they possess over 100,000 documents involving Mr. Howarth, and they have had those documents for years. *See, e.g., Tardif* v. *City of New York*, 344 F. Supp. 3d 579, 606 (S.D.N.Y. 2018) (failure by city and city police officers to include department staff member in Rule 26(a) initial disclosures did not preclude staff member's testimony, where staff member's proposed testimony related to contents of report that was disclosed to opposing party and opposing party "fail[ed] to demonstrate prejudice from Defendants' failure to disclose this witness in compliance with Rule 26"). In any event, on September 1, Credit Suisse offered Plaintiffs the opportunity to depose Mr. Howarth, and the parties have arranged a date and time for the deposition. *See Rosado*, 2021 WL 4192863, at *2 (prejudice to opposing party allayed where the witness was made available for a deposition).

*Finally*, a continuance is not possible here because the parties are in the midst of trial. Regardless, a continuance would serve no purpose given that extensive discovery disclosed Mr. Howarth to Plaintiffs, Plaintiffs have already relied on documents involving Mr. Howarth in their case presentation at trial, and the parties have scheduled his deposition prior to his trial testimony. In any event, Plaintiffs can hardly be heard to argue that the inability of a continuance weighs in their favor when it is their own gamesmanship that led to this last minute dispute. For example, in *Rella* v. *Westchester BMW, Inc.*, 2022 WL 1711695, at *2 (S.D.N.Y. May 27, 2022), cited by Plaintiffs, a party first disclosed a witness on May 11, 2022 in advance of a trial starting July 5. The opposing party sent a letter to the Court objecting *just a week later*, when there was still time for the parties to formulate their trial presentations. *New York* v. *United Parcel Serv., Inc.*, 2016 WL 10672104, at *4 (S.D.N.Y. Sept. 8, 2016) (Forrest, J.), involved a similar timeline.

Here, Plaintiffs' belated challenge will substantially prejudice Credit Suisse. In contrast, Plaintiffs will suffer at most only minimal prejudice, having had the opportunity to take discovery regarding Mr. Howarth's role. Plaintiffs' motion to preclude Mr. Howarth's testimony at trial should be denied.

Respectfully submitted,

CAHILL GORDON & REINDEL LLP

CAHILL GORDON & REINDEL LLP

-5-

                                                    *s/* Herbert S. Washer
                                                    Herbert S. Washer
                                                    Anirudh Bansal
                                                    Jason M. Hall
                                                    Edward Moss
                                                    Tammy L. Roy
                                                    32 Old Slip
                                                    New York, New York 10005
                                                    Telephone: (212) 701-3000
                                                    Facsimile: (212) 269-5420
                                                    hwasher@cahill.com
                                                    abansal@cahill.com
                                                    jhall@cahill.com
                                                    emoss@cahill.com
                                                    troy@cahill.com
                                                    *Attorneys for Defendants Credit Suisse Group AG, Credit Suisse AG, and Credit Suisse Securities (USA) LLC*

Honorable Lorna G. Schofield
United States District Judge
Thurgood Marshall U.S. Courthouse
40 Foley Square
New York, NY 10007

<u>VIA ECF</u>

cc:  All Counsel of Record (via ECF)