```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
                                                             :
IN RE FOREIGN EXCHANGE BENCHMARK                             :
  RATES ANTITRUST LITIGATION.                                :    13 Civ. 7789 (LGS)
                                                             :
-------------------------------------------------------------X    ORDER
```

LORNA G. SCHOFIELD, District Judge:

WHEREAS, on August 12, 2022, Plaintiffs and Defendants each filed motions in limine, and each side filed a motion to seal portions of the papers filed in support of those motions (Dkt. No. 1709, 1762);

WHEREAS, on August 19, 2022, the parties filed oppositions to motions in limine and a joint letter motion to seal portions of their opposition papers (Dkt. No. 1791);

WHEREAS, on August 26, 2022, the parties filed *Daubert* motions, and each side filed a motion to seal portions of the papers filed in support of those motions (Dkt. Nos. 1844, 1854);

WHEREAS, on September 2, 2022, Defendants filed a memorandum of law in response to the Court's proposed verdict form and a motion to seal portions of its papers filed in support (Dkt. No. 1874);

WHEREAS, on September 14, 2022, the parties filed oppositions to each other's *Daubert* motions and each filed a motion to seal portions of their opposition papers (Dkt. Nos. 1895, 1904);

WHEREAS, on September 20, 2022, Plaintiffs filed a memorandum of law in opposition to Defendants' motion for reconsideration of the Court's ruling on Defendants' third motion in limine, and Plaintiffs filed a motion to seal portions of its papers filed in support (Dkt. No. 1921);

WHEREAS, on September 29, 2022, the parties filed a joint letter regarding disputes over certain potential trial exhibits and a joint motion to seal portions of their submission (Dkt. No. 1941).  It is hereby

**ORDERED** that the motions to seal are GRANTED in part.  With the exceptions listed below, the documents listed in Appendices A to the parties' letters (Dkt. Nos. 1709-1, 1762, 1791-1, 1844-1, 1854-1, 1874-1, 1895-1, 1904-1, 1921-1, 1941-1) shall remain sealed, and only the parties and individuals identified in Appendices B to the parties' letters (Dkt. Nos. 1709-2, 1762, 1791-2, 1844-2, 1854-2, 1874-2, 1895-2, 1904-2, 1921-2, 1941-2) may have access.  Although "[t]he common law right of public access to judicial documents is firmly rooted in our nation's history," this right is not absolute, and courts "must balance competing considerations against" the presumption of access. *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119–20 (2d Cir. 2006) (internal quotation marks omitted); *see also Nixon v. Warner Commc'ns., Inc.*, 435 U.S. 589, 599 (1978) ("[T]he decision as to access is one best left to the sound discretion of the trial court, a discretion to be exercised in light of the relevant facts and circumstances of the particular case.").  Filing the documents with redactions is necessary to prevent unauthorized dissemination of personal information, including personal information pertaining to individuals subject to foreign data privacy regimes.  Filing the deposition transcripts under seal is necessary to prevent the disclosure of confidential business information that was not relied upon by any party or the Court and thus is subject to a weaker presumption of public access, but is included in the exhibits only because it is adjacent to the relevant portions.  The relevant portions are, at a minimum, described in the publicly-filed letters and memoranda of law, and the transcripts of all portions of depositions that were presented to the jury have been filed on ECF as Court Exhibits 6A through 6O (Dkt. No. 1998-6).  Filing the excerpts under seal rather than in redacted form is necessary to avoid speculation and misleading inferences about what might be redacted, particularly because the public will have access to descriptions of any relevant material in the

parties' memoranda of law and the Court's Opinion and Order.  It is further

**ORDERED** that the motions to seal are DENIED in part without prejudice as follows.

Plaintiffs' motion to seal at Dkt. No. 1844 seeks to maintain under seal redacted excerpts of deposition testimony and documentary evidence quoted in the memorandum of law at Dkt. No. 1849 solely on the grounds that they were marked Confidential or Highly Confidential, which is not controlling or sufficient to maintain documents under seal.  Those excerpts are directly relevant to the parties' arguments on Plaintiffs' *Daubert* motion, and the presumption of public access to such judicial documents is strong.  Plaintiffs' motion offers a similar rationale for redaction of quoted material in the expert reports at Dkt. Nos. 1850-1, 1850-2, 1850-5, 1850-6, 1850-7, 1850-12 and 1850-13, as well as the entirety of the exhibits at Dkt. Nos. 1850-8, 1850-10, which is similarly inadequate on its face to overcome the presumption of public access.

Credit Suisse's motion to seal at Dkt. No. 1895 asserts that the expert reports at Dkt. Nos. 1899-3, 1899-5 and 1900-1 contain analyses based on non-party data designated Highly Confidential.  Confidentiality designations do not control whether information may be filed under seal, and absent further support via an affidavit, the information underlying these analyses appears to be sufficiently stale that it is no longer competitively sensitive, even if it once was.

The parties' joint motion to seal at Dkt. No. 1941 asserts that the internal bank policies at Dkt. Nos. 1942-8, 1942-9 and 1942-10 constitute highly sensitive business information, but those policies all appear to be almost a decade old or more.  Credit Suisse's motion to seal at Dkt. No. 1854 asserts the same about excerpts contained within the expert reports at Dkt. Nos. 1861-1 and 1861-5, and Credit Suisse's motion to seal at Dkt. No. 1709 asserts the same about the policies and discussions about policies at Dkt. Nos. 1763-1, 1763-2, 1763-3, 1763-3, 1763-4, 1763-5,

1763-6, and one additional document at Dkt. No. 1769-6.  Absent further support in the form of an affidavit, those policies appear to be too stale to be competitively sensitive and warrant sealing.  It is further

**ORDERED** that the parties' motions to seal are DENIED in part to the extent that any of the instant ten motions seeks to seal documents that ultimately were admitted into evidence at trial.  No trial exhibits shall be redacted to any greater extent than they were at trial.

By November 8, 2022, the parties shall file a letter either consenting to file the above documents publicly and attaching unredacted copies (or more lightly redacted copies), or renewing their motions to seal with additional evidentiary support.  The parties' letter shall identify all trial exhibits implicated by the ten sealing motions addressed in this order and shall attach them in the same form in which they were submitted to the jury.

The Clerk of Court is respectfully directed to close the motions at Dkt. Nos. 1709, 1762, 1791, 1844, 1854, 1874, 1895, 1904, 1921 and 1941.

Dated: October 25, 2022
       New York, New York

LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE