March 2, 2023

**VIA ECF**

Honorable Lorna G. Schofield
U.S. District Court for the Southern District of New York
Thurgood Marshall Courthouse
40 Foley Square
New York, NY 10007

Re:   *In re Foreign Exchange Benchmark Rates Antitrust Litig.*, No. 1:13-cv-07789-LGS

Dear Judge Schofield,

Plaintiffs respectfully submit this pre-motion conference letter requesting that the Court certify its October 24, 2022 Order for Judgment as an appealable final judgment under Federal Rule of Civil Procedure 54(b) so that Plaintiffs may seek an appeal.

Generally, an "order that adjudicates fewer than all of the claims remaining in the action, or adjudicates the rights and liabilities of fewer than all of the remaining parties, is not a final order unless the court directs the entry of a final judgment as to the dismissed claims or parties 'upon an express determination that there is no just reason for delay.'" *Citizens Accord, Inc. v. Town of Rochester*, 235 F.3d 126, 128 (2d Cir. 2000) (quoting Fed. R. Civ. P. 54(b)). A district court may certify a final judgment under Rule 54(b) where: "(1) there are multiple claims or parties; (2) at least one claim or the rights and liabilities of at least one party has been determined; and (3) there is 'an express determination that there is no just reason for delay.'" *Transp. Workers Union of Am., Loc. 100, AFL-CIO v. New York City Transit Auth.*, 505 F.3d 226, 230 (2d Cir. 2007). In determining whether there is no just reason to delay an appeal, a court "must take into account judicial administrative interests as well as the equities involved," including whether the claims at issue are separable from the remaining claims and whether immediate appeal could lead to duplicative appeals of the same issue. *Curtiss-Wright Corp. v. Gen. Elec. Co*., 446 U.S. 1, 8 (1980).

These factors all favor certification here. The Court's Order for Judgment was explicitly limited to Plaintiffs' Section 1 claims against Credit Suisse. Although most of the claims in this sprawling multidistrict litigation have now been resolved, there are still several pending claims on which a final judgment has not been entered, including, for instance, some of the individual claims of the Exchange Plaintiffs against Credit Suisse in the Third Amended Complaint.

There is no just reason to delay appellate review. The Order for Judgment pertains to claims and issues that are separable and distinct from the remaining claims in this action. The likelihood of duplicative appeals arising from the remaining claims is vanishingly small. Both judicial economy and the equities favor an immediate of appeal of the Plaintiffs' Section 1 claims against Credit Suisse.

Because all the requirements of Rule 54(b) are satisfied, Plaintiffs seek an order certifying that the Order for Judgment is a final judgment and expressly determining "that there is no just

reason for delay" to permit appellate review. At the Court's request, Plaintiffs would be happy to provide a proposed order consistent with this request.

Respectfully submitted,

| KOREIN TILLERY, LLC | HAUSFELD LLP |
|---|---|
| s/ Christopher M. Burke | s/ Michael D. Hausfeld |
| Christopher M. Burke | Michael D. Hausfeld |
| 707 Broadway, Suite 1410 | 888 16th Street, N.W., Suite 300 |
| San Diego, CA 92101 | Washington, DC 20006 |
| (619) 625-5620 | (202) 540-7200 |
| cburke@koreintillery.com | mhausfeld@hausfeld.com |

*Class Counsel*