October 9, 2023

Honorable Lorna G. Schofield **Via ECF**
U.S. District Court
Southern District of New York
Thurgood Marshall Courthouse
40 Foley Square
New York, NY 10007

    Re:    *In re Foreign Exchange Benchmark Rates Antitrust Litigation*
             Case No. 1:13-cv-07789-LGS (S.D.N.Y.)

Dear Judge Schofield:

       We write pursuant to Section III.A.1. of your Honor's Individual Rules and Procedures for Civil Cases to request that the Court order a briefing schedule for Plaintiffs' forthcoming motion seeking approval of the Claims Administrator's final administrative determinations on all remaining claims. Plaintiffs also seek relief from Section III.B.3. of your Honor's Individual Rules and Practices relating to page limits on the claims administrator's declaration in support of Plaintiffs' forthcoming motion.

       Plaintiffs seek to file a motion for the Court's approval of the Claims Administrator's (1) final, undisputed administrative determinations rejecting in full approximately 50,000 claims; (2) final administrative determinations rejecting in full or in part five claims where such determinations are disputed by the claimants who have indicated their intent to seek Court review of the determination ("objectors"); and (3) recommendation for payment of one final claim that has been resolved during the meet and confer process ("Final Claims Motion"). Resolution of the Final Claims Motion will adjudicate all outstanding claims for the settlements.

       Plaintiffs propose to file the Final Claims Motion on October 13, 2023, with any opposition briefs to be submitted on or before October 27, 2023, and a reply by Plaintiffs to be filed on or before November 10, 2023. Plaintiffs propose a 25-page opening brief, with any objector's response limited to 10 pages each, and a combined reply brief of no more than 50 pages. As mentioned above, there are five objectors; if fewer than five objectors file oppositions, Plaintiffs will file a shorter reply.

       Plaintiffs also seek relief from Section III.B.3. of your Honor's Individual Rules and Practices relating to page limits on declarations. First, Plaintiffs seek to file a declaration from the claims administrator of no more than 15 pages. This declaration will discuss the three categories of administrative determinations outlined above. Ten pages is insufficient to provide the details required to explain the claims administrator's process and determinations for the more than 50,000 claims covered by the Final Claims Motion. Second, Plaintiffs seek to file two overlength exhibits: one of 104 pages and one of 433 pages. The 104-page exhibit is a list of the approximately 50,000 claims that the claims administrator has administratively rejected. The 433-page exhibit includes the five objectors' letters to the claims administrator requesting court review of their claim determinations. Two of dispute letters attach lengthy financial statements and other materials to

Hon. Lorna G. Schofield
October 9, 2023
Page 2

which the objectors refer in their letters.[1]  Plaintiffs seek to file all the objectors' materials for completeness of the record.

Class Counsel will direct the Claims Administrator to provide notice of the Final Claims Motion to all claimants who are actively disputing their final claim determinations.  The Claims Administrator will send a letter by FedEx and by email to disputing claimants advising them that their dispute has been submitted to the Court and no further action is needed.  The letter will also provide instructions for making an additional submission to the Court if the disputing claimant wishes to do so by the deadline.  A copy of that letter is attached as **Exhibit A**.

## Disputed Claims Requesting Judicial Review

Of the more than 108,000 claims submitted, Epiq received 104 dispute letters indicating a claimant's intent to seek Court review of its administrative determination.  Class Counsel reviewed the history of each disputed claim and worked to resolve or narrow the disputes to be presented to the Court, including, where necessary, by meeting and conferring with claimants and their counsel or other representatives.  As a result of these efforts, only five claimants continue to request judicial review of their claims.  A summary of each of these disputes follows:

**Zbigniew Brylewicz (10005620)**.  This claimant is domiciled in Poland and all his transactions submitted under Option 2 were executed outside of the United States with a non-Defendant Polish bank, Bank Ochrony Środowiska.  Under the Court-approved Plan of Distribution, trades executed by non-U.S. domiciled claimants are only eligible if they were executed in the United States or its territories.  Additionally, only trades executed with Defendant banks are eligible to participate in the Settlements.  Therefore, this claimant's foreign domicile, foreign transaction locations, and transactions with a non-Defendant bank result in the claim being ineligible under the Settlements.

**Charles Dorgay (10013815)**.  This claimant traded with non-Defendant bank, State Street Bank.  Only trades directly with Defendants or Released Parties are eligible to participate in the Settlements.  Therefore, this claim is ineligible to participate in the Settlements because there is no eligible trade data.

**Anthony Naylor Singletary (2075513)**.  This claimant submitted a claim under Option 1; however, no eligible transactions were found in the Defendant bank database for the claim.  The claim form advises claimants that Option 1 is not available to all claimants, including those who traded using a prime broker(s), asset/investment manager(s), or on electronic communications networks because of naming conventions used in the Defendant bank database.  In accordance with the Plan of Distribution, the Claims Administrator offered this claimant an opportunity to submit an Option 2 claim using his own data and documentation, but the claimant declined, stating he was only interested in having the Court review his Option 1 dispute.  Therefore, this claim is

---

[1]  Pursuant to Fed. R. Civ. P. 5.2 and Section I.D.2. of your Honor's Individual Rules and Practices, Plaintiffs will direct the claims administrator to redact, where applicable, any social-security numbers, taxpayer-identification numbers, birth dates, the name of any individuals known to be a minor, and financial-account numbers contained in the objector's letters requesting court review.

ineligible to participate in the Settlements because there is no trade data under Option 1 and the claimant refused to file an Option 2 claim.

**Sean Waraich (10000935)**. This claimant submitted Option 2 data that was deficient, with transactions with non-Defendant banks, incorrect trading venues, and false trade/value dates. As an example, the claimant submitted a GBP/JPY trade executed on New Year's Eve and delivered on New Year's Eve which is patently not credible. The audit documentation provided by the claimant also failed to substantiate the Option 2 data submission because there were no value dates provided and no proof of trading directly with Defendant banks. The Option 2 data stated "Integral" as the venue, but the audit documentation showed "ICM" as the venue. The audit documentation also proved that ICM was the counterparty to all transactions. If the claimant did trade directly with Defendant banks, then there would have been onboarding documentation and the International Swaps and Derivatives Association ("ISDA") agreements, but the claimant never provided such proof. As a result, none of the claimant's trades were shown to be transacted with Defendant banks, and therefore, this claim is ineligible under the Settlements.

**Gregor L. McIntosh (10013447)**. This claimant submitted Option 2 data containing FX futures and FX options on futures. For certain FX futures contracts, the claimant held a short position that was due to expire in December 2011. Prior to this date, to avoid or postpone delivery of the underlying currency, the claimant engaged in a transaction known as a "roll," in which a trader rolls an existing position from one future expiry date to a new expiry date further in the future. When this occurs, the delta risk of the two futures transactions is equal and opposite, resulting in a zero net delta risk. Because rolls are not an instrument for which the Plan of Distribution provided a specific formula for determining claim value, these transactions fall under §VIII.A.7 of the Plan of Distribution entitled "other FX products." Other FX products "will be decomposed into the [specifically listed] individual instrument where possible" (*i.e.*, spot, forward, swap, option, future) and valued consistently with such instrument. Plan of Distribution §VIII.A.7 (available at http://www.fxantitrustsettlement.com/docs/PlanofDistribution.pdf). Rolls of futures positions on an exchange mirror over-the-counter FX swap transactions where the two swap legs, *e.g.*, spot and forward, are of equal size. In this instance, there also is net delta risk of zero. Therefore, for futures "rolls" where there was no risk on the transactions, the Claims Administrator applied the conversion ratio that is applied to FX swaps under the Plan of Distribution §IX.D. The claimant disputes the Claims Administrator's application of the conversion ratio to its futures rolls.

To permit the orderly resolution of these claims, Class Counsel requests that the Court enter the proposed briefing schedule and page limitations for the Final Claims Motion and allow Plaintiffs to file an overlength declaration and exhibits in support of the Motion.

Respectfully submitted,

| | |
|---|---|
| **KOREIN TILLERY P.C.** | **HAUSFELD LLP** |
| *s/ Christopher M. Burke* | *s/ Michael D. Hausfeld* |
| Christopher M. Burke | Michael D. Hausfeld |
| 707 Broadway, Suite 1410 | 888 16th Street NW, Suite 300 |
| San Diego, CA 92101 | Washington, DC 20006 |
| Telephone: 619-625-5621 | Telephone: 202-540-7200 |

# EXHIBIT A

# KOREIN TILLERY

707 Broadway, Suite 1410
San Diego, CA 92101
www.KoreinTillery.com

Christopher M. Burke
CBurke@KoreinTillery.com
*p: (619) 625-5621*
*f: (314) 241-3525*

October XX, 2023

[Claimant's Name]
[Claimant's Address]

   *Re:*   *In re Foreign Exchange Benchmark Rates Antitrust Litigation*
      Case No. 1:13-cv-07789-LGS (S.D.N.Y.)

Dear [Claimant]:

  On behalf of the Court-appointed lawyers representing the Settlement Classes in the above-captioned action, Hausfeld LLP and Korein Tillery P.C., we are writing to you because you disputed the Claims Administrator's determination of your claim and requested the dispute be submitted to the Court for review.

  As requested, your dispute will be presented to the Honorable Lorna G. Schofield, United States District Judge of the United States District Court for the Southern District of New York, as part of Plaintiffs' forthcoming Final Claims Motion (the "Motion"). In that Motion, Plaintiffs will ask the Court to overrule your objection(s) to the Claims Administrator's determination of your claim's value.

  The Court's Order entering schedule for the parties to brief your dispute is attached. Plaintiffs will file their Final Claims Motion on October 13, 2023 and will serve you with the Motion, Memorandum, and Claims Administrator's Declaration (and Exhibits).

  You do not need to take any further action to have the Court consider your dispute; however, if you wish to make an additional submission to support your claim, you should email your submission to Class Counsel so that it is received no later than October 27, 2023, and Class Counsel will file it on the case docket. The Court has ordered that any additional submission you make be no more than 10 pages double spaced. Below is Class Counsel's contact information:

| | |
|---|---|
| Christopher M. Burke<br>**KOREIN TILLERY P.C.**<br>707 Broadway, Suite 1410<br>San Diego, CA 92101<br>Tel.: 619-625-5621<br>Email: cburke@KoreinTillery.com | Michael D. Hausfeld<br>**HAUSFELD LLP**<br>888 16th Street NW, Suite 300<br>Washington, DC 20006<br>Tel.: 202-540-7200<br>Email: mhausfeld@hausfeld.com |

  If you make an additional submission for your disputed claim, Plaintiffs will submit a response by November 10, 2023, and Class Counsel will serve you with a copy of that response.

  If the Court decides to hold a hearing on this matter, you will be notified about the hearing date and time. We will notify you immediately upon a ruling by the Court.

                Very truly yours,

                Christopher M. Burke