IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JAMES CONTANT, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> BANK OF AMERICA CORPORATION, *et al.*, <br><br> Defendants. | Civil Action No. 17-cv-3139-LGS <br><br> (related to No. 13-cv-7789-LGS) |

### ~~[PROPOSED]~~ ORDER GRANTING PLAINTIFFS' MOTION FOR DISBURSEMENT OF INTEREST INCOME ON THE SETTLEMENT FUNDS

WHEREAS, the Action is pending before this Court;

WHEREAS, on November 19, 2020, the Court entered Final Judgment, Order of Dismissal with Prejudice, and Order Granting Motion for Final Approval of the Settlements (ECF 460);

WHEREAS, on November 30, 2021, Plaintiffs filed their Motion for Distribution of Settlement Funds ("Distribution Motion") and supporting materials (ECF 538-541);

WHEREAS, on January 5, 2022, the Court granted the Distribution Motion (ECF 562);

WHEREAS, the Court stayed the distribution of the settlement checks to authorized Claimants until "resolution of Claimant AMA Capital Management, LLC's appeal in favor of Class Counsel" (ECF 562 at ¶ 4);

WHEREAS, AMA Capital, LLC ("AMA") then appealed the Court's Orders granting and denying its claim in part;

WHEREAS, on April 14, 2023, the Second Circuit Court of Appeals entered an Order and Opinion affirming the orders of this Court concluding: "(1) that the claims administrator was

1

not required to accept records during the contest process that were previously available to AMA, which is akin to a motion for reconsideration, and (2) that the district court did not err by denying AMA's claims on the grounds that they lacked the requisite transactional records, we **AFFIRM** the orders of the district court on appeal in Nos. 21-3058 and 22-159." Second Cir. Document 168-1 at 4;

WHEREAS, on May 8, 2023, the Second Circuit Court of Appeals issued its mandate sending the case back to this Court (ECF 578);

WHEREAS, the Court retained "jurisdiction over any further application or matter which may arise in connection with these Settlements" (ECF 562 at ¶13); and

WHEREAS, the Court has considered Plaintiffs' Motion for Disbursement of Interest Income on the Settlement Funds, ~~and other documents submitted in support, and good cause appearing therefore,~~ Claimant AMA Capital, LLC's memorandum in opposition, and Plaintiffs' Reply memorandum

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED:

1.      The Additional Net Settlement Funds allocation determinations made by Court-appointed Claims Administrator Heffler Claims Group ("Heffler") now known as Kroll Settlement Administration ("Kroll") in consultation with Plaintiffs' expert economic consulting firm, applEcon, based on the Court-approved Plan of Allocation, are hereby approved.

2.      Distribution by the Claims Administrator to each authorized Claimant of its *pro rata* share of the Additional Net Settlement Funds, is hereby approved.

3.      The interest income earned on the Settlement Escrow Accounts from December 1, 2021 until the time the Net Settlement Funds are distributed to authorized Claimants to be apportioned 76.3% to the funds to be used to pay authorized Claimants and reimbursement of expenses and 23.7% to Attorneys' fees owed, is hereby approved.

4. Payment of $41,600 to the Claims Administrator for claims administration duties and management of the distribution process including printing of checks, postage, the reissuance of checks, as needed, along with Class Member communications and any other duties deemed necessary to complete the distribution, is hereby approved.

5. Payment of $600 to applEcon for fees to assist with the claims process and recalculating payments to authorized Claimants.

6. Payment of $22,136.54 to Class Counsel for costs and expenses incurred in connection with the determination, litigation and appeal of AMA's claim, including payments to subject matter experts, is hereby approved.

7. A reserve of $51,000 for the payment of taxes associated with the Settlement Funds and the professional fees for preparing tax returns, is hereby approved.

8. Withholding of $10,000 to address any unanticipated disputes arising from the claims process and the distribution of the Net Settlement Funds and the Additional Net Settlement Funds and for the payment of any future incurred administrative costs, is hereby approved.

9. Class Counsel, the Claims Administrator (Kroll), applEcon and all persons who are involved in the review, verification, calculation, tabulation or any other aspect of the processing of the claims filed in this action, or who are otherwise involved in such activities, are released and discharged from any claims by AMA arising out of the administration of Settlement Funds. AMA Capital, LLC had the opportunity to object to the settlements, Plan of Allocation, distribution and any claim determination. It is "within the range of permissible decisions" to release and discharge any claims by AMA arising out of the administration of Settlement Funds. *See Wyly v. Weiss*, 697 F.3d 131, 144 (2d Cir. 2012). Allowing malpractice suits to proceed against entities involved in the processing of the claims filed in this action might "unleash suits upon class counsel in fora far and wide and thereby undermine the class action system as a whole." *See id.*

10. Class Counsel, the Claims Administrator, and applEcon are hereby authorized within two (2) years after distribution of the Net Settlement Fund to members of the Settlement Classes with accepted claims to discard: (a) paper or hard copies of the proof Claim form and related documents; and (b) electronic media or data.

11. The Court retains jurisdiction over any further application or matter which may arise in connection with the administration of these Settlements.

12. Class Counsel shall implement the reduction of FX Primus' claim amount described in Plaintiffs' Reply Brief (Dkt. 595) and shall allocate the reduction and accrued interest on a *pro rata* basis to all other approved claims.

SO ORDERED.

DATED _____October 17_____, 2023

LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE

4