UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE FOREIGN EXCHANGE BENCHMARK RATES ANTITRUST LITIGATION | No. 1:13-cv-07789-LGS |

[PROPOSED] ORDER APPROVING THE CLAIMS ADMINISTRATOR'S DETERMINATIONS REGARDING UNAUTHORIZED CLAIMS AND DISPUTED CLAIMS

WHEREAS, on March 8, 2019, this Court approved payment of an initial distribution of $54,006,248.60 from the Settlement Fund (ECF No. 1230) (the "Initial Distribution") to 26,937 Authorized Claims ("Initial Distribution Claims");

WHEREAS, on November 29, 2021, this Court approved payment of a second distribution of $435,114,487.03 from the Settlement Fund (ECF No. 1633) (the "Second Distribution") to 22,904 Authorized Claims ("Second Distribution Claims");

WHEREAS, on July 11, 2022, this Court approved payment of a third distribution of $270,951,068.24 from the Settlement Fund (ECF No. 1698) (the "Third Distribution") to 2,031 Authorized Claims ("Third Distribution Claims");

WHEREAS, on October 4, 2022, this Court approved payment of a fourth distribution of $225,204,639.84 from the Settlement Fund (ECF No. 1951) (the "Fourth Distribution") to 160 Authorized Claims ("Fourth Distribution Claims");

WHEREAS, on July 19, 2023, this Court approved payment of a fifth distribution of $190,000,182.70 from the Settlement Fund (ECF No. 2068) (the "Fifth Distribution") to 98 Authorized Claims ("Fifth Distribution Claims");

WHEREAS Class Plaintiffs, by and through their counsel, Hausfeld LLP and Korein Tillery P.C. ("Class Counsel"), have moved this Court for entry of this [Proposed] Order

Approving the Claims Administrator's Determinations Regarding Unauthorized Claims and Disputed Claims, and the Court, having considered all materials and arguments submitted in support of the Motion, including the Declaration of Loree Kovach in Support of Plaintiffs' Motion for Entry of an Order Approving the Claims Administrator's Determinations Regarding Unauthorized Claims and Disputed Claims (the "Kovach Declaration") and Memorandum in Support of Plaintiffs' Motion for Entry of an Order Approving the Claims Administrator's Determinations Regarding Unauthorized Claims and Disputed Claims submitted therewith; as well as the filings in opposition by disputed claimants Waraich and McIntosh

NOW, THEREFORE, IT IS HEREBY ORDERED THAT:

1. This Order incorporates by reference the definitions in the Stipulations and Agreements of Settlement filed in this Action (ECF No. 481, Exs. 1-9; ECF No. 822, Exs. 1-5; ECF No. 877, Ex. 1) (the "Settlements"), and all capitalized terms, unless otherwise defined herein, shall have the same meanings as set forth in the Settlements or the Kovach Declaration.

2. The Court has jurisdiction over the subject matter of the Action and over all the parties to the Action, including all Settlement Class Members.

3. Plaintiffs' plan for the Claims Administrator's determinations regarding Unauthorized Claims and Disputed Claims is **APPROVED**. Accordingly,

    a. The administrative recommendations of the Court-appointed Claims Administrator, Epiq Class Action & Claims Solutions, Inc. ("Epiq"), to (i) accept in part the Authorized Claim set forth in Exhibit 1 to the Kovach Declaration; (ii) reject in full the Unauthorized Claims set forth in Exhibit 2 to the Kovach Declaration; and (iii) reject in full four Disputed Claims and accept in part one Disputed Claim set forth in Exhibit 3 to the Kovach Declaration are approved.

b. Epiq shall conduct a Distribution of the Net Settlement Fund as follows: The Authorized Claimant listed in Exhibit 1 to the Kovach Declaration shall be paid its respective *pro rata* share, subject to a 40% holdback, which will be held in reserve (the "Reserve") until the participation rate by volume and amount of the Net Settlement Fund are determined. The Reserve may also be used to address any contingencies that may arise after the distribution with respect to claims (including any appeals) and/or to pay for any Court-authorized future fees or expenses incurred in connection with administering the Settlements. To the extent the Reserve is not depleted, the remainder will be distributed in a subsequent distribution(s) to Authorized Claimants receiving *pro rata* payments.

c. Epiq shall distribute payments to the Authorized Claimant in the form of check or wire. If the Authorized Claimant has elected to have its payment sent via wire transfer and subsequently the wire is rejected or returned, the payment will be reissued in the form of a check.

d. In order to encourage the Authorized Claimant to promptly deposit its distribution check, and to avoid or reduce future expenses relating to unpaid distribution checks, all distribution checks will bear a notation "CASH PROMPTLY; VOID AND SUBJECT TO RE-DISTRIBUTION IF NOT NEGOTIATED BY [DATE 90 DAYS AFTER ISSUE DATE]."

e. If the Authorized Claimant does not negotiate its funds within the time allotted, it will be presumed to forfeit any recovery for its respective Claim Forms from the Settlement Fund. Any forfeited recoveries will become available for re-distribution as part of subsequent distribution(s), and Authorized Claimants who do not negotiate their funds will not be eligible to participate in any subsequent distribution(s).

  f. The administrative determinations of the Claims Administrator to reject the Unauthorized Claims, as listed in Exhibit 2 to the Kovach Declaration, are adopted and said claims are hereby rejected.

  g. The administrative determinations of the Claims Administrator to reject in full Disputed Claim Nos. 10005620, 10013815, 2075513, and 10000935 are adopted and said claims are hereby rejected.  The administrative determination of the Claims Administrator to reject in part Disputed Claim No. 10013447 is adopted, and the arguments made by said claim are hereby rejected.  Disputed Claim No. 10013447 shall be paid its respective *pro rata* share, subject to a 40% holdback, which will be held in the Reserve until the participation rate by volume and amount of the Net Settlement Fund are determined.  The Reserve may also be used to address any contingencies that may arise after the distribution with respect to claims (including any appeals) and/or to pay for any Court-authorized future fees or expenses incurred in connection with administering the Settlements.  To the extent the Reserve is not depleted, the remainder will be distributed in a subsequent distribution(s) to Authorized Claimants receiving *pro rata* payments.

   i. Epiq shall distribute payments to Disputed Claim No. 10013447 in the form of check or wire.  If Disputed Claim No. 10013447 has elected to have its payment sent via wire transfer and subsequently the wire is rejected or returned, the payment will be reissued in the form of a check.

   ii. In order to encourage Disputed Claim No. 10013447 to promptly deposit its distribution check, and to avoid or reduce future expenses relating to unpaid distribution checks, all distribution checks will bear a notation "CASH

      PROMPTLY; VOID AND SUBJECT TO RE-DISTRIBUTION IF NOT NEGOTIATED BY [DATE 90 DAYS AFTER ISSUE DATE]."

  iii. If Disputed Claim No. 10013447 does not negotiate its funds within the time allotted, it will be presumed to forfeit any recovery for its respective Claim Forms from the Settlement Fund. Any forfeited recoveries will become available for re-distribution as part of subsequent distribution(s), and Authorized Claimants who do not negotiate their funds will not be eligible to participate in any subsequent distribution(s).

4. No new claims may be accepted after October 13, 2023, and no further adjustments to claims received on or before October 13, 2023, that would result in an increased Eligible Participation Amount may be made for any reason after October 13, 2023.

5. All persons involved in the review, verification, calculation, tabulation, or any other aspect of the processing of the claims submitted, or who are otherwise involved in the administration or taxation of the Settlement Fund or the Net Settlement Fund, are hereby released and discharged from any and all claims arising out of that involvement, and all Settlement Class Members and other claimants, whether or not they receive payment from the Net Settlement Fund, are hereby barred from making any further claims against the Net Settlement Fund, Class Plaintiffs, Class Counsel, the Claims Administrator, the Settlement Administrator, the Escrow Agent or any other agent retained by Class Plaintiffs or Class Counsel in connection with the administration or taxation of the Settlement Fund or the Net Settlement Fund (including but not limited to Ankura Consulting Group LLC and Velador Associates Ltd.), or any other person released under the Settlements beyond the amounts allocated to Authorized Claimants.

6. This Court retains jurisdiction to consider any further applications concerning the administration of the Settlements, and such other further relief as this Court deems appropriate.

IT IS SO ORDERED.

DATED: April 5, 2024, 2023
New York, New York

_____
**LORNA G. SCHOFIELD**
**UNITED STATES DISTRICT JUDGE**

6