UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

IN RE FOREIGN EXCHANGE BENCHMARK
RATES ANTITRUST LITIGATION

No. 1:13-cv-07789-LGS

**[PROPOSED] ORDER APPROVING DISTRIBUTION OF
THE NET SETTLEMENT FUND**

WHEREAS, on March 8, 2019, this Court approved payment of an initial distribution of $54,006,248.60 from the Settlement Fund (ECF No. 1230) (the "First Distribution") to 26,937 Authorized Claims ("Initial Distribution Claims");

WHEREAS, on November 29, 2021, this Court approved payment of a second distribution of $435,114,487.03 from the Settlement Fund (ECF No. 1633) (the "Second Distribution") to 22,904 Authorized Claims ("Second Distribution Claims");

WHEREAS, on July 11, 2022, this Court approved payment of a third distribution of $270,951,068.24 from the Settlement Fund (ECF No. 1698) (the "Third Distribution") to 2,031 Authorized Claims ("Third Distribution Claims");

WHEREAS, on October 4, 2022, this Court approved payment of a fourth distribution of $225,204,639.84 from the Settlement Fund (ECF No. 1951) (the "Fourth Distribution") to 160 Authorized Claims ("Fourth Distribution Claims");

WHEREAS, on July 19, 2023, this Court approved payment of a fifth distribution of $190,000,182.70 from the Settlement Fund (ECF No. 2068) (the "Fifth Distribution") to 98 Authorized Claims ("Fifth Distribution Claims");

WHEREAS, on April 5, 2024, this Court approved the Claims Administrator's determinations to reject Unauthorized Claims and regarding Disputed Claims and approved a sixth

distribution of $1,200,000.00 from the Settlement Fund (ECF Nos. 2089, 2090) (the "Sixth Distribution") to one Authorized Claim ("Sixth Distribution");

WHEREAS Plaintiffs, by and through their counsel, Hausfeld LLP, Korein Tillery P.C., and Scott+Scott Attorneys at Law LLP ("Class Counsel"), have moved this Court for entry of this [Proposed] Order Approving Distribution of the Net Settlement Fund, and the Court, having considered all materials and arguments submitted in support of the Motion, including the Declaration of Loree Kovach in Support of Plaintiffs' Motion for Entry of an Order Authorizing Distribution of the Net Settlement Fund (the "Kovach Declaration") and Memorandum in Support of Plaintiffs' Motion for Entry of an Order Approving Distribution of the Net Settlement Fund submitted therewith;

NOW, THEREFORE, IT IS HEREBY ORDERED THAT:

1. This Order incorporates by reference the definitions in the Stipulations and Agreements of Settlement filed in this Action (ECF No. 481, Exs. 1-9; ECF No. 822, Exs. 1-5; ECF No. 877, Ex. 1) (the "Settlements"), and all capitalized terms, unless otherwise defined herein, shall have the same meanings as set forth in the Settlements or the Kovach Declaration.

2. The Court has jurisdiction over the subject matter of the Action and over all the parties to the Action, including all Settlement Class Members.

3. Plaintiffs' plan for the distribution of the balance of the Net Settlement Fund is **APPROVED**. Accordingly, the Court-appointed Claims Administrator, Epiq Class Action & Claims Solutions, Inc. ("Epiq"), shall conduct the distribution of the Net Settlement Fund, after deducting all payments previously approved by the Court and requested herein, and after deducting payment of estimated future fees, costs, and expenses, including but not limited to Taxes, tax

expenses, Settlement Administration Expenses (as approved by the Court), and any other fees, costs, and expenses approved by the Court, as follows:

    a.    The Net Settlement Fund shall be distributed to Authorized Claims eligible to participate in the distribution of the balance of the Net Settlement Fund (*i.e.*, Authorized Claims that were subject to a holdback of funds and the initial payment was negotiated) as listed in Exhibit 1 to the Kovach Declaration ("Eligible Authorized Claims" or "Eligible Authorized Claimants").

    b.    The Eligible Authorized Claims will be paid their respective portion of the Net Settlement Fund consisting of each holdback of funds (the "Reserve Distribution").

    c.    After the Reserve Distribution, Eligible Authorized Claims who fall within the *Pro Rata* Payment category and negotiated their Reserve Distribution payments will be paid a *pro rata* share of the balance of the Net Settlement Fund, including interest, plus a *pro rata* share of the funds that were not negotiated or returned by claimants to the settlement fund in connection with prior distributions ("Forfeited Funds"), after deduction of costs and expenses approved by the Court (the "Interest Distribution").

    d.    In an effort to have as many Eligible Authorized Claimants as possible cash their checks, Epiq will perform follow up with those Eligible Authorized Claimants whose checks are initially uncashed, either because they are returned to Epiq as undeliverable or because the Eligible Authorized Claimant did not cash the check after a period of time elapses.

    e.    For each distribution round:

        i.    Each Eligible Authorized Claim will receive a *pro rata* share of the portion of the Net Settlement Fund being distributed based on the

        Eligible Authorized Claim's Eligible Participation Amount in comparison to the total Eligible Participation Amounts of all Eligible Authorized Claims.

ii. Any Eligible Authorized Claim whose payment calculates to less than $10.00 will be eliminated from the distribution. Such claims will not receive any payment from the Net Settlement Fund.

iii. After eliminating claims that would have received less than $10.00, the *pro rata* shares of the Net Settlement Fund for Eligible Authorized Claimants will be recalculated.

iv. Eligible Authorized Claimants whose payment is less than $1,000 (*i.e.*, not part of a bulk submission or multiple payments going to a single filer) will be paid by check; Eligible Authorized Claimants entitled to *pro rata* payments of $1,000 or more will receive their payment in the form of check or wire. Eligible Authorized Claimants who provide deficient wire instructions shall receive a check.

v. In order to encourage Eligible Authorized Claimants to promptly deposit their distribution checks, and to avoid or reduce future expenses relating to unpaid distribution checks, all distribution checks will bear a notation "CASH PROMPTLY; VOID AND SUBJECT TO RE-DISTRIBUTION IF NOT NEGOTIATED BY [DATE 90 DAYS AFTER ISSUE DATE]."

    vi. Eligible Authorized Claimants who do not negotiate their funds within the time allotted will be presumed to forfeit any recovery for their respective Claim Forms from the Settlement Fund. Any forfeited recoveries will become available for re-distribution as part of subsequent distribution(s), and Eligible Authorized Claimants who do not negotiate their funds will not be eligible to participate in any subsequent distribution(s).

  f. At such time as Class Counsel, in consultation with Epiq, determine that further redistribution of funds remaining in the Net Settlement Fund is not cost effective, the remaining balance shall be contributed to an appropriate 501(c)(3) non-profit organization selected by Class Counsel, which shall so notify the Court of such contribution.

  4. Epiq is authorized to destroy paper copies of Claims and all supporting documentation one (1) year from the final distribution date of the Net Settlement Fund and will dispose of electronic copies of the same three (3) years after the final distribution date of the Net Settlement Fund.

  5. The Court awards Class Counsel $_____ in litigation expenses to be paid from the Settlement Fund immediately upon entry of this Order, notwithstanding the existence of any timely filed objections thereto, or potential appeal therefrom, or collateral attack on any part thereof, subject to Class Counsel's joint and several obligation to repay those amounts to the Settlement Fund, plus accrued interest at the same net rate as is earned by the Settlement Fund, if and when, as a result of any appeal and/or further proceeding on remand, or successful collateral attack, the award is reduced or reversed. In such event, Class Counsel

shall, within ten (10) business days from the event which requires repayment of the expense award, refund to the Settlement Fund the amount paid to them, along with interest.

      6.     This Court retains jurisdiction to consider any further applications concerning the administration of the Settlements, and such other further relief as this Court deems appropriate.

     IT IS SO ORDERED.

DATED: _____, 2024
      New York, New York

                                           HON. LORNA G. SCHOFIELD
                                           UNITED STATES DISTRICT JUDGE