October 22, 2025

**Via ECF**

Honorable Lorna G. Schofield
U.S. District Court
Southern District of New York
Thurgood Marshall Courthouse
40 Foley Square
New York, NY 10007

      Re:    *In re Foreign Exchange Benchmark Rates Antitrust Litigation*
            Case No. 1:13-cv-07789-LGS (S.D.N.Y.)

Dear Judge Schofield:

Pursuant to the Court's September 30, 2025 Order, Plaintiffs respectfully submit this update regarding the settlement distribution.

**Background.** The Court has approved six distributions of the settlement fund that together authorized a single payment to each Authorized Claimant. These initial payment distributions commenced with the First Distribution on March 8, 2019 ($54,006,248.60 to 26,937 claimants), followed by the Second Distribution on November 29, 2021 ($435,114,487.03 to 22,904 claimants), the Third Distribution on July 11, 2022 ($270,951,068.24 to 2,031 claimants), the Fourth Distribution on October 4, 2022 ($225,204,639.84 to 160 claimants), the Fifth Distribution on July 19, 2023 ($190,000,182.70 to 98 claimants), and the Sixth Distribution on April 5, 2024 ($1,200,000 to one claimant).

In accordance with the Court-approved Plan of Distribution, each Authorized Claimant's payment fell into one of three payment categories: *De Minimis*, Automatic, or *Pro Rata*. Authorized Claims falling into the *De Minimis* and Automatic payment categories were paid in full in the First through Sixth Distributions. Authorized Claims falling into the *Pro Rata* payment category were not paid in full in the First through Sixth Distributions, as their distribution payments were reduced by a holdback amount (the "Reserve"). The Reserve from all *Pro Rata* payments totaled approximately $767 million.

Certain payments remained unnegotiated from the First through Sixth Distributions because checks were returned as undeliverable, checks were not cashed, wires failed, claims were withdrawn, or funds were returned ("Forfeited Funds"). Pursuant to the Court's orders authorizing the First through Sixth distributions (the "Distribution Orders"), Authorized Claimants with Forfeited Funds were deemed to forfeit their right to payment under the Settlements and were barred from participating in future distributions. Further, the Distribution Orders provided that any Forfeited Funds would be reallocated to eligible Authorized Claims in subsequent distributions. Forfeited Funds from the First through Sixth Distributions totaled approximately $14 million.

Honorable Lorna G. Schofield
October 22, 2025
Page 2

The Settlement Fund was held in an interest-bearing escrow account and earned substantial interest since the funds were deposited. Total interest allocated to the Settlement Classes was approximately $116 million.

On August 15, 2024, the Court entered an order approving the distribution plan for the remaining balance of the Net Settlement Fund ("Net Settlement Fund Distribution"), which included the Reserve ($767 million), Forfeited Funds ($14 million), and interest ($116 million). As Authorized Claimants with *De Minimis* and Automatic payments were paid in full, only Authorized Claimants with *Pro Rata* payments were eligible to participate in the Net Settlement Fund Distribution.

**Distribution Plan for the Net Settlement Fund.** The Court-approved distribution plan for the Net Settlement Fund consists of two phases: first, a Reserve Distribution paying Authorized Claimants their respective portions of held-back funds from initial payments in the First through Sixth Distributions; and second, an Interest Distribution providing payments from the remaining Net Settlement Fund balance (including interest and Forfeited Funds).

Further, the distribution plan provides that the Claims Administrator will conduct additional rounds distributing any additional Forfeited Funds using the same *pro rata* methodology until Class Counsel, in consultation with the Claims Administrator, determines that further redistribution is not cost-effective, at which point Plaintiffs will seek the Court's authorization to donate the remaining balance to an appropriate 501(c)(3) non-profit organization.

**Current Status of the Settlement Distribution.** The Claims Administrator commenced the Reserve Distribution in October 2024. The initial 90-day check-cashing deadline expired on January 12, 2025, after which the Claims Administrator conducted outreach to claimants with uncashed checks on January 17, 2025, offering an opportunity to request reissued checks. The response deadline for reissue requests passed on January 31, 2025, and the final batch of reissued checks was sent on February 21, 2025. These reissued checks were subject to a 30-day final stale date, which expired on March 23, 2025. On March 31, 2025, all remaining uncashed checks were voided. These Forfeited Funds were included in the Interest Distribution.

The Claims Administrator commenced the Interest Distribution in June 2025. The initial 90-day check-cashing deadline expired on September 25, 2025, after which the Claims Administrator conducted outreach to claimants with uncashed checks on October 7, 2025, offering an opportunity to request reissued checks. The response deadline for reissue requests passes on October 21, 2025, and the final batch of reissued checks will be sent in November 2025. These reissued checks will be subject to a 30-day final stale date, which will expire in December 2025. All remaining uncashed checks will be voided after that date.

**Next steps.** Following the voiding of any uncashed checks from the Interest Distribution, the Claims Administrator will determine the total amount of additional Forfeited Funds available for a potential redistribution. Under the Court-approved distribution plan for the Net Settlement Fund, only Authorized Claimants who negotiated their payments from both the Reserve and Interest Distributions will be entitled to participate in further redistributions; those who failed to

Honorable Lorna G. Schofield
October 22, 2025
Page 3

negotiate payments within the allotted timeframes will forfeit their recovery and will be excluded from all subsequent distributions.  Any claims whose calculated payments amount to less than $10.00 will be eliminated from the distribution and will not receive any payment, with the *pro rata* shares recalculated among the remaining Authorized Claimants.  If, after this analysis, Class Counsel determines that redistribution remains cost-effective, the Claims Administrator will commence the next redistribution round, continuing this iterative process until the remaining balance becomes too small to justify the administrative costs of further redistribution, at which point Class Counsel will seek Court authorization to donate the remaining funds to an appropriate 501(c)(3) non-profit organization.

Respectfully submitted,

Burke LLP                                                        HAUSFELD LLP

 s/ Christopher M. Burke                              s/ Michael D. Hausfeld
Christopher M. Burke                                  Michael D. Hausfeld
409 West Broadway, Suite 1890                  1200 17th Street NW, Suite 600
San Diego, CA 92101-8577                          Washington, DC 20036
Telephone 619-369-8244                             Telephone: 202-540-7200
cburke@burke.law                                       mhausfeld@hausfeld.com

*Settlement Class Counsel and Counsel for Plaintiffs*